UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | | |
|---|---|---|
| THE HONORABLE ORDER OF | ) | |
| KENTUCKY COLONELS, INC. | ) | |
| 943 South First Street | ) | |
| Louisville, KY 40203 | ) | |
| | ) | |
| PLAINTIFF | ) | |
| v. | ) | CIVIL ACTION NO. <u>3:20CV-132-JRW</u> |
| KENTUCKY COLONELS | ) | |
| INTERNATIONAL | ) | |
| 302 General Smith Drive | ) | |
| Richmond, KY 40475 | ) | JURY TRIAL DEMAND |
| | ) | |
| **Serve:  Maya-Lis A. Wright** | ) | |
| **302 General Smith Drive** | ) | |
| **Richmond, KY 40475** | ) | |
| | ) | |
| GLOBCAL INTERNATIONAL | ) | |
| 302 General Smith Drive | ) | |
| Richmond, KY 40475 | ) | |
| | ) | |
| **Serve:  Maya-Lis A. Wright** | ) | |
| **302 General Smith Drive** | ) | |
| **Richmond, KY 40475** | ) | |
| | ) | |
| ECOLOGY CROSSROADS | ) | |
| COOPERATIVE FOUNDATION, INC. | ) | |
| 302 General Smith Drive | ) | |
| Richmond, KY 40475 | ) | |
| | ) | |
| **Serve:  Maya-Lis A. Wright** | ) | |
| **302 General Smith Drive** | ) | |
| **Richmond, KY 40475** | ) | |
| | ) | |
| DAVID J. WRIGHT, Individually and In His | ) | |
| Capacity as President of Ecology Crossroads | ) | |
| Cooperative Foundation, Inc. | ) | |
| 302 General Smith Drive | ) | |
| Richmond, KY 40475 | ) | |
| | ) | |
| UNKNOWN DEFENDANTS | ) | |
| | ) | |
| DEFENDANTS | ) | |

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff The Honorable Order of Kentucky Colonels, Inc. ("Plaintiff" or "the Honorable Order"), by counsel, for its Complaint against Defendants Kentucky Colonels International ("KCI"), Globcal International ("Globcal"), Ecology Crossroads Cooperative Foundation, Inc. ("Ecology Crossroads"), David J. Wright, individually and in his capacity as President of Ecology Crossroads Cooperative Foundation, Inc. ("Wright"), and Unknown Defendants (collectively referred to as "Defendants"), alleges as follows:

### PRELIMINARY STATEMENT

1.      This is an action for infringement of the Honorable Order's famous, federally registered trademark, KENTUCKY COLONELS, under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); for trade name infringement, unfair competition, and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); for cyberpiracy under the Anticybersquatting Consumer Protection Act, Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(a); and for substantial and related claims under the common law of the Commonwealth of Kentucky, all arising from Defendants' unauthorized use of the KENTUCKY COLONELS Mark in connection with marketing, advertising, promotion and solicitations regarding Defendants' alleged services.

2.      The Honorable Order seeks injunctive and monetary relief.

### PARTIES

3.      The Honorable Order is a nonprofit, tax-exempt corporation organized and existing under the laws of the Commonwealth of Kentucky. Until February 17, 2020, the Honorable Order had its principal place of business at 1717 Alliant Avenue, Suite 14, Louisville,

Kentucky 40299.  As of February 17, 2020, the Honorable Order's primary place of business is 943 South First Street, Louisville, Kentucky 40203.

4.      According to the records maintained by the Kentucky Secretary of State, Defendant Ecology Crossroads Cooperative Foundation, Inc. ("Ecology Crossroads") is a corporation organized under the laws of the Commonwealth of Kentucky with its principal place of business at 302 General Smith Drive, Richmond, Kentucky, 40475. Its registered agent for service of process is Maya-Lis A. Wright, 302 General Smith Drive, Richmond, Kentucky 40475.

5.      According to the records maintained by the Kentucky Secretary of State, Defendant Kentucky Colonels International ("KCI") is an assumed name of Defendant Ecology Crossroads with its principal place of business at 302 General Smith Drive, Richmond, Kentucky, 40475. Its registered agent for service of process is Maya-Lis A. Wright, 302 General Smith Drive, Richmond, Kentucky 40475.

6.      According to the records maintained by the Kentucky Secretary of State, Defendant Globcal International ("Globcal") is an assumed name of Defendant Ecology Crossroads with its principal place of business at 302 General Smith Drive, Richmond, Kentucky, 40475. Its registered agent for service of process is Maya-Lis A. Wright, 302 General Smith Drive, Richmond, Kentucky 40475.

7.      Upon information and belief, Defendant David J. Wright is an individual who resides in La Culebra, Amazonas, Venezuela who is a citizen of the Commonwealth of Kentucky. According to the records maintained by the Kentucky Secretary of State, Wright is the President of Defendant Ecology Crossroads, whose registered agent for service of process is Maya-Lis A. Wright, 302 General Smith Drive, Richmond, Kentucky 40475.

3

8.     Upon information and belief, Unknown Defendants are individual employees, agents, owners, officers, or directors of Defendants Ecology Crossroads, KCI, or Globcal who have transacted business, engaged in conduct, or otherwise participated in the activities described in this Verified Complaint.

## JURISDICTION AND VENUE

9.     This Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a) and (b) insomuch as this action arises under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

10.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims below occurred in this District and because the intellectual property at issue substantially is located in this District.

11.     This Court has personal jurisdiction over Defendant Wright under KRS 454.210, Kentucky's long-arm statute, because, among other things, he directly and personally engaged in the actions complained of herein within this District, including infringing upon the Honorable Order's trademarks by marketing and promoting services under the mark KENTUCKY COLONELS INTERNATIONAL.  In addition, Defendant Wright engaged in actions within this District, intended to facilitate or allow the infringement upon the Honorable Order's trademarks described herein by registering the assumed names, entities, and organizations described and identified herein, and/or personally directing those Defendants to engage in the conduct described herein.

## FACTS

### The Honorable Order and its KENTUCKY COLONELS Mark

12.     On May 2, 1931, Kentucky Governor Flem D. Sampson assembled a meeting of Kentucky Colonels at the State Capitol for the purpose of forming "a society or organization to restore the grandeur and sentiment of the original Kentucky Colonel; to more closely band together this group … for the advancement of Kentucky and Kentuckians…." The minutes from that meeting are attached hereto as Exhibit 1.  Those minutes reflect the prominence of being selected as a Kentucky Colonel: "because of this honor [Kentucky Colonels] are regarded highly in their own country and on their arrival here are treated with high honor and respect."

13.     From its inspired origins in 1931 through the present day, the Honorable Order has existed as a nonprofit organization dedicated to supporting charitable purposes throughout the Commonwealth.  In the last twenty years, the Honorable Order has made more than 3,500 grants to nonprofit organizations across Kentucky totaling in excess of $29 million.  Since 1951, the Honorable Order has made more than 7,300 grants totaling almost $51 million.

14.     The Governor of Kentucky serves as the Commander-in-Chief of the Honorable Order, along with a board of trustees.  From the beginning, the Governor's office recognized the Honorable Order's role, making the Honorable Order responsible for adopting insignia, seals, and other indicia of the honor.

15.     For nearly a century, the Honorable Order has pursued its mission to follow the objectives described by Governor Sampson in 1931, a significant aspect of which is promoting and protecting the goodwill of the KENTUCKY COLONELS Mark.  That Mark plays a critical role in the Honorable Order's fundraising efforts.

16.     The Honorable Order has filed and registered federal trademark applications for, and carefully protected and enforced, the KENTUCKY COLONELS Mark. A chart reflecting the numerous federal trademark registrations and applications owned by the Honorable Order incorporating the KENTUCKY COLONELS Mark, as well as the official documentation reflecting those registrations and applications, is attached as Exhibit 2.

17.     The Honorable Order has continuously used the KENTUCKY COLONELS Mark in connection with its philanthropic, membership, and social activities for decades, and, as a result, the KENTUCKY COLONEL Mark carries a positive connotation worldwide

### Defendants' Unlawful Activities

18.     In 2019, the Honorable Order was contacted by an individual who identified himself as David J. Wright. Wright purported to be the administrator of a Facebook group called "Kentucky Colonels International," which was allegedly comprised of individuals who have been commissioned as Kentucky Colonels by the Kentucky Governor.

19.     In late 2019, the Honorable Order learned that Wright, under the guise of KCI and Globcal, was soliciting participants for a "registry" of individuals who had been commissioned as Kentucky Colonels.  As described by Wright, participation in the registry required payment of a fee.

20.     In late December 2019, Wright approached the Honorable Order to initiate a discussion regarding the activities of KCI.  Through direct messages and text message, Wright indicated that he wanted to "find a way" that the Honorable Order could "endorse the International Register and Kentucky Colonels International, with a sponsorship, while [the Honorable Order] silently but transparently takes over the Register and International Concept to become a program belonging to the [Honorable Order]."

21.     When Wright contacted the Executive Director of the Honorable Order to "explore the possibilities of a merger," she suggested that he submit his comments and ideas in writing.

22.     In mid-January 2020, Wright forwarded the Honorable Order a package of documents which included a letter addressed to Sherry Crose, Executive Director of the Honorable Order, a document entitled "Presentation to Honorable Order of Kentucky Colonels, Inc.," and a document entitled "Draft Merger Acquisition and Consolidation Agreement." Copies of those documents are collectively tendered herewith as Exhibit 3.[1]  Wright's "proposal" included provisions for generous financial payments to both himself and KCI.

23.     On January 20, 2020, the Honorable Order notified Wright that it was not interested in the merger, acquisition, or transaction reflected in his proposal.

24.     Shortly thereafter, Wright advised the Honorable Order by text message that he and KCI intended to "move forward with our program and the formalization of the KCI agenda."

25.     On or about February 9, 2020, KCI left a comment on the Honorable Order's public Facebook page that also included a hyperlink to KCI's blog (https://blog.kycolonels.international), and referenced an "editorial" blog post purportedly authored by Wright on February 7, 2020. A copy of the editorial (the "Wright Editorial") is attached as Exhibit 4.

26.     In the Wright Editorial, Wright candidly acknowledged that he and his affiliated organizations are soliciting, and will continue to solicit, contributions and payments using the KENTUCKY COLONELS INTERNATIONAL Mark (the "Infringing Mark").

---

[1] Because Wright demanded HOKC execute a confidentiality agreement, the documents comprising Exhibit 3 will be filed under seal for the Court's review pending further orders of the Court.

27.     The Wright Editorial also disparaged the Honorable Order by accusing it of a variety of misconduct, including "misleading their donors and supporters for many years," violating various state and federal statutes, and otherwise engaging in "deception, and fraudulent presumptive behavior."

28.     In early February, the Honorable Order became aware that the "Kentucky Colonel" Wikipedia article had been significantly edited by someone with the username "Problemsmith." A copy of the "Kentucky Colonel" Wikipedia article, as of February 18, 2020, is attached as Exhibit 5. Upon information and belief, those modifications were made by Defendant Wright.  Among other things, "Problemsmith" removed a reference indicating that KENTUCKY COLONELS is a registered trademark of the Honorable Order.

29.     The Honorable Order has experienced actual confusion as a result of Defendants' activities using the Infringing Mark.  For example, on September 23, 2019, one of the recipients of a charitable grant in the amount of $10,000 from the Honorable Order posted a thank you on its Facebook page and specifically recognized the Honorable Order's KENTUCKY COLONELS GOOD WORKS PROGRAM. And, on September 30, 2019, another recipient of a charitable grant from the Honorable Order also posted a thank you on its Facebook page. However, in both of the thank you posts, the grantees mistakenly tagged KCI's Facebook page instead of the Honorable Order's Facebook page. A screenshot of these pages are attached as Exhibit 6. Such actual confusion not only showed confusion by the grantees about who provided the charitable giving, but also caused the viewing public of the posts to be confused about who provided the grants to the organizations.

30.     Wright and the other Defendants are using the internet and social media to confuse the public, misappropriate the goodwill, and profit from the KENTUCKY COLONELS

Mark. Unless they are ordered to cease and desist their improper and unauthorized use of the KENTUCKY COLONELS Mark, Defendants will continue their infringing activity, thereby damaging the goodwill and reputation that the Honorable Order has built over decades.

31. The Unknown Defendants have aided, abetted, and/or participated in the conduct and activities described above. Those individuals and entities, through their affiliation with and support of Wright, KCI, Globcal, and/or Ecology Crossroads, have irreparably harmed and damaged the Honorable Order through their facilitation of and assistance with the unauthorized and improper use of the KENTUCKY COLONELS Mark described above.

## COUNT ONE
### Federal Trademark Infringement

32. Each of the foregoing Paragraphs of this Verified Complaint is hereby incorporated in this Count by reference.

33. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are offered, authorized, endorsed, or sponsored by the Honorable Order, or that Defendants are in some way affiliated with or sponsored by the Honorable Order. Defendants' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

34. Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of the Honorable Order's prior rights in the KENTUCKY COLONELS Mark and with the willful intent to cause confusion and trade on the Honorable Order's goodwill.

9

35.    Upon information and belief, Defendants have made and will continue to make profits and gains to which they are not entitled in law or equity.

36.    Defendants' conduct is causing immediate and irreparable harm and injury to the Honorable Order, and to its goodwill and reputation, and will continue to both damage the Honorable Order and confuse the public unless enjoined by this Court. The Honorable Order has no adequate remedy at law.

## COUNT TWO
## Federal Trade Name Infringement

37.    Each of the foregoing Paragraphs of this Verified Complaint is hereby incorporated into this Count.

38.    Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are authorized, endorsed, or sponsored by the Honorable Order, or that Defendants are in some way affiliated with or sponsored by the Honorable Order. Defendants' conduct therefore constitutes trade name infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39.    Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of the Honorable Order's prior rights in the KENTUCKY COLONELS Mark and with the willful intent to cause confusion and trade on the Honorable Order's goodwill.

40.    Upon information and belief, Defendants have made and will continue to make profits and gains to which they are not entitled in law or equity.

41.     Defendants' conduct is causing immediate and irreparable harm and injury to the Honorable Order, and to its goodwill and reputation, and will continue to both damage the Honorable Order and confuse the public unless enjoined by this Court. The Honorable Order has no adequate remedy at law.

### COUNT THREE
### Federal Unfair Competition and False Designation of Origin

42.     Each of the foregoing Paragraphs of this Verified Complaint is hereby incorporated into this Count.

43.     Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are authorized, endorsed, or sponsored by the Honorable Order, or that Defendants are in some way affiliated with or sponsored by the Honorable Order.

44.     Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

45.     Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to, is likely to, and already has caused confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with the Honorable Order.

46.     Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to the Honorable Order, and to its goodwill and reputation, and will continue to both

damage the Honorable Order and confuse the public unless enjoined by this Court. The Honorable Order has no adequate remedy at law.

## COUNT FOUR
### Federal Trademark Dilution

48.     Each of the foregoing Paragraphs of this Complaint is hereby incorporated in this Count by reference.

49.     The KENTUCKY COLONELS Mark is a distinctive and famous mark within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

50.     The KENTUCKY COLONELS Mark became distinctive and famous prior to Defendants' acts as alleged herein.

51.     Defendants' acts as alleged herein have diluted by blurring and will, unless enjoined, continue to dilute by blurring, and are likely to dilute by blurring the distinctive quality of the Honorable Order's famous KENTUCKY COLONELS Mark.

52.     Defendants' acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish, the Honorable Order's KENTUCKY COLONELS Mark by undermining and damaging the valuable goodwill associated therewith.

53.     Defendants' conduct as alleged herein constitutes dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

54.     Defendants' conduct as alleged herein is intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and has already caused the Honorable Order irreparable damage and will continue to so damage the Honorable Order unless enjoined by this Court.  The Honorable Order has no adequate remedy at law.

**COUNT FIVE**
**Anticybersquatting Consumer Protection Act**

55.     Each of the foregoing Paragraphs of this Complaint is hereby incorporated in this Count by reference.

56.     The KENTUCKY COLONELS Mark is a distinctive and famous mark within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

57.     According to publicly available WhoIs Data, on September 29, 2000 the Honorable Order registered the domain name www.kycolonels.org, which it continues to use today. A copy of the relevant WhoIs Data is attached hereto as Exhibit 7.

58.     According to publicly available WhoIs Data, on January 20, 2020 the domain name www.kycolonels.international registered. Upon information and belief, Defendants registered and now use this domain name. A copy of the relevant WhoIs Data as well as a screenshot of the domain name is attached hereto as Exhibit 8.

59.     Defendants' domain name incorporates the KENTUCKY COLONELS Mark and is identical or confusingly similar to the Honorable Order's domain name, or dilutive of the famous KENTUCKY COLONELS Mark.

60.     Defendants registered, and continue to use, the www.kycolonels.international domain name with a bad faith intent to profit from the KENTUCKY COLONELS Mark.

61.     Defendants' conduct as alleged herein constitutes cyberpiracy in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(a).

62.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to the Honorable Order, and to its goodwill and reputation, and will continue to both damage the Honorable Order and confuse the public unless enjoined by this Court. The Honorable Order has no adequate remedy at law.

## COUNT SIX
### Defamation

63.     Each of the foregoing Paragraphs of this Complaint is hereby incorporated in this Count by reference.

64.     Defendants, by and through Wright, have made false and defamatory statements regarding the Honorable Order as reflected, among other places, in the Wright Editorial attached hereto as Exhibit 2, including but not limited to accusing the Honorable Order of a variety of misconduct, including:

      (a)     "misleading their donors and supporters for many years";

      (b)      violating various state and federal statutes; and

      (c)     otherwise engaging in "deception, and fraudulent presumptive behavior."

65.     These statements, and others made by Wright on behalf of Defendants, are false, and were made with malicious intent to harm the Honorable Order's ongoing business activities to fulfil its purpose and support its mission.

66.     These statements, and others made by Wright on behalf of Defendants, are defamatory in that they tend to injure the Honorable Order in its community and lower it in the estimation of that same community.

67.     Defendants, by and through Wright, published these statements through social media, blog posts, and websites to an unlimited number of third parties including, but not limited to, members of the Honorable Order as well as "members" of KCI, in the area in which the Honorable Order conducts its activities.

68.     Defendants, by and through Wright, intended to make these statements, made these statements with malice, and did so without any applicable privilege.

69.     These statements are actionable as a matter of law because they vilify and falsely imply serious wrongdoing, including criminal wrongdoing, by the Honorable Order.

70.     As a direct and proximate result of Defendants' statements, made by and through Wright,  the Honorable Order has suffered pecuniary damages, as well as harm to its reputation and impairment to its standing in the community.

**COUNT SEVEN**
**Common Law Trademark Infringement and Unfair Competition**

71.     Each of the foregoing Paragraphs of this Complaint is hereby incorporated in this Count by reference.

72.     The KENTUCKY COLONELS Mark is valid and protectable.

73.     Defendants' use of the Infringing Mark is likely to cause confusion about the source or origin of the services in violation of the common law of the Commonwealth of Kentucky, in that such use of the Infringing Mark is likely to impair the goodwill of the Honorable Order's Mark and allow Defendants to unfairly profit from the use of a confusingly similar mark.

74.     Defendants' use of the Infringing Mark is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by the Honorable Order, or that Defendants are in some way affiliated with or sponsored by the Honorable Order when in fact Defendants have no connection or affiliation with the Honorable Order.

75.     Defendants, through their use of the Infringing Mark, have engaged in misrepresentation, unfairly competing with the Honorable Order in violation of Kentucky common law.

76.     Defendants' actions constitute trademark infringement and unfair competition in violation of the common law of the Commonwealth of Kentucky.

77.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not entitled in law or equity.

78.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to the Honorable Order, and to its goodwill and reputation, and will continue to both damage the Honorable Order and confuse the public unless enjoined by this Court. The Honorable Order has no adequate remedy at law.

### COUNT EIGHT
### Common Law Dilution

79.     Each of the foregoing Paragraphs of this Complaint is hereby incorporated in this Count by reference.

80.     The KENTUCKY COLONELS Mark is well known.

81.     Defendants' use of the Infringing Mark is likely to confuse, and has actually confused, consumers as to the source or sponsorship of Defendants' services.

82.     Defendants' use of the Infringing Mark is causing harm and will, unless enjoined, continue to cause harm to the reputation and goodwill of the KENTUCKY COLONELS Mark.

### COUNT NINE
### Unjust Enrichment

83.     Each of the foregoing Paragraphs of this Complaint is hereby incorporated in this Count by reference.

84.     Defendants are unlawfully using the Infringing Mark to their benefit at the expense of The Honorable Order.

85.     Defendants, through their unlawful use of the Infringing Mark, are soliciting and collecting donations from members of the public who believe they are donating to The Honorable Order.

86.     It would be unjust for Defendants to retain the donations they have received based on their unlawful use of the Infringing Mark.

## PRAYER FOR RELIEF

**WHEREFORE**, The Honorable Order of Kentucky Colonels prays for and requests as follows:

A.  Trial by jury on all issues so triable;

B.  Judgment in favor of the Honorable Order on all of its claims;

C.  Judgment holding that Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114(1)), Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); and Section 43(d) of the Lanham Act, (15 U.S.C. § 1125(a));

D.  Judgment holding that Defendants violated the common law of the Commonwealth of Kentucky;

E.  Judgment granting preliminary and permanent injunctive relief enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of this Court's order by personal service or otherwise from:

    i.  selling, marketing, advertising, promoting, or authorizing any third party to sell, market, advertise or promote goods or services bearing the

KENTUCKY COLONELS Mark, the KENTUCKY COLONELS INTERNATIONAL Mark, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the KENTUCKY COLONELS Mark;

ii.   engaging in any activity that infringes the Honorable Order's rights in its KENTUCKY COLONELS Mark;

iii.   engaging in any activity that infringes the Honorable Order's trade name;

iv.   engaging in any activity constituting unfair competition with the Honorable Order;

v.   engaging in any activity that is likely to dilute, by tarnishing or blurring, the famousness of the Honorable Order's KENTUCKY COLONELS Mark;

vi.   using or registering any domain name incorporating the KENTUCKY COLONELS Mark, the KENTUCKY COLONELS INTERNATIONAL Mark, or any other mark that infringes or is likely to be confused with the Honorable Order's KENTUCKY COLONELS Mark;

vii.   publishing, through spoken or written means, any statements about the Honorable Order that are maliciously and intentionally false;

viii.   making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with the Honorable Order or (ii) the Honorable Order's goods and services are in

any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants;

ix. using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with the Honorable Order or tend to do so;

x. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the KENTUCKY COLONELS Mark, the KENTUCKY COLONELS INTERNATIONAL Mark, or any other mark that infringes or is likely to be confused with the Honorable Order's KENTUCKY COLONELS Mark, or any goods or services of the Honorable Order, or the Honorable Order as their source; and

xi. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (i) through (x).

F. Judgment granting such other and further relief as this Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or

associated, affiliated, or otherwise connected with the Honorable Order or constitute or are connected with the Honorable Order's goods and services;

G. Judgment directing Defendants to immediately cease all display, marketing, advertising, promotion, sale, solicitation, and/or use of anything that features or bears any designation or mark incorporating the mark KENTUCKY COLONELS INTERNATIONAL or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Honorable Order's KENTUCKY COLONELS Mark, and to direct all third parties or individuals wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendants' goods or services to cease forthwith the distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, or services, featuring or bearing the mark KENTUCKY COLONELS INTERNATIONAL or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Honorable Order's KENTUCKY COLONELS Mark, and to immediately remove them from public access and view;

H. Judgment directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with this Court and serve upon the Honorable Order's counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as this Court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith;

I. Judgment awarding the Honorable Order all monetary remedies to which it is entitled, including any damages (trebled) sustained by the Honorable Order in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) and common law;

J. Judgment awarding the Honorable Order punitive and exemplary damages as this Court finds appropriate to deter any future willful infringement;

K. Judgment declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), and awarding the Honorable Order its costs and reasonable attorneys' fees thereunder;

L. Judgment awarding the Honorable Order interest, including prejudgment and post-judgement interest, on the foregoing sums; and

M. Such other and further relief as this Court deems just and proper.

## **VERIFICATION**

The undersigned hereby swears and affirms that she is currently the Executive Director of the Honorable Order of Kentucky Colonels, Inc., that she is authorized to sign this Verified Complaint and that the statements made herein are true and correct to the best of her knowledge.

_____
Sherry Crose

COMMONWEALTH OF KENTUCKY )
                               ) :SS
COUNTY OF JEFFERSON )

The foregoing instrument was acknowledged before me this 20th day of February, 2020, by Sherry Crose.

My commission expires: December 5, 2022 .

_____
Notary Public
Notary I.D. 612095

21

Respectfully submitted,

*/s/ Cornelius E. Coryell II*
Cornelius E. Coryell II
Michelle Browning Coughlin
Julie Laemmle Watts
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, KY  40202
(502) 589-5235
ccoryell@wyattfirm.com
mcoughlin@wyattfirm.com
jwatts@wyattfirm.com

*Counsel for Plaintiff, Honorable Order of Kentucky Colonels*

100236569.1