UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | |
|---|---|
| THE HONORABLE ORDER OF KENTUCKY COLONELS, INC. )<br>)<br>) | |
| PLAINTIFF ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:20CV-132-JRW |
| ) | |
| KENTUCKY COLONELS INTERNATIONAL, et al. )<br>)<br>) | |
| DEFENDANT ) | |

## **TEMPORARY RESTRAINING ORDER**

Upon the motion of Plaintiff, The Honorable Order of Kentucky Colonels, Inc. ("HOKC"), for a temporary restraining order pursuant to Fed. R. Civ. P. 65(b) and 15 U.S.C. § 1116, and the Court having reviewed the Verified Complaint, the motion of HOKC, and the documents submitted therewith, the Court hereby finds and concludes as follows:

A. HOKC has presented proof which establishes a prima facie case of trademark infringement. Specifically, HOKC has introduced Defendants' internet publications, social media postings and solicitations of donations wherein Defendants made use of the KENTUCKY COLONELS trademark. HOKC has offered evidence of consumer confusion of the origin and/or affiliation of Defendants' services. The Court finds it more likely than not that HOKC will succeed on the merits of their trademark infringement case at trial.

B. HOKC has presented proof establishing a threat of irreparable harm posed by Defendants' continued infringement upon the trademark of HOKC. HOKC has demonstrated the

threat to its interests in its trademark and in its goodwill and commercial relations with the community. Given these threats of irreparable injury, the Court finds that HOKC does not have an adequate remedy at law.

C. The Court finds that HOKC will suffer more from the denial of the Temporary Restraining Order than Defendants will suffer from its issuance.

D. The Court finds that it is in the interest of the public to issue this temporary restraining order.

E. The foregoing shall constitute the Court's findings of fact and conclusions of law.

IT IS HEREBY ORDERED, pending further hearing and determination of this action, as follows:

1. Defendants and anyone acting on their behalf, including their officers, agents, servants, employees, attorneys, and any other persons in active concert or participation with them, are enjoined from using the KENTUCKY COLONELS Mark, or any mark that is confusingly similar to the KENTUCKY COLONELS Mark, including but not limited to KENTUCKY COLONELS INTERNATIONAL, on or in connection with the sale of any goods or services and the solicitation of charitable donations.

2. Defendants and anyone acting on their behalf, including their officers, agents, servants, employees, attorneys, and any other persons in active concert or participation with Defendants, are enjoined from using the KENTUCKY COLONELS Mark, or any mark that is confusingly similar to the KENTUCKY COLONELS Mark, including but not limited to KENTUCKY COLONELS INTERNATIONAL, in such a way as is likely to cause consumers to

be confused, mistaken, or deceived into believing that HOKC has sponsored, approved, licensed or is in any way affiliated with Defendants.

3. Plaintiff shall, within forty-eight (48) hours, post security, in the form of a cash bond or corporate surety or other form approved by the Court, in the amount of $_____ for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully restrained, pending the hearing and determination of the continuation of this order.

4. A hearing in this matter shall be held on Plaintiff's application for a preliminary injunction on the \_\_\_\_\_ day of _____, 2020, at _____ a.m./p.m.

IT IS SO ORDERED.

100236153