UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | |
|---|---|
| THE HONORABLE ORDER OF ) <br> KENTUCKY COLONELS, INC. ) <br> ) <br> PLAINTIFF ) <br> ) <br> v. ) <br> ) <br> KENTUCKY COLONELS ) <br> INTERNATIONAL, et al. ) <br> ) <br> DEFENDANT ) | CIVIL ACTION NO. 3:20CV-132-JRW |

## ORDER GRANTING PRELIMINARY INJUNCTION

Upon the motion of Plaintiff, The Honorable Order of Kentucky Colonels, Inc. ("HOKC") for a preliminary injunction pursuant to Fed. R. Civ. P. 65 and 15 U.S.C. §1116, the Court having reviewed the Verified Complaint, the motion of HOKC, the documents submitted therewith, and having held a hearing on the motion and heard arguments of counsel, the Court hereby finds and concludes as follows:

A.   HOKC has presented proof which establishes a prima facie case of trademark infringement.  HOKC has introduced evidence that it owns numerous federal trademark registrations and applications for marks incorporating the KENTUCKY COLONELS Mark in connection with the goods and services it provides to its members and the public, as well as the charities served through its philanthropic work; that Defendants are using an identical mark, or nearly identical mark, offering what purports to be identical or nearly identical services; and that Defendants are doing so without

authorization and contrary to the express wishes of HOKC. The Court finds that HOKC has a likelihood of success on the merits of its infringement case at trial;

  B. HOKC has demonstrated the likelihood of consumer confusion and the threat to its interests and goodwill in its trademark, which is presumed to be an irreparable injury. Given this presumption of an irreparable injury, the Court finds that HOKC does not have an adequate remedy at law;

  C. The Court finds that HOKC will suffer more from the denial of the requested injunctive relief than Defendants will suffer from its issuance; and

  D. The Court finds that it is in the interest of the public to issue this preliminary injunction.

The foregoing shall constitute the Court's findings of fact and conclusions of law.

IT IS HEREBY ORDERED, pending further hearing and determination of this action, as follows:

  1. Defendants and anyone acting on their behalf, including their officers, agents, servants, employees, attorneys, and any other persons in active concert or participation with Defendants, are enjoined from using the KENTUCKY COLONELS Mark, or any mark that is confusingly similar to the KENTUCKY COLONELS Mark, including, but not limited to, KENTUCKY COLONELS INTERNATIONAL, on or in connection with the sale of any goods or services and the solicitation of charitable donations.

  2. Defendants and anyone acting on their behalf, including their officers, agents, servants, employees, attorneys, and any other persons in active concert or participation with Defendants, are enjoined from using the KENTUCKY COLONELS

Mark, or any mark that is confusingly similar to the KENTUCKY COLONELS Mark, including, but not limited to, KENTUCKY COLONELS INTERNATIONAL in such a way as is likely to cause consumers to be confused, mistaken, or deceived into believing that HOKC has sponsored, sanctioned, approved, licensed, or is any way affiliated with Defendants.

3. Defendants are ordered to provide a full accounting of all revenues, receipts, sales, and donations related to their use of "Kentucky Colonels International" from the first date Defendants used HOKC's Mark.

100238596