UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION


THE HONORABLE ORDER OF
KENTUCKY COLONELS, INC.,                                                      Plaintiff,

v.                                                                Civil Action No. 3:20-cv-132-DJH

KENTUCKY COLONELS
INTERNATIONAL et al.,                                                       Defendants.

* * * * *

## TEMPORARY RESTRAINING ORDER

Plaintiff The Honorable Order of Kentucky Colonels, Inc. (HOKC) has moved for entry of

a temporary restraining order and preliminary injunction. (Docket No. 7) In determining whether

to grant a temporary restraining order, the Court considers the same four factors applicable to a

motion for preliminary injunction: (1) the movant's likelihood of success on the merits; (2)

whether the movant "would likely be permanently harmed absent the injunction; (3) whether the

injunction would cause substantial harm to third parties; and (4) whether the injunction would

serve the public interest." *McGirr v. Rehme*, 891 F.3d 603, 610 (6th Cir. 2018) (citing *S. Glazer's

Distribs. of Ohio, LLC v. Great Lakes Brewing Co*., 860 F.3d 844, 849 (6th Cir. 2017)); *see Ohio

Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). "[T]hese are factors to be

balanced, not prerequisites to be met." *S. Glazer's Distribs*., 860 F.3d at 849 (citing *Certified

Restoration Dry Cleaning Network, L.L.C. v. Tenke*, 511 F.3d 535, 542 (6th Cir. 2007)).

Having reviewed HOKC's motion and supporting materials, and being otherwise

sufficiently advised, the Court makes the following findings:

(1)     Based on the allegations set forth in verified complaint and exhibits submitted in support of its verified complaint (D.N. 1; D.M. 1-2; D.N. 1-3; D.N. 1-6), HOKC has shown a strong likelihood of success on the merits of its claims.

(2)     HOKC has also demonstrated that it is likely to suffer irreparable harm—in the form of loss of both charitable goodwill and tarnishing of its name—if it is not granted injunctive relief and Defendant KCI and its affiliates continue to infringe upon HOKC's trademark. *See DaimlerChrysler v. The Net Inc.*, 388 F.3d 201, 208 (6th Cir. 2004) (upholding grant of preliminary injunction for trademark infringement through defendant's website); *Circuit City Stores Inc. v. CarMax, Inc.*, 165 F.3d 1047, 1055 (6th Cir. 1999) (holding that "irreparable damage is presumed" from trademark infringement).

(3)     Any harm KCI, its affiliates, or others may suffer as a result of this Temporary Restraining Order is outweighed by HOKC's likelihood of success on the merits, the likelihood of irreparable harm, and the public interest. *See Handel's Enters. v. Schulenberg*, 765 F. App'x 117, 125 (6th Cir. 2019) (quoting *FirstEnergy Sols. Corp. v. Flerick*, 521 F. App'x 521, 529 (6th Cir. 2013)). Restraining KCI from infringing on HOKC's trademark until the Court rules on HOKC's motion for preliminary injunction will, if it harms at all, harm only KCI and its affiliates. The Court must consider harm to third parties, namely the public—who may be confusing KCI with HOKC and unknowingly donating money to the wrong organization. *See Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 550–51 (6th Cir. 2007) (quoting *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005)) ("The third factor for a court to consider is 'whether the issuance of the injunction would cause substantial harm to others'").

(4)     Entry of this Temporary Restraining Order serves the public interest, since "[t]here is a public interest in 'preventing consumer confusion and deception in the marketplace and

protecting the trademark holder's property interest in the mark." *Ignition Athletic Performance Grp., LLC v. Hantz Soccer U.S.A., LLC*, 245 F. App'x 456, 460 (6th Cir. 2007) (quoting *Lorillard Tobacco Co. v. Amouri's Grand Foods, Inc.*, 453 F.3d 377, 383 (6th Cir. 2006)).

(5)     Entry of this Temporary Restraining Order is also appropriate at this time pursuant to Fed. R. Civ. P. 65(b)(1)(B).   Plaintiff reports no contact with Defendants or counsel for Defendants, despite repeated attempts to inform Defendants of this action.   HOKC asserts that entry of the TRO pursuant to is appropriate because it has "attempted to provide Defendants with notice through mail, email, and personal service, and it appears that Defendants are attempting to avoid such service."  (D.N. 13)  HOKC supports this claim, and its conclusion that Defendants have notice of this action, with evidence of email and hand-delivery delivery of the verified complaint and motion for a temporary restraining order.  (*See* D.N. 13-2; D.N. 13-4)

In accordance with the findings set forth above, it is hereby

**ORDERED** as follows:

(1)     HOKC's Motion for Temporary Restraining Order and Preliminary Injunction (D.N. 7) is **GRANTED** in part.

(2)     Pursuant to Rule 65(b), Defendants are **TEMPORARILY ENJOINED** and **RESTRAINED** from, directly or indirectly, whether alone or in concert with employees, affiliates, or others:

a.     using the Kentucky Colonels Mark, or any mark that is confusingly similar to the Kentucky Colonels Mark, including but not limited to Kentucky Colonels International, on or in connection with the sale of any goods or services and the solicitation of charitable donations.

b.     using the Kentucky Colonels Mark, or any mark that is confusingly similar to the Kentucky Colonels Mark, including but not limited to Kentucky Colonels International, in

such a way as is likely to cause consumers to be confused, mistaken, or deceived into believing that HOKC has sponsored, approved, licensed or is in any way affiliated with Defendants.

(3)     Pursuant to Rule 65(b)(3), this matter is set for a hearing on Plaintiff's motion for a preliminary injunction (D.N. 7) on **March 4, 2020, at 10:00 a.m.** at the Gene Snyder U.S. Courthouse in Louisville, Kentucky.

(4)     Pursuant to Federal Rule of Civil Procedure 65(c), Plaintiff HOKC shall give security in the amount of $1,000.00, which the Court considers proper based upon the current record.  The security shall be tendered to the Clerk of Court no later than the close of business **Friday, February 28, 2020**.

This Temporary Restraining Order is effective as of **12:00 p.m., February 25, 2020** and will expire fourteen (14) days from its entry in accordance with Federal Rule of Civil Procedure 65(b)(2) unless it is terminated or extended by subsequent order.