# EXHIBIT 2
# TO THIRD SUPPLEMENT

**Coryell, Corky**
___

| | |
|---|---|
| From: | Coryell, Corky |
| Sent: | Wednesday, February 26, 2020 10:55 AM |
| To: | Col. David J. Wright, Webmaster |
| Cc: | Watts, Julie; Coughlin, Michelle |
| Subject: | RE: [KYCOLONELS CONTACT] Honorable Order of Kentucky Colonels vs. Kentucky Colonels International, et al. |
| Attachments: | Scan1.pdf |

Please see attached and confirm your receipt of same.

**Cornelius E Coryell**

Wyatt, Tarrant & Combs, LLP
400 West Market Street
Suite 2000
Louisville KY 40202-2898
Direct: (502) 562-7376
Mobile: (502) 594-0832
Fax: (502) 589-0309
Email: ccoryell@wyattfirm.com



Louisville | Lexington | Memphis | Nashville | New Albany | www.wyattfirm.com

> **From:** Col. David J. Wright, Webmaster <webmaster@kycolonels.international>
> **Sent:** Tuesday, February 25, 2020 3:32 PM
> **To:** Coryell, Corky <ccoryell@wyattfirm.com>
> **Subject:** Re: [KYCOLONELS CONTACT] Honorable Order of Kentucky Colonels vs. Kentucky Colonels International, et al.
>
> This does not give us enough time to enter an appearance in the court. But your motion has been received, thank you.
>
> # Col. David J. Wright
> Goodwill Ambassador, Kentucky Colonel, Conservationist
>
> Principle Works and Pursuits
> **Ecology Crossroads Cooperative Foundation**
>
> Globcal International
> Kentucky Colonels International
> De'Aruhua Cacao
>
> Social Media: Facebook | LinkedIn | Twitter
> Personal Website: Ambassador Col. David J. Wright
>
> Cellular & WhatsApp: **(+58) 426-111-0529**
>
> **Confidentiality Notice:**
> This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately

by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.

On Tue, Feb 25, 2020 at 1:10 PM Coryell, Corky <ccoryell@wyattfirm.com> wrote:

Be advise that the attached Temporary Restraining Order was entered by the Court , effective noon today.

I hearing on Plaintiffs' Motion for a Preliminary Injunction is scheduled for March 4, 2020 at 10 am.

**Cornelius E Coryell**

Wyatt, Tarrant & Combs, LLP
400 West Market Street
Suite 2000
Louisville KY 40202-2898
Direct: (502) 562-7376
Mobile: (502) 594-0832
Fax: (502) 589-0309
Email: ccoryell@wyattfirm.com



Louisville | Lexington | Memphis | Nashville | New Albany | www.wyattfirm.com

**From:** Col. David J. Wright, Webmaster <webmaster@kycolonels.international>
**Sent:** Monday, February 24, 2020 6:55 PM
**To:** Coryell, Corky <ccoryell@wyattfirm.com>
**Subject:** Re: [KYCOLONELS CONTACT] Honorable Order of Kentucky Colonels vs. Kentucky Colonels International, et al.

Dear Corky,

Let me apologize for the error in service relative to your courier's intentions today. My daughter is a nutritionist and also a Kentucky colonel, she was not there at the time and does not live there and my ex-wife does not know anything about this, nor does she want to, but now she does.

All the documents sent were received and given to the Vice President who is my son. Everyone understands better about her role as our registered agent as much of this is

2

new to them. Sounds a lot like when the Miles family incorporated the HOKC in 1957 and three people with the same family name started their incorporation.

Postal mail should not be delivered to me there, but you are welcome to send it to me by email along with any electronic copies of any other documents. We are a decentralized organization and the primary contact person in Kentucky is my son. There is no phone and we are currently not under any requirement to be registered as a charity because we do not have enough money or have accepted any substantial contributions yet, but we appreciate your concern.

Our entire budget this year has been under $300 as I understand from your lawsuit it is assumed that we have brought in much more, however this is simply not the case as you may see when we file our annual report and tax forms. By the way we do not state anywhere that we are a charity or a 501(c)(3) organization currently, however Ecology Crossroads was when it was originally incorporated and held its tax-exempt status for the time it was a public charity as a 509(a)(1) until 2000. From the time of our reinstatement there is time for us to regain our active status once we raise adequate capital and need to. Currently we are looking to open a bank account so we can begin to receive checks

Wherever you got some of the assumptions you made I would like to know so we can correct them, either way there is no wrongdoing on our part, nor are we violating any laws as you make it seem that we are in your supplement.

We have only been reinstated for one month and did not expect this lawsuit, I will however receive your emails here. As it appears you sent the email Saturday and you mailed your case to us on Friday afternoon. I believe you are pushing the process a bit too strongly and should wait at least 48 hours during a workweek to have such high expectations of replies.

I replied to your email today and we are in communication. I will expect to hear from you again tomorrow or soon. As I said we are looking out for all of our members and the welfare of the Kentucky Colonel Commission, but you should also realize you are not dealing with some backwoods redneck colonel either and I won't be pressed too hard. We have a lot to consider here and the goodwill of 4000 members.

All of my commissioners are aware of the situation and all these things take a reasonable amount of time to consider well, pushing too hard will have negative repercussions for all involved.

**Col. David J. Wright**

Goodwill Ambassador, Kentucky Colonel, Conservationist

Principle Works and Pursuits

3

Ecology Crossroads Cooperative Foundation

Globcal International

Kentucky Colonels International

De'Aruhua Cacao

Social Media: Facebook | LinkedIn | Twitter

Personal Website: Ambassador Col. David J. Wright

Cellular & WhatsApp: **(+58) 426-111-0529**

**Confidentiality Notice:**
This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.

On Mon, Feb 24, 2020 at 5:58 PM Col. David J. Wright, Webmaster <webmaster@kycolonels.international> wrote:

Dear Hon. Corky Coryell,

Thank you for forwarding this to me by email. Please be sure that all legal documents regarding this matter are forwarded to me at this email address. Attach a return receipt or request that I acknowledge them and I will if they are part of the case and service during the next 21 days. Please also note that I live outside of the United States I have not been there for almost 15 years, nor can I be compelled to return that is unless you pay for my ticket then I will gladly oblige you. I am in a country that does not have an embassy or any postal service at this time. Further you are prohibited by the laws of the United States to make contact with the government in power here, so please use email.

Also be aware that we still have a confidentiality agreement signed by the Executive Director of the HOKC, this letter that follows therefore is covered therein and is confidential, however it may enter the lawsuit and be understood by the Judge. Let's view it and its proponents as an alternative to the pursuit of your ideal of justice.

Consider this email my olive branch as I am sure your client has better things to do than fund your law firm with money raised from us hard working Kentucky colonels,

that is unless you are doing this pro bono and really believe in what you are campaigning against..

You may also please note that we have not yet retained an attorney, once we do you will be notified we hope we have one this week once we begin contacting all the Kentucky colonels about this lawsuit, I expect there are at least a few that are sympathetic to our cause.

As their attorney it is up to you to make the best decisions for them and counsel them well, so please consider the following:

You can inform your client that we have dug up adequate evidence to go to trial on this matter based solely on information published in the Courier Journal in 1903, 1905, 1907 and 1909, there are also records in the State archives we are looking for now, the information we found very clearly places your most recent trademark for associations in danger and perhaps others because Kentucky Colonels is part of the public domain. We will not stop here though.

It is also a fact from our research that <u>Governor Sampson and Governor Laffoon did not come up with the ideal of a brotherhood of Kentucky Colonels</u> as we have discovered, there were Kentucky Colonels Clubs in more than 3 US States all of which are accounted for in the Louisville newspaper, there are other newspapers which are being reviewed now, one even accounts for a Kentucky Colonels Club being established in 1901 in Texas. So unless you can erase this actual history embedded in the archives, it is clear to us that your client is engaged in manipulating the historical record and clearly involved in further deceiving the public and all the Kentucky colonels that have read their information since it has been published, and all those who believe it, of which I was one until last week. After all I am a member (or excuse me donor) also of the HOKC, I just got my membership card on the 29th of January, I almost forgot the Articles state that the **HOKC has no members**!

We can also clearly see that **Gov. Isaac Shelby did not start the honor either in 1813 another fact to add to your file**, the first Kentucky colonel was Richard Mentor Johnson who is not even mentioned in the Wikipedia article which is based mostly on history provided by your client, he was a nemesis of Shelby and was commissioned by the legislature not Shelby. **Shelby made his first commission in 1815**, but for some strange reason your client recognizes 1813 on their logo, so perhaps that should be changed also?

The recent move made by Governor Beshear of opening nominations up to ordinary citizens to nominate Kentucky colonels has upset many of our members, probably most of your clients members as well, who are Kentucky colonels who believe it was one of the only 'good perks they had' for their honorable award. Some of them are very upset about this.

Also for your information the Registry form was only online for 3 days, <u>we are no longer and have not been selling anything nor have we ever planned to</u>. If your client wants to come to a resolution or a settlement you are certainly welcome to contact me. The merger agreement included in your lawsuit under seal is still on the table.

5

The recent trademark on 17 February can also be challenged because it came following your rejection of the proposal relative to our association and the contents were covered under a confidentiality agreement signed by Col. Sherry Crose.

As honorary commissioned officers of the Commonwealth we all have rights and duties under the obligations that we have chosen to uphold, we certainly are not interested in making a mockery of the commission of the Kentucky colonel or diminishing its meaning in any way. It is a great honor and privilege for many of our members, one of the best for many or perhaps the greatest for some of them as it was for Col. Harlan Sanders.

We will welcome any proposal or mediation that strengthens the commission and permits our input, without interfering with the Honorable Order of Kentucky Colonels' charity or the Kentucky Colonels Online Store. As things stand right now, only they have placed at risk their own organization and millions in potential contributions that we offered through buffing up their image so that membership services could be provided to Kentucky colonels themselves with our merger proposal to assimilate our program and 4000+ members.

We are talking about a fight between the First Amendment of the US Constitution and Trademark law, David and Goliath, your stated intents and purposes of what was said when you tried to get an injunction against the basketball team of making "Kentucky Colonels" "a famous mark for retail merchandise across the United States" does not fare well with most Kentucky colonels in general, but most of them never saw that article either.

I have already received suggestions from other colonels to initiate petitions and a class action counter-demand against the charity, this is something I prefer not to do, but our organization is controlled by its members so I have to follow their majority demands, if it comes up again you will read about it online. There is certainly a fair and amicable resolution we can negotiate without the media or a public relations campaign.

There are 12 other entities (some outside of Kentucky, some in other countries, some in formation outside of your jurisdiction and reach) that legally use the term "Kentucky Colonels" in their names if we can arrive at a settlement that is fair and just all of those organizations will undoubtedly support your client, several already do, while others are completely independent. This action that you are taking will create a dividing line instead of following the state motto, United We Stand, Divided We Fall.

Since I have published my editorial our subscriber list has grown significantly. The last thing I want is to see your client damage itself with its Mightier than Thou and controlling attitude that has been persistent over the years. There are Kentucky colonels all over the world that want to be better acknowledged instead of being directed to simply fund the charity to represent them and buy things from its store, my merger proposal was simply another way for Kentucky colonels to be involved with with the HOKC as the ultimate beneficiaries. It should have been met with a counter-proposal or offer instead of being hastily rejected.

The HOKC has already invaded my territory once when they came on the Internet in 2001 and we had colonels.org then when they came on Facebook in December 2015

when we already had groups and efforts well established there dating back to 2006, 2008, and the third in 2009. All of our efforts emerged to provide benefits for Kentucky colonels. Everytime the HOKC showed up some where they have bullied and demanded that we close our operation. So here we are again.

So meanwhile we are preparing a major campaign to defend ourselves, whether it is a quiet revolution or one that is televised will depend on your next move. We have every features editor in the United States lined up to receive our next news release (over 5000 news editors) and an appeal prepared to send to every constitutional, civil rights, trademark and intellectual property attorney in the United States that may perhaps be interested in joining our legal team.

We have already been interviewed by three newspapers inside Kentucky, today by the business paper in Louisville. Our organization has nothing to lose, whereas your client has everything to lose, as we will see, that is a major component of our case here right now.

Your client has also engaged in slanderous activity against my person in the social media, taken statements out of context and caused people to be upset with me over the editorial I wrote where every statement I made was based on factual information and linked, most of those who made derogatory and violent statements are too dumb to read or willing to read my editorial out of their own ignorance, nonetheless hazing and slandering me personally makes it convenient that you included me in your lawsuit.

Y'all should be seriously considering what my next move will be or disposing of your wreckless activity against me and the organization I founded tomorrow, find a way to make peace and an amicable resolution and so we can all rest assured that this will come out better for your client. More than 95% of your entire case is based on your client seeking a demand for damages which will not result in **any financial gain of any kind from us**, the best you can hope for is an 80% reduction in their own charitable giving receipts and a huge nightmare explaining to people all the mistakes made in accounting for their own history and the manipulation of the true history of Kentucky Colonels.

I have experience in this and there are plenty of news reporters waiting for a good story. Search "Ecology Crossroads" and "Arbor Day" together on Google you will find at least several stories about a very similar case that I pursued, which resulted in a disaster for the plaintiff, who lost 5x what the HOKC makes in a single year and it continued for 3 years before it was finally settled out of court. It was the same exact scenario resulting in the cancellation of their trademark. At least their case against my organization was not based on trumped up evidence and distortion of relevant facts.

For now I will get back to searching the deep web and the archives so I can continue to build our defense and a good offense for whatever counter-claim we think may add to your concerns. We will be extracting accounts of similar organizations to that of your client, but actually more like our own organization that had real members that existed in Chicago, Dallas and Little Rock which we discovered the other day. The

7

next news release will be based on this real history, not the miscontrived record fostered by your client, actually we won't even mention your client except for the fact that they were wrong about history.

Here's a joke I found from 1899, back when Colonels were famous for bourbon distilleries, written by an unknown author.

When the Kentucky Colonel was in the North, someone asked him if Kentuckians were very bibulous. "No suh", the colonel replied, "I don't reckon there are more than a dozen Bibles in the whole state.

I expect you will need to discuss this all with your client and check the facts that I have shared here. You can start on our website, there is lots of great information there since 15th around the time you trademarked Kentucky Colonels for associations. Check our resources page the information there will be doubled.

Have a good evening, I hope the business newspaper there in Louisville tomorrow puts a positive spin on our dispute, Kentucky Colonels in general do not like negative press.

## Col. David J. Wright

Goodwill Ambassador, Kentucky Colonel, Conservationist

Principle Works and Pursuits

### Ecology Crossroads Cooperative Foundation

Globcal International

Kentucky Colonels International

De'Aruhua Cacao

Social Media: Facebook | LinkedIn | Twitter

Personal Website: Ambassador Col. David J. Wright

Cellular & WhatsApp: (+58) 426-111-0529

8

**Confidentiality Notice:**
This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.

================================================================================

The information contained in this transmission is intended only for the person or entity to which it is addressed
and may contain confidential and/or privileged material. If you are not the intended recipient of this information,
do not review, retransmit, disclose, disseminate, use, or take any action in reliance upon this information. If you
received this transmission in error, please contact the sender immediately, destroy all printed copies, and delete
the material from all computers.

================================================================================



**WYATT, TARRANT & COMBS, LLP**

400 West Market Street, Suite 2000
Louisville, Kentucky 40202
502.589.5235
Fax: 502.589.0309

Cornelius E. Coryell II
502.562.7376
ccoryell@wyattfirm.com

February 26, 2020

**VIA EMAIL and U.S. Mail**

David J. Wright
President – Ecology Crossroads Cooperative
   Foundation, Inc.
d/b/a Kentucky Colonels International
302 General Smith Drive
Richmond, KY  40475

    Re:    Temporary Restraining Order Entered in the matter of The Honorable
            Order of Kentucky Colonels, Inc. ("HOKC") v. Kentucky Colonels
            International, et al.; United States District Court for the Western District of
            Kentucky at Louisville; Civil Action No. 3:20-cv-132-DJH (the "Civil Action")

Dear Mr. Wright:

    I am writing to you in your capacity as President of Ecology Crossroads Cooperative Foundation, Inc., d/b/a Kentucky Colonels International ("KCI").

    As you know, a Temporary Restraining Order was entered in the Civil Action, effective noon on February 25, 2020. I forwarded a copy of the Temporary Restraining Order (the "TRO") to you yesterday. For your convenience, a copy of the TRO is also attached.

    Among other things, the TRO enjoins KCI and the other Defendants, including yourself, from directly or indirectly, "using the Kentucky Colonels Mark, or any mark that is confusingly similar to the Kentucky Colonels Mark, ***including but not limited to Kentucky Colonels International***, on or in connection with the sale of any goods or services and the solicitation of charitable donations."

    KCI is violating that provision of the TRO. As of this morning, the website maintained by KCI, www.kycolonels.international (the "KCI Website") continues to represent that KCI is "also known as the Kentucky Colonel Foundation" and it solicits contributions for the "Kentucky Colonels International Fund." The KCI Website further solicits donations to "support the work of the Goodwill Ambassador Foundation" and represents that donations to KCI are "tax deductible." In addition, the KCI Website purports to offer an "International Registry of Kentucky Colonels" as well as "Other Program Services" for a fee. These passages are just a few examples of how the current content of the KCI Website blatantly violates the TRO.

    We are also aware that KCI maintains a public Facebook page which describes KCI as a nonprofit organization and includes links to the KCI Website. As such, that Facebook page also


WYATT, TARRANT & COMBS, LLP

David J. Wright
February 26, 2020
Page 2

violates the TRO by using "Kentucky Colonels International" in connection with the sale of services and the solicitation of charitable donations.

Please let this serve as HOKC's request that you immediately terminate operation of the KCI Website and KCI's public Facebook page pending expiration, dissolution or modification of the TRO.

In addition, the TRO prohibits Defendants from "using the Kentucky Colonels Mark, or any mark that is confusingly similar to the Kentucky Colonels Mark, **including but not limited to Kentucky Colonels International**, in such a way that is likely to cause consumers to be confused, mistaken, or deceived in to believing that HOKC has sponsored, approved, licensed, or is in any way affiliated with the Defendants."

KCI is violating that provision of the TRO. We are aware that individuals have posted on KCI's Facebook page believing it to be affiliated with HOKC. Some of those instances were cited in the motion we filed requesting the TRO. In addition, you or other individuals have posted messages to HOKC's public Facebook page under the user name "Kentucky Colonels International." These are just a few examples of how KCI is violating the TRO by causing individuals to mistakenly believe that KCI is affiliated with or has been approved by HOKC.

Please let this serve as an additional basis for HOKC's request that KCI terminate its public Facebook page. In addition, please let this serve as HOKC's request that KCI stop posting on HOKC's Facebook page as "Kentucky Colonels International" pending expiration, dissolution or modification of the TRO.

We request these actions be taken immediately. Any failure to comply with the TRO will be reported to the Court.

If you have any questions, feel free to give me a call.

Sincerely,

WYATT, TARRANT & COMBS, LLP

Cornelius E. Coryell II

CEC/tk
100241855

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| THE HONORABLE ORDER OF KENTUCKY COLONELS, INC., | Plaintiff, |
| v. | Civil Action No. 3:20-cv-132-DJH |
| KENTUCKY COLONELS INTERNATIONAL et al., | Defendants. |

\* \* \* \* \*

### TEMPORARY RESTRAINING ORDER

Plaintiff The Honorable Order of Kentucky Colonels, Inc. (HOKC) has moved for entry of a temporary restraining order and preliminary injunction. (Docket No. 7) In determining whether to grant a temporary restraining order, the Court considers the same four factors applicable to a motion for preliminary injunction: (1) the movant's likelihood of success on the merits; (2) whether the movant "would likely be permanently harmed absent the injunction; (3) whether the injunction would cause substantial harm to third parties; and (4) whether the injunction would serve the public interest." *McGirr v. Rehme*, 891 F.3d 603, 610 (6th Cir. 2018) (citing *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017)); *see Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). "[T]hese are factors to be balanced, not prerequisites to be met." *S. Glazer's Distribs.*, 860 F.3d at 849 (citing *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke*, 511 F.3d 535, 542 (6th Cir. 2007)).

Having reviewed HOKC's motion and supporting materials, and being otherwise sufficiently advised, the Court makes the following findings:

(1)     Based on the allegations set forth in verified complaint and exhibits submitted in support of its verified complaint (D.N. 1; D.M. 1-2; D.N. 1-3; D.N. 1-6), HOKC has shown a strong likelihood of success on the merits of its claims.

(2)     HOKC has also demonstrated that it is likely to suffer irreparable harm—in the form of loss of both charitable goodwill and tarnishing of its name—if it is not granted injunctive relief and Defendant KCI and its affiliates continue to infringe upon HOKC's trademark. *See DaimlerChrysler v. The Net Inc.*, 388 F.3d 201, 208 (6th Cir. 2004) (upholding grant of preliminary injunction for trademark infringement through defendant's website); *Circuit City Stores Inc. v. CarMax, Inc.*, 165 F.3d 1047, 1055 (6th Cir. 1999) (holding that "irreparable damage is presumed" from trademark infringement).

(3)     Any harm KCI, its affiliates, or others may suffer as a result of this Temporary Restraining Order is outweighed by HOKC's likelihood of success on the merits, the likelihood of irreparable harm, and the public interest. *See Handel's Enters. v. Schulenberg*, 765 F. App'x 117, 125 (6th Cir. 2019) (quoting *FirstEnergy Sols. Corp. v. Flerick*, 521 F. App'x 521, 529 (6th Cir. 2013)). Restraining KCI from infringing on HOKC's trademark until the Court rules on HOKC's motion for preliminary injunction will, if it harms at all, harm only KCI and its affiliates. The Court must consider harm to third parties, namely the public—who may be confusing KCI with HOKC and unknowingly donating money to the wrong organization. *See Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 550–51 (6th Cir. 2007) (quoting *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005)) ("The third factor for a court to consider is 'whether the issuance of the injunction would cause substantial harm to others'").

(4)     Entry of this Temporary Restraining Order serves the public interest, since "[t]here is a public interest in 'preventing consumer confusion and deception in the marketplace and

2

protecting the trademark holder's property interest in the mark." *Ignition Athletic Performance Grp., LLC v. Hantz Soccer U.S.A., LLC*, 245 F. App'x 456, 460 (6th Cir. 2007) (quoting *Lorillard Tobacco Co. v. Amouri's Grand Foods, Inc.*, 453 F.3d 377, 383 (6th Cir. 2006)).

(5)     Entry of this Temporary Restraining Order is also appropriate at this time pursuant to Fed. R. Civ. P. 65(b)(1)(B). Plaintiff reports no contact with Defendants or counsel for Defendants, despite repeated attempts to inform Defendants of this action. HOKC asserts that entry of the TRO pursuant to is appropriate because it has "attempted to provide Defendants with notice through mail, email, and personal service, and it appears that Defendants are attempting to avoid such service." (D.N. 13) HOKC supports this claim, and its conclusion that Defendants have notice of this action, with evidence of email and hand-delivery delivery of the verified complaint and motion for a temporary restraining order. (*See* D.N. 13-2; D.N. 13-4)

In accordance with the findings set forth above, it is hereby

**ORDERED** as follows:

(1)     HOKC's Motion for Temporary Restraining Order and Preliminary Injunction (D.N. 7) is **GRANTED** in part.

(2)     Pursuant to Rule 65(b), Defendants are **TEMPORARILY ENJOINED** and **RESTRAINED** from, directly or indirectly, whether alone or in concert with employees, affiliates, or others:

    a.     using the Kentucky Colonels Mark, or any mark that is confusingly similar to the Kentucky Colonels Mark, including but not limited to Kentucky Colonels International, on or in connection with the sale of any goods or services and the solicitation of charitable donations.

    b.     using the Kentucky Colonels Mark, or any mark that is confusingly similar to the Kentucky Colonels Mark, including but not limited to Kentucky Colonels International, in

such a way as is likely to cause consumers to be confused, mistaken, or deceived into believing that HOKC has sponsored, approved, licensed or is in any way affiliated with Defendants.

(3)  Pursuant to Rule 65(b)(3), this matter is set for a hearing on Plaintiff's motion for a preliminary injunction (D.N. 7) on **March 4, 2020, at 10:00 a.m.** at the Gene Snyder U.S. Courthouse in Louisville, Kentucky.

(4)  Pursuant to Federal Rule of Civil Procedure 65(c), Plaintiff HOKC shall give security in the amount of $1,000.00, which the Court considers proper based upon the current record. The security shall be tendered to the Clerk of Court no later than the close of business **Friday, February 28, 2020**.

This Temporary Restraining Order is effective as of **12:00 p.m., February 25, 2020** and will expire fourteen (14) days from its entry in accordance with Federal Rule of Civil Procedure 65(b)(2) unless it is terminated or extended by subsequent order.

February 25, 2020

David J. Hale, Judge
United States District Court

4

**Coryell, Corky**

| | |
|---|---|
| **From:** | Microsoft Outlook |
| **To:** | Col. David J. Wright, Webmaster |
| **Sent:** | Wednesday, February 26, 2020 10:55 AM |
| **Subject:** | Relayed: RE: [KYCOLONELS CONTACT] Honorable Order of Kentucky Colonels vs. Kentucky Colonels International, et al. |

**Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:**

Col. David J. Wright, Webmaster (webmaster@kycolonels.international)

Subject: RE: [KYCOLONELS CONTACT] Honorable Order of Kentucky Colonels vs. Kentucky Colonels International, et al.