UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

THE HONORABLE ORDER OF          )
KENTUCKY COLONELS, INC.         )
                                )
            PLAINTIFF           )
                                )
v.                              )   CIVIL ACTION NO. 3:20CV-132-JRW
                                )
KENTUCKY COLONELS               )
INTERNATIONAL, et al.           )
                                )
            DEFENDANT           )

## ORDER GRANTING PRELIMINARY INJUNCTION

Upon motion of Plaintiff, The Honorable Order of Kentucky Colonels, Inc. ("HOKC") for a preliminary injunction pursuant to Fed. R. Civ. P. 65 and 15 U.S.C. §1116, 15 U.S.C. §1125(c)(1) and 15 U.S.C. §1125(d), the Court having reviewed the Verified Complaint, the motion of HOKC, the documents submitted therewith, and having held a hearing on the motion and heard arguments of counsel, the Court hereby finds and concludes as follows:

A.      HOKC has presented proof which establishes a prima facie case of trademark infringement.  HOKC has introduced evidence that it possesses common law trademark rights and owns numerous federal trademark registrations and applications for marks incorporating the KENTUCKY COLONELS Mark in connection with the goods and services it provides to its members and the public, as well as the charities served through its philanthropic work; that Defendants are using and have used identical marks, or nearly identical marks, offering what purports to be identical or nearly identical

services; and that Defendants are doing so without authorization and contrary to the express wishes of HOKC. The Court finds that HOKC has a likelihood of success on the merits of its infringement case at trial

      B.     HOKC has presented proof which establishes a prima face case of cyberpiracy in violation of 15 U.S.C. § 1125(a).  HOKC has introduced evidence that Defendants registered, and continue to use, a domain name that incorporates the KENTUCKY COLONELS Mark and is identical or confusingly similar to HOKC's domain name. The Court finds that HOKC has a likelihood of success on the merits of its Anticybersquatting Consumer Protection Act case at trial.  HOKC has also introduced evidence that the Defendants maintain both a public Facebook page and a private Facebook group which are misleading and create confusion by suggesting or fostering the impression that the individual or organization responsible for maintaining that Facebook page and group is affiliated with or approved by HOKC.

      C.     HOKC has demonstrated actual confusion as well as the likelihood of further consumer confusion and the threat to its interests and goodwill in its trademark, which is presumed to be an irreparable injury.  Given this presumption of an irreparable injury, the Court finds that HOKC does not have an adequate remedy at law;

      D.     The Court finds that HOKC will suffer more from the denial of the requested injunctive relief than Defendants will suffer from its issuance; and

      E.     The Court finds that it is in the interest of the public to issue this preliminary injunction.

      The foregoing shall constitute the Court's findings of fact and conclusions of law.

IT IS HEREBY ORDERED, pending further hearing and determination of this action, as follows:

1.     Defendants and anyone acting on their behalf, including their owners, members, officers, agents, servants, employees, attorneys, and any other persons in active concert or participation with Defendants, are enjoined from using the KENTUCKY COLONELS Mark, or any mark that is confusingly similar to the KENTUCKY COLONELS Mark, including, but not limited to, KENTUCKY COLONELS INTERNATIONAL and KENTUCKY COLONEL FOUNDATION, on or in connection with the sale of any goods or services including but not limited to the solicitation of charitable donations and the promotion of charitable and philanthropic causes.

2.     Defendants and anyone acting on their behalf, including their owners, members, officers, agents, servants, employees, attorneys, and any other persons in active concert or participation with Defendants, are enjoined from using the KENTUCKY COLONELS Mark, or any mark that is confusingly similar to the KENTUCKY COLONELS Mark, including, but not limited to, KENTUCKY COLONELS INTERNATIONAL and KENTUCKY COLONEL FOUNDATION, in such a way as is likely to cause consumers to be confused, mistaken, or deceived into believing that HOKC has sponsored, sanctioned, approved, licensed, or is any way affiliated with Defendants or any organization or cause sponsored or supported by Defendants.

3.     Defendants and anyone acting on their behalf, including their owners, members, officers, agents, servants, employees, attorneys, and any other persons in active concert or participation with Defendants, are enjoined from using the domain name "kycolonels.international," any domain name that is confusingly similar to

3

"kycolonels.org," or any domain name that incorporates the KENTUCKY COLONELS Mark, or any mark that is confusingly similar to the KENTUCKY COLONELS Mark, including, but not limited to, KENTUKCY COLONELS INTERNATIONAL and KENTUCKY COLONEL FOUNDATION.

4.      Defendants and anyone acting on their behalf, including their owners, members, officers, agents, servants, employees, attorneys, and any other persons in active concert or participation with Defendants, are enjoined from using the Facebook usernames "Kentucky Colonels International" or "Kentucky Colonel Foundation" or any other username or handle that is confusingly similar to the KENTUCKY COLONELS Mark.

5.      Defendants are ordered to provide a full accounting of all revenues, receipts, sales, and donations related to their use of "Kentucky Colonels International" or "Kentucky Colonel Foundation" from the first date Defendants used HOKC's Mark.

100244560

4