FILED

Vanessa L Armstrong, Clerk

May 21, 2020

U.S. District Court
Western District of Kentucky

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| **THE HONORABLE ORDER OF** | ) | |
| **KENTUCKY COLONELS, INC.** | ) | |
|     **PLAINTIFF** | ) | Civil Action No. 3:20-cv-132-RGJ |
| | ) | |
| v. | ) | MOTION TO DISMISS |
| | ) | |
| **DAVID J. WRIGHT, et.al.** | ) | |
|     **DEFENDANTS** | ) | |

### DEFENDANT'S MOTION TO DISMISS

COMES NOW the Defendant, *pro se in forma pauperis,* pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), and moves this Honorable Court to dismiss Plaintiffs' lawsuit. In support, Defendant states:

We move for the court to <u>dismiss this case with prejudice</u> based on the understanding that <u>the Plaintiff has trademarked a term that clearly belongs to the "public domain" and their commission of "copyfraud" is being upheld by the U.S. Court,</u> which is entertaining the Plaintiff and allowing this case to move forward. The Temporary Restraining Order imposed by the court stifles and violates the Defendant's rights of free speech, freedom to assemble, freedom of the press, and the right to redress grievances to the government under the First Amendment of the U.S. Constitution. Also on the grounds that the Plaintiff has violated private international law and commercial law to obtain information by engaging in ethical business negotiations with the Defendant to take actions, file a trademark and bring this lawsuit which is outside the jurisdiction of this Court. The bringing of this action by the Plaintiff has caused significant damage to the Defendants, their organization and the collective work product of its members developed over the past several years. The Plaintiff is using the lawsuit, the lack of resources of the Defendant, and a spurious claim

to property in the public domain to destroy the work of the Defendant which the Plaintiff has been aware of for nearly 20 years.

A copyfraud is a false claim by an individual or institution with respect to content that is in the public domain. Such claims are wrongful, under U.S. law, because material in the public domain is free for all to use, modify and reproduce. "Copyfraud stifles creativity and imposes financial costs upon consumers. False copyright claims lead individuals to pay unnecessarily for licenses and to forgo entirely projects that make legitimate uses of public domain materials. Copyfraud is a land grab. It represents private control over the public domain. Copyfraud upsets the balance that the law has struck between private rights and the interests of the public in creative works."; Jason Mazzone, Jurist, *Copyfraud*, Stanford Law Books (2011).

The Plaintiff has known about the Defendant since at least 2001 when they made their initial legal contact following the Defendant's development of the first website for Kentucky Colonels in 1998 and again approached the Defendant in 2016 requesting the Defendant place a disclaimer on it's Facebook page which was developed in 2009. They engaged with the Defendant, gaining further knowledge of the Defendant's intentions in 2017 by having its board members, executives and officers join its online groups, expressed an interest in the work product of the Defendant, and entered business negotiations with the Defendant under false pretenses in January 2020, without making any reasonable offer or counter offer prior to bringing this lawsuit. In essence the Plaintiff used the information presented in a <u>business acquisition and merger negotiation</u> covered and protected under a confidentiality agreement to create a counter strategy and bring forth this lawsuit which is unethical, underhanded and illegal. The Plaintiff had many opportunities since 2001, when they first contacted the Defendant, if it felt its rights were being infringed upon and to seek additional trademark protection or assert its spurious claims. The Plaintiff has had every opportunity to negotiate a fair settlement, acquire the intellectual property of the Defendant, or make an offer for the intellectual property it has expressed an interest in beginning in 2017. Instead they have used the information they learned to form a counter-attack, to undermine and destroy the Defendant along with its intellectual property, by filing this lawsuit and developing a campaign where it appears to be a victim of the Defendant.

A motion to dismiss pursuant to Rule 12(b)(1) may assert a *facial or factual* challenge to the Court's subject matter jurisdiction. *Haddad*, 784 F. Supp. 2d at 1313 n.2. "In a facial challenge, a court assumes the allegations in the complaint are true and determines whether the complaint sufficiently alleges a basis for subject matter jurisdiction." In factual challenges, Judge J. Frederick Motz of the U.S. District Court for the District of Maryland has observed, in adjudicating a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction that: (1) where the motion presents a factual challenge to jurisdiction, <u>the court need not assume that all facts alleged in the complaint are true</u>; and (2) in that context, <u>the allegations in the pleadings are mere evidence</u>, and the court may consider contravening evidence from other sources without converting the proceeding into one for summary judgment. *Chesapeake Bay Foundation, Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011). The same is true for the other subsections of Rule 12(b), excepting 12(b)(6), of course."

## **PRESENTATION OF FACTS TO MOVE FOR DISMISSAL**

Kentucky Colonel is a well-known honorary title, it is an award, a legal status that provides letters patent, and may refer to a person who has been bestowed the title by any one of Kentucky's governors past, present or future. It is a term that has been engaged since the 18th century as a marketing tool for bourbon, race horses, baseball teams, marching bands, social clubs, cigarettes, bars, restaurants, hotels, musical groups, several sports teams, an antique store, and most recently in a case before this Court several years ago a professional basketball team that was subject of a lawsuit by the Plaintiff when they began their campaign to dominate the exclusive use of the public domain term. As individuals, Kentucky Colonels have been known as the goodwill ambassadors of the Commonwealth since prior to the existence of the Plaintiff and are deeply ingrained as a component of Kentucky culture and history, notwithstanding The Honorable Order of Kentucky Colonels which was incorporated in 1957.

Simply incorporating a term like "Kentucky Colonels" that is part of the public domain as a key component of the Plaintiff's business name, establishing a benevolent charity with a term that is part of the

public domain, or trademarking a term that is part of the public domain does not give the Plaintiff exclusivity or any implicit rights to create a monopoly or exclude others from using the term in a different business that specifically caters to Kentucky Colonels. The Plaintiff has become well-known through self-promotion as the "The Honorable Order of Kentucky Colonels", "HOKC", the "Honorable Order", and most recently as just "Kentucky Colonels" creating their own ambiguity rather than distinguishing themselves using copyright and trademarks constructively. Simply using "Kentucky Colonels" to describe themselves is an infringement on the public domain and all others that have used it constructively to describe themselves or as a part of other business names. Creating ambiguity like the Plaintiff has may lead people to believe that they are affiliated with unrelated businesses like the Kentucky Colonel Hotel in Broken Arrow, Oklahoma established in 1903 by Col. G.W. Gist, a horse racing promoter or the Kentucky Colonel Motel Court in Bradenton, Florida. So while adopting a term in the public domain may have some distinctive advantages for the Plaintiff, it is intentionally misleading the public to believe they are somehow the "original" and "only" authority that can be legitimately recognized through their deceptive copyfraud.

      As a part of the government, the U.S. Federal Court should understand that it has no jurisdiction over terms and ideals that are clearly a part of the public domain. The terms "Kentucky Colonel" and "Kentucky Colonels" are property of the Commonwealth of Kentucky, a part of history, since the first colonels were officially named by Kentucky's governors in 1813, 1815 or 1885 depending on whose history you choose to acknowledge. The popular book by Opie Read, "A Kentucky Colonel" was published in 1890, even Colonel Daniel Boone can be called one of the first Kentucky colonels which dates back prior to the founding of the United States in 1775. Likewise most of Kentucky's first counties were named after colonial colonels and militia colonels designated by the 13 original colonies governors before the founding of the United States. The term "KENTUCKY COLONELS" is clearly not an invention or creation by the Plaintiff, despite them having adopted it as a trademark, the Plaintiff has no implicit legal rights to dominate, mandate or license the term or cause injury to others that use it. It is very clear that the law is being abused in this case to suppress our efforts and beguile public opinion. The Court has no jurisdiction within its own powers to take a term

that belongs in the public domain and award it to an organization based on any of the Plaintiff's benevolent efforts or intentions to benefit the public good or charity, which the Plaintiff has inferred in its pleadings in an effort to dominate a term as a trademark in the literal sense in the public interest.

While we acknowledge the Plaintiff may hold trademark rights over their <u>barbeque sauce, bourbon filled chocolate bon-bons, t-shirts, cigars</u> and other <u>products</u> labelled "KENTUCKY COLONELS" as their brand name for items which they market through Upper Right Marketing, LLC; which is not party of this lawsuit; our organization is clearly not engaged or even allegedly engaged in the marketing any of these items according to the complaint. We are literally a group of Kentucky colonels using the term in its proper context as public domain to refer to ourselves as Kentucky Colonels, as are many other organizations not associated with us. The complaint does not state that we have used or infringed on their actual corporate name "THE HONORABLE ORDER OF KENTUCKY COLONELS", but alleges and infers that *if we are allowed to continue* to use the term "KENTUCKY COLONELS" or "KENTUCKY COLONEL" it may harm the plaintiff, the public, confuse others, this simply because we have developed a program that provides genuine membership services to Kentucky Colonels and fairly competes with their organization using *our own ideals across a medium*, "the Internet", which we first dominated.

The Plaintiff spuriously trademarked "KENTUCKY COLONELS" for membership associations and committed copyfraud less than 30 days following our disclosure of our planned activities and intellectual property which they expressed an interest in since we began developing our ideal of a membership registry and mobile app in 2017, 2018 and 2019 until we submitted a merger and acquisition proposal on January 14, 2020, which the plaintiff rejected on January 20, 2020. This entire case is based on a three day old trademark registration which they acquired on February 17 to file this lawsuit on February 20.

Our activities, blog, website and critical commentary, which prompted this lawsuit despite the Plaintiff's counsel threatening us and alleging that we were not in compliance with the Temporary Restraining Order by allowing it to remain, shall continue because we are operating within our First Amendment Rights under the U.S. Constitution to redress grievances with the government, exercise our

rights of free speech and exercise our freedom of the press. We have not slandered or provided any false information to anyone.

## **DISMISS OR MAKE A SUMMARY JUDGEMENT**

In considering a Rule 12(b)(6) motion, the Court may consider the Complaint and any exhibits attached thereto, public records, facts, items appearing in the record of the case and exhibits attached to Defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008).

The Defendant respects and understands the Court's authority to either dismiss or take it upon itself to make a summary judgement on this case based on all the information presented to date, this motion, including our previous pleadings, the complaint, and exhibits presented for the Hearing, which was held on March 04, 2020, or perhaps continuing this case, as Defendants it is not our intention to default on this matter. The Court should also understand that we were only reinstated and legally incorporated since January 21. 2020, and that previously we operated as an unincorporated civil society from 2001 until 2019.

The Defendants do not understand, based on the facts presented in this motion, how this case can continue any further. The Defendants do not understand why two Federal Judges have recused themselves from this case, do not understand why the Plaintiff has not convened or accepted our offers to negotiate a settlement, and does not understand the Court's authority to encumber our rights under the First Amendment of the U.S. Constitution or to make decisions that encompass civil rights over property that belongs in the public domain. If the purpose of the Court is to administer justice impartially it must consider our attempts with the Plaintiff to settle and absolve this matter, it must consider dismissing the case, it may consider summary judgement based on the the 700+ pages presented by the Plaintiff and the 36 pages presented by the Defendants, it should consider our inability to pay for defending ourselves or retaining legal counsel if it wishes for us to understand in order to continue the proceedings of the case or better present ourselves to the Court.

Caracas, Venezuela
Dated: March 02, 2020

Colonel David J. Wright
Edificio Torre 997, Local B
San Juan, Caracas
Distrito Capital, Venezuela 1021
david.wright@globcal.net
+58 (426) 111-0529

## Certificate of Service

I hereby certify that on May 21, 2020 these Motion(s) were delivered by email with a delivery receipt to the plaintiff and was sent via Email to the Clerk of the Court on May 21, 2020 before 5:00 PM and should reach the indicated destinations prior to the 60 day deadline of May 22, 2020 ordered on March 23, 2020.

Clerk's Office
601 W. Broadway, Rm 106
Gene Snyder United States Courthouse
Louisville, KY 40202