UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | |
|---|---|
| THE HONORABLE ORDER OF KENTUCKY COLONELS, INC. | ) ) ) |
| PLAINTIFF | ) ) ) |
| v. | ) CIVIL ACTION NO. 3:20CV-132-RGJ ) |
| KENTUCKY COLONELS INTERNATIONAL, et al. | ) ) ) ) ) |
| DEFENDANTS | ) |

**PLAINTIFF'S REQUEST FOR ENTRY OF DEFAJULT
AND MOTION FOR DEFAULT JUDGMENT**

Plaintiff, The Honorable Order of Kentucky Colonels ("HOKC"), by counsel, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, seeks the entry of default and entry of default judgment against Defendants Kentucky Colonels International; Ecology Crossroads Cooperative Foundation, Inc.; and Globcal International, Inc. (collectively "the Corporate Defendants"), and in support of this request, states as follows:

1. This action was initiated by the filing of a Verified Complaint on February 20, 2020 **[DE 1]**. Copies of the Summons, Complaints, and exhibits thereto were mailed, certified mail-return receipt requested, and First Class United States mail to the agent for service of process for the Corporate Defendants, Maya-Lis A. Wright, at 302 General Smith Drive, Richmond, Kentucky 40475. The certified mail packages were never claimed, but it is believed that the First Class mail packages were delivered.

2.      On February 24, 2020, HOKC attempted to hand-deliver a package of material to the registered agent for service of process for the Corporate Defendants, Maya-Lis A. Wright at 302 General Smith Drive, Richmond, Kentucky 40475. That package consisted of (1) a letter advising those parties of the filing of the Verified Complaint and the Motion for Temporary Restraining Order and informing KCI that HOKC is seeking a hearing on the Motion for Temporary Restraining Order at the Court's earliest convenience; (2) a copy of the Verified Complaint with exhibits; and (3) a copy of the Motion for Temporary Restraining Order with exhibits. [*See* Affidavit of Byron Dunn ("Dunn Affidavit") **[DE 13]**, PageID #443-44].[1]

3.      The person who answered the door at the address for service of process provided by the Corporate Defendants – which is a residential address – stated that Maya-Lis A. Wright does not live there and refused to accept delivery of the package. [*Id*. at PageID #444]. HOKC therefore, left the package on the front porch of the residence. [*Id.*].

4.      On March 3, 2020, Defendant David J. Wright, purportedly on behalf of himself and the Corporate Defendants, forwarded the undersigned counsel an answer to the Verified Complaint which the undersigned filed with the Court **[DE 21-2]**. That answer was subsequently separately docketed **[DE 23]**.

5.      By Order dated March 23, 2020, the Court ruled that, because Wright is not licensed to practice law, he may represent himself *pro se*, but he may not appear on behalf of the Corporate

---

[1] Due to the volume of exhibits attached to the Verified Complaint and Motion for Temporary Restraining Order, those exhibits were not attached to the Dunn Affidavit. Only the main documents (the letter, the Verified Complaint, and the Motion for Temporary Restraining Order) were attached and included with that filing. However, the below signed counsel certifies that the package described in the Dunn Affidavit included all of the referenced exhibits.

Defendants [3/23/20 Order **[DE 32]**, PageID #808]. The Court further directed that "Defendants **SHALL** after obtaining counsel, file an answer, counterclaim, or any brief in opposition to Plaintiff's Motion for Preliminary Injunction **(DE 7)** within **sixty (60) days** following entry of this Order." [*Id.* at PageID #822].

6. The generous sixty (60) day grace period provided to the Corporate Defendants by the Court has now expired.

7. On May 21, 2020, Wright forwarded the undersigned counsel a number of documents which he indicated he intended to file in this action, and which the Clerk docketed on May 22, 2020, including (1) Notice of Appearance **[DN 34]**; (2) Motion for Attorney Representation **[DN 35]**; (3) Motion and Application to Proceed Without Paying Fees or Costs with Financial Affidavit **[DN 36]**; and (4) Motion to Dismiss the Verified Complaint Based on Lack of Jurisdiction **[DN 37]**.

8. Despite the Court's directive, the Corporate Defendants have failed to retain counsel to answer or otherwise respond to the Verified Complaint. Apparently Wright mistakenly believes that the filing of a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 either gives him the ability to represent the Corporate Defendants *pro se* or provides grounds for the Court to appoint counsel for both him and the Corporate Defendants. That is simply incorrect. There is no statutory or procedural mechanism for the Court to appoint counsel for a corporate civil litigant. 28 U.S.C. § 1915 relieves indigent "persons" from the burden of paying fees and court costs. But no such fees or court costs have been required from any of the Defendants in this action, including the Corporate Defendants. More importantly, a corporation is not a "person" under 28 U.S.C. § 1915 and, therefore, a corporation is not entitled to the benefits of *in*

*forma pauperis* treatment.  *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993). The *in forma pauperis* statute does not authorize *pro se* representation of any artificial entity, including corporations.  Indeed, the United States Supreme Court has expressly prohibited such representation.  *Id*. at 202-03 (citing multiple cases holding that a corporation may only be represented by licensed counsel).

9. Because the Corporate Defendants have failed to answer or otherwise respond to the Verified Complaint, they are in default.[2]

10. HOKC requests an entry of default against the Corporate Defendants by the Clerk of the Court pursuant to Federal Rule of Civil Procedure 55(a) and entry of default judgment against the Corporate Defendants pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.

11. This Request for Entry of Default and Motion for Default Judgment is supported by, among other things, HOKC's previous filings with the Court which are referenced and cited herein.

WHEREFORE, HOKC respectfully requests that the Clerk of the Court enter an Entry of Default against the Corporate Defendants and that the Court enter an order finding the Corporate Defendants in default.

---

[2] HOKC will respond separately to the *pro se* motion to dismiss filed by Wright individually.

Respectfully submitted,

*/s/ Cornelius E. Coryell II*
Cornelius E. Coryell II
Michelle Browning Coughlin
Julie Laemmle Watts
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, KY  40202
(502) 589-5235
ccoryell@wyattfirm.com
mcoughlin@wyattfirm.com
jwatts@wyattfirm.com

*Counsel for Plaintiff, the Honorable Order of Kentucky Colonels, Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 22, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that a true and correct copy of the foregoing has been served upon the following, via U.S. Mail and via email at kycolonels.international on the 22nd day of May, 2020:

Kentucky Colonels International
c/o Maya-Lis A. Wright
302 General Smith Drive
Richmond, KY 40475

Globcal International
c/o Maya-Lis A. Wright
302 General Smith Drive
Richmond, KY 40475

Ecology Crossroads Cooperative Foundation, Inc.
c/o Maya-Lis A. Wright
302 General Smith Drive
Richmond, KY 40475

David J. Wright
302 General Smith Drive
Richmond, KY 40475

*/s/ Cornelius E. Coryell II*
*Counsel for Plaintiff, the Honorable Order of Kentucky Colonels, Inc.*

100292920

5