**FILED**

Vanessa L Armstrong, Clerk

May 29 2020

U.S. District Court
Western District of Kentucky

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| **THE HONORABLE ORDER OF** ) | |
| **KENTUCKY COLONELS, INC.** ) | Civil Action No. 3:20-cv-132-RGJ |
| **PLAINTIFF** ) | |
| ) | **SPECIAL APPEARANCE AND MOTION** |
| **v.** ) | **FOR LEAVE TO FILE NOTIFICATION** |
| ) | **WITH THE COURT UNDER SEAL** |
| **DAVID J. WRIGHT, et.al.** ) | |
| **DEFENDANTS** ) | |

### DEFENDANT SPECIAL APPEARANCE

Please take notice that I, **David J. Wright**, Defendant in this action, hereby appears as a *pro se* litigant *in forma pauperis*, **in Civil Action 3:20-cv-132-RGJ** so that I can defend this case, demonstrate in good faith before the Court, challenge the Plaintiff's trademark rights in law before this Court in this action, and with the US Patent and Trademark Office by filing a claim that their trademark infringes on the public domain and the Constitutional Civil Rights of the Defendant, other Kentucky Colonels, and the general public. The Defendant shall take this step independently of the pending action before this Court with an opposition action forthwith through the Trademark Trial and Appeal Board (TTAB). The Honorable Court within its own discretion is at liberty in its own jurisdiction to consider previous motions and pleadings relative to this case in their order of presentation to the court notwithstanding the following motion.

### DEFENDANT'S MOTION TO FILE NOTIFICATION WITH THE COURT UNDER SEAL

In the course of this case I have taken notice that <u>due process of service has not been adhered to by the Court,</u> particularly based on the filing of DN43 by the Court Clerk on May 26, 2020 (attached as Exhibit 1) which resulted in the failed delivery of a Court Order dated March 23, 2020 <u>that **was not** sent or served to me via email by the Court or by the Plaintiff's counsel</u>.as presented and requested by the Defendant for the March 04, 2020 hearing before Judge Hale who has recused himself from this case. I am hereby requesting

leave from the Court to provide a notification "under seal" stating the reasons and explaining the premises for their inability to send me or deliver postal mail to me. After my request was ignored, denied or otherwise rejected on March 04, 2020, I have formally and successfully waived my right on May 22, 2020 and on May 26, 2020 was granted permission by the Clerk of the Court to receive paper copies of documents filed in this case electronically and have established an account using the PACER and Kentucky Western CM/ECF filing notification system.

[Note 1] It is well settled that federal courts recognize a common-law right of access to judicial records. This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to assure that the courts are fairly run and judges are honest. This public right of access, however, is not absolute. Because federal district courts have supervisory control over their own records and files, the decision whether to allow access to those records is left to the court's sound discretion. In exercising that discretion, the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or a portion thereof. Documents should be sealed only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture. *Carefusion 213, LLC, v. Professional Disposables, Inc.*, 2010

For these reasons, Defendant respectfully requests that the Court grant an Order permitting leave and issue a Memorandum relative to the unredacted document presented in the form of a <u>Notification to the Court</u> supplementing the Court record in confidence (attached as Permanently Sealed Document - Exhibit 2). Defendant has not contacted Plaintiffs' counsel because this matter is not relative to the case itself nor should it influence the outcome of the case and should be unopposed, it is an issue relative to service by the Court to the Defendant, it is not a matter that concerns the Plaintiff directly and/or has no/any bearing on the substance or subject matter of the case, except perhaps relative to the granting of additional time (at the discretion of the Court) to answer the complaint if the Plaintiff does not oppose the resulting Order. The Defendant does not believe Plaintiff should oppose this motion withstanding the authority of the Court.

Caracas, Venezuela
Dated: May 29, 2020

*Col. David J. Wright* (signature)

Col. David J. Wright
Edificio Torre 997, Local B
San Juan, Caracas
Distrito Capital, Venezuela 1021