UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

THE HONORABLE ORDER OF
KENTUCKY COLONELS, INC.,                                                    Plaintiff,

v.                                                                    Civil Action No. 3:20-cv-132-RGJ

KENTUCKY COLONELS
INTERNATIONAL et al.,                                                      Defendants.

\* \* \* \* \*

## ORDER

This matter is before the Court on Defendant David J. Wright's ("Wright's") pro se Motion for Attorney Representation [DE 35], pro se Motion for Leave to Proceed In Forma Pauperis Pursuant to 28 U.S.C. § 1915 [DE 36], pro se Motion to Amend Motion to Dismiss [DE 42], and Plaintiff The Honorable Order of the Kentucky Colonels' ("Kentucky Colonels"), Request for Entry of Default and Motion Default Judgment [DE 38]. For the reasons below, Wright's motions for attorney representation and in forma pauperis status are DENIED, Wright's motion to amend is GRANTED, and Kentucky Colonels' motion is DENIED.

## BACKGROUND

On March 23, 2020, the Court extended the temporary restraining order granted to Kentucky Colonels. [DE 23]. As part of that order, and because Wright is not licensed to practice law, the Court ruled that Wright could represent himself pro se but not the other corporate Defendants—Kentucky Colonels International, Ecology Crossroads Cooperative Foundation, Inc., and Globcal International, Inc. ("Corporate Defendants"). [DE 32 at 808]. The Court also ordered that Defendants, after obtaining counsel, must file an answer, counterclaim, or any brief in opposition to Kentucky Colonels' motion for preliminary injunction within sixty days. [DE 32 at 822].

1

Wright, pro se, has responded to the motion for preliminary injunction and moved to dismiss. [DE 24, 37, 42]. But the Corporate Defendants have not obtained counsel or responded.

Wright moves the Court to appoint an attorney to represent himself, the Corporate Defendants, or both. [DE 35]. Wright has contacted or tried to contact several attorneys but does not have resources to obtain counsel. [*Id.*] Wright also moves for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. [DE 36]. Kentucky Colonels simultaneously move for both entry of default against the Corporate Defendants and default judgment against the Corporate Defendants. [DE 38].

1. Motion to Appoint Counsel

Corporations cannot appear pro se in federal court and must retain counsel. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201–03 (1993) ("a corporation may appear in the federal courts only through licensed counsel."). Additionally, the law does not require the appointment of counsel to an indigent plaintiff in civil cases. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). Indeed, the appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id*. at 605-06; *see also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding in forma pauperis, a matter within the discretion of the court. It is a privilege and not a right.'") (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Id*. (citations omitted).

Even if this Court could appoint counsel for a corporation in exceptional circumstances,[1] and find counsel willing to accept such a pro bono appointment, Wright has not shown exceptional circumstances that warrant such an appointment. Wright only cites financial hardship as a basis for appointing counsel for himself, the Corporate Defendants, or both. [DE 35]. Wright does not suggest that this case presents exceptionally novel or complex issues that would benefit from the appointment of counsel. Nor does the Court see that the complexity of the issues requires appointment of counsel. Wright has filed several motions pro se. Wright's motions are coherent and the Court can understand Wright's arguments. Thus, Wright's request for appointment of counsel for himself, the Corporate Defendants, or both is denied. Wright may continue to represent himself pro se.

The Court will however, permit the Corporate Defendants twenty more days from the entry of this Order to retain counsel and file an appropriate response to the Verified Complaint [DE 1] and Motion for Preliminary Injunction [DE 7]. Failure by the Corporate Defendants to timely retain counsel and file an appropriate response to the Verified Complaint and Motion for Preliminary Injunction may result in the entry of a default and the awarding of a default judgment against the Corporate Defendants.

2. Motion for Leave to Proceed In Forma Pauperis

In addition, Wright's request for leave to proceed in forma pauperis is denied as he has not been required to pay any filing fee. The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute therefore allows a litigant to commence a civil or criminal action in federal court without paying the administrative

---

[1] The Court has found no authority which would support appointment of counsel for a corporation in these circumstances and Wright has cited none.

costs of the lawsuit. *Denton v. Hernandez,* 504 U.S. 25, 27 (1992). Wright is a civil defendant and has not been required to pay any filing fee. Thus, at this stage of the litigation, granting in forma pauperis status is not appropriate.[2] Thus, Wright's motion to proceed in forma pauperis is denied without prejudice.

    3.   <u>Motion for Entry of Default and Default Judgment</u>

The Court will address Kentucky Colonels' motion for both an entry of default and default judgment. [DE 38]. Federal Rule of Civil Procedure 55 governs default and default judgment. Before a party may move for default judgment under Rule 55(b), the clerk must make an entry of default under Rule 55(a). In other words, the entry of a default is a prerequisite to the entry of a default judgment. Fed. R. Civ. P. 55(b)(1). Then, after default has been entered, a party may move for default judgment. Fed. R. Civ. P. 55(b). The Court has broad discretion in determining the circumstances under which a default judgment should enter. *In re The Home Restaurants, Inc.*, 285 F.3d 111, 114-15 (1st Cir. 2002); *Silva v. City of Madison*, 69 F.3d 1368, 1377 (7th Cir. 1995); *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013).

Kentucky Colonels' motion will be denied. First, an entry of a default under Rule 55(a) is a prerequisite to entry of a default judgment under Rule 55(b). *Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009); *see also Colston v. Cramer*, 2008 WL 559579, at *2 (E.D. Mich. Feb. 26, 2008) (noting that the court follows "the majority of courts" holding that Rule 55 "requires a clerk's entry of default before a court can enter a default judgment."). Thus, it would be procedurally improper to grant Kentucky Colonels' motion it its entirety. Further, because the Court is permitting the Corporate Defendants an additional 20 days to secure counsel and make the appropriate

---

[2]The only filing fee Wright may incur would be an appellate filing fee and Wright could move the Court to permit him to take such appeal in forma pauperis without having to pay the filing fee under Fed. R. App. Proc. 24.

filings, Kentucky Colonels' motion is also denied to the extent it seeks an entry of default. As a result, Kentucky Colonels' motion for entry of default and default judgment is denied.

## CONCLUSION

**IT IS ORDERED** as follows:

(1) Defendant David J. Wright's Motion for Attorney Representation [DE 35] is **DENIED** and he may continue to represent himself pro se.

(2) Defendant David J. Wright's Motion for Leave to Proceed In Forma Pauperis Pursuant to 28 U.S.C. § 1915 [DE 36] is **DENIED.**

(3) Defendants Kentucky Colonels International, Ecology Crossroads Cooperative Foundation, Inc., and Globcal International, Inc. have an additional **twenty days** from the entry of this Order to retain counsel and file an appropriate response to the Verified Complaint [DE 1] and Motion for Preliminary Injunction [DE 7]. **Failure by the Corporate Defendants to timely retain counsel and file an appropriate response to the Verified Complaint and Motion for Preliminary Injunction may result in the entry of a default and the awarding of a default judgment.**

(4) Plaintiff The Honorable Order of the Kentucky Colonels' ("Kentucky Colonels"), Request for Entry of Default and Motion Default Judgment [DE 38] is **DENIED.**

(5) Defendant David J. Wright's Motion to Amend Motion to Dismiss [DE 42], is **GRANTED**.

(6) The Court anticipates setting a hearing to consider the Motion for Preliminary Injunction [DE 39] filed May 22, 2020, once ripe, as well as the Motions to Dismiss.

Copies to:  Counsel, Pro-Se Defendant-Wright