UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | |
|---|---|
| THE HONORABLE ORDER OF ) | |
| KENTUCKY COLONELS, INC. ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:20CV-132-RGJ |
| ) | |
| KENTUCKY COLONELS ) | |
| INTERNATIONAL, et al. ) | |
| ) | |
| DEFENDANTS ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
AMENDED MOTION TO DISMISS [DE 47]**

Plaintiff, The Honorable Order of Kentucky Colonels ("HOKC"), by counsel, hereby tenders the following response to the Motion to Dismiss **[DE 37]** and Amended Motion to Dismiss **[DE 47]** of Defendant David J. Wright (collectively "Defendant's Motion").[1] Because Wright's attack on the Court's subject matter jurisdiction challenges the merits of HOKC's federal claims rather than the jurisdictional facts reflected in the Verified Complaint, the motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) must be rejected. Wright's companion motions for dismissal under Fed.R.Civ.P. 12(b)(6) and Fed.R.Civ.P. 56(c) must also be denied because HOKC has already demonstrated that it is entitled to the relief requested in the Verified Complaint.

---

[1] It is not clear whether Defendant's Motion was filed individually or on behalf of himself and the Corporate Defendants. As the Court has repeatedly held, however, Wright is not licensed to practice law and, therefore, may not appear on behalf of the Corporate Defendants **[DE 32; DE 46]**.

## SUPPLEMENTAL PROCEDURAL BACKGROUND

To avoid unnecessary repetition, HOKC adopts and incorporates herein by reference the procedural background offered in Plaintiff's Renewed Motion for Preliminary Injunction filed May 22, 2020 [**DE 39**, PageID# 849-50]. The only procedural developments since May 22, 2020 are the filing of Defendant's Motion to Amend Previous Motion to Dismiss **[DE 42]**; entry of the Court's June 3, 2020 Order **[DE 46]**; the filing of Defendant's Amended Motion to Dismiss **[DE 47]**; and the filing of HOKC's Reply in Support of Renewed Motion for Preliminary Injunction **[DE 48]**. HOKC's Renewed Motion for Preliminary Injunction now stands fully briefed and ready to be heard by the Court.

## SUPPLEMENTAL FACTUAL BACKGROUND[2]

To avoid unnecessary repetition, HOKC will not elaborate on all of the record facts that have been established through the Verified Complaint, the various affidavits in this matter, and the evidentiary hearing on March 4, 2020 **[DE 22]**. For purposes of the instant motion, HOKC simply notes that its Verified Complaint demonstrates, *inter alia*, (1) that Defendants are engaged in trademark infringement in violation of 15 U.S.C. § 1114(1); (2) that Defendants are engaged in unfair competition in violation of 15 U.S.C. § 1125(a); (3) that Defendants' conduct has diluted and blurred HOKC mark in violation of 15 U.S.C. § 1125(c); (4) that Defendants are engaged in cybersquatting in violation of 15 U.S.C. § 1125(c); and (5) that Defendants are engaged in certain

---

[2] HOKC incorporates herein by reference the factual background, supporting documents, affidavits, and other record proof tendered with its Verified Complaint **[DE 1]**, Motion for Temporary Restraining Order and Preliminary Injunction **[DE 7]**, Supplement to Plaintiff's Motion for Temporary Restraining Order **[DE 13]**, Second Supplement to Plaintiff's Motion for Temporary Restraining Order **[DE 18]**, Reply in Support of Plaintiff's Motion for Preliminary Injunction **[DE 21]**, Plaintiff's Response to Defendants' Motion to Dismiss or Continue with Extension of Time **[DE 27]**, Plaintiff's Renewed Motion for Preliminary Injunction **[DE 39]** and Plaintiff's Reply in Support of Renewed Motion for Preliminary Injunction **[DE 48]**.

additional conduct violating the common law of the Commonwealth of Kentucky [**DE 1**, PageID# 9-17]. The Verified Complaint includes a detailed description of the factual grounds for each one of those claims. [*Id.* at PageID# 5-9].

Based on the Verified Complaint, subsequent affidavit testimony and additional proof offered by HOKC at the March 4, 2020 hearing, the Court has recognized the strength of HOKC's protected Mark and acknowledged that HOKC has a strong likelihood of prevailing on its claims [**DE 14** and **DE 32**]. Nevertheless, Defendant Wright continues to pursue his campaign of infringement through the use of a website under the name of Kentucky Colonel Foundation and a domain name **kentucky.colonels.net** [**DE 48,** PageID# 1046-47].[3] Moreover, Wright has repeatedly pledged to continue to defy the orders of this Court arguing that the Temporary Restraining Order entered by the Court "stifles and violates Defendant's rights of free speech, freedom to assemble, freedom of the press, and right to redress grievances to the government under the First Amendment of the U.S. Constitution…." [**DE 47**, PageID# 1021].

## ARGUMENT

### I. WRIGHT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) FAILS AS A MATTER OF LAW.

Federal district courts have original jurisdiction of civil actions arising under any act of Congress relating to trademarks. 28 U.S.C. § 1338(a); *see* 15 U.S.C. § 1114 *et seq*. (federal district courts have original jurisdiction of cases arising under the Lanham Trademark Act). Where a complaint specifically alleges a federal statutory provision at issue, subject matter jurisdiction exists. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387-97 (6th Cir. 2016) (affirmative pleading

---

[3] The former domain name used for Wright's website, **www.kycololnels.international** continues to link to the Kentucky Colonel Foundation website. As previously established, that domain name is confusingly similar to HOKC's domain name, **www.kycolonels.org**.

of precise statutory basis for federal subject matter jurisdiction is not required as long as complaint, read as a whole, alleges sufficient facts to establish jurisdiction). Likewise, federal district courts have original jurisdiction, concurrent with state courts, of civil actions asserting state law claims of unfair competition or defamation that are joined with substantially related claims under the federal trademark laws. 28 U.S.C. § 1338(b); *Astor-Honor, Inc. v. Grossett & Dunlap, Inc.*, 441 F.2d 627, 629-30 (2nd Cir. 1971).

HOKC's Verified Complaint alleges violations of numerous federal statutes, 15 U.S.C. § 1114(1); 15 U.S.C § 1125(a); and 15 U.S.C. § 1125(c). Moreover, the Verified Complaint offers more than five pages of factual detail describing those violations. Those sworn facts establish that (1) HOKC has promoted and protected the goodwill of the KENTUCKY COLONELS Mark for almost a century [**DE 1**, PageID# 5]; (2) the Mark plays a critical role in HOKC's fundraising efforts [*Id*.].; (3) HOKC owns federal trademark registrations for the Mark, filed federal trademark applications for the Mark, and has carefully protected and enforced the Mark [*Id.* at PageID# 6]; (4) HOKC has continuously used the Mark in connection with its philanthropic activities and the Mark carries a positive connotation worldwide [*Id.*]; (5) this litigation became necessary after Wright's unsuccessful shakedown attempt [*Id.* at PageID# 7-8]; and (6) HOKC has experienced actual confusion as a result of Wright's activities infringing upon the Mark [*Id.*]. Thus, the Verified Complaint specifically references the federal statutes that provide the basis for recovery and describes in detail the underlying violations of those statutes.

Wright contends that his jurisdictional challenge is a "factual" challenge where "the Court need not assume that all facts alleged in the complaint are true …." [Defendant's Motion **[DE 47]**, PageID# 1023]. According to Wright, this Court "may consider contravening evidence from other sources without converting the proceeding into one for summary judgment." [*Id*.]. The

4

"contravening evidence" which Wright offers, however, consists of unsubstantiated, untested, and untrue allegations that HOKC's Mark belongs in the "public domain" and, therefore, is not subject to trademark protection. [*Id.* at PageID# 1024-28].[4] That merit-based attack on the Court's jurisdiction does not provide grounds for dismissal.

A complaint seeking relief under the laws of the United States may not be dismissed for lack of jurisdiction on the grounds that the federal law claim asserted is without legal merit. The absence of a valid (as opposed to arguable) cause of action "does not implicate subject-matter jurisdiction, i.e., the court's statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 89 (1998). Subject matter jurisdiction does not depend on whether a federal claim raised is factually valid. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006) ("[s]ubject matter jurisdiction in federal question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief – a merits-related determination.") In other words, merits related issues are not appropriate for attacks on subject matter jurisdiction. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150-51 (2000).

---

[4] The factual and legal flaws in Wright's "public domain" argument were addressed in HOKC's Reply in Support of Renewed Motion for Preliminary Injunction which is fully incorporated herein by reference [**DE 48**, PageID# 1041-1044]. The KENTUCKY COLONELS Mark is not, and has never been, in the Public Domain. HOKC is not trying to own or prevent the right of people to use the title of Kentucky Colonel. Rather, HOKC is attempting to prevent Wright and his affiliated entities from using the trademark rights established through HOKC's use and registration of the Mark to protect the KENTUCKY COLONELS Mark as used in connection with groups of Kentucky Colonels and with the offering of philanthropic services by Kentucky Colonels groups, along with other branded KENTUCKY COLONELS products. Kentucky Colonels will always be able to call themselves Kentucky Colonels, but the trademark rights will continue to be held and enforced by HOKC.

Wright's merits-based assertion that HOKC's Mark is within the "public domain" is not a basis for challenging the Court's jurisdiction. While the issue might be relevant to HOKC's claims for relief, it is not relevant to a motion under Rule 12(b)(1).[5] The Verified Complaint specifically identifies the federal statutes at issue, pleads facts establishing violation of those statutes, and requests relief under those statutes. Accordingly, HOKC adequately alleged that the Court has jurisdiction because it arises "under the Constitution, laws, or treatise of the United States." 28 U.S.C. § 1331.

## II. WRIGHT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) FAILS AS A MATTER OF LAW.

Wright also argues that the Verified Complaint should be dismissed under Fed.R.Civ.P. 12(b)(6). [Defendant's Motion [**DE 47**], PageID# 1033].[6] The purpose of a motion under Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of a complaint. *Gibson v. American Bankers Insurance Co.*, 91 F.Supp.2d 1037, 1040 (E.D. Ky. 2000). Such a motion allows the court "to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). The party moving for dismissal under Rule 12(b)(6) has

---

[5] Wright also attacks the Court's exercise of subject matter jurisdiction on the grounds that HOKC has committed "copyfraud." As explained in HOKC's Reply in Support of Renewed Motion for Preliminary Injunction **[DE 48]**, "copyfraud" pertains to a false assertion of copyrights and is not applicable to trademark rights. It refers to "claiming falsely a copyright in a public domain work." *Jason Mazzone, Copy Fraud*, 81 N.Y.U. L. Rev. 1026, 1027. HOKC's Verified Complaint does not allege any copyright claims. Therefore, Wright's "copyfraud" argument is completely misplaced.

[6] Defendant's Motion conflates Fed.R.Civ.P. 12(b)(6) and Fed.R.Civ.P. 56(c) arguing that, if the jurisdictional motion is denied, dismissal should "be considered forthwith for summary judgment under Federal Rule of Civil Procedure 12(b)(6)." [**DE 47**, PageID# 1033]. HOKC will address those rules separately.

the burden of showing that no claim has been stated. *Gibson v. American Bankers Ins. Co.*, 91 F. Supp.2d 1037, 1039 (E.D. Ky. 2000). The court should not grant a motion under Rule 12(b)(6) unless it is convinced beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Moreover, for purposes of Rule 12(b)(6), the court must accept the plaintiff's factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court should construe a plaintiff's allegations liberally, because the rules require only general or "notice pleading" rather than detailed factual pleading. *Johnson v. City of Shelby*, 574 U.S. 10 (2014).

HOKC's Verified Complaint clearly states viable claims for relief. In fact, the Court has already recognized that HOKC has demonstrated that it has a strong likelihood of prevailing on its claims [**DE 14** and **DE 32**]. That observation was made by the Court based on the record proof presented by HOKC. It was not even necessary for the Court to construe the allegations in the Verified Complaint in the light most favorable to HOKC. The thorough and complete recitation of sworn facts reflected in the Verified Complaint and the affidavit and live testimony presented to the Court demonstrate that Wright and the other Defendants are engaged in trademark infringement, trademark dilution, and cyberpiracy. Those allegations have been scrutinized by the Court, found sufficient to justify entry of the Temporary Restraining Order and found sufficient to warrant two extensions of that TRO. Wright's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) should be denied.

### III. WRIGHT'S MOTION FOR SUMMARY JUDGMENT MUST BE DENIED.

Finally, Wright demands that the Court grant summary judgment on HOKC's claims as there "is no genuine issue of law as to any material fact…." [**DE 47**, PageID# 1033]. But Wright utterly fails to identify *any* legitimate legal or factual flaws in HOKC's claims. Instead, he argues that summary judgment should be granted because Defendants do not intend to "default on this matter," Defendants "were only reinstated and legally incorporated since January 21, 2020,"

HOKC "has not convened or accepted [Defendants] offers to negotiate a settlement" and a variety of other reasons completely unrelated to the facts of record. [**DE 47**, PageID# 1034].[7] None of those statements, even if true, provide grounds for dismissal of HOKC's claims.

A party seeking summary judgment bears the responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers for interrogatories, and admissions on file, together with affidavits, which it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Wright has done none of that. In fact, Wright has not produced any evidence or offered any argument showing that there is an absence of proof to support HOKC's case. On the other hand, HOKC has produced significant evidence supporting a finding in its favor on all causes of action pled in the Verified Complaint. Indeed, HOKC, rather than Wright, has established that it is entitled to judgment as a matter of law based on the facts of record.

The record facts demonstrate that HOKC is entitled to the relief that it has requested and Wright has offered no record proof to contravene those facts. Summary judgment is appropriate, but that judgment should be entered in favor of HOKC.

## **CONCLUSION**

For the reasons set forth herein, Defendant's Motion must be denied.

---

[7] While not relevant, HOKC disputes Wright's assertions that HOKC has refused to explore settlement.

Respectfully submitted,

*/s/ Cornelius E. Coryell II*
Cornelius E. Coryell II
Michelle Browning Coughlin
Julie Laemmle Watts
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, KY 40202
(502) 589-5235
ccoryell@wyattfirm.com
mcoughlin@wyattfirm.com
jwatts@wyattfirm.com

*Counsel for Plaintiff, the Honorable Order of Kentucky Colonels, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing has been served upon the following, via U.S. Mail and via email at kycolonels.international and david.wright@globcal.net on the 18th day of June, 2020:

Kentucky Colonels International
c/o Maya-Lis A. Wright
302 General Smith Drive
Richmond, KY 40475

Globcal International
c/o Maya-Lis A. Wright
302 General Smith Drive
Richmond, KY 40475

Ecology Crossroads Cooperative Foundation, Inc.
c/o Maya-Lis A. Wright
302 General Smith Drive
Richmond, KY 40475

David J. Wright
302 General Smith Drive
Richmond, KY 40475

*/s/ Cornelius E. Coryell II*
*Counsel for Plaintiff, the Honorable Order of Kentucky Colonels, Inc.*

100300114