FILED
VANESSA L ARMSTRONG, CLERK
Jun 17 2020
U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| **THE HONORABLE ORDER OF KENTUCKY COLONELS, INC.** ) ) | |
| PLAINTIFF ) | Civil Action No. 3:20-cv-132-RGJ |
| ) | MOTION TO DROP DEFENDANTS |
| v. ) ) | |
| **KENTUCKY COLONELS INTERNATIONAL, et.al.** ) ) | |
| DEFENDANTS ) | |

## MOTION TO DROP DEFENDANTS

Under Federal Rule of Civil Procedure 21 (Fed. R. Civ. P. 21) provides that misjoinder of parties is not ground for dismissal of an action, and that parties may be dropped or added by court order <u>on motion of any party</u> or of the court's own initiative at any stage in the action and on such terms as are just. The court may also sever any claim against a party. In this case with the good faith intent for the action to move forward without delay or violating the rights of the Defendant(s) or the Plaintiff, the Defendant in his authority as the executive officer of the Defendants, recognized in this case as a *Defendant pro se*, moves the Court to drop other Defendants except himself.

Rules 15 and 21 provide movants with an extremely liberal standard to meet. Courts should generally grant motions to amend absent any evidence of bad faith, undue delay, or undue prejudice to the non-movant. *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995). Applying Fed. R. Civ. P. 21 should be expedient and logically sound to ensure a favorable judicial decision.

Note: See *Safeco Ins. Co. v. City of White House*, 36 F.3d 540, 545 (6th Cir. 1994) ("Rule 21 of the Federal Rules of Civil Procedure permits a district court to retain diversity jurisdiction over a case by dropping a nondiverse party if that party's presence in the action is not required...."); *Joseph v. Baxter Int'l Inc.*, 614 F. Supp. 2d 868, 872 (N.D. Ohio 2009) ("I can retain jurisdiction by severing claims against nondiverse dispensable defendants."); *DeGidio v. Centocor, Inc.*, No. 3:09-CV-721, 2009 WL 1867676, at *4 (N.D. Ohio June 29, 2009); *Williams v. Knoll Pharm. Co.*, No. 5:03-CV-8030, at *6 (N.D. Ohio July 11, 2003) (PACER) ("Rule 21 applies to the dismissal of properly joined parties as well as misjoined parties.")

As the president and founder of Ecology Crossroads Cooperative Foundation, Inc. (a Kentucky Corporation) and executive officer of Globcal International, a subsidiary entity and trade name belonging to the same Corporation, and independently a party in this case, I hereby move that the Honorable Court **drop the Corporate Defendants based on their inability to proceed, acquire counsel, answer the lawsuit, defend this case or for the Plaintiff to gain a satisfactory judgement over the Corporate Defendant.** Ecology Crossroads voluntarily withdrew and disclaimed the primary defendant's name "Kentucky Colonels International" on February 28th and has no existing legal responsibility or affiliation with the former assumed name, nor did it transact any commerce during the time its registration was standing from January 30, 2020 until February 28 2020. As of February 28th <u>Kentucky Colonels International ceased to exist as an assumed name</u> of Ecology Crossroads in the Commonwealth of Kentucky and the United States **[Exhibit 1]**. Likewise Globcal International as an international commission and assumed trade name of Ecology Crossroads, does not hold any legal responsibility, claims in this case or the ability to proceed, answer, or defend this case. In the event the Court grants this motion the Corporate Defendants further waive their rights to current and future claims, cross claims, or counterclaims against the Plaintiff for any damages that may have incurred as a result of this action.

Inasmuch with these Corporate Defendants having disclaimed interest and responsibility in the remaining named Defendants, **Kentucky Colonels International** now operates as *Kentucky Colonel Foundation*, <u>an unincorporated **benign non-state actor** and international civil society organization made up of Kentucky colonels from around the world holding letters patent.</u> It is questionable and uncertain as to whether the Court holds jurisdiction over the Kentucky Colonel Foundation because it is a *non-state actor*, is unincorporated, is not engaged in commerce within the United States, it does not possess legal standing, and has not committed a criminal offense against a person, violated anyone's religious freedom or violated anyone's human rights. However, if it pleases the Court and for justice to

move forward, it is an organization that was created by myself, Col. David J. Wright, an American Citizen that may remain as a Defendant who is present to withstand and defend this action, notwithstanding other jurisdictional issues, which may be present.

The Court within its jurisdiction may also, under Fed. R. Civ. P. 60, excuse or remove the Corporate Defendants to relieve them from becoming subject to default considering the facts that the Corporate Defendant(s) have already provided the only remedy they can to the Plaintiff by withdrawing its assumed name registration, otherwise they have no funds to acquire counsel to answer or defend this case, has no liquidable assets that can be awarded to the Plaintiff, has not been able to find counsel pro bono and has only been legally operating for less than 6 months under unusual circumstances **Fed. R. Civ. P. 60(b)(6) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for any reason that justifies relief.

This Motion to Drop Defendants is submitted in good faith by the Defendant.

Caracas, Venezuela
Dated: June 17, 2020

*/s/ Col. David J. Wright*

Col. David J. Wright
Edificio Torre 997, Local B
San Juan, Caracas
Distrito Capital, Venezuela 1021
david.wright@globcal.net
+58 (426) 111-0529

**Certificate of Service**

I hereby certify that on June 17, 2020 this Motion was delivered by email with a delivery receipt to the plaintiff and was sent via Email to the Clerk of the Court on June 17, 2020 before 5:00 PM

Clerk's Office
601 W. Broadway, Rm 106
Gene Snyder United States Courthouse
Louisville, KY 40202

*David J. Wright* (signature)