AMENDED AND RESTATED
ARTICLES OF INCORPORATION
OF
THE HONORABLE ORDER OF KENTUCKY COLONELS, INC.

RECEIVED & FILED
Ck $16^{00}$
AUG 3  3 56 PM '92

Pursuant to the provisions of KRS 273.267 and 273.273, the undersigned Corporation hereby executes these Amended and Restated Articles of Incorporation.

FIRST:   The name of the Corporation is THE HONORABLE ORDER OF KENTUCKY COLONELS, INC.

SECOND:   The Articles of Incorporation of the Corporation are amended and restated to read in their entirety as follows:

### ARTICLE I

### Name

683333

The name of the Corporation is THE HONORABLE ORDER OF KENTUCKY COLONELS, INC. (the "Corporation").

### ARTICLE II

### Purposes and Powers

The purposes for which the Corporation is formed, the business and objects to be carried on and promoted by it, and the powers granted to it, are as follows:

(a) The purposes of the Corporation include:

(i) To aid, promote and assist charitable, educational and cultural activities in a manner that is consistent with the Corporation's charitable purposes;

(ii) To establish, maintain and support charitable and educational activities and charitable organizations by conducting such activities that include, but are not limited to, the making of contributions to charitable organizations,

and the founding and support of scholarships in institutions of learning;

    (iii)  To preserve and protect the heritage and tradition of The Honorable Order of Kentucky Colonels, including its tradition of good works and community minded endeavors;

    (iv)  To collect and preserve historical documents and other books, papers and objects pertaining to the Commonwealth of Kentucky or any institution or subdivision thereof and therein;

    (v)  To carry out such other activities as are consistent with the Corporation's charitable purposes as the Board of Trustees may determine; and

    (vi)  To do and perform any and all such objects, either alone or in cooperation with institutions, societies, organizations, clubs and persons having purposes similar or complementary to the Corporation.

    (b)  The Corporation is irrevocably dedicated to and is organized and operated exclusively for charitable purposes within the meaning of Section 501(c)(3) of the Code (or its successor provision). The Corporation may receive contributions and fees, and shall distribute its funds for public, charitable, educational, cultural, humanitarian and/or scientific purposes, as set forth in these Articles. In carrying out its corporate purposes, the Corporation shall have all the powers allowed corporations by the Kentucky Nonprofit Corporation Act, KRS 273.161 *et seq.*; provided, however, that the Corporation shall not have or exercise any power

inconsistent with or prohibited by the provisions of Paragraphs (b), (c), (d), and, if applicable, (e).

(c) As limited by Section 501(c)(3) of the Code, it is expressly not the purpose of the Corporation, and the Corporation is not empowered, to participate or intervene in (including the publication or distributing of statements) any political campaign on behalf of any candidate for public office, nor to devote more than an insubstantial part of its activities to carrying on propaganda or otherwise attempting to influence legislation.

(d) Any other provision of these Articles to the contrary notwithstanding, the Corporation shall have no capital stock and no power to issue certificates of stock nor to declare dividends; no part of the net earnings of the Corporation shall inure to the benefit of any private shareholder or individual; and the Corporation shall not carry on any activities denied to: [i] a corporation described in Section 501(c)(3) of the Code, including prohibited transactions defined in Section 503 of the Code; or [ii] a corporation, contributions to which are deductible under Section 170(c)(2) of the Code.

(e) Any other provision of these Articles to the contrary notwithstanding, this Corporation shall, if the following provisions of law are applicable to it: [i] distribute its income for each fiscal year at such time and in such manner as not to be subject to the tax under Section 4942 of the Code; [ii] not engage in any act of self dealing as defined in Section 4941 of the Code; [iii] not retain any excess business holdings as defined in Section 4943 of the Code; [iv] not make any investments in such manner as to subject the Corporation to tax under Section 4944 of the Code;

3

and [v] not make any taxable expenditures as defined in Section 4945 of the Code.

## ARTICLE III

### Registered Office and Agent

The street address of the Corporation's registered office and the name of its registered agent at that address is:

>  Robert J. Carlsen
>  6100 Dutchmans Lane
>  Louisville, Kentucky 40250

## ARTICLE IV

### Principal Office

The mailing address of the Corporation's principal office is:

>  6100 Dutchmans Lane
>  P.O. Box 20702
>  Louisville, Kentucky 40250-0702

## ARTICLE V

### Duration

The Corporation shall have perpetual existence.

## ARTICLE VI

### Membership

The Corporation shall have no voting members. Any provisions pertaining to nonvoting members shall be as set out in the Bylaws.

## ARTICLE VII

### Trustees

The Corporation shall be governed by a Board of Trustees consisting of not less than three (3) nor more than twenty-one (21) members, the exact number to be set in the manner provided in the Bylaws. Each Trustee shall continue as Trustee until the earlier

of such time as he or she [i] voluntarily removes himself or herself as Trustee by written notice to the Corporation; [ii] dies or becomes permanently disabled and as a result of such disability is no longer able to perform his or her duties as Trustee; or [iii] is removed by the Board of Trustees as set out hereinbelow. A member of the Board may be removed, with or without cause, by the affirmative vote of three-fourths (3/4) of the then qualified members of the Board.

### ARTICLE VIII
### Officers

The officers of the Corporation shall be as provided in the Bylaws.

### ARTICLE IX
### BYLAWS

The Bylaws of the Corporation shall be adopted, and may be amended or repealed, by the Board of Trustees.

### ARTICLE X
### Contracts or Transaction of Business with Trustees

No pecuniary profit shall be received by any Trustee from the operations of the Corporation by reason of his or her status as a Trustee. Any contract or transaction of business between the Corporation and one or more of its Trustees, or with any corporation or association in which any of its Trustees is a stockholder, director or officer, shall not be invalidated or affected solely by the fact that such Trustee or Trustees have or may have interests therein which are or might be adverse to the interests of the Corporation; provided, however, a Trustee having an interest

adverse to that of the Corporation shall disclose such interest to the Board of Trustees, and shall not vote on any matter involving such interest, although he or she may be counted in determining the existence of a quorum.

## ARTICLE XI

### Indemnification

Each person who is or was a member, director, trustee or officer of the Corporation, whether elected or appointed, and each person who is or was serving at the request of the Corporation as a member, director, trustee or officer of another corporation, whether elected or appointed, including the heirs, executors, administrators or estate of any such person, shall be indemnified by the Corporation to the full amount against any liability, and the reasonable cost, or expense (including attorneys' fees, monetary or other judgments, fines, excise taxes or penalties and amounts paid or to be paid in settlement) incurred by such person in such person's capacity as a member, director, trustee, officer or employee or arising out of such person's status as a member, director, trustee, officer or employee; provided, however, that no such person shall be indemnified against any such liability, cost or expense incurred in connection with any action, suit or proceeding in which such person shall have been adjudged liable on the basis that personal benefit was improperly received by such person or if such indemnification would be prohibited by law. Such right shall be a contract right and shall include the right to be paid by the Corporation the reasonable expenses incurred in defending any threatened or pending action, suit or proceeding in advance of its final disposition; provided, however, that such

6

advance payment of expenses shall be made only after delivery to the Corporation of an undertaking by or on behalf of such person to repay all amounts so advanced if it shall be determined that such person is not entitled to such indemnification. Any repeal or modification of this Article shall not affect any rights or obligations then existing. If any indemnification payment required by this Article is not paid by the Corporation within ninety (90) days after a written claim has been received by the Corporation, the member, director, trustee, officer or employee may at any time thereafter bring suit against the Corporation to recover the unpaid amount and, if successful in whole or in part, such person shall be entitled to be paid also the expense of prosecuting such claim. The Corporation may maintain insurance, at its own expense, to protect itself and any such person against any such liability, cost or expense, whether or not the Corporation would have the power to indemnify such person against such liability, cost or expense under the Kentucky Nonprofit Corporation Act or under this Article, but it shall not be obligated to do so. The indemnification provided by this Article shall not be deemed exclusive of any other rights which those seeking indemnification may have or hereafter acquire under any Bylaw, agreement, statute, vote of members or Board of Trustees or otherwise. If this Article or any portion thereof shall be invalidated on any ground by any court of competent jurisdiction, then the Corporation nevertheless shall indemnify each such person, to the full extent permitted by any applicable portion of this Article that shall not have been invalidated or that remains enforceable under any other applicable law.

## ARTICLE XII

### Dissolution

Dissolution shall be accomplished in accordance with Chapter 273 of the Kentucky Revised Statutes or its successor. Upon dissolution of the Corporation, the Board of Trustees shall, after paying or making provisions for the payment of all liabilities of the Corporation, dispose of all corporate assets by distributing such assets to organizations that are organized and operated exclusively for charitable purposes and at the time qualify as exempt organizations under Section 501(c)(3) of the Code, or its successor provision, or to such organizations described under Section 170(c)(1) of the Code, or its successor provision, as the Board of Trustees shall determine. If possible, the purposes of such charitable donee or donees should be substantially similar to the charitable purposes of the Corporation. Any such assets not disposed of by the Board of Trustees shall be disposed of by the Circuit Court of the County in which the principal office of the Corporation is then located, to such organization or organizations organized and operated exclusively for charitable, educational or scientific purposes as shall, at that time, qualify as exempt organizations or as organizations under Section 501(c)(3) of the Code, or its successor provision. If possible, the Court shall cause such remaining assets to be transferred to a donee or donees that have purposes that are substantially similar to the charitable purposes of the Corporation.

8

## ARTICLE XIII

### Limitation of Trustee Liability

No Trustee shall be personally liable to the Corporation for monetary damages for breach of his or her duties as a Trustee except for liability:

(a) For any transaction in which the Trustee's personal financial interest is in conflict with the financial interests of the Corporation;

(b) For acts or omissions not in good faith or which involve intentional misconduct or are known to the Trustee to be a violation of law; or

(c) For any transaction from which the Trustee derives an improper personal benefit.

If the Kentucky Revised Statutes are amended after approval of this Article to authorize corporate action further eliminating or limiting the personal liability of Trustees, then the liability of a Trustee of the Corporation shall be deemed to be eliminated or limited by this provision to the fullest extent then permitted by the Kentucky Revised Statutes, as so amended. Any repeal or modification of this Article shall not adversely affect any right or protection of a Trustee of the Corporation existing at the time of such repeal or modification.

THIRD: The Honorable Order of Kentucky Colonels, Inc. has no members. The foregoing amendment and restatement was adopted by the unanimous affirmative vote of all of the members of the Board of Trustees of the Corporation currently in office on June 26, 1992, pursuant to KRS 273.263 and 273.273, these members being National Commanding General H. Lynn Ledford, General Jan M.

9

Camplin, General W. Judson Gibbs, General Walter I. Gibbs, General Mary Ann Hamilton, General James H. Melloy, General George W. Packowski, General Robert Gaylord Price, and General George H. Sullivan.

FOURTH: These Amended and Restated Articles of Incorporation shall be effective as of the date and time of filing with the Secretary of State of the Commonwealth of Kentucky.

FIFTH: The following articles have been amended to read in their entirety as set forth herein: Articles I through XIII. Pursuant to KRS 273.273(2)(c), Article XI as heretofore amended has not been restated herein.

SIXTH: The foregoing Amended and Restated Articles of Incorporation were duly adopted as required by law, correctly set forth without change the corresponding provisions of the Articles of Incorporation as heretofore and herein amended, and supersede the original Articles of Incorporation and all amendments thereto.

Dated as of June 26, 1992.

THE HONORABLE ORDER OF
KENTUCKY COLONELS, INC.

By: _____
H. Lynn Ledford
National Commanding General

THIS INSTRUMENT PREPARED BY:

_____
Theodore T. Myre, Jr.
WYATT, TARRANT & COMBS
2800 Citizens Plaza
Louisville, Kentucky 40202
(502) 589-5235

I:\TTM\COLONELS.ART

10