UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | |
|---|---|
| THE HONORABLE ORDER OF ) <br> KENTUCKY COLONELS, INC. ) <br>   ) <br> PLAINTIFF ) <br>   ) <br>   ) <br> v. ) <br>   ) <br> KENTUCKY COLONELS ) <br> INTERNATIONAL, et al. ) <br>   ) <br>   ) <br> DEFENDANTS ) | CIVIL ACTION NO. 3:20CV-132-RGJ |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
"MOTION TO DROP DEFENDANTS" [DE 51]**

On March 23, 2020, the Court granted Defendants Kentucky Colonels International ("KCI"); Ecology Crossroads Cooperative Foundation, Inc. ("Ecology Crossroads"); and Globcal International ("Globcal") (the "Corporate Defendants") a ninety (90) day extension of time to retain counsel, answer the Verified Complaint and brief any opposition to Plaintiff's Motion for Preliminary Injunction [**DE 32**, PageID# 822]. By Order dated June 3, 2020, the Court extended that deadline by an additional twenty (20) days [**DE 46**, PageID# 1020]. That second extended deadline has passed, and the Corporate Defendants have still not filed an answer or responded to the pending motions. Instead, Defendant David J. Wright filed a "Motion to Drop Defendants" **[DE 51]** seeking dismissal of the Corporate Defendants based on their alleged "inability to proceed, acquire counsel, answer the lawsuit [or], defend this case…." [**[DE 51]**, PageID# 1062]. Wright's attempt to circumvent the Court's order should be rejected.

## ARGUMENT

Wright purports to base his motion on Fed.R.Civ.P. 21. That rule, however, does not empower a defendant to request dismissal of a co-defendant based on difficulties in retaining counsel or an alleged "inability to proceed." Rather, the rule is designed to allow an action to go forward when a technical mistake has been made in misjoinder or non-joinder of a party. *Mullaney v. Anderson*, 342 U.S. 415, 417 (1952). The purpose of the rule is to minimize harsh results of non-joinder and misjoinder under common law. *U.S. v. Commercial Bank of North America*, 31 F.R.D. 133, 135 (S.D. N.Y. 1962). For example, parties have been "misjoined" as defendants and can be "dropped" under Rule 21 if the claims asserted against them do not arise out of the same transaction or occurrence or do not present some common question of law or fact. *Moore U.S.A., Inc. v. Standard Register Co.*, 139 F.Supp.2d 348, 363 (W.D. N.Y. 2001). However, Rule 21 should not be used for a merits-based dismissal of claims or to bypass the standard of review of a motion to dismiss. *Garner v. Behrman Brothers IV, LLC*, 260 F.Supp.3d 369, 382 (S.D. N.Y. 2017) (motion to drop defendants pursuant to Fed.R.Civ.P. 21 denied because it merely repeated the defendants' flawed dismissal motion under Rule 12(b)(6)).

Wright's assertion that the Corporate Defendants have been "misjoined" is merely a relabeling of his defective motion to dismiss. The Court clearly has federal question jurisdiction over the Corporate Defendants and the statutorily-based claims against all of the Defendants include common questions of law and fact. While he claims that the Corporate Defendants "do [] not hold any legal responsibility …" for the claims asserted by HOKC, that premise requires the Court to reject the proof of record and accept Wright's version of "facts" as true.[1] Granting the

---

[1] HOKC adopts and incorporates herein by reference the allegations against the Corporate Defendants made in the Verified Complaint as well as the facts established in HOKC's Motion for Temporary Restraining Order **[DE 7]**; Supplement to Plaintiff's Motion for Temporary Restraining Order **[DE 13]**; Second Supplement to Plaintiff's Motion for Temporary Restraining Order **[DE**

relief requested by Wright would be tantamount to dismissing the claims against the Corporate Defendants, producing an absurd result and a misuse of Rule 21.

Moreover, Wright's assertion that the Corporate Defendants are no long involved in any infringing activity is demonstrably untrue. The current website of the Kentucky Colonel Foundation specifically identifies Ecology Crossroads as "our sponsor" and provides a link to the Ecology Crossroads website as the organization's "contact."[2] The Kentucky Colonel Foundation website also identifies the group as the successor to KCI stating "Kentucky Colonels International, is a now known as Kentucky Colonel Foundation as of February 26, 2020…." Finally, Globcal International, the Ecology Crossroads affiliate designated by Wright to receive a generous payment under the extortionate "merger proposal" he presented to HOKC is still registered as an active assumed name of Ecology Crossroads, the "sponsor" of the Kentucky Colonel Foundation.[3] Thus, the Corporate Defendants have been, and continue to be, actively involved in Wright's intellectual property infringing and cyberpiracy activity.

## CONCLUSION

The Verified Complaint and proof of record explicitly identifies the actionable conduct taken by the Corporate Defendants and prays for relief from those parties. Inclusion of the Corporate Defendants does not impair the Court's jurisdiction or affect the Court's ability to grant complete relief. There is no legal or factual grounds for "dropping" the Corporate Defendants,

---

**18]**; Reply in Support of Plaintiff's Motion for Preliminary Injunction **[DE 21]**; Plaintiff's Response to Defendant's Motion to Dismiss or Continue with Extension of Time **[DE 27]**; Plaintiff's Renewed Motion for Preliminary Injunction **[DE 39]**; and Plaintiff's Reply in Support of Renewed Motion for Preliminary Injunction **[DE 48]**.

[2] The referenced page of the Kentucky Colonel Foundation website is attached as Exhibit 1.

[3] A copy of the information regarding Globcal International maintained by the Kentucky Secretary of State as of June 24, 2020 is attached as Exhibit 2.

and Wright's motion must be denied. Moreover, because the generous 110 day extension for responding to the Verified Complaint and any opposition to Plaintiff's motion for preliminary injunction has expired, an entry of default under Rule 55(a) should be made against the Corporate Defendants pursuant to this Court's June 3, 2020 Order [**DE 46**].

Respectfully submitted,

*/s/ Cornelius E. Coryell II*
Cornelius E. Coryell II
Michelle Browning Coughlin
Julie Laemmle Watts
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, KY 40202
(502) 589-5235
ccoryell@wyattfirm.com
mcoughlin@wyattfirm.com
jwatts@wyattfirm.com

*Counsel for Plaintiff, the Honorable Order of Kentucky Colonels, Inc.*

**CERTIFICATE OF SERVICE**

   I hereby certify that on June 25, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing has been served upon the following, via U.S. Mail and via email at kycolonels.international and david.wright@globcal.net on the 25th day of June, 2020:

| | |
|---|---|
| Kentucky Colonels International<br>c/o Maya-Lis A. Wright<br>302 General Smith Drive<br>Richmond, KY 40475 | Ecology Crossroads Cooperative Foundation, Inc.<br>c/o Maya-Lis A. Wright<br>302 General Smith Drive<br>Richmond, KY 40475 |
| Globcal International<br>c/o Maya-Lis A. Wright<br>302 General Smith Drive<br>Richmond, KY 40475 | David J. Wright<br>302 General Smith Drive<br>Richmond, KY 40475 |

             */s/ Cornelius E. Coryell II*
             *Counsel for Plaintiff, the Honorable Order of*
             *Kentucky Colonels, Inc.*

100313316