UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | | |
|---|---|---|
| THE HONORABLE ORDER OF | ) | |
| KENTUCKY COLONELS, INC. | ) | |
| | ) | |
|     PLAINTIFF | ) | |
| | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:20CV-132-RGJ |
| | ) | |
| KENTUCKY COLONELS | ) | |
| INTERNATIONAL, et al. | ) | |
| | ) | |
| | ) | |
|     DEFENDANTS | ) | |

**PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT'S
MOTION FOR LEAVE TO FILE SUPPLEMENT TO AMENDED
MOTION TO DISMISS AND/OR SUMMARY JUDGMENT [DN 52]**

*Pro se* Defendant, David J. Wright, has tendered yet another demand for dismissal on the claims asserted by the Honorable Order of Kentucky Colonels ("HOKC") **[DE 52]**. In his latest missive – his *fifth* filing requesting dismissal and/or summary judgment – Wright argues that Fed.R.Civ.P. 15 authorizes his "supplementary pleading" to provide "additional information, pleadings and argument" to support his pending motion to dismiss and/or for summary judgment. **[DE 52-2**, PageID# 1072]. Wright's request should be denied because he is not attempting to supplement a "pleading" as authorized by Rule 15. Moreover, even if the filing is permitted, the "supplementary" information and argument offered by Wright does not justify dismissal or summary judgment on the claims asserted by HOKC or provide grounds for denial of HOKC's motion for a preliminary injunction [**DE 39**].

## SUPPLEMENTAL PROCEDURAL BACKGROUND

The instant motion [**DE 52**] was preceded by Wright's Motion to Drop Defendants [**DE 51**]; Defendant's Amended Motion to Dismiss [**DE 47**]; Defendant's Motion to Dismiss [**DE 37**]; and Defendant's Motion to Dismiss or Continue with Time Extension [**DE 24**].  Thus, this is the *fifth* brief filed by Wright requesting dismissal of the Verified Complaint in one form or another. In light of his *pro se* status, the Court will understandably be inclined to grant Wright considerable leeway in motion practice.  Even with that indulgence, however, Wright's filings go far beyond the scope of what is permissible and reasonable under the Federal Rules of Civil Procedure or Local Rules of Practice.  HOKC should not be required to repeatedly respond to a haphazard and endless barrage of vitriolic rhetoric and self-serving bombast, especially since the procedural and substantive points Wright purports to make are completely without merit.

## SUPPLEMENTAL FACTUAL BACKGROUND[1]

To avoid cluttering the record, HOKC will not repeat the facts that have been established through the Verified Complaint, affidavits, and the evidentiary hearing on March 4, 2020 **[DE 22]**. For purposes of the instant motion, HOKC simply notes that the proof of record demonstrates, *inter alia*, (1) that Defendants are engaged in trademark infringement in violation of 15 U.S.C. § 1114(1); (2) that Defendants are engaged in unfair competition in violation of 15 U.S.C. § 1125(a); (3) that Defendants' conduct has diluted and blurred the HOKC mark in violation of 15 U.S.C. §

---

[1] HOKC incorporates herein by reference the factual background, supporting documents, affidavits, and other record proof tendered with its Verified Complaint **[DE 1]**, Motion for Temporary Restraining Order and Preliminary Injunction **[DE 7]**, Supplement to Plaintiff's Motion for Temporary Restraining Order **[DE 13]**, Second Supplement to Plaintiff's Motion for Temporary Restraining Order **[DE 18]**, Reply in Support of Plaintiff's Motion for Preliminary Injunction **[DE 21]**, Plaintiff's Response to Defendants' Motion to Dismiss or Continue with Extension of Time **[DE 27]**, Plaintiff's Renewed Motion for Preliminary Injunction **[DE 39]** and Plaintiff's Reply in Support of Renewed Motion for Preliminary Injunction **[DE 48]**.

1125(c); (4) that Defendants are engaged in cybersquatting in violation of 15 U.S.C. § 1125(c); and (5) that Defendants are engaged in certain additional conduct violating the common law of the Commonwealth of Kentucky [**DE 1**, PageID# 9-17]. The Verified Complaint includes a detailed description of the factual grounds for each one of those claims. [*Id.* at PageID# 5-9]. Indeed, the Court has recognized the strength of HOKC's protected Mark and acknowledged that HOKC has a strong likelihood of prevailing on its claims [**DE 14** and **DE 32**]. Nevertheless, Defendant Wright continues his campaign of infringement and cyberpiracy.

Moreover, Wright persists in his threats to HOKC, most recently by email dated June 25, 2020, where he vowed to continue his harassment until HOKC bows to his demand for a "settlement."

> As indicated previously and in my motion earlier this week, we are looking for a settlement or to dismiss this case so that we can *proceed with our business of promoting Kentucky Colonels* as a subject of the public domain.
>
> …
>
> I am only willing to let this go if your client either gets involved and endorses [my] book to be viewed positively (instead of as an adversary), we can perhaps even dedicate a chapter to them and still work out an agreeable settlement to assume control over our social media assets. *The alternative is that I will find private sponsors for the book and treat the situation as I see it as one of the co-authors*. A cooperative arrangement will let your client have its cake and eat it too, and *win me over as an ally instead of your opponent*.
>
> …
>
> A settlement will also result in a very positive change in Wikipedia, that page on Wikipedia got over 22,000 unique visitors last month and your client does not receive even a quarter as many each month. An article rated as a "Good Article" there would result in greatly increased traffic for your client as well, at least by 3x.

[June 25, 2020 Wright email to Coryell, attached as Exhibit 1]. Thus, Wright candidly acknowledges the business purpose of his activities and promises to continue maligning HOKC and editing the "Kentucky Colonels" Wikipedia page if his demands are not met.

In addition, Wright continues to operate under the name Kentucky Colonel Foundation despite the record proof demonstrating the confusion caused by Wright's use of that name.[2] Indeed, additional instances of confusion occur on a regular basis, the most recent on July 6, 2020 when a HOKC grant recipient posted a message of gratitude on HOKC's Facebook page with a photograph thanking the "Ky Colonels Foundation" for its support.[3]

## ARGUMENT

### I. RULE 15 DOES NOT PROVIDE A VEHICLE FOR WRIGHT'S REQUEST TO SUPPLEMENT DEFENDANT'S AMENDED MOTION TO DISMISS.

Rule 15 applies to "pleadings" which are those papers described in Fed.R.Civ.P. 7. Pleadings include complaints, answers, cross-claims, counterclaims, and third-party claims. Motions are not "pleadings" and, therefore, the liberal standard typically applied to amended and supplemental pleadings does *not* apply to litigant's dispositive motions. Accordingly, Wright's request to amend his motion to dismiss – for the third time – has no basis in the Federal Rules of Civil Procedure or the Local Rules of Court and should be rejected.

### II. WRIGHT'S MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT FAIL AS A MATTER OF LAW.[4]

Even if the "supplemental facts" offered by Wright are considered by the Court, Wright utterly fails to satisfy his burden under Fed.R.Civ.P. 12 or Fed.R.Civ.P. 56(c). With respect to his jurisdictional motion, federal district courts have original jurisdiction of civil actions arising under

---

[2] As previously established, Wright continues to use a website under the name of Kentucky Colonel Foundation and domain name **ky.colonels.net**. The former domain name used for Wright's website, **www.kycololnels.international** continues to link to the Kentucky Colonel Foundation website. That domain name is confusingly similar to HOKC's domain name, **www.kycolonels.org** [**DE 48**, PageID# 1046-47].

[3] A copy of the referenced Facebook post is attached as Exhibit 2.

[4] HOKC adopts and incorporates herein by reference the arguments and analysis offered in its Response to Defendant's Amended Motion to Dismiss [**DE 49**].

4

any act of Congress relating to trademarks. 28 U.S.C. § 1338(a); *see* 15 U.S.C. § 1114 *et seq*. (federal district courts have original jurisdiction of cases arising under the Lanham Trademark Act). Consequently, there are no grounds for dismissal of the Verified Complaint under Fed.R.Civ.P. 12(b)(1). Likewise, there are no grounds for dismissal pursuant to Rule 12(b)(6) because the Verified Complaint clearly states viable claims for relief under the applicable federal statutes and common law. In fact, the Court has already recognized that HOKC has demonstrated a strong likelihood of prevailing on its claims [**DE 14** and **DE 32**]. Finally, the "supplemental facts" offered by Wright do not support grounds for summary judgment because unsubstantiated and untested hyperbole is not substitute for the undisputed material facts required to support a motion under Fed.R.Civ.P. 56(c). Indeed, the record facts demonstrate that HOKC is entitled to the relief that it has requested, and Wright has offered no record proof to contravene those facts.

### III. THE "SUPPLEMENTAL FACTS" OFFERED BY WRIGHT DO NOT PROVIDE GROUNDS FOR DENYING HOKC'S MOTION FOR PRELIMINARY INJUNCTION.

Wright insists that HOKC is not entitled to protect its Mark because the term "Kentucky Colonel" is a "generic term" which "freely exists in the public domain." [**DE 52-2**, PageID# 1078]. In support of that assertion, Wright reiterates his position that the term "was already very popular, well-recognized, legendary, rooted in culture, and carried significant goodwill long before *the state* began using it as a civilian award, or [HOKC's] particular use…." [*Id*. at PageID# 1077]. Wright further claims that the Mark is not subject to trademark because HOKC is "conducting a land grab, hijacking history, and [its motivation] is inconsistent with Federal and International Law…." [***Id.*** at PageID# 1080].

First and foremost, HOKC is not precluding, or trying to preclude, those who have been selected by a Kentucky Governor to receive the esteemed title of Kentucky Colonel from using the title or referring to themselves as a Kentucky Colonel. In fact, HOKC has never claimed or

5

attempted to claim any trademark rights to "Kentucky Colonel" as it relates to the honorary title bestowed upon selected individuals. Instead, in order to protect the reputation and honor presented upon its members, HOKC protects and enforces the KENTUCKY COLONELS trademark in connection with the goods and services it provides to its members and the public, as well as the charities served through its philanthropic work.

Specifically in this instance, HOKC is enforcing its right to the KENTUCKY COLONELS Mark as it relates to charitable organizations and membership services, including "social club services, namely, arranging, organizing, and hosting social events, get-togethers, and parties for club members"; "charitable fundraising services; charitable fundraising services by means of organizing and conducting special events; providing grants to non-profit organizations"; and "association services, namely, promoting the interests of individuals selected by the Governor of the Commonwealth of Kentucky to receive an honorary commission; promoting the interests of members of the organization by means of club services." KENTUCKY COLONELS, as it relates to these services, is *not* in the public domain. *See* HOKC's Reply in Support of Renewed Motion for Preliminary Injunction [**DE 48**]. Further, it is not generic or merely descriptive as Wright alleges. Instead, HOKC has used KENTUCKY COLONELS in connection with these services in commerce since 1951 and 1995 and therefore has priority rights for use of the Mark in connection with these services.

Moreover, the United States Patent and Trademark Office ("USPTO") Nonfinal Office Actions for the three trademark applications filed by HOKC in early 2020 are for minor issues, namely Section 2(e)(2) refusals (15 U.S.C. § 1052(e)(2)) based on the USPTO examining attorney's belief that the marks are primarily geographically descriptive. HOKC has responded to two of the three Nonfinal Office Actions with a claim of 2(f) acquired distinctiveness (15 U.S.C.

§1052(f)) based on its long-standing use of the marks in commerce in connection with the services. The third Nonfinal Office Action will be responded to in due course as the USPTO examining attorney has simply requested an additional specimen showing use of the mark in connection with services. Regardless, it is not unusual for a trademark application to receive a nonfinal office action as it proceeds through the registration process, and HOKC's three trademark applications are no different.

Ultimately, Wright's arguments are misplaced and a red herring from the ultimate issue of Wright's infringing activities and cyberpiracy. HOKC is requesting this Court enter a preliminary injunction to stop Wright's actions in creating "membership services" using the internet and his pledge to "develop a program" to "fairly compete" with HOKC using the KENTUCKY COLONELS Mark. HOKC has established multiple instances of consumer confusion resulting from Wright's actions – including a photograph posted to HOKC's Facebook page less than a week ago – and future confusion is inevitable unless Wright is ordered to suspend his infringement and cyberpiracy.

### IV. WRIGHT'S RESPONSE FURTHER DEMONSTRATES THAT INJUNCTIVE RELIEF IS NECESSARY AND APPROPRIATE.

Wright acknowledges he intends to compete with HOKC and he reiterates that intention in his June 25, 2020 email to counsel. [See Exhibit 1]. Wright also makes it clear that he intends to continue his disparagement of HOKC in order to further his own commercial interests. These admissions further demonstrate (1) that Wright's actions pose a threat of irreparable harm to HOKC; (2) that the balance of injuries weighs decidedly in favor of granting injunctive relief to HOKC; and (3) that injunctive relief is in the best interest of the public. HOKC is entitled to a preliminary injunction prohibiting the conduct in which Wright currently engages and promises to continue to engage regardless of this Court's actions.

Respectfully submitted,

*/s/ Cornelius E. Coryell II*
Cornelius E. Coryell II
Michelle Browning Coughlin
Julie Laemmle Watts
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, KY 40202
(502) 589-5235
ccoryell@wyattfirm.com
mcoughlin@wyattfirm.com
jwatts@wyattfirm.com

*Counsel for Plaintiff, the Honorable Order of Kentucky Colonels, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing has been served upon the following, via U.S. Mail and via email at kycolonels.international and david.wright@globcal.net on the 10th day of July, 2020:

Kentucky Colonels International
c/o Maya-Lis A. Wright
302 General Smith Drive
Richmond, KY 40475

Globcal International
c/o Maya-Lis A. Wright
302 General Smith Drive
Richmond, KY 40475

Ecology Crossroads Cooperative Foundation, Inc.
c/o Maya-Lis A. Wright
302 General Smith Drive
Richmond, KY 40475

David J. Wright
302 General Smith Drive
Richmond, KY 40475

*/s/ Cornelius E. Coryell II*
*Counsel for Plaintiff, the Honorable Order of Kentucky Colonels, Inc.*

100317151