Case 3:20-cv-00132-RGJ   Document 65-4   Filed 09/30/20   Page 1 of 13 PageID #: 1346

**EXHIBIT 2**   Defendant's Proposed Joint Motion, Private Settlement Agreement, Agreed Order

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | |
|---|---|
| THE HONORABLE ORDER OF KENTUCKY COLONELS, INC. )<br><br>    PLAINTIFF )<br><br>v. )<br><br>KENTUCKY COLONELS INTERNATIONAL, et al. )<br><br>    DEFENDANTS ) | CIVIL ACTION NO. 3:20CV-132-RGJ |

**JOINT MOTION TO DISMISS PURSUANT TO
PRIVATE SETTLEMENT AGREEMENT**

The Parties, having reached a settlement agreement to resolve the issues in this matter, hereby move the Court to enter the attached Agreed Order to dismiss the case with prejudice pursuant to Rule 41(a)(1)(B)(ii), the Parties condition this request on the Court's entry of the Agreed Order to satisfy the judgement of the original Verified Complaint **[DE 1]** by the Plaintiff under the stipulated terms of the Settlement Agreement insisted upon by the Defendants. As a basis for this motion, the Parties state as follows:

1. Defendants deny Plaintiffs' allegations.

2. After Plaintiff filed suit, Defendant Col. David Wright in *pro se* moved to dismiss in four dispositive motions, which the Court heard and denied. Plaintiff moved for a Preliminary Injunction, which the Court eventually granted and on motion with the Clerk of the Court

found the Defendants, Ecology Crossroads Cooperative Foundation, Inc., Globcal International, and Kentucky Colonels International in default.

3. The Court moved the case to the Magistrate Judge under Rule 16 for a Rule 26 pre-trial conference, discovery and scheduling meeting.

4. The remaining defendant Col. David Wright in *pro se*, filed his Answer, Affirmative Defenses, and Inconsistent Claims and Defenses which have not been heard or considered by the Court.

5. During the Rule 26 conference between the Parties a number of settlement alternatives were discussed yet no settlement could be reached, the Parties filed a Joint Rule 26(f) Report which the Defendant withdrew from.

6. The Parties reached a settlement on terms of a Private Settlement Agreement, a copy of which is attached to this motion as **Exhibit A**, and is incorporated herein for reference.

7. The Parties agree that the attached Private Settlement Agreement and Agreed Order equivalent to a Permanent Injunction will fully resolve their dispute.

8. The Parties request that the Court dismiss the lawsuit with prejudice pursuant to Rule 41(a)(1)(B)(ii) of the Federal Rules of Civil Procedure, the Parties agree to the terms and conditions of the Private Settlement Agreement which will be enforced by the Parties.

9. The Parties shall acknowledge the lawsuit as being adjudicated on its merits pursuant to Rule 41(a)(1)(B) of the Federal Rules of Civil Procedure.

10. The Parties therefore request that the Court enter the attached Agreed Order in its entirety. If the Court declines to enter the Agreed Order, the Parties respectfully withdraw their request to stipulate to dismissal of this action.

**(Defendant's Draft)**
Agreed Order

Joint Motion, Private Settlement Agreement,

Respectfully submitted in good faith by the parties

_____
Cornelius E. Coryell II
Michelle Browning Coughlin
Julie Laemmle Watts
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, KY  40202
(502) 589-5235
ccoryell@wyattfirm.com
mcoughlin@wyattfirm.com
jwatts@wyattfirm.com

*Counsel for Plaintiff, the Honorable Order
 of Kentucky Colonels, Inc.*

_____
David J. Wright
Edificio Torre 997, Local B
San Juan, Caracas
Distrito Capital, Venezuela 1021
(859) 379-8277
david.wright@globcal.net

*Individually and As Authorized Agent for Kentucky Colonels International; Globcal International; and Ecology Crossroads Cooperative Foundation, Inc.*

(Defendant's Draft)                                          Joint Motion, Private Settlement Agreement,
Agreed Order

# Exhibit A

### Private Settlement Agreement

This Private Settlement Agreement ("Agreement") is made between the ("Parties), The Honorable Order of Kentucky Colonels, Inc. (HOKC) ("Plaintiff") and Kentucky Colonels International (defunct); Globcal International; Ecology Crossroads Cooperative Foundation, Inc; and Col. David Wright (collectively "Defendants") to settle a legal dispute in US District Court between the Parties. The Parties herein agree to the following stipulated terms and conditions which shall apply for no less than the next five (5) calendar years beginning September 21st, 2020.

This Agreement (including the documents referred to herein) constitutes the entire agreement among the Parties and supersedes any prior understandings, agreements, or representations by or among the Parties, written or oral, to the extent they related in any way to the subject matter hereof.

1. The Parties agree that in the matter 3:20-cv-00132 no damages will be awarded or sought and the matter will be considered resolved amicably, equitably and fairly as a no-fault agreement without any compensation, damages, legal fees or reimbursements being paid to any of the parties.

2. The case will be dismissed with prejudice and the standing order will be vacated or superseded with an Agreed Order that satisfies the terms and conditions of the Preliminary Injunction and otherwise its Motion shall state that this agreement exists.

**(Defendant's Draft)**  Joint Motion, Private Settlement Agreement,
Agreed Order

3. The Defendants agree not to use the Plaintiff's trademarks HONORABLE ORDER OF KENTUCKY COLONELS or KENTUCKY COLONELS as part of a trade name for an organization, association, civil society or non-state actor now or in the future.

4. The Defendants agree to abandon the use of KENTUCKY COLONELS INTERNATIONAL and KENTUCKY COLONEL FOUNDATION or any other organization name that is confusingly similar to the trademarks HONORABLE ORDER OF KENTUCKY COLONELS or KENTUCKY COLONELS or that use the two words KENTUCKY and COLONELS in any combination together as a trade name which could cause consumers or donors to become confused with Plaintiff's trademarks. Likewise the Plaintiff agrees not to adopt or incorporate these abandoned names or any other similar name or use any term which may lead consumers or donors to believe that they have assumed or taken over any of the assets of the Defendants such as "world" or "global" or "network" in their name, trademark or programs.

5. The Defendants agree to cancel their registration of the Internet domain [kycolonels.international] within 10 days of receiving notice that the case has been settled and supply documentation to Plaintiff's counsel that this has been completed. Defendants further agree not to register the abbreviation KY or KENTUCKY combined with COLONEL or COLONELS as a domain name in the future.

6. The Defendants agree to forward Internet traffic directed to [kentucky.colonels.net] to [kycolonels.org] for the next six (6) months as a 301 permanent redirect to update search engines such as Google and Bing.

7. Plaintiff agrees to make an announcement by email to its donors and online in Facebook and Twitter to its audience in the social media stating that "a fair and amicable no-fault, non-financial settlement was reached in HOKC v KCI, et. al between ..." (naming the Plaintiff

**(Defendant's Draft)**  Joint Motion, Private Settlement Agreement,
Agreed Order

and each Defendant, with or without naming (defunct) Kentucky Colonels International or Kentucky Colonel Foundation) "resulting in an Agreed Judicial Order or resolution of the case" within 10 days of signing the Agreement.

8. Plaintiff agrees not use or implement any of the Defendants' intellectual property or the ideas proposed, discussed or suggested within the terms of the "Merger and Consolidation Agreement" and will abide by the terms of the Confidentiality Agreement signed by Sherry Crose for a minimum term of 5 years. This includes but is not limited to commercially offering vanity emails for members, offering donors personalized web services, establishing branches or chapters internationally, offering a private network app for smartphones, offering registry services, offering tourism services, offering information services to Kentucky visitors, or any other activities related by the promotion of the Merger and Consolidation Proposal received by Plaintiff via email on January 13, 2020.

9. Plaintiff agrees not to ambiguate their trademarks for their products or services with their legal trade name (business or corporate name) "The Honorable Order of Kentucky Colonels, Inc." not necessarily using the articular "the" or designation "Inc." or use the trademark(s) KENTUCKY COLONELS to serve as a substitute for their actual business name publicly, trademarks are to be used to indicate the point of origin of the services and products being offered, except may use the term informally in context or in newsletters when addressing its own member donors.

10. Plaintiff and its licensees agree not confuse the public or other parties by making any copyright claims using the © symbol for their website(s) using the trademark(s) KENTUCKY COLONELS and will use their respective Corporate Names, certified Assumed Names, or Website Designer's Name to designate their online copyright claims with their website.

**(Defendant's Draft)**  Joint Motion, Private Settlement Agreement,
Agreed Order

11. Plaintiff or its licensee Upper Right Marketing agree they will acquire registration rights in the Commonwealth of Kentucky under the Assumed Name Statute KRS 365.015 for the assumed name KENTUCKY COLONELS STORE or KENTUCKY COLONELS SHOP within 10 days of signing this agreement.

12. Plaintiff may dress out their trademark(s) with generic terms and descriptive words to make reference to their trademarks and service marks such as "Kentucky Colonels hat", "Kentucky Colonels shirt" or "Kentucky Colonels Grants Program", but agrees not to use descriptive terms such as fraternal, brotherhood or society which may lead consumers and donors to believe that it is a state order of merit; or words such as association, foundation, club, organization, using a the first letter capitalized or in any other such way that may ambiguate the term or that a reader might assume or be led to believe that they are the only, first or an otherwise dominant historical authority; except in relation to making factual statements relative to supporting philanthropic endeavors, charity, social events, events connected to the Kentucky Derby, or in the marketing of goods.

13. Plaintiff agrees not to use the ® symbol for trademarks or service marks in association with the title/commission KENTUCKY COLONEL without the "S" on their letterhead, website or on products out of context, in violation of law or in any other way that may confuse or suggest donors or consumers to believe that they are the actual authority responsible for the commission or title that is granted by the Governor of the Commonwealth of Kentucky.

14. Plaintiff agrees to include the following disclaimer relative to membership in the "Honorable Order of Kentucky Colonels" stating on such printed materials such as membership cards: **"Membership in the Honorable Order is voluntary and is symbolic of supporting collective charitable efforts made by Kentucky Colonels each year."**

15.   The basis for this Agreement is within the context of the status quo and the planned objectives of the Parties as of January 01, 2020 based on screen captures of the respective parties websites prior to the Merger and Consolidation Proposal offered by the Defendant and the lawsuit brought by the Plaintiff. The Agreement is based on the planned and unexecuted intentions of the Mutual Parties to prevent further civil disagreement and actions in the Court. Notwithstanding the Agreement or anything specifically noted within it, both parties retain their rights under legal and ethical business and civil doctrines consistent with US and Kentucky Law.

16.   Plaintiff and Defendant mutually agree to notify one another by email of any violation of the aforesaid Agreement and provide one another 15-30 days to make any corrections or cure any deficiencies prior to seeking remedy in civil courts.

17.   The jurisdiction for the application and enforcement of this Agreement shall be the Commonwealth of Kentucky where all the Parties are legal residents and corporate citizens.

18.   Notwithstanding and independent of this Agreement, Defendant Col. David Wright owns a pre-registered copyright which is not a trademark, service mark or trade name for the literary non-fiction work "Kentucky Colonels: Forefathers, Founders and Model Figures of Kentucky Culture, Customs, Folklore, History, Music, Society, Traditions, and Values" under the number PRE000011406 registered with the US Copyright Office which is considered exempt of this Agreement, immune and is not governed for herein.

This Agreement and its stipulations do not imply any fault or error on the part of the Parties. Neither Party admits any wrongdoing and this Agreement was reached without duress. The Agreement does not preclude or remove any rights or obligate the Parties to perform or take

**(Defendant's Draft)**                                                          Joint Motion, Private Settlement Agreement,
Agreed Order

actions not exclusively stated herein. No payment was made by either party to the other to reach this Agreement. The Agreed Order (attached as Appendix A) dismissing the case satisfies the conditions of the Court and the case is considered amicably settled based on the likelihood of success on the merits of the Verified Complaint demonstrated by the Plaintiff. This Agreement is subject to amendment and/or modification by the Parties based on mutual consent but shall have no effect on the Agreed Order.

AGREED TO:

_____          _____
Cornelius E. Coryell II                               David J. Wright
Michelle Browning Coughlin                      Edificio Torre 997, Local B
Julie Laemmle Watts                                 San Juan, Caracas
WYATT, TARRANT & COMBS, LLP          Distrito Capital, Venezuela 1021
400 West Market Street, Suite 2000            (859) 379-8277
Louisville, KY 40202                                  david.wright@globcal.net
(502) 589-5235
ccoryell@wyattfirm.com                             *Individually and As Authorized Agent for*
mcoughlin@wyattfirm.com                        *Kentucky Colonels International; Globcal*
jwatts@wyattfirm.com                                *International; and Ecology Crossroads*
                                                                  *Cooperative Foundation, Inc.*

*Counsel for Plaintiff, The Honorable Order*
 *of Kentucky Colonels, Inc.*

(Defendant's Draft)  Joint Motion, Private Settlement Agreement,
Agreed Order

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| THE HONORABLE ORDER OF KENTUCKY COLONELS, INC.<br><br>PLAINTIFF<br><br>v.<br><br>KENTUCKY COLONELS INTERNATIONAL, et al.<br><br>DEFENDANTS | CIVIL ACTION NO. 3:20CV-132-RGJ<br><br>**ORDER** |

**AGREED ORDER**

On this day, the Court considered the above-numbered cause and Joint Motion to Dismiss Pursuant to Private Settlement Agreement. Plaintiff Honorable Order of Kentucky Colonels, Inc. (HOKC) by *counsel* and the Defendants Kentucky Colonels International (defunct); Globcal International; Ecology Crossroads Cooperative Foundation, Inc; and Col. David Wright *pro se* (collectively "Defendants") announced to the Court that all matters in controversy between them had been settled and compromised with a Private Settlement Agreement. Plaintiff and Defendants announced to the Court that they agree to dismiss their claims with prejudice to re-filing the same, and that each party will bear their own costs with no award of damages withstanding this Agreed Order. The Court is of the opinion that the motion should be GRANTED.

IT IS HEREBY AGREED, ORDERED AND ADJUDGED as follows:

**(Defendant's Draft)**                            Joint Motion, Private Settlement Agreement,
Agreed Order

      1.      Defendants and anyone acting on their behalf, including their owners, members, officers, agents, employees, attorneys, and any other persons in active concert or participation with Defendants, are permanently enjoined and prohibited from using the HONORABLE ORDER OF KENTUCKY COLONELS' registered trademarks, or any trademark or service mark that is confusingly similar to the registered KENTUCKY COLONELS trademark, including, but not limited to the registered assumed or unregistered trade names KENTUCKY COLONELS INTERNATIONAL and KENTUCKY COLONEL FOUNDATION, on or in connection with the sale of any goods or services including, but not limited to, the solicitation of charitable donations, the sale of memberships, holding commercial events or the promotion of charitable and philanthropic causes.

      2.      Defendants and anyone acting on their behalf, including their owners, members, officers, agents, employees, attorneys, and any other persons in active concert or participation with Defendants, are permanently enjoined and prohibited from using the Plaintiff's Marks, or any mark that is confusingly similar to the trademark KENTUCKY COLONELS, including, but not limited to, KENTUCKY COLONELS INTERNATIONAL and KENTUCKY COLONEL FOUNDATION, on any website, social media page, or blog in such a way as is likely to cause consumers to be confused, mistaken, or deceived into believing that HOKC has sponsored, sanctioned, approved, licensed, or is any way affiliated with Defendants or any organization or cause sponsored or supported by Defendants.

      3.      Defendants and anyone acting on their behalf, including their owners, members, officers, agents, employees, attorneys, and any other persons in active concert or participation with Defendants, are permanently enjoined and prohibited from using the domain name "**kycolonels.international**", or the subdomain name "**kentucky.colonels.net**", or any domain

name that is confusingly similar to "**kycolonels.org**" or any domain name that incorporates the Plaintiff's trademarks, or any mark that is confusingly similar to the distinctive trademark KENTUCKY COLONELS, including, but not limited to, KENTUCKY COLONELS INTERNATIONAL and KENTUCKY COLONEL FOUNDATION.

4.  Defendants and anyone acting on their behalf, including their owners, members, officers, agents, employees, attorneys, and any other persons in active concert or participation with Defendants, are permanently enjoined and prohibited from using the Facebook or any other social media platform usernames "Kentucky Colonels International" or "Kentucky Colonel Foundation" or any other username or handle that is confusingly similar to the Plaintiff's distinctive, arbitrary or suggestive trademarks, usernames, handles, hashtags or domain names particularly "@kycolonels" and "#kycolonels".

5.  Notwithstanding paragraphs 1-4 the Defendants and anyone acting on their behalf, including their owners, members, officers, agents, employees, attorneys, and any other persons in active concert or participation with or without the Defendants are protected from reprisals or interference by the Plaintiff relative to the free and unencumbered use of the duly awarded honorable title "Kentucky Colonel" in their own personal descriptive and generic representation of themselves as individuals (persons) serving the Commonwealth of Kentucky or its Governor to carry out any and all of their honorary *ex officio* or *de facto* duties independently of the Plaintiff.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Plaintiffs' claims against Defendant, as well as any claims that Defendants could have asserted against Plaintiff, are dismissed with prejudice.and that all costs shall be borne by the party incurring same.

(Defendant's Draft)                                                   Joint Motion, Private Settlement Agreement,
Agreed Order

As the Court intends for this Agreed Order of Dismissal With Prejudice to be a final judgment, any relief not expressly granted herein is hereby DENIED.

This is a final judgment agreed to by the Parties and there is no just cause for delay.

SO ORDERED:

SIGNED this _____ day of October, 2020.


_____
JUDGE REBECCA GRADY JENNINGS
U.S. DISTRICT COURT, WESTERN DISTRICT OF KENTUCKY


AGREED TO:

| | |
|---|---|
| _____ | _____ |
| Cornelius E. Coryell II | David J. Wright |
| Michelle Browning Coughlin | Edificio Torre 997, Local B |
| Julie Laemmle Watts | San Juan, Caracas |
| WYATT, TARRANT & COMBS, LLP | Distrito Capital, Venezuela 1021 |
| 400 West Market Street, Suite 2000 | (859) 379-8277 |
| Louisville, KY  40202 | david.wright@globcal.net1 |
| (502) 589-5235 | |
| ccoryell@wyattfirm.com | *Individually and As Authorized Agent for* |
| mcoughlin@wyattfirm.com | *Kentucky Colonels International; Globcal* |
| jwatts@wyattfirm.com | *International; and Ecology Crossroads Cooperative Foundation, Inc.* |

*Counsel for Plaintiff, The Honorable Order
of Kentucky Colonels, Inc.*