UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| THE HONORABLE ORDER OF KENTUCKY COLONELS, INC. | ) ) ) | |
| PLAINTIFF | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 3:20CV-132-RGJ |
| COL. DAVID J. WRIGHT | ) ) | |
| DEFENDANT | ) ) ) ) | **PROPOSED ORDER 2** |

**ORDER**

This action is before the Court on the Defendant's Motion for Judgment on the Pleadings [DN ___] and supporting Memorandum in Support [DN ___] filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon consideration, the Court finds that the Defendant's motion should be GRANTED and that this action shall be DISMISSED.

The Court considered the above-numbered cause on Defendant's Motion for Judgement on the Pleadings. Regarding Defendants in default per Order [DE 60] Kentucky Colonels International (defunct); Globcal International; Ecology Crossroads Cooperative Foundation, Inc; and the remaining Defendant, Col. David Wright *pro se* (collectively "Defendants") who announced to the Court that all matters in controversy between them and The Honorable Order of Kentucky Colonels, Inc. ("Plaintiff" or "Honorable Order") have been

settled based on the terms fashioned herein. Plaintiff and Defendants have discussed the matter and for the most part have agreed to dismiss their claims with prejudice to re-filing the same, and that each party will bear their own costs with no award of damages withstanding this Order which provides equitable relief requested by the Defendant and the functionality of a Permanent Injunction as requested by the Plaintiff. The Court is of the opinion that the motion should be GRANTED and this case should be dismissed.

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. Defendants and anyone acting on their behalf, including their owners, members, officers, agents, employees, attorneys, and any other persons in active concert or participation with Defendants, are permanently enjoined and prohibited from using the HONORABLE ORDER OF KENTUCKY COLONELS' registered trademarks, or any trademark or service mark that is confusingly similar to the registered KENTUCKY COLONELS trademark, including, but not limited to the registered assumed or unregistered trade names KENTUCKY COLONELS INTERNATIONAL and KENTUCKY COLONEL FOUNDATION, on or in connection with the sale of any goods or services including, but not limited to, the solicitation of charitable donations, holding commercial events, commercial competition or the promotion of charitable and philanthropic causes.

2. Defendants and anyone acting on their behalf, including their owners, members, officers, agents, employees, attorneys, and any other persons in active concert or participation with Defendants, are permanently enjoined and prohibited from using the Plaintiff's Marks, or any mark that is confusingly similar to the trademark KENTUCKY COLONELS, including, but not limited to, KENTUCKY COLONELS INTERNATIONAL and KENTUCKY COLONEL FOUNDATION, on any website, social media page, or blog in such a way as is

likely to cause consumers to be confused, mistaken, or deceived into believing that HOKC has sponsored, sanctioned, approved, licensed, or is any way affiliated with Defendants or any organization or cause organized, sponsored or supported by Defendants.

3. Defendants and anyone acting on their behalf, including their owners, members, officers, agents, employees, attorneys, and any other persons in active concert or participation with Defendants, are permanently enjoined and prohibited from using the domain name "**kycolonels.international**", or the subdomain name "**kentucky.colonels.net**", or any domain name that is confusingly similar to "**kycolonels.org**" or any domain name that incorporates the Plaintiff's trademarks, or any mark that is confusingly similar to the distinctive trademark KENTUCKY COLONELS, including, but not limited to, KENTUCKY COLONELS INTERNATIONAL and KENTUCKY COLONEL FOUNDATION.

4. Defendants and anyone acting on their behalf, including their owners, members, officers, agents, employees, attorneys, and any other persons in active concert or participation with Defendants, are permanently enjoined and prohibited from using the Facebook or any other social media platform usernames "Kentucky Colonels International" or "Kentucky Colonel Foundation" or any other username or handle that is confusingly similar to the Plaintiff's distinctive, arbitrary or suggestive trademarks, usernames, handles, hashtags or domain names particularly "@kycolonels" and "#kycolonels".

5. Notwithstanding paragraphs 1-4 the Defendants and anyone acting on their behalf, including their owners, members, officers, agents, employees, attorneys, and any other persons in active concert or participation with or without the Defendants are protected from reprisals or interference by the Plaintiff relative to the free and unencumbered use of the duly awarded honorable title "Kentucky Colonel" in their own personal descriptive and generic

representation of themselves as individuals (living persons) serving the Commonwealth of Kentucky or its Governor to carry out any and all of their honorary *ex officio* or *de facto* duties independently of the Plaintiff.

6.   The document regarding Merger and Consolidation Proposal submitted by the Col. David J. Wright to the Honorable Order [DN 6] shall remain confidential, Plaintiff may not disclose, implement or utilize the ideas proposed or intellectual property revealed therein for a minimum of 5 (five) calendar years.

7.   In accordance with 15 U.S. Code § 1111 the Plaintiff is not entitled to any damages, financial award, reimbursements or restitution by the Defendant.

8.   The Honorable Order of Kentucky Colonels receives a copy of each Kentucky Colonel Commission according to long-standing state records policy which includes the name of honorable title recipients, this information is a matter of public record and may be published by the Honorable Order; non-public information is considered protected under Federal Law 15 U.S. Code § 45 therefore Plaintiff shall not receive, collect or utilize recipients' street addresses, email addresses, telephone numbers or other personal information about those who are granted the title of Kentucky Colonel from the offices of the Governor or the Secretary of State unless that information is submitted voluntarily by the commission recipient upon being informed about their organization by the Commonwealth of Kentucky.

9.   Plaintiff shall include a disclaimer relative to membership in the "Honorable Order of Kentucky Colonels" stating on such printed materials like membership cards and annual donation solicitations language similar to: "The Honorable Order of Kentucky Colonels is a charitable 501(c)(3) nonprofit organization. Membership is voluntary, tax-deductible and

symbolic of supporting collective charitable efforts made by colonels each year to benefit organizations and the people of Kentucky."

10. The Honorable Order of Kentucky Colonels shall voluntarily withdraw or abandon its application to the United States Trademark and Patent Office, Serial Number 88800038 for the trademark KENTUCKY COLONELS without reservation to resubmit a new application in the future based on proposed use.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Plaintiff's claims against Defendants, as well as any claims that Defendants may assert or affirm against Plaintiff alleged in this case, are dismissed with prejudice.and that all costs shall be borne by the party incurring same.

As the Court intends for this Order of Dismissal With Prejudice to be a final judgment, any relief not expressly granted herein is hereby DENIED.

SO ORDERED:

SIGNED this _____ day of October, 2020.

_____
JUDGE REBECCA GRADY JENNINGS
U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY