FILED
Vanessa L Armstrong, Clerk
Oct 01 2020
U.S. District Court
Western District of Kentucky

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

|  |  |
|---|---|
| THE HONORABLE ORDER OF KENTUCKY COLONELS, INC.<br>**Plaintiff**<br><br>vs.<br><br>COL. DAVID J. WRIGHT<br>**Defendant** | Civil Action No. 3:20-cv-132-RGJ-RSE<br><br><br>MOTION TO STAY DISCOVERY |

## DEFENDANT'S MOTION TO STAY DISCOVERY

Defendant, Col. David J. Wright, *pro se*, respectfully moves this Court to stay of all parties' discovery obligations and the meeting of the parties required under Federal Rule of Civil Procedure Rule 26(f) until the Court resolves the validity of Plaintiff's complaint and claim of trademark infringement. Defendant has filed a Motion for Judgment on the Pleadings arguing that Plaintiff's claims should be dismissed or an equitable judgement be entered because the Plaintiff lacks prudential jurisdictional standing, because Plaintiff has failed to plead facts demonstrating a proper remedy, because there is no greater remedy that can be imposed than the Court has already implemented which the Defendant is in agreement with upon equitable terms, because settlement has been negotiated between the Parties adequately to satisfy the Court, because the Plaintiff does not have sufficient grounds to prove a claim for infringement, and because Plaintiff's claims are barred by laches and eight or more other doctrines that prevent further adjudication therefore, a Motion for Judgment on the Pleadings both appropriate and timely, ripe for decision, and may resolve this entire case.[1] Moreover Plaintiff, The Honorable Order of Kentucky Colonels, Inc. ("Honorable Order") has expressed an interest in settling the case given the

---

[1] The Honorable Order's counsel has served interrogatories on the *pro se* Defendant requesting information outside the scope and jurisdiction of this matter that is protected under U.S. Copyright Law. Clearly service of discovery requests at this time, prior to any Rule 26(f) conference, is overreaching and premature, and is in plain violation of the Federal Rules of Civil Procedure.

proper terms of a permanent injunction. Because the Honorable Order's claims may well be dismissed agreeably or by the Court fashioning an equitable judgement, discovery at this stage is premature and unnecessarily burdensome and costly. Accordingly, all discovery in this case and the Rule 26(f) conference should be stayed until the Court rules on the Defendant's pending motion for judgment on the pleadings. Moreover, the Plaintiff is already enjoying the maximum benefits of the relief they have requested with a preliminary injunction granted by **[DE 58]** and no further relief can be granted to the Plaintiff by the Court except making the preliminary injunction permanent, which cannot be determined until the Court fairly considers the information presented in the Defendant's pleadings and motion. Moving forward with discovery will be prejudicial to the defense of this case and unwarranted given the circumstances.

When such a motion is pending, the federal law "compels a stay to guard against the "significant costs" of unwarranted discovery requests." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). "It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Loumiet v. United States*, 225 F. Supp. 3d 79, 82 (D.D.C. 2016) (quotation omitted).

## FACTUAL BACKGROUND

Over 20 years ago the Defendant began to organize an association that caters to the recipients of the honorable title of Kentucky Colonel and introduced the first website for Kentucky Colonels in 1998. In January 2020, before incorporating the non-state civil society in the Commonwealth of Kentucky the Defendant offered the Plaintiff the opportunity to merge and consolidate the unincorporated organization into their own. Upon the Plaintiff's rejection of the proposal the Defendant began to execute the plans outlined and stated in the merger and consolidation offer to render association services to Kentucky colonels. As a result of the actions taken by the Defendant, the Plaintiff filed for three trademarks (service marks) with the United States Patent and Trademark Office three days prior to bringing this action claiming that the Defendant's organization (now defunct) was infringing on their registered trademarks for

products licensed out to a third party, causing confusion, competing unfairly, and diluting their unregistered trade name with a nine count civil complaint **[DN 1]**. The Defendant claims that the term "Kentucky Colonels" belongs to the public domain under the merger doctrine and is alternatively generic and merely descriptive of a group of Kentucky colonels which Defendant (and many others) have been using legally for many years with the full knowledge and awareness of the Plaintiff. The Defendant has filed a number of dispositive motions seeking dismissal and summary judgement while other corporate Defendants were engaged. Upon defaulting on the other Defendants, denying a motion for dismissal on jurisdictional grounds, and imposing a preliminary injunction **[DE 58]** the remaining Defendant filed his Answer, Affirmative Defenses and Inconsistent Claims and Defenses **[DN 62],** *the facts of which are previously unknown to the Court and have not been considered in this case*.

Docket Entry 58, a Court Order by Judge Rebecca Grady Jennings referred the case to the Magistrate Judge Regina Edwards who issued an Order **[DE 61]** under Fed. R. Civ. P. Rule 16 for a Rule 26(f) Scheduling Conference which is set for October 16, 2020. While the parties discussed settlement as ordered, they did not discuss other topics such as discovery or the facts of the case with any equity, the Plaintiff's attorney indicated readiness for discovery and filed an amended Rule 26(f) Report on September 09, 2020 after initiating discovery on the Defendant with an interrogatory request on September 01, the Defendant did not participate in the Rule 26(f) Report because he expected an amicable settlement on equitable terms and determined he was not ready for discovery. Although the Honorable Order has delayed filing a claim for many years against the Defendant, they argue they are ready to proceed with a demanding litigation schedule, meaning discovery will likely be intensely front-loaded and burdensome for the *pro se* Defendant. Based on the new information, requesting the Court take judicial notice of the Plaintiff's **invalid mistaken (fraudulent) trademark claim for association services**, the Plaintiff failing to controvert the facts presented in Defendant's Answer and recent settlement discussions between the Parties among other defenses; the Defendant filed a **timely Motion for Judgment on the Pleadings** on September 30, 2020 seeking a final judgement or otherwise dismissal of the infringement claim to resolve the dispute before the Court to put an end to the case.

# ARGUMENT

## I. DISCOVERY SHOULD BE STAYED PENDING RESOLUTION OF THE DISPOSITIVE MOTION PENDING BEFORE THE COURT

Defendant's Motion for Judgment on the Pleadings is before the court, **[DN 65]**, based on the action of the court on the motion, if necessary, Defendant plans to file a motion for leave to file an amended answer and/or counterclaim to seek damages and/or oppose the subject trademarks that were allegedly infringed upon at the United States Patent and Trademark Office ("USPTO") Trademark Trial and Appeal Board ("TTAB") when they are published for opposition on October 20 for being obtained fraudulently and in bad-faith, as may be necessary to defend the action and seek equity. The Defendant is a *pro se* litigant and has agreed to the imposition of the equivalent of a permanent injunction under equitable terms fashioned by the Court that restrict the Plaintiff from abusing their trademark privileges which the Defendant has demonstrated Plaintiff has done in the past, currently doing and are attempting to do with this case as stated in his Motion for Judgment on the Pleadings and Memorandum of Support for a Motion for Judgment on the Pleadings **[DN 65-2]**.

The Court should stay the parties' discovery obligations while it considers Defendant's dispositive action with his motion for judgement on the pleadings which may very well adjudicate this action. Circuit and district courts have recognized the need to stay discovery when, as here, a court is faced with purely legal questions that are case-dispositive: "Facial challenges to the legal sufficiency of a claim or defense, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). This recognition is based on the "significant costs" of unnecessary discovery—to the judicial system and even to the party seeking discovery, as well as to the party from whom discovery is sought. See *Id.* at 1367- 38. "[N]either the parties nor the court have any need for discovery" at this juncture, *Id.* at 1367, so these costs, obligations and procedures are entirely avoidable.

This "general rule" favoring a stay of discovery fully applies here. The Defendant makes compelling arguments in support of outright dismissal or entry of an equitable final judgement. Taken together, these arguments demonstrate why the Plaintiff cannot prevail in this action even if they were

able to prove each and every allegation found in their complaint as they are all related to infringement over a term which they cannot control with exclusive trademark privileges which the Plaintiff themself has admitted is descriptive by claiming it as distinctive, and much less so by willfully submitting a fraudulent claim for association services which they have not commercialized. This case really boils down to whether the Defendant is entitled to use a term that he was licensed to use by the Governor of Kentucky, whether the Plaintiff has a bona-fide right to bring this action, whether they hold a trademark for the Defendant's specific use, if infringement can actually be claimed on a trademark the Plaintiff admitted as descriptive, if the Plaintiff's other trademarks are valid based on the Defendant's claim they were obtained fraudulently and the fact that there are no laws that preclude the Defendant's generic and descriptive use of the term "Kentucky colonels" under his letters patent. Allowing discovery at this time would thus be to wrongly impose "avoidable" and "unnecessary costs to the litigants and to the court system." *Chudasama*, 123 F.3d at 1368.

Courts routinely stay discovery while a motion that would be dispositive of the claims in the complaint is pending. See, e.g., *Oce N. Am., Inc. v. MCS Servs., Inc.*, No. CV WMN-10-984, 2011 WL 13217390, at *2 (D. Md. Mar. 1, 2011); see also *Thigpen v. United States*, 800 F.2d 393, 396–97 (4th Cir. 1986). A stay of discovery pending the determination of a dispositive motion is "an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Wymes v. Lustbader*, No. CIV. WDQ-10-1629, 2012 WL 1819836, at *4 (D. Md. May 16, 2012) (quotation omitted). "When considering a stay of discovery pending the outcome of a dispositive motion, courts may consider: the potential for the dispositive motion to terminate all claims in the case or all claims against a particular party; the merits of the dispositive motion; and the irrelevancy of the discovery to the dispositive motion." *Oce N. Am.*, 2011 WL 13217390, at *1 (citing *Yongo v. Nationwide Affinity Ins. Co.*, No. 07–94–D, 2008 WL 516744 (E.D.N.C. Feb. 25, 2008)). Here, the Court should stay discovery because Defendants' pending Motion for Judgement on the Pleadings and potentially forthcoming motion to for leave to amend his answer and/or file a counterclaim should

terminate Plaintiffs' claims on jurisdictional grounds, and discovery is not needed to resolve these motions or settle the dispute and will also be premature if the Defendant files a counterclaim.

## II. DISCOVERY IN THIS CASE IS PREMATURE AND SHOULD NOT BE PERMITTED AT THIS TIME

The Defendant clearly argues that the Plaintiff does not have standing in the Memorandum in Support of the Motion for Judgement on the Pleadings. Defendant also provides judicial notice that the only applicable trademark claim of the Plaintiff is invalid and was applied for using a highly sophisticated form of elusive fraud that omitted basic and essential information (about the Defendant and other organizations they are aware of) requested by the USPTO only three days before this action to bring harm to the Defendant. The Plaintiff both believed and knew that the Defendants were conducting business and intended to because our trade name was registered (as were other trade names) with the Secretary of State of the Commonwealth of Kentucky when they made their trademark applications on February 17 which were submitted under oath. Besides demonstrating that the Plaintiff has unclean hands, Defendant presents 17 other affirmative defenses in his answer that may bar the complaint. Any one of these claims being made by the Defendant are capable of mooting or barring this complaint. Mootness and standing are threshold jurisdictional issues, and the Court must dismiss the case if it is moot, the claims are barred or if Plaintiff lacks standing. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998) (stating that whether the plaintiff "has standing to sue" is a "threshold jurisdictional question"); *Sec. & Exch. Comm'n v. Med. Comm. for Human Rights*, 404 U.S. 403, 407 (1972) ("Our lack of jurisdiction to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy."); *Stop Reckless Econ. Instability Caused by Democrats v. Fed. Election Comm'n*, 814 F.3d 221, 232 (4th Cir.), cert. denied, 137 S. Ct. 374, 196 L. Ed. 2d 292 (2016) (finding that the district court should not have reached the merits of certain claims because they were moot and remanding those claims to the district court for dismissal pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure); *Kimberlin v. McConnell,* No. GJH-16-1211, 2016 WL 8667769, at

*1 (D. Md. June 3, 2016), aff'd, 671 F. App'x 128 (4th Cir. 2016) (citing Rule 12(h)(3) and dismissing the case because the plaintiff lacked standing); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A motion for judgement on the pleadings or a motion to dismiss are clearly dispositive motions that would justify a stay in discovery pending its resolution. See *Oce N. Am.*, 2011 WL 13217390, at *1.

In the event that the Motion for Judgement on the Pleadings is unsuccessful the Defendant shall be filing a counterclaim seeking cancellation of the Plaintiff's trademarks that were obtained fraudulently under oath and seek damages as well as amend his Answer and Affirmative Defenses. In both such defense scenarios it would be premature to begin discovery at this time. Since the Plaintiff is being protected with a preliminary injunction and the Defendant is essentially not conducting any commercial activity it is not likely that beginning discovery before the Defendant can fully exercise his constitutional rights to seek equity will have any positive result nor can the action proceed in the interest of justice.

## CONCLUSION

For all the aforementioned reasons, Col. David J. Wright respectfully asks the Court to grant his motion to stay potentially unnecessary discovery and the Rule 26(f) conference pending resolution while the Court considers his Motion for Judgement on the Pleadings.

Caracas, Venezuela
Dated: October 01, 2020

Col. David J. Wright
Edificio Torre 997, Local B
San Juan, Caracas
Distrito Capital, Venezuela 1021
david.wright@globcal.net
+1 (859) 379-8277

## Certificate of Service

I hereby certify that on October 01, 2020 before 5:00 PM EST, I emailed for filing the foregoing Motion with attachments to the Clerk of the Court for the United States District Court of the Western District of Kentucky using the special Pro Se Intake Email per General Orders 20-04 and 20-11 for entry to the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Clerk's Office
601 W. Broadway, Rm 106
Gene Snyder United States Courthouse
Louisville, KY 40202

*David J. Wright* (signature)