UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| THE HONORABLE ORDER OF KENTUCKY COLONELS, INC. | ) ) ) | |
| PLAINTIFF | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 3:20cv-132-RGJ-RSE |
| COL. DAVID J. WRIGHT | ) ) | |
| DEFENDANT | ) ) ) | **PROPOSED ORDER** |

**ORDER**

This matter is before the court on "Defendant's Motion to Stay Discovery pending ruling on Defendant's Motion for Judgement on the Pleadings. In the Motion to Stay, Defendant seeks to stay discovery in this matter until a ruling is issued as to his motion and its memorandum [DN 65] and [DN 65-2]. The motion for judgement on the pleadings assert that it is timely and that Plaintiff's Complaint should be dismissed or a final judgement should be entered based on information contained in the Complaint, the Answer, Affirmative Defenses, Inconsistent Claims and Defenses and information presented in the Motion for Judgement on the Pleadings pursuant Federal Rules of Civil Procedure 12(c). (See *Id.*)

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. See *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). Federal Rule of Civil Procedure 26 does, however, provide that: [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is

pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . . Fed. R. Civ. P. 26(a).

A motion to stay discovery is an appropriate exercise of this court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Id. (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)). In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule. As a result, stays of all discovery are generally disfavored in District Court. *Chavez v. Young Am. Ins. Co.*, No. 06BCVB02419BPSFBBNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (citation omitted).

Although the stay of proceedings in a case is generally disfavored, the court has discretion to stay discovery while a motion is pending. *String Cheese Incident*, 2006 WL 894955, at *2 (finding that a stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); *Vivid Techs., Inc. v. Am. Scl. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay

of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

The court acknowledges that Plaintiff has an interest in proceeding expeditiously with this matter; however, Plaintiff has engaged in settlement negotiations and the Defendant is under a preliminary injunction order protecting the public interest. Therefore, the first String Cheese Incident factor weighs in favor of staying discovery.

With regard to the second factor, the court finds that Defendants have not demonstrated that proceeding with the discovery process presents an undue burden. However, the court agrees that the proceedings will be wasteful if the motions to dismiss are granted. The court therefore finds that the second String Cheese Incident factor weighs in favor of staying discovery.

With regard to the third factor, it is more convenient for the court to stay discovery until it is clear that the case will proceed. See *Chavous*, 201 F.R.D. at 5 (stating that staying discovery pending decision on a dispositive motion that would resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]."). Accordingly, the third String Cheese Incident factor weighs in favor of staying discovery.

With regard to the fourth factor, there are no nonparties with particularized interests in this case. Accordingly, the fourth String Cheese Incident factor neither weighs in favor nor against staying discovery.

With regard to the fifth and final factor, the court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the court clearly serves this interest. Thus, the fifth String Cheese Incident factor weighs in favor of staying discovery.

Weighing the relevant factors, the court concludes that staying discovery pending resolution of Defendant's motion for judgement on the pleadings is appropriate.

Accordingly, it is ORDERED that Defendant's Motion to Stay Discovery pending ruling on Defendant's Motion for Judgement on the Pleadings is GRANTED. All proceedings in this matter are STAYED pending ruling on the motion. Notwithstanding dismissal or final judgement, the Parties shall file a collaborated updated joint status report within twenty-one (21) days of ruling on the Defendant's Motion for Judgement on the Pleadings to advise if a further scheduling conference should be set.

SO ORDERED:

SIGNED this _____ day of October, 2020.

_____
Magistrate Judge Regina S. Edwards

U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY