UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | |
|---|---|
| THE HONORABLE ORDER OF ) <br> KENTUCKY COLONELS, INC. ) <br> ) <br> PLAINTIFF ) <br> ) <br> ) <br> v. ) <br> ) <br> KENTUCKY COLONELS ) <br> INTERNATIONAL, et al. ) <br> ) <br> ) <br> DEFENDANTS ) | CIVIL ACTION NO. 3:20CV-132-RGJ |

**PLAINTIFF'S RESPONSE AND OBJECTION TO**
**DEFENDANT'S MOTION TO STAY DISCOVERY [DN 66]**

Defendant, David J. Wright, requests the Court stay discovery in this action pending a ruling on his *sixth* motion to dismiss. That is not a misprint. Wright has unsuccessfully moved for dismissal *six times*. His latest dismissal motion, based on the exact same arguments, is destined for the same outcome. There are no legal or rational grounds for disrupting the progress of discovery to accommodate Wright's quixotic pursuit of dismissal. More importantly, the discovery which Wright seeks to avoid consists of a few narrowly focused interrogatories directed at ascertaining the identity of the other individuals who have participated in Wright's improper activities. Those simple requests do not impose an undue burden on Wright as such information is readily available. That information is needed for the Honorable Order of Kentucky Colonels, Inc. ("HOKC") to identify those who have sponsored Wright's misconduct and join those

individuals in this action. Wright's request for a stay of discovery is unsupportable and should be denied.

## PROCEDURAL BACKGROUND

The instant motion requests a stay of discovery pending a ruling on the recently filed Defendant's Motion for Judgment on the Pleadings **[DN 65]**. That motion was preceded by Defendant's Motion to Dismiss or Continue with Time Extension [**DE 24**]; Defendant's Motion to Dismiss [**DE 37**]; Defendant's Amended Motion to Dismiss [**DE 47**]; Defendant's Motion to Drop Defendants [**DE 51**]; and Defendant's Amended Motion to Dismiss and/or Summary Judgment **[DN 52]**. Thus, Wright has requested dismissal of the Verified Complaint in one form or another six (6) times.

Wright acknowledges that his latest effort, like the prior motions, is based primarily on the assertion that "[t]he term 'Kentucky Colonels' belongs to the public domain under the merger doctrine and is alternatively generic and merely descriptive of a group of Kentucky Colonels which Defendant (and many others) have been legally using for many years with the full knowledge and awareness of the Plaintiff." [Defendant's Motion to Stay Discovery **[DN 66]**, PageID # 1369]. That argument has been expressly rejected by the Court:

> As discussed above and in the Court's previous TRO [DE 32], the Court has analyzed and found HOKC has presented a substantial question on its trademark and cyberpiracy claims based on the documents presented and preliminary injunction hearing. ***The Court rejected Wright's primary arguments that HOKC's mark is part of the public domain [DE 52-2]***, Supp. Mot. Dis. at 1078] and that HOKC has committed copy fraud for the reasons previously stated [DE 32] and above. ***As reiterated above, HOKC's rights related to the KENTUCKY COLONELS mark in connection to charitable organizations and membership services and it is not in the public domain as it relates to the services.*** Wright's motions to dismiss under Rule 12(b)(6) are thus denied.

[8/13/20 Order **[DN 58]**, PageID # 1232] (emphasis added).

In addition to rejecting Wright's multiple motions to dismiss, the Court's August 13, 2020 Order **[DN 58]** referred the matter to the Magistrate Judge for further proceedings. By Order dated August 13, 2020 **[DN 59]**, Magistrate Judge Regina S. Edwards directed the parties to meet and confer in preparation for a scheduling conference on October 16, 2020. Incredibly, Wright now contends that the parties never discussed a discovery schedule. [Defendant's Motion to Stay Discovery **[DN 66]**, PageID # 1369]. Wright makes this representation even though he participated in a telephone conversation with counsel for HOKC on August 26, 2020 specifically discussing settlement and a proposed scheduling order. The day after that conversation, counsel provided Wright with a proposed draft of a Rule 26(f) report which included a proposed discovery schedule.[1] Counsel and Wright subsequently exchanged emails discussing the possibility of settlement, but those communications did not result in meaningful progress. Consequently, by correspondence dated September 8, 2020, Wright requested two changes to the proposed report.[2] After making those changes, counsel filed the Joint Rule 26(f) Report on September 9, 2020 **[DN 63]**. Approximately an hour after the Joint Report was filed, Wright advised that he was withdrawing his consent to the report **[DN 64-1]**. That email necessitated counsel's filing of HOKC's Notice Regarding Joint Rule 26(f) Report of Planning Meeting and Proposed Scheduling Order **[DN 64]**. Thus, Wright's claim that he has not participated in discussions concerning the discovery schedule is demonstrably false.

---

[1] A copy of counsel's 8/27/20 email to Wright is attached hereto as Exhibit 1.

[2] A copy of Wright's 9/8/20 email is attached as Exhibit 2.

## FACTUAL BACKGROUND[3]

To avoid cluttering the record, HOKC will not repeat the facts that have been established through the Verified Complaint, affidavits, and the evidentiary hearing on March 4, 2020 **[DE 22]**. For purposes of the instant motion, HOKC simply notes that the Court has already found that the proof of record demonstrates, *inter alia*, (1) the KENTUCKY COLONELS Mark is not in the public domain when used in connection with certain goods and services as identified in its registrations and pending applications; (2) HOKC has shown a likelihood of success on its trademark infringement claim; (3) HOKC has shown a likelihood of success on its anticybersquatting claim; (4) HOKC has demonstrated that it will suffer irreparable harm if Wright is not enjoined from his activities; and (5) the defenses offered by Wright are legally and factually inadequate [8/13/20 Order **[DN 58]**, PageID #1220-1234]. Wright's latest motion to dismiss offers nothing to alter these conclusions.

## ARGUMENT

### I. WRIGHT'S MOTION TO STAY DISCOVERY SHOULD BE DENIED.

#### A. The Federal Rules of Civil Procedure do not Mandate an Automatic Stay of Discovery Simply Because a Motion to Dismiss is Filed.

If the Federal Rules contemplated that a dispositive motion should stay discovery, the rules would contain such a provision. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

---

[3] HOKC incorporates herein by reference the factual background, supporting documents, affidavits, and other record proof tendered with its Verified Complaint **[DE 1]**, Motion for Temporary Restraining Order and Preliminary Injunction **[DE 7]**, Supplement to Plaintiff's Motion for Temporary Restraining Order **[DE 13]**, Second Supplement to Plaintiff's Motion for Temporary Restraining Order **[DE 18]**, Reply in Support of Plaintiff's Motion for Preliminary Injunction **[DE 21]**, Plaintiff's Response to Defendants' Motion to Dismiss or Continue with Extension of Time **[DE 27]**, Plaintiff's Renewed Motion for Preliminary Injunction **[DE 39]** and Plaintiff's Reply in Support of Renewed Motion for Preliminary Injunction **[DE 48]**.

Indeed, a stay of discovery is directly at odds with the need for the expeditious resolution of litigation. *Sparks v. Fifth Third Mort. Co.*, No. 5:17-cv-450-CHB-REW, 2018 WL 2250920, at *1 (E.D. Ky. May 3, 2018); *ONG Fid., Inc. v. Sirius Techs., Inc.*, 239 F.R.D. 300, 304 (N.D. N.Y. 2006). Because of that, courts routinely decline to stay discovery during the pendency of a "standard motion to dismiss." *United States ex rel. Jacobs v. CDS, P.A., et al.*, No. 4:14-cv-00301-BLW, 2015 WL 5257132, at *1-2 (D. Idaho Sept. 3, 2015). Rather, "[stay] orders are only appropriate … upon a showing of 'good cause' by the parties seeking the order." *Gray*, 133 F.R.D. at 40 (citing Fed. R. Civ. P. 26(c)). The moving party must show a ***particular and specific need*** for the protective order, as opposed to making "stereotyped or conclusory statements." *Id*. In sum, "unless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed," courts should not grant a motion to stay pending a ruling on a dispositive motion. *Sparks*, 2018 WL 2250920, at *1.

Here, the filing of Wright's latest motion to dismiss certainly does not reflect or suggest that HOKC's case lacks merit. In fact, the grounds for the motion are virtually identical to the grounds for his first *five* dismissal motions. The notion that he will somehow succeed on his *sixth* motion to dismiss is utterly misguided. The Court has already found that HOKC has demonstrated a substantial likelihood of prevailing on the merits of its claim. Wright's Motion for Judgment on the Pleadings **[DN 65]** offers no reason to doubt those findings.

> **B.    Proceeding with Discovery Would Not Impose an Undue Burden on Wright.**

Wright offers no more than a "stereotyped or conclusory statements" justifying his request for a stay. He argues that a stay is appropriate because "discovery at this stage is premature and unnecessarily burdensome and costly." [Defendant's Motion to Stay Discovery **[DN 66]**, PageID

# 1368]. But this disingenuous assertion ignores the fact that the discovery attempted thus far is limited to written discovery, narrowly focused on identifying additional parties.[4] Providing that information imposes virtually no burden on Wright since he has repeatedly referred to those individuals in his Court filings and correspondence. [*See* Exhibit 3].

Moreover, Wright's assertion that *he* is the victim of unnecessary burden is almost laughable under the circumstances. In light of his *pro se* status, the Court is understandably inclined to grant Wright considerable leeway in motion practice. Even with that indulgence, however, Wright's endless dismissal filings go far beyond the scope of what is permissible under the rules. HOKC has responded to Wright's haphazard and endless barrage of vitriolic rhetoric and self-serving bombast, even though, as acknowledged by the Court, Wright's arguments are completely without merit. HOKC will respond to Wright's Motion for Judgment on the Pleadings **[DN 65]** even though that motion offers nothing new. But the latest float in Wright's parade of horribles should not delay the progress of this case to final resolution.

HOKC is entitled to litigate this matter now. The only additional information needed are the identities of the potential additional defendants. The stay that Wright seeks would unreasonably and unnecessarily delay disclosure of those vital pieces of information.

## CONCLUSION

By asking the Court to stay discovery, Wright advocates a departure from the normal operation of the rules and denial of HOKC's right to expeditiously resolve its claims. All based on the long odds that his *sixth* motion to dismiss will dispose of HOKC's claims entirely. He has not met his heavy burden of demonstrating that this extraordinary relief is warranted. There is no reason to delay this case, and the motion to stay should be denied.

---

[4] A copy of HOKC's pending written discovery is attached hereto as Exhibit 3.

Respectfully submitted,

*/s/ Cornelius E. Coryell II*
Cornelius E. Coryell II
Michelle Browning Coughlin
Julie Laemmle Watts
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, KY  40202
(502) 589-5235
ccoryell@wyattfirm.com
mcoughlin@wyattfirm.com
jwatts@wyattfirm.com

*Counsel for Plaintiff, the Honorable Order of Kentucky Colonels, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that a true and correct copy of the foregoing has been served upon the following, via electronic mail, on the 2nd day of October, 2020:

David J. Wright
david.wright@globcal.net
Edificio Torre 997, Local B
San Juan, Caracas
Distrito Capital, Venezuela 1021

*/s/ Cornelius E. Coryell II*
*Counsel for Plaintiff, the Honorable Order of Kentucky Colonels, Inc.*

100374571