**FILED**

VANESSA L ARMSTRONG, CLERK

10/4/2020

U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

|   |   |   |
|---|---|---|
| **THE HONORABLE ORDER OF** | ) | Civil Action No. 3:20-cv-132-RGJ-RSE |
| **KENTUCKY COLONELS, INC.** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **REPLY TO RESPONSE AND** |
| | ) | **OBJECTION TO MOTION TO** |
| **COL. DAVID J. WRIGHT** | ) | **STAY DISCOVERY** |
| **Defendant** | ) | |
| | ) | |

**REPLY TO PLAINTIFF'S RESPONSE AND OBJECTION**
**TO DEFENDANT'S MOTION TO STAY DISCOVERY**

Defendant, Col. David J. Wright, *pro se*, most respectfully moved this Court to stay of all parties'

discovery obligations and the meeting of the parties required under Federal Rule of Civil Procedure Rule

26(f) until the Court resolves the validity of Plaintiff's complaint on the claim of trademark infringement

on October 01, 2020 with **[DN 66]**. Plaintiff's Response and Objection to Defendant's Motion to Stay

Discovery on October 02, 2020 **[DN 67]** must be overruled for the foregoing reasons:

**ARGUMENT**

Plaintiff has responded and objected to the Motion to Stay Discovery with a **totally baseless,**

**non-factual argument attempting to bias, prejudice and sidetrack this Court with inequitable claims**

that Defendant's Motion for Judgement on the Pleadings should not be considered and will be treated the

same as previous motions for dismissal are false, because *the motion is based on newly discovered facts*

that could not be pled or presented to the Court when the corporate Defendants were engaged and other

prevalent and relevant facts that were not known yet; such as the Plaintiff's refusal from the United States

Patent and Trademark Office on May 12, 2020 for "association services" and that **most, perhaps all, of**

**the Plaintiff's trademarks were obtained based on fraudulently averred applications made under**

**oath**. The Plaintiff sophisticatedly alleges that Defendant is using the "exact same arguments" in a "quixotic pursuit of dismissal" which is simply **not the case, or *even close*** to what has only been contemporaneously offered and presented in an <u>uncontroverted initial Answer with Affirmative Defenses</u> and a Motion for Judgement on the Pleadings. Defendant presents in good-faith judicially noticeable facts, case law, Supreme Court decisions and Circuit Court opinions to seek equity and justice from this Court to enter a *court fashioned equitable judgement* **in favor of both parties** or *dismiss the case as it stands now without prejudice*. Either resolution would end the case and neither would show prejudice to the parties.

It is unusual for order a pre-trial conference or consider discovery before the Defendant files an answer. It is also unusual to impose a preliminary injunction before discovery in many cases, but here to deny the Defendant due process, the Plaintiff is using the decision of their "likelihood of success on the merits" as a potential determining factor of their rights to push the Defendant into premature a discovery process which they tried to initiate only five days after the Answer and Affirmative Defenses **[DN 62]** were filed with the Court, less than 40 days ago. Now that the Defendant has moved the court to consider a *very timely motion*,[1] Judgement on the Pleadings **[DN 65]** which can **only be initiated prior to discovery upon the close of the pleadings.** The Plaintiff is trying to shortchange the Defendant of his rights to due process which seek equity as a matter of law, is truly unbelievable. The Defendant has always been in full compliance with U.S. Law, whereas the Plaintiff has not been or as forthcoming with information about its activities and failures to disclose information it has full knowledge and awareness of.

The Plaintiff expresses it wants the Court to obligate the Defendant into an unnecessary discovery process to engage others that are *not party to the suit*, part of an organization that has been *<u>defaulted upon and has closed</u>*, are protected under the Volunteer Protection Act of 1997, or protected under the *work product doctrine* of a closed business that has been wound up, disbanded and finished; which existed for

---

[1] "Fed. R. Civ. P Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, cross-claim, or third-party claim is interposed, in which event the filing of a reply to a counterclaim, cross-claim answer, or third-party answer normally will mark the close of the pleadings." *Sovereign Bank v. Sturgis* , 863 F. Supp. 2d 75, 80 (D. Mass. 2012) Rule 12(c) "a court may enter judgment on the pleadings only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment." *Patrick v. Rivera-Lopez*, 708 F.3d 15, 18 (1st Cir. 2013)(quoting *Aponte-Torres*, 445 F.3d at 54). Under these standards, Defendant's motion for judgment "on the present record" is timely." *Case 3:20-cv-00132-RGJ-RSE Document 65-2* Filed 09/30/20 PageIDs 1306, 1307

over 20 years that only officially conducted business for less than a full month before being permanently closed by this case, just to further complicate the matter and extend the case to 2021 or 2022 in a totally illogical pursuit to demonstrate authority, power and relentless demands over this *pro se* Defendant at a great risk to themselves.

The facts speak for themselves in this case, it is most likely the Court will find it difficult to believe that the Plaintiff knows and has known the Defendant since starting online in 1998, that the Plaintiff's board members were Defendant's Facebook group participants, collaborated with the Defendant in 2017 and 2019 to unite or align his organization with theirs; then turned around to apply for trademarks fraudulently only three days before bringing this lawsuit claiming that Defendants infringed on their trademark(s) after denying our existence (and the existence of all other Kentucky colonel organizations) under oath to a Federal Agency, making the complaint truly incredible and removing the possibility of any infringement under the Trademark Act, wiping out the Plaintiff's claims.

> "Defendant has filed a Motion for Judgment on the Pleadings arguing that Plaintiff's claims should be dismissed or an equitable judgement be entered because the Plaintiff lacks prudential jurisdictional standing, because Plaintiff has failed to plead facts demonstrating a proper remedy, because there is no greater remedy that can be imposed than the Court has already implemented which the Defendant is in agreement with upon equitable terms, because settlement has been negotiated between the Parties adequately to satisfy the Court, because the Plaintiff does not have sufficient grounds to prove a claim for infringement, and because Plaintiff's claims are barred by laches and eight or more other doctrines that prevent further adjudication therefore, a Motion for Judgment on the Pleadings both appropriate and timely, ripe for decision, and may resolve this entire case.[2] Moreover Plaintiff, The Honorable Order of Kentucky Colonels, Inc. ("Honorable Order") has expressed an interest in settling the case given the proper terms of a permanent injunction." *Defendant's Motion to Stay Discovery* **[DN 66]**

Plaintiff, after demanding discovery begin immediately, in the morning on October 02, 2020 prior to filing their Response and Objection to Defendant's Motion for a Stay of Discovery **[DN 67]**, Plaintiff *once again offered to settle the case without damages* with an Settlement Agreement and Release **[Exhibit 1]** and an Agreed Permanent Injunction **[Exhibit 2]** which together negate and subject Defendant's rights

---

[2] The Honorable Order's counsel has served interrogatories on the *pro se* Defendant requesting information outside the scope and jurisdiction of this matter that is protected under U.S. Copyright Law. Clearly service of discovery requests at this time, prior to any Rule 26(f) conference, is overreaching and premature, and is in plain violation of the Federal Rules of Civil Procedure.

and only provides *one toned down equitable clause* of the many equitable and fair terms proposed by the Defendant, further it does not consider any of the losses incurred by the Defendant as a result of this case, admit any of their own actions, acknowledge Defendant's intellectual property disclosed in January, Defendant's copyright claims or consider the relevant facts presented to the Court in the Motion for Judgement on the Pleadings. One of the clauses of the Plaintiff's draft Settlement Agreement and Release is that the Defendant does not oppose or seek to cancel their mistaken trademarks, this is something that can only be obtained through a fair, amicable and negotiated settlement that shows equity and consideration for the Defendant's position which has been grossly underestimated by the Plaintiff.

In their response and objection the Plaintiff also raises contention relative to the Defendant's *pro se status* as being inadequate or somehow ridiculing it before the court as a reason to disregard his quest for equity and justice in this case. This is done to disgrace and humiliate the Defendant and delude the Court to believe that the claims made by the Defendant have no merit, while in actuality everything stated in the Answer, Affirmative Defenses, and Inconsistent Claims and Defenses and the Motion for Judgment on the Pleadings are the most compelling and significant evidence presented to the Court since this case began.

## **CONCLUSION**

Considering this reply it should be clear to the Court that the overly confident Plaintiff has brought on a case they want to settle before the Court can hear or consider the new evidence brought by the Defendant's claims made in his *recently filed Answer and Affirmative Defenses* and *Motion for Judgement on the Pleadings* to obligate a premature discovery in simple case that already has clear lines drawn for the Court to treat and conclude notwithstanding any more delay. However, in an effort to further complicate the matter Plaintiff wants to engage straw men to beg the question of "actual" infringement before the Court with no apparent or implied benefit considering their most recent settlement offer only days ago. So while the Court may consider the Plaintiff's recent settlement offer it must also consider reviewing the Defendant's filings and stay discovery to insure equity and justice. For all the aforementioned reasons, Col. David J. Wright respectfully, once again, requests the Court to grant his

motion to stay potentially unnecessary discovery and the Rule 26(f) conference pending resolution while the Court considers his Motion for Judgement on the Pleadings.

Caracas, Venezuela
Dated: October 04, 2020

Col. David J. Wright
Edificio Torre 997, Local B
San Juan, Caracas, Venezuela 1021
david.wright@globcal.net
+1 (859) 379-8277

## Certificate of Service

I hereby certify that on October 04, 2020, I emailed for filing the foregoing Motion with attachments to the Clerk of the Court for the United States District Court of the Western District of Kentucky using the special Pro Se Intake Email per General Orders 20-04 and 20-11 for entry to the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Clerk's Office
601 W. Broadway, Rm 106
Gene Snyder United States Courthouse
Louisville, KY 40202