**EXHIBIT 2** - Plaintiff's Draft (Corrected) Settlement Agreement and Release

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made entered into effective this ____ day of _____, 2020, by and between The Honorable Order of Kentucky Colonels, Inc. ("HOKC") and David J. Wright ("Wright"); Kentucky Colonels International ("KCI"); Globcal International ("Globcal"); Ecology Crossroads Cooperative Foundation, Inc. ("Ecology Crossroads"); and Kentucky Colonel Foundation ("KCF") (Wright, KCI, KCF, Globcal, and Ecology Crossroads are hereby collectively referred to as "Defendants").

## WITNESSETH

WHEREAS, HOKC is a nonprofit, tax exempt corporation organized and existing under the laws of the Commonwealth of Kentucky with its principal place of business at 934 South First Street, Louisville, Kentucky 40203; and

WHEREAS, Ecology Crossroads is a corporation organized under the laws of the Commonwealth of Kentucky with its principal place of business at 302 General Smith Drive, Richmond, Kentucky 40475; and

WHEREAS, Globcal is an assumed name of Ecology Crossroads; and

WHEREAS, Wright is the owner, manager, and authorized agent and representative of Ecology Crossroads, and unincorporated or defunct organizations KCI and KCF; and

WHEREAS, HOKC has filed and registered federal trademark applications for, and carefully protected and enforced, the KENTUCKY COLONELS Mark and has continuously used the KENTUCKY COLONELS Mark in connection with philanthropic, membership, social, and other activities; and

WHEREAS, on February 20, 2020, HOKC filed an action in the United States District Court for the Western District of Kentucky at Louisville styled, *The Honorable Order of Kentucky Colonels, Inc. v. Kentucky Colonels International, et al.*, Civil Action No. 3:20-CV-132-JRW (the "Civil Action"), asserting various claims against the Defendants relating to the use of the KENTUCKY COLONELS Mark; and

WHEREAS, by Order entered in the Civil Action on August 13, 2020, the Court granted HOKC's motion for a temporary restraining order and preliminary injunction (the "Preliminary Injunction"), restraining and enjoining Defendants, and any other persons or entities acting with or through them from, among other things, using the KENTUCKY COLONELS Mark, or any mark that is confusingly similar to the KENTUCKY COLONELS Mark in connection with certain activities and further prohibiting the use of certain domain names and social media handles that are confusingly similar to those of HOKC; and

WHEREAS, HOKC and Defendants desire to fully and finally settle the claims that have been asserted in the Civil Action.

NOW, THEREFORE, for and in consideration of the foregoing recitals and the terms and conditions set forth in this Agreement, the mutuality and sufficiency of which are hereby acknowledged, the parties agree as follows:

**First:    Entry of Agreed Permanent Injunction**

The parties agree to jointly request the Court enter the Agreed Permanent Injunction attached hereto as Exhibit A, thereby making the terms of the Preliminary Injunction and relief provided to HOKC therein permanent.  Entry of the Agreed Permanent Injunction by the Court is an express condition of this Agreement, and the Court shall

maintain jurisdiction over this matter for purposes of enforcement of the Agreed Permanent Injunction as well as enforcement of the terms of this Agreement.

**Second:   No Challenge to HOKC Trademark Applications**

Defendants agreed not to oppose any pending or future trademark applications by HOKC related to the KENTUCKY COLONELS Mark.  Defendants further agree not to seek to cancel any current trademark registrations, or future trademark registrations that may mature from pending or future applications, by HOKC related to the KENTUCKY COLONELS Mark.

**Third:   No Transfer of Assets**

HOKC and Defendants acknowledge that no transfer of assets has occurred in connection with this Agreement and the parties agree that they will not make any representations or take any action indicating or suggesting that any party has acquired or assumed control over any asset of the other party.

**Fourth:   No Reprisals**

HOKC agrees that it will not interfere with the use of the honorable tile "Kentucky Colonel" as a personal description or representation by Wright or any other individual affiliated with the Defendants.

**Fifth:  Complete Release by HOKC**

For and in consideration of the actions and promises provided for herein, the sufficiency of which is hereby acknowledged, immediately upon entry of the Agreed Permanent Injunction described above by the Court, HOKC, on behalf of itself and its partners, members, owners, employees, affiliates, successors, heirs, and assigns, releases, acquits, and forever discharges Defendants, as well as their officers, members, directors,

3

affiliates, attorneys, agents, representatives, employees, administrators, and all persons, firms, corporations, parents, associations, agents, affiliates, or other entities connected therewith, of and from any and all claims, actions, causes of action, demands, obligations, rights, damages, costs, expenses, and/or compensation which HOKC has on account of, or in any way growing out of, the claims which are the subject of the Civil Action.

**Sixth**:   **Dismissal of Civil Action**

HOKC agrees that immediately upon receipt of an executed copy of this Agreement and entry of the Agreed Permanent Injunction referenced herein, counsel for HOKC will execute an Agreed Order of Dismissal dismissing all claims made against the Defendants in the Civil Action with prejudice.  The Agreed Permanent Injunction and Agreed Order of Dismissal shall provide that the Court will maintain jurisdiction over this matter for purposes of enforcing the Agreed Permanent Injunction.  HOKC and Defendants will be responsible for their own costs, expenses, and attorneys' fees incurred in prosecuting and defending the Civil Action.

**Seventh**:   **Settlement of Claim**

The compromise and settlement which forms the basis of this Agreement has been arrived at after thorough bargaining and negotiating and represents a final, mutually agreeable compromise.   HOKC and Defendants agree that they have received no inducement, promise, or offer of any kind whatsoever except for the consideration delineated herein, and that this Agreement is executed without reliance on any statement or representation made by the other party or their counsel.

**Eighth:   Non-Admission of Liability**

This Agreement shall not in any way be construed to be an admission by Defendants of any liability whatsoever, or as an admission by Defendants that HOKC has any rights whatsoever against it.

**Ninth:   Announcement of Settlement by HOKC**

Immediately upon entry of the Agreed Permanent Injunction attached hereto as Exhibit A by the Court, HOKC will post an announcement on its website and public Facebook page stating that the claims made in the Civil Action have been resolved through a mutually agreed settlement and that the Civil Action has been dismissed.

**Tenth:   Governing Law**

This Agreement is made and entered into in the Commonwealth of Kentucky and shall in all respects be interpreted, enforced, and governed under the laws of the Commonwealth of Kentucky.

**Eleventh:   Full and Independent Knowledge**

Defendants represent and agree that they have fully analyzed and considered all aspects of this Agreement; that they have carefully read and fully understand all of the provisions of this Agreement; that they have taken as much time as they need for full consideration of this Agreement; that they fully understand the Agreement and their obligations under the Agreement; and that David J. Wright has the capacity to enter into this Agreement on behalf of all Defendants.

PLEASE READ CAREFULLY.

5

| | |
|---|---|
| _____ <br> Cornelius E. Coryell II <br> WYATT, TARRANT & COMBS, LLP <br> 400 West Market Street, Suite 2000 <br> Louisville, Kentucky 40202 <br> ccoryell@wyattfirm.com <br><br> *Counsel for The Honorable Order of Kentucky Colonels, Inc.* | _____ <br> David J. Wright <br> *Individually* <br><br> _____ <br> David J. Wright <br> *On Behalf of Defendants Kentucky Colonels International; Globcal International Ecology Crossroads Cooperative Foundation, Inc.; and Kentucky Colonel Foundation* |

100366295

6