**FILED**
Vanessa L Armstrong, Clerk
Oct 08 2020
U.S. District Court
Western District of Kentucky

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **THE HONORABLE ORDER OF KENTUCKY COLONELS, INC.** **Plaintiff** ) ) ) ) ) | Civil Action No. 3:20-cv-132-RGJ-RSE |
| vs. ) ) | **RESPONSE AND OBJECTION TO MOTION OF TIME TO RESPOND** |
| **COL. DAVID J. WRIGHT** **Defendant** ) ) ) | |

## DEFENDANT'S RESPONSE AND OBJECTION TO PLAINTIFF'S MOTION OF TIME TO RESPOND TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant in *pro se*, Col. David J. Wright, herein **responds and objects** to Plaintiff's, The Honorable Order of Kentucky Colonels, Inc. ("Honorable Order")'s Motion of Time to Respond to Defendant's Motion for Judgment on the Pleadings [DN 70]. The pleadings are closed, Defendant's motion was filed as a timely motion prior to discovery being compelled by the Plaintiff, Honorable Order is not necessarily entitled or required to respond or object to a motion for judgement on the pleadings, nor may they amend their complaint once the pleadings are closed. While, a court upon considering a motion for judgement on the pleadings under Fed. R. Civ. P. Rule 12(c) based on its content can convert such a motion to one for summary judgement in which case both parties would be instructed to prepare under Fed. R. Civ. P. Rule 56. Currently there are *no material issues of fact in dispute* relative to the complaint that have not been answered or properly addressed by the Defendant in his contemporaneously filed and uncontroverted Answer and Affirmative Defenses [DN 62] on August 25, 2020, the Defendant has agreed to settle under equitable terms granting the Plaintiff all the relief they have requested in their complaint that can be applied under law and the pleadings are closed. The court "need not allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by

amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Fed. R. Civ. P. 15(a). See also *Corsello*, 428 F.3d at 1014. The Plaintiff has offered to settle the case in various documents that have been proffered to Defendant with one unassailable requirement of a "Permanent Injunction", which the Defendant has agreed to *under equitable terms* considering the Plaintiff's complaint was against an organization operated and created by the Defendant over 20 years ago which is now permanently closed, however involves the Defendant's intellectual property [DN 6], his first publication rights of a commercial website for Kentucky colonels [DN 62-1], involves the rights of other organizations unrelated to this case and the Defendant's individual Constitutional Rights (*See Proposed Orders* [DN 65-6] and [DN 65-7]). The motion for judgement on the pleadings also provides the court with a precedential model and cause as a matter of law for fashioning equitable final judgement in this case to bring this matter to a close in favor of both parties. The Plaintiff is stalling the Court and has refused to engage good-faith in meaningful settlement negotiations with the Defendant that are both equitable and in the interest of justice.

## RECENT PROCEDURAL HISTORY

The Court made an Order [DN 58] which defaulted on corporate Defendants, granted and imposed a preliminary injunction requested by the Plaintiff, denied Defendant's dispositive motions while corporate Defendants were engaged, and ordered a Rule 16 Case Management Conference with Magistrate Judge Regina S. Edwards. Magistrate Judge Regina S. Edwards ordered the Parties to meet to discuss settlement, the facts of the case, prepare a discovery plan, develop a pretrial schedule and to file a Joint Report under Rule 26(f) for consideration at the Case Management Conference on October 16, 2020. The Plaintiff took this as a sign that discovery had begun, served a First Set of Interrogatories which the Defendant refused to answer without objections and not being ready for discovery considering his motion for judgement on the pleadings. As stated by the Plaintiff the Interrogatories are aimed at enjoining additional defendants (of a permanently closed business in default). The Defendant moved the Court with a Motion for Stay on Discovery [DN 66], the Plaintiff filed a Response and Objection [DN 67], the Defendant filed a Reply to Plaintiff's Response and Objection [DN 68], the motion and reply attached

exhibits that discussed settlement. Upon the Court understanding that the case could potentially be settled soon, mooted Defendant's Motion for a Stay on Discovery without prejudice and vacated the Rule 16 Case Management Conference, considering the Motion for Judgement on the Pleadings [DN 65] is pending, suggesting its two proposed orders as **viable** settlement options [DN 65-6] and [DN 65-7]. The Court stated, "parties are ordered to participate in meaningful settlement discussions and shall report their efforts, along with any other updates in the case, to the Court in a joint status report by November 1, 2020." The Plaintiff responded immediately (the next day) to the Defendant and refused to engage in any further settlement discussions as ordered by the Court.

## DISCUSSION

The Defendant has made efforts in good-faith to settle this matter while preserving his rights to defend the case, has demonstrated great reserve to filing a counterclaim seeking to cancel the Plaintiff's incontestable trademarks based on his discovery of fraudulent applications that were mistaken by the United States Trademark and Patent Office ("USPTO") in 1983 through their omission of essential information about competitors that they had knowledge and awareness of, or seek damages from the Plaintiff based on this case leading him to close an endeavor that had existed for over 20 years since emerging online in 1998 at least two full years prior to the Plaintiff's website in 2001 [DN 62-1].

Three trademarks that have been used by the Plaintiff to bring this case in the District Court were applied for at the USPTO only three days prior to filing the complaint, 17 days after the Defendant registered his assumed name with the Secretary of State in Kentucky to legalize his unincorporated fraternal membership organization. The Plaintiff brought the lawsuit without providing any notice or a cease and desist demand. Of the three trademarks the only use of the Defendant "association services" was refused to the Plaintiff based on them never having engaged it in commerce and for being generic and merely descriptive relative to an association made up of Kentucky colonels to register making it invalid, but also fraudulently applied for and harming this Defendant. The Plaintiff knew that the Defendant was legally engaging the term "Kentucky Colonels" as part of a trade name and that it was legally engaged in commerce by the Defendant (and other organizations) at the time they filed their trademark applications

averred under oath and intentionally omitted this pertinent information to the USPTO on all three applications making them fraudulent.

Further delay in considering the Defendant's Motion for Judgement on the Pleadings in favor of an equitable judgement, to dismiss this case or otherwise enter a judicially fashioned decision as a matter of law to end this case now is not in the interest of justice. The Defendant will be forced to oppose the Plaintiff's trademarks in the USPTO Trademark Trial and Appeal Board ("TTAB") when they are published for opposition on October 20, 2020 to prove their invalidity in a separate action that will potentially delay this case for an additional year or more. The Defendant has made it clear that he will not oppose or seek to cancel the Plaintiff's trademarks in the USPTO TTAB to the Honorable Order if a settlement is agreed upon prior to November 01 and has instead used the potential invalidity factors presented in his Answer and Affirmative Defenses [DN 62] and in his Motion for Judgement on the Pleadings [DN 65] to present judicially noticeable facts. They say, "the best defense is a good offense" which the Defendant is reserving pending the Court's decision on the facts, pleadings and affirmative defenses to end this matter expediently.

## ARGUMENT

Plaintiff has moved the Court for time [DN 70] requesting a stay on Defendant's Motion for Judgement on the Pleadings and rejected the Court's Order [DN 69] to engage in "meaningful settlement discussions" based on the Court suggesting Defendant's Proposed Orders [DN 65-6] and [DN 65-7] as viable ways to resolve this case and end the dispute, both of which would afford the Plaintiff's one "unassailable requirement of a Permanent Injunction", considering the alleged infringing organization no longer exists, whether or not the Plaintiff is entitled to such relief is no longer substantial subject matter for consideration nor are the likelihood of success on the merits of the case used to acquire the preliminary injunction because the Defendant has agreed to its permanence.

Upon the Defendant contacting the Plaintiff's counsel to further negotiate settlement the Plaintiff immediately filed the instant motion of time and delivered to the Defendant a fallacious Joint Status Report **(See Exhibit 1)** that has been misconstrued, because Plaintiff has in fact shown no equity or

good-faith towards the Defendant and all such documents that have been proposed to be acceptable to settle the matter have been unilaterally drafted and mastered by the Plaintiff to omit, reject and negate all of the facts presented by the Defendant in [DN 62] and [DN 65]. It is clear through the Plaintiff's actions and their *fast turnaround* of filing a motion for time and presenting the Defendant with their unmovable fallacious position in a Joint Status Report the day after the Court Order [DE 69] was issued that they do not intend to engage in "meaningful settlement discussions" rejects any input or consideration of the Defendant's interests, rights or well-being in this matter or intent to show good-faith. Good faith is defined as "honest intent to act without taking an unfair advantage over another person." The Plaintiff shows contempt for the Court, refuses to acknowledge the Defendant as an equitable participant in this case or in meeting its settlement obligation to resolve the matter, therefore we have the Court.

In the Plaintiff's Response and Objection to the Defendant's Motion to Stay Discovery [DN 67], the Plaintiff again presents a fallacious argument that the Defendant is attempting to use the same evidence and information to seek a dismissal which is not the case in a **totally baseless, non-factual argument attempting to bias, prejudice and sidetrack this Court with inequitable claims** that Defendant's Motion for Judgement on the Pleadings should not be considered and will be treated the same as previous motions for dismissal are purely false, otherwise they would not be filing the instant motion [DN 70]. Any response or objections to Defendant's Motion for Judgement on the Pleadings should not be considered, the pleadings must stand on their own.

Upon the Defendant accepting the terms of three of four documents proffered by the Plaintiff and the Plaintiff indicating their position on a separate "Settlement Agreement and Release" was flexible which the Defendant wanted to amend, the Plaintiff shut down and rejected further communication on the issue of the Agreement, later the same day the Court entered the Order vacating the October 16 Case Management Conference, based on the decision of the Court considering the Proposed Orders [DN 65-6] and [DN 65-7] as viable ways to resolve this case *and the Plaintiff's refusal to consider amending the Settlement Agreement and Release* the Defendant withdrew his consent with reservations to continue to

discuss and negotiate a settlement arrangement as instructed by the Court that can be viewed as equitable and in the interest of law to resolve the dispute.

> The Honorable Order has not sought leave to amend their complaint, they have not controverted the facts presented by the Defendant in his answer in accordance with L.R. 7.1(c), they have indicated to the court that they are ready for discovery, they have offered a negotiated settlement in the form of a consent decree based on the preliminary injunction with an Agreed Judgement resulting in a Permanent Injunction without negotiation. The Defendant, willing to negotiate settlement on the basis of the Plaintiff's Agreed Judgement in good-faith with equity in consideration of the facts, insisted on a joint motion for dismissal with prejudice based on a Private Settlement Agreement and Agreed Order including all the terms initially required by the Plaintiff resulting in a Permanent Injunction. (See [DN-65-3] and [DN 65-4]) Document 65-2 PageID 1338

In a motion for judgement on the pleadings, "[t]he court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Long v. Fulton County Sch. Dist.*, 807 F. Supp. 2d 1274, 1282 (N.D. Ga. 2011) (internal quotation omitted). A complaint will survive judgment on the pleadings if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007))

## CONCLUSION

When the Defendant filed for a stay of discovery with good cause the Plaintiff objected demanding discovery proceed and that the Defendant respond to Interrogatories to complicate the matter forcing the Defendant to provide names of other potential defendants that are protected by the Volunteer Protection Act of 1997; the Court took the right action by ordering the parties to have "meaningful settlement discussions" to resolve the matter. The Plaintiff has consistently shown contempt for the Defendant and now the Court by rejecting the Defendant's attempt to have himself treated equitably by the Plaintiff in settling the matter on amicable terms in good-faith based on their offer to resolve the dispute with a Permanent Injunction which has been agreed to by the Defendant in a negotiated settlement agreement with a business that has permanently ceased operations as a result of this action.

The Plaintiff's motion of time [DN 70] is a dilatory move made in bad-faith to gain time, extend the case over an issue that the Court has adequate information to act upon now, without delay, to dispose of the matter by considering the Motion for Judgement on the Pleadings. The Plaintiff's motion should be denied for the aforesaid reasons (discussion and argument) presented herein. Notwithstanding any decision by the Court relative to this Response and Objection or Judgement on the Pleadings, the Defendant subjectively agrees to a Court ordered Settlement Conference before the Magistrate Judge Regina S. Edwards to resolve this dispute forthwith.

Respectfully submitted in good-faith,

Caracas, Venezuela
Dated: October 08, 2020

*Col. David J. Wright*

Col. David J. Wright
Edificio Torre 997, Local B
San Juan, Caracas, Venezuela 1021
david.wright@globcal.net
+1 (859) 379-8277

**Certificate of Service**

I hereby certify that on October 08, 2020, I emailed for filing the foregoing Response and Objection with attachments to the Clerk of the Court for the United States District Court of the Western District of Kentucky using the special Pro Se Intake Email per General Orders 20-04 and 20-11 for entry to the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Clerk's Office
601 W. Broadway, Rm 106
Gene Snyder United States Courthouse
Louisville, KY 40202

*David J. Wright*