**EXHIBIT 1**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | | |
|---|---|---|
| THE HONORABLE ORDER OF KENTUCKY COLONELS, INC. | ) ) ) | |
| PLAINTIFF | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 3:20CV-132-RGJ |
| KENTUCKY COLONELS INTERNATIONAL, et al. | ) ) ) ) | |
| DEFENDANTS | ) | |

**JOINT STATUS REPORT SUBMITTED PURSUANT
TO THE COURT'S 10/6/20 ORDER [DE 69]**

Plaintiff The Honorable Order of Kentucky Colonels, Inc. ("HOKC") and Defendant David J. Wright ("Wright") hereby submit the following joint status report pursuant to the Court's Order dated October 6, 2020 **[DE 69]** directing the parties to report on the settlement discussions referenced in the pleadings identified in that Order.

**1.      PLAINTIFF'S REPORT**

HOKC has made significant attempts to resolve this matter since the possibility of settlement was first raised by Wright in late August 2020 after the Court's entry of a Preliminary Injunction **[DE 58]**.  (*See* Exhibit 1).[1]  Unfortunately, the settlement options offered by Wright

---

[1] HOKC recognizes that the attached exhibits are voluminous and HOKC does not desire to burden the Court with unnecessary filings.  However, given the nature of the communications that are the subject of this filing, HOKC feels that it is important to provide the Court with the referenced communications so that the Court will not have to rely on the parties' characterizations of those communications.

involved the "purchase of his intellectual property" for substantial consideration, agreeing that the KENTUCKY COLONELS Mark is a generic term, and/or negotiating a "merger and consolidation agreement" involving payment of significant consideration for his "services." (*See* Exhibit 2). HOKC advised Wright that settlement could be accomplished by entry of a final and permanent agreed order incorporating the provisions of the Preliminary Injunction. (*See* Exhibit 3). Wright responded, again demanding the payment of some type of consideration. (*See* Exhibit 4). HOKC then reiterated that it would not consider any settlement option that required payment to Wright. (*See* Exhibit 5).

Over the next several weeks, additional correspondence was exchanged wherein HOKC reiterated that it would be willing to resolve this matter if, as part of the settlement, Wright would consent to an agreed judgment substantially in the form of the preliminary injunction order entered by Judge Jennings. (*See* Exhibit 6). Wright then submitted a proposed "Private Settlement Agreement" which included numerous matters and issues that are not involved in this litigation. Moreover, many of the proposed terms purported to restrict, control, or govern HOKC's ability to use its protected KENTUCKY COLONELS Mark. (*See* Exhibit 7). Consequently, that proposal was rejected by HOKC. (*See* Exhibit 8). HOKC advised Wright, however, that it was willing to discuss including certain matters in a settlement agreement in addition to the previously demanded Agreed Permanent Injunction. (*See* Exhibit 8).

On September 18, 2020, HOKC forwarded Wright its proposed settlement agreement and accompanying Agreed Permanent Injunction to Wright. (*See* Exhibit 9). Wright responded proposing a revised draft of his agreement as well as a revised draft of a proposed agreed permanent injunction which deviated from the language of Judge Jennings' preliminary injunction order. (*See* Exhibit 10). HOKC once again rejected Wright's documents but tendered

an alternative settlement agreement and requested the same Agreed Permanent Injunction previously provided to Wright. (*See* Exhibit 11). That offer was rejected by Wright. (*See* Exhibit 12).

Most recently, Wright filed his sixth motion to dismiss **[DE 65]** which purported to include settlement overtures and various options for a final order to be entered in this case [**DE 65-6** and **DE 65-7**]. HOKC advised that each of those orders were unacceptable because they (1) deviate from the language of the Preliminary Injunction, (2) inject issues that are not involved in the litigation, and (3) impose restrictions on HOKC which are legally and factually unsupportable. (*See* Exhibit 13). Wright subsequently requested counsel send "a copy of your proposed agreed dismissal order and the proposed agreed motion to bring it before the Court referencing the private agreement." (*See* Exhibit 14). A proposed joint motion to dismiss and accompanying order were subsequently tendered to Wright. (*See* Exhibit 15). Upon receipt of those documents, Wright indicated that they were acceptable, but further stated that he required a "settlement agreement" with a "non-compete clause" which allowed him to offer services and "limit[ed] the services HOKC offers." (*See* Exhibit 16). HOKC advised that it would not agree to any such term and that further settlement discussions would not be productive. (*See* Exhibit 17).

Shortly thereafter, the Court issued the order directing the parties to report on settlement discussions **[DE 69]**. Upon receipt of that order, Wright expressed that he believed the Court was directing the parties to settle using his proposed orders [**DE 65-6** and **DE 65-7**] and withdrew his approval of the Agreed Permanent Injunction. (*See* Exhibit 18). HOKC advised that it considered the parties to, once again, be at an impasse. (*Id.*). By email dated October 7, 2020, Wright denied that the parties are at an impasse but reiterated his belief that the Court, in

3

its October 6, 2020 order **[DE 69]**, suggested that Wright's settlement proposals were "viable" and that those proposals should the form the basis of any further negotiations. (*See* Exhibit 19). HOKC does not agree with Wright's interpretation of the Court' order and believes the parties are at an impasse.

As demonstrated in the accompanying exhibits, HOKC has attempted to negotiate settlement of this matter, in good faith, for more than six (6) weeks. HOKC has repeatedly advised Wright that the matter can be resolved through the simple entry of an Agreed Permanent Injunction which is identical to the preliminary injunction entered by Judge Jennings. That overture has been met with threats, personal insults, disparaging comments, and repeated lectures about the "manipulated history" of the Kentucky Colonels. Wright insists that any resolution of this matter include restrictions on HOKC's activity, payment of consideration to him, and/or other matters not at issue in this litigation. Because Wright continues to demand consideration to which he is not entitled and as a result of Wright's interpretation of the Court's most recent Order **[DE 69]**, the parties are at an impasse and HOKC does not believe that further negotiations between the parties will be productive. HOKC respectfully suggests that additional settlement discussions will only be productive if those discussions occur in the context of a settlement conference presided over by the Magistrate Judge.

**2.      DEFENDANT'S REPORT**

[You may add whatever you like here, Mr. Wright].

| | |
|---|---|
| */s/ Cornelius E. Coryell II* | */s/ David J. Wright* (w/permission) |
| Cornelius E. Coryell II | David J. Wright |
| Michelle Browning Coughlin | david.wright@globcal.net |
| Julie Laemmle Watts | Edificio Torre 997, Local B |
| WYATT, TARRANT & COMBS, LLP | San Juan, Caracas |
| 400 West Market Street, Suite 2000 | Distrito Capital, Venezuela 1021 |
| Louisville, KY  40202 | |
| (502) 589-5235 | |
| ccoryell@wyattfirm.com | |
| mcoughlin@wyattfirm.com | |
| jwatts@wyattfirm.com | |

*Counsel for Plaintiff, the Honorable Order of Kentucky Colonels, Inc.*

100378396