UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | | |
|---|---|---|
| THE HONORABLE ORDER OF | ) | |
| KENTUCKY COLONELS, INC. | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:20CV-132-RGJ |
| | ) | |
| KENTUCKY COLONELS | ) | |
| INTERNATIONAL, et al. | ) | |
| | ) | |
| | ) | |
| DEFENDANTS | ) | |

## PLAINTIFF'S MOTION TO SHOW CAUSE WHY DEFENDANT DAVID A. WRIGHT SHOULD NOT BE HELD IN CONTEMPT

Plaintiff, The Honorable Order of Kentucky Colonels, Inc. ("HOKC"), by counsel, hereby moves the Court to direct the Defendant David A. Wright ("Wright") to show cause why he should not be held in contempt of Court and sanctioned for his failure to comply with the Court's Preliminary Injunction Order dated August 13, 2020 **[DE 58]** (the "Injunction Order"). Wright has violated the Injunction Order by, among other things, marketing a "Kentucky Colonel Registry," continuing to operate competing organizations under the names "Kentucky Colonels International," and "Kentucky Colonel Foundation," soliciting memberships in those organizations and marketing services through those organizations on the internet. Such actions constitute blatant and direct disregard of the Injunction Order, and HOKC moves the Court to direct Wright to appear and show cause why he should not be held in contempt of Court.

## BACKGROUND

**A.**     **This Action Was Initiated Because Wright Aggressively Utilized the Internet to Pursue a Campaign of Infringement and Deception.**

This action involves HOKC's protected KENTUCKY COLONELS Mark.[1]   HOKC initiated litigation because Wright started a website (the "KCI Website") and Facebook Group offering "memberships," promoting products, and soliciting donations under the name "Kentucky Colonels International" in January 2020.  [**DE 1**, PageID #13].  The website, among other things, solicited contributions for the "Kentucky Colonel's International Fund" and stated that donations to the organization would be used to "promote the careers, individual growth … and champion the success of Kentucky Colonels all over the world…."  [**DE 7-3**, PageID #243].  The KCI Website further provided that donations would "support the work of the Goodwill Ambassador Foundation and other programs developed by Kentucky colonels [sic]…" thereby directly competing with HOKC's philanthropic mission.  [*Id.*].  Finally, as if to complete the insult, the KCI Website falsely represented that donations to KCI were "tax deductible."  [*Id.*].

In addition to soliciting donations to "promote the careers" of its patrons, the KCI Website offered various services to members for a fee.  For example, the KCI Website promoted "public relations services" as well as an "International Registry of Kentucky Colonels" which would entitle subscribers to a "certificate of registration, a lifetime ID card, and additional Internet services…."  [*Id.* at PageID #229-31].  The KCI Website promised "those who register their title (letters patent) can also demonstrate themselves through a permanent web page which will be developed and maintained on their behalf that is linked to our roster…."  [*Id.* at PageID #230].

---

[1] The Court has recognized that the undisputed proof of record establishes that HOKC "has legally defined exclusive rights to the KENTUCKY COLONELS mark for use in connection with certain goods and services."  [Injunction Order **DE 58**], PageID #1222].  HOKC has incontestable rights in the Marks, HONORABLE ORDER OF KENTUCKY COLONELS, Reg. No. 1227024 and KENTUCKY COLONELS, Reg. No. 2812681.

**B.     The Court Entered a Temporary Restraining Order Directing Wright to Stop Calling His Organization Kentucky Colonels International.**

On February 25, 2020, a temporary restraining order was entered by the Court prohibiting Wright from infringing on HOKC's protected KENTUCKY COLONELS Mark **[DE 14]**. Shortly thereafter, the name on the KCI Website was changed from "Kentucky Colonels International" to "Kentucky Colonel Foundation." [**DE 21-1**, PageID #668]. In addition to changing the name of the KCI Website, Wright also registered a new domain name, **colonels.net**. The sub-domain name **kentucky.colonels.net** linked directly to the KCI Website which acknowledged that it was still operated by KCI by stating "Kentucky Colonels International is now known as Kentucky Colonel Foundation as of February 26, 2020…." [*Id.* at PageID #676]. The KCI Website continued to tout the group as "Kentucky's Goodwill Ambassadors" describing the history and background of the "prestigious Order of the Kentucky Colonel" and deceptively creating the impression that the organization had a philanthropic mission by stating "as Goodwill Ambassadors, Kentucky Colonels are dedicated to community service, contributing to the welfare of the state, and improving the lives of others to make the world a better and safer place for everyone." **[DE 39**, PageID #870]. The KCI Website and Facebook Group continued to promote the "member services" offered by the organization and tout the "International Title Registry." [*Id.* at PageID #878].

**C.     On August 13, 2020 the Court Entered the Injunction Order Directing Wright to Stop Using both Kentucky Colonels International and Kentucky Colonel Foundation.**

On August 13, 2020, the Court entered the Injunction Order which provided, among other things:

> 1.     Defendants and anyone acting on their behalf, including their owners, members, officers, agents, servants, employees, attorneys, and any other persons in active concert or participation with Defendants, are enjoined from using the KENTUCKY COLONELS Mark, or any mark that is confusingly similar to the

KENTUCKY COLONELS Mark, including, but not limited to, KENTUCKY COLONELS INTERNATIONAL and KENTUCKY COLONEL FOUNDATION, on or in connection with the sale of any goods or services including but not limited to the solicitation of charitable donations and the promotion of charitable and philanthropic causes.

2.      Defendants and anyone acting on their behalf, including their owners, members, officers, agents, servants, employees, attorneys, and any other persons in active concert or participation with Defendants, are enjoined from using the KENTUCKY COLONELS Mark, or any mark that is confusingly similar to the KENTUCKY COLONELS Mark, including, but not limited to, KENTUCKY COLONELS INTERNATIONAL and KENTUCKY COLONEL FOUNDATION, on any website, social media page, blog or in such a way as is likely to cause consumers to be confused, mistaken, or deceived into believing that HOKC has sponsored, sanctioned, approved, licensed, or is any way affiliated with Defendants or any organization or cause sponsored or supported by Defendants.

3.      Defendants and anyone acting on their behalf, including their owners, members, officers, agents, servants, employees, attorneys, and any other persons in active concert or participation with Defendants, are enjoined from using the domain names **kentucky.colonels.international**, **kycolonels.international**, **kentucky.colonels.net** or **blog.colonels.net**, or any domain name that is confusingly similar to "kycolonels.org" or any domain name that incorporates the KENTUCKY COLONELS Mark, or any mark that is confusingly similar to the KENTUCKY COLONELS Mark, including, but not limited to, KENTUCKY COLONELS INTERNATIONAL and KENTUCKY COLONEL FOUNDATION.

**D.      Wright Is Violating the Injunction Order.**

Wright's efforts to promote his competing organizations and initiatives have continued despite the Injunction Order.  Now, in a willful and transparent attempt to skirt the Injunction Order while still benefiting from the goodwill of the KENTUCKY COLONELS Mark, Wright is conducting the same activities on a website known as "Commonwealth Colonels" with the domain name **commonwealth.colonels.net**.[2]  Among other things, that website states that the organization is intended to "give prominence to the Kentucky Colonel Commission as a meritory [sic] award with diplomatic credence," describes the members of the organization as "goodwill ambassadors

---

[2] Copies of the referenced pages and images available on the Commonwealth Colonels website as of November 18, 2020 are attached as Exhibit 1.  Because the content of the website is so voluminous, the entire website is not included in Exhibit 1.

of the world," and indicates that the organization will "promote commissioned volunteers as public figures, community leaders, and goodwill ambassadors that are well respected, fair, and trustworthy ladies and gentlemen from all walks of life who have been recognized with the honor and virtue of earning the title Kentucky Colonel." [*See* Exhibit 1, page 3]. Most troublesome, the new website continues to solicit members for the Kentucky Colonel Foundation offering different levels of memberships – from "preferred" to "foundership" – at various price levels. [*Id*. at page 46]. The "Join Us" page provides that one of the membership requirements is presentation of "a membership card issued by HOKC between 1992 and 2020." [*Id*. at page 45]. That page also includes a link to a Kentucky Colonel Foundation Membership form which states "the Kentucky Colonel Foundation Membership Project, is to recognize Kentucky colonels [sic] internationally for their achievements and promote them legally as goodwill ambassadors for the Commonwealth of Kentucky in the world theater." [*Id*. at page 48]. The membership form even appeals directly to HOKC members.

> Membership is open to all those who have been awarded a commission with the honorable title of Kentucky Colonel or anyone who is or has previously been recognized as a member (donor) of the Honorable Order of Kentucky Colonels (HOKC) in Louisville, Kentucky….

[*Id*.]. The website also offers participation in the "Kentucky Colonels International Registry" for a fee of $35. [*Id*. at page 43].

## ARGUMENT

### WRIGHT SHOULD BE DIRECTED TO SHOW CAUSE WHY HE SHOULD NOT BE HELD IN CONTEMPT OF THE INJUNCTION ORDER.

Wright is engaged in ***exactly*** the same conduct that the Court prohibited in the Injunction Order. The only difference is that now he is using the website "Commonwealth Colonels" as a

Trojan Horse for his illicit activities.[3]  But that nuance does not sanitize his blatant violation of the Injunction Order.  Not only is he using marks confusingly similar to the KENTUCKY COLONELS Mark, but he is also using the two marks expressly prohibited by the Injunction Order, "Kentucky Colonels International" and "Kentucky Colonel Foundation."  Apparently Wright believes that he can conceal his actions by slipping the forbidden marks in a new website and slightly modifying the domain name.

In seeking to have the Court hold Wright in contempt, HOKC has the burden of establishing that Wright "violated a definite and specific order of the court requiring [him] to perform or refrain from performing a particular act or acts with knowledge of the court's order."  *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987).  There is no question that Wright is aware of the Injunction Order.  He has made numerous filings since entry of the Injunction Order objecting to its restrictions and arguing that his "constitutional right to free speech" are being violated.  Moreover, the Commonwealth Colonels website includes an entire page dedicated to the instant action, acknowledging the Injunction Order, and describing the February 25, 2020 Temporary Restraining Order as "a 'gag order' restricting our rights as a legally constituted body and as US citizens."  [Exhibit 1, page 60].

Likewise, there is no question that Wright's conduct is prohibited by the Injunction Order. Indeed, in analyzing and recognizing the validity of HOKC's trademark infringement claim, the Court found that "Wright intends for KCI to offer paid memberships, provide credentials to members, and charge monthly dues for his services."  [Injunction Order **[DE 58]**, PageID #1223].

---

[3] Under the "sight, sound, and meaning" trademark analysis, Wright's use of COMMONWEALTH COLONELS as a mark is nearly identical to the KENTUCKY COLONELS Mark; consumers' connotation of the two marks will be "deceptive and misleading."  *Frisch's Rest., Inc. v. Shoney's Inc.*, 759 F.2d 1261, 1264 (6th Cir. 1985).

The Court further observed that "Wright does not rebut the relatedness of the goods and services offered by the parties." [*Id.*]. The Commonwealth Colonels website, like the KCI Website, markets the "Kentucky Colonels International Registry," solicits memberships for the "Kentucky Colonel Foundation" and offers various benefits, privileges, and products in exchange for initiation fees and dues. [*Id.* at pages 41-51]. Thus, the conduct in which Wright is engaged through the Commonwealth Colonels website is precisely the same conduct that supported entry of the Injunction Order.

Whether willfully or carelessly, Wright is disobeying the Court's directive. He has already expressed his utter disregard for the authority of this Court and is now manifesting that contempt through his actions. Consequently, HOKC asks the Court to hold a show cause hearing in the immediate future and issue a contempt sanction against Wright. *See e.g.*, *Manhattan Industries, Inc. v. Sweater Bee By Banff, Ltd.*, 885 F.2d 1, 5 (2nd Cir. 1989) ("sanctions for civil contempt can be imposed without a finding of willfulness"), citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949).

In addition, because Wright has forced HOKC to incur costs associated with this motion simply to compel his compliance with the Injunction Order, HOKC respectfully requests that it be awarded its attorneys' fees and costs in bringing this motion. *In re Jaques*, 761 F.2d 302, 305-06 (6th Cir. 1985) (civil contempt can be compensatory and district courts have broad discretion in fashioning civil contempt sanctions). If compensatory in nature, reimbursement can include expenses reasonably and necessarily incurred in the attempt to enforce compliance. *Rickard v. Auto Publisher, Inc.*, 735 F.2d 450, 458 (11th Cir. 1984).

## CONCLUSION

Wright has flagrantly violated the Injunction Order. The Court should issue an order requiring him to show cause why he should not be held in contempt. Upon the hearing and

subsequent holding, HOKC should be granted its attorneys' fees and costs incurred in bringing this motion.

<div style="margin-left: 40%;">

Respectfully submitted,

*/s/ Cornelius E. Coryell II*
Cornelius E. Coryell II
Michelle Browning Coughlin
Julie Laemmle Watts
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, KY 40202
(502) 589-5235
ccoryell@wyattfirm.com
mcoughlin@wyattfirm.com
jwatts@wyattfirm.com

*Counsel for Plaintiff, the Honorable Order of Kentucky Colonels, Inc.*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing has been served upon the following, via electronic mail, on the 18th day of November, 2020:

David J. Wright
david.wright@globcal.net
Edificio Torre 997, Local B
San Juan, Caracas
Distrito Capital, Venezuela 1021

<div style="margin-left: 40%;">

*/s/ Cornelius E. Coryell II*
*Counsel for Plaintiff, the Honorable Order of Kentucky Colonels, Inc.*

</div>

100397873