UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | |
|---|---|
| THE HONORABLE ORDER OF ) | |
| KENTUCKY COLONELS, INC. ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:20-cv-132-RGJ |
| ) | |
| KENTUCKY COLONELS ) | |
| INTERNATIONAL, et al. ) | |
| ) | |
| ) | |
| DEFENDANTS ) | |

## REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO SHOW CAUSE WHY DEFENDANT DAVID J. WRIGHT SHOULD NOT BE HELD IN CONTEMPT

Defendant David J. Wright defends his blatant violation of the Court's August 13, 2020 Preliminary Injunction Order **[DE 58]** (the "Injunction Order") with false accusations, petty insults, and name calling, labeling The Honorable Order of Kentucky Colonels ("HOKC") a "trademark bully." [Response and Objection to Plaintiff's Motion to Show Cause why Defendant David A. Wright Should Not Be Held in Contempt **[DE 79]** ("Wright's Response"), PageID #1789]. Wright impetuously berates HOKC for resisting his efforts to misappropriate HOKC's goodwill and reputation for his own personal profit. He even has the audacity to accuse HOKC and its counsel of "illegal" conduct – falsely claiming that his website was "hacked." [*Id*. at 1787]. Wright has repeatedly expressed his disdain for the authority of this Court and is now manifesting that contempt through his actions. His flagrant disregard of the Injunction Order cannot be ignored and should not be excused.

## ARGUMENT

Wright offers two justifications for his willful violation of the Injunction Order. First, he claims that HOKC improperly gained access to pages on his website by "using hacking techniques, bots, deep searching technologies or a back-door while [the] website was undergoing maintenance . . . ." [Wright's Response, PageID #1786]. That assertion is patently untrue. As established by the affidavit of HOKC Executive Director, Sherry Crose, all of the pages referenced in and attached to the instant motion were available to the public and accessible to anyone viewing the "Commonwealth Colonels" website [*see* Affidavit of Sherry Crose [**DE 78-1** PageID #1783]. Moreover, Wright's assertions regarding the accessibility of the offending website content are refuted by the website pages themselves **[DE 78-1]**. For example, page 32 of Exhibit 1 to the instant motion illustrates that placing the word "all" in the search function of the Commonwealth Colonel website produced a link to, among other things, the "Registry" page of the website. [**DE 78-1**, PageID # 1748]. That page directly solicits patrons for the "Kentucky Colonels International Registry." [**DE 78-1**, PageID #1757]. Thus, Wright's ridiculous assertion that his website was illegally accessed is demonstrably untrue.[1]

Second, Wright attempts to justify the inclusion of the offending pages on the Commonwealth Colonels website by claiming that he was merely attempting to preserve Electronically Stored Information ("ESI") that might be relevant to this litigation. [*Id*. at PageID #1787]. Wright would have the Court believe all of the offending pages were produced "between February 20 and March 4 2020" and have never been indexed or searchable. [*Id.* at Page ID #

---

[1] It is important to note that the offending pages of the Commonwealth Colonels website are no longer accessible through the website's search function. Apparently Wright removed those pages after the instant motion was filed. That fact, in and of itself, demonstrates that Wright's scurrilous accusations are completely untrue.

1788]. As noted above, however, the pages of the Commonwealth Colonel's website provided to the Court show that the offending content was accessible merely by placing "all" into the website's search function. Moreover, the offending pages themselves include the name "Commonwealth Colonels" at the top. [*See* **DE 78-1**, PageID ##1757-1763; 1767-1769; and 1781-1782]. According to Wright, the "Commonwealth Colonels" organization did not even exist until October 2020. [*See* Statement Under Oath in Opposition to Plaintiff's Motion to Show Cause [**DE 80**, Page ID# 1811]. How could those pages have been produced in March when the "Commonwealth Colonels" did not even exist?

Furthermore, Wright's assertion that the offending pages are merely old content transferred to storage is highly suspect in light of the fact that much of the material was ***not*** on the prior iterations of Wright's websites. For example, neither the Kentucky Colonels International website nor the Kentucky Colonel Foundation website included offers for "preferred memberships" (offered for an initiation fee of $100 and annual dues of $60); "international memberships" (initiation fee $250, annual dues $180); "official memberships" (initiation fee $1,000, annual dues $360); or "founderships" (initiation fee $2,500, annual dues $600). On November 18, 2020, the Commonwealth Colonels website was offering those various levels of "voting membership" in the "Kentucky Colonel Foundation" even though the Injunction Order expressly forbade Wright from using the name "Kentucky Colonel Foundation." To complete the insult, the website advised potential applicants that they could establish their eligibility for Wright's ***competing*** organization by demonstrating membership in HOKC. [*See* Kentucky Colonel Foundation eligibility criteria requiring "a photograph of … Kentucky Colonel Certificate ***or a membership card issued by HOKC between 1992-2020***." [**DE 78-1**, PageID #1761]] (emphasis added). In light of the broad range of fraudulent behavior in which Wright has previously engaged (such as soliciting "tax

3

deductible" donations to fictitious charitable organizations), his claim that he was merely attempting to "preserve ESI evidence" is simply not credible. Rather, it is evident that Wright has every intention to find a way to pirate the goodwill HOKC has diligently developed and protected over many decades, while flagrantly disregarding the injunction issued by this Court.

Wright candidly acknowledges that he intends to market products and services using HOKC's protected KENTUCKY COLONELS Mark as well as solicit funds from others who share his desire to monetize an honorary title for their own personal gain. In the Injunction Order, the Court specifically instructed him to cease any such activity. Consciously disregarding that directive, Wright produced publicly accessible pages on the Commonwealth Colonels website directed at accomplishing those goals. HOKC is not a "trademark bully." It is merely attempting to combat Wright's practice of trading off the work of legitimate charitable organizations for his own personal profit and glory. Wright should be held in contempt of the Injunction Order.

Respectfully submitted,

*/s/ Cornelius E. Coryell II*
Cornelius E. Coryell II
Michelle Browning Coughlin
Julie Laemmle Watts
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, KY 40202
(502) 589-5235
ccoryell@wyattfirm.com
mcoughlin@wyattfirm.com
jwatts@wyattfirm.com

*Counsel for Plaintiff, the Honorable Order of Kentucky Colonels, Inc.*

**CERTIFICATE OF SERVICE**

   I hereby certify that on December 3, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing has been served upon the following, via electronic mail, on the 3rd day of December, 2020:

David J. Wright
david.wright@globcal.net
Edificio Torre 997, Local B
San Juan, Caracas
Distrito Capital, Venezuela 1021

               */s/ Cornelius E. Coryell II*
               *Counsel for Plaintiff, the Honorable Order of*
               *Kentucky Colonels, Inc.*

100402253.1