**FILED**
Vanessa L Armstrong, Clerk
Dec 29 2020
U.S. District Court
Western District of Kentucky

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

|  |  |
|---|---|
| THE HONORABLE ORDER OF KENTUCKY COLONELS, INC.<br>  Plaintiff<br><br>vs.<br><br>COL. DAVID J. WRIGHT<br>  Defendant | Civil Action No. 3:20-cv-132-RGJ-RSE<br><br>RESPONSE AND OBJECTION TO MOTION TO STRIKE |

## DEFENDANT'S RESPONSE AND OBJECTION TO PLAINTIFF'S MOTION TO STRIKE MOTION FOR DECLARATORY JUDGEMENT DOCUMENT 82

Defendant in *pro se*, Col. David J. Wright, herein responds and objects to The Honorable Order of Kentucky Colonels, Inc. ("Plaintiff")'s, Motion To Strike Defendant's Motion For Declaratory Judgement [DN 82], the motion to strike must be overruled because it unfairly attacks the Defendant as a *pro se* litigant, it misinterprets the Joint Local Rules of Civil Practice and seeks to suppress judicially noticeable evidence that has been researched based on historical facts for inclusion in a copyrighted creative work that are not subject to debate which need to be understood by the Court for justice to prevail in this matter.

### ARGUMENT

Plaintiff, The Honorable Order of Kentucky Colonels, Inc. claims "[n]either the Federal Rules of Civil Procedure nor the Joint Local Rules of Civil Practice authorize or even recognize the filing of a Motion for Declaratory Judgment." While the Plaintiff bellyaches, moans and cries foul over "procedural flaws", the motion it seeks to strike is based on the Plaintiff's own overwhelming lack of procedure, due diligence, professional ethics and strategic omissive sophistry to make a controversy into a case beginning

1

with the Verified Complaint **[DE 1]** and the application of three fraudulent trademarks in the United States Patent and Trademark Office ("USPTO") Applications 88800020, 88800035 and 88800038 which it applied for three days prior to the filing of this Strategic Lawsuit Against Public Participation ("SLAPP") against a competitor it has maintained a relationship with over the span of 12-20 years. The motivations of the Plaintiff are to distort history, dominate a limited marketing channel, ambiguate itself with a generic and merely descriptive term as its trademark, eliminate potential competition and usurp the rights of others that came before them. The Plaintiff is a trademark bully.

## DECLARATORY JUDGEMENT IS THE ONLY REMEDY

Perhaps the Plaintiff has not been able to find much about the declaratory judgement motions in the Federal Rules of Civil Procedure or the Joint Local Rules of Civil Practice because Title 28 of the U.S. Code § 2201 calls for the "Creation of a Remedy". Most claims for declaratory judgement are filed with courts based on ***reasonable apprehension*** created by a potential plaintiff before a controversy becomes a civil action. A motion for declaratory judgement is not a request that seeks to resolve a case; but a motion that seeks to end a controversy based on compelling facts and statutory law that prevents a plaintiff from bringing a claim in the first place. This is a case that would have been avoided if the Plaintiff had better followed Federal Rules of Civil Procedure, Rule 11 by performing a reasonable pre-filing investigation or sending a "cease and desist" letter before bringing the action, given that Rule 11 violations are extremely rare, it stands to reason that the majority of plaintiffs perform the required due diligence.

The *pro se* Defendant's Motion for Declaratory Judgement and Relief more than meets the criteria that has been set out by the Sixth Circuit for when a court should consider a motion for declaratory relief. The Court in *Nationwide Mutual Fire Ins. Co. v. Creech*, 431 F.Supp.2d 710, 712-713 (E.D. Ky., 2006), citing *Scottsdale Ins. Co. v. Roumph*, 221 F.3d 964 (6th Cir., 2000), stated that: District courts should consider the following five factors in deciding whether to exercise jurisdiction over a declaratory judgment action: (1) whether the judgment would settle the controversy; (2) whether the declaratory

judgment action would serve a useful purpose in clarifying the legal relations at issue;(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"; (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective.

The Plaintiff's Motion to Strike **[DN 84]** states that the Defendant's Motion for Declaratory Judgement under the Joint Local Rules of Civil Practice 7.1(d) is "significantly out of compliance", but in reality the Court rules <u>does not impose any page limitation on a memorandum in support</u> of a twenty-five (25) page motion in the current rules of civil practice. Moreover the Defendant is in *full compliance* with the "Instructions for Filing a General Motion *Pro Se*" in the United States District Court Western District of Kentucky located at [kywd.uscourts.gov] accessed on December 16, 2020 which states on page 5 of 5 "Supporting and opposing memoranda may not exceed forty (40) pages without leave of Court." The Memorandum in Support of Motion for Declaratory Judgement is certified, see certification of Document 82-1 Page 40 of 40 PageID #: 1885.

When the Defendant compared the rules of different U.S. District Courts rules averaging 15-25 pages for motions accompanied by a memorandum of opposition or support of 30-50 pages **are not out of the ordinary**. Some courts require memoranda of over twenty pages to include a table of contents and/or table of authorities, however <u>no court combines the page limit of the motion with the page limit of the memorandum</u> as is suggested by the Plaintiff.

## CONCLUSION

While the Plaintiff does not like Defendant's Motion for Declaratory Judgement **[DN 82]** it is the most efficient way to settle this controversy and end the dispute before the Court to dispose of the case. It is the decision of the Court not the Plaintiff if the motion will be successful or considered, but it will not be stricken based on procedural compliance. As stated by the Defendant on page 24 of the Motion for

Declaratory Judgement "Defendant reserves his right to seek relief by: converting this motion into a counterclaim to seek both statutory and equitable relief to include punitive and incidental damages; appealing an unfavorable decision by the U.S. District Court to the United States Court of Appeals for the Sixth Circuit; or if inadequately presented or submitted by the *pro se* defendant, hereby requests advisement from the court in re/submitting the motion as a pleading or amending it with a supplement as may be necessary at the discretion or request of the Court." See Document 82, PageID #: 1842.

     For the reasons set-forth herein, Col. David J. Wright requests that the Court consider his Motion for Declaratory Judgement of Non-Infringement and Relief **[DN 82]**.

Respectfully submitted in good-faith,

Caracas, Venezuela
Dated: December 29, 2020

*/s/ Col. David J. Wright*

                                        Col. David J. Wright
                                        Edificio Torre 997, Local B
                                        San Juan, Caracas, Venezuela 1021
                                        david.wright@globcal.net
                                        +1 (859) 379-8277

## Certificate of Service

I hereby certify that on December 29, 2020, I emailed for filing the foregoing motion with attachments to the Clerk of the Court for the United States District Court of the Western District of Kentucky using the special Pro Se Intake Email per General Orders 20-04 and 20-11 for entry to the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Clerk's Office
601 W. Broadway, Rm 106
Gene Snyder United States Courthouse
Louisville, KY 40202

*David J. Wright*

# United States District Court for the Western District of Kentucky

For the Defendant(s) comes now Col. David J. Wright, Defendant
in Pro Se in Civil Action 3:20-cv-00132 RGJ-RSE

## Honorable Order of Kentucky Colonels
## vs.
## Col. David J. Wright

Judge Rebecca Grady Jennings
Presiding Judge in this Case

To the Clerk of the Court

Relative to Case 3:20-cv-00132 RGJ-RSE brought by the Plaintiff, **The Honorable Order of Kentucky Colonels** with an Order made by Magistrate Judge Regina S. Edwards scheduling Settlement Conference on December 29, 2020 and ordering parties to prepare settlement statements "comes **Col. David J. Wright**, *Defendant, pro se* under 28 U.S.C. § 1654.

The Defendant herein submits "**Defendant's Response and Objection to Plaintiff's Motion to Strike Motion for Declaratory Judgement [Document 82]**".

Attached:

1) **Defendant's Response and Objection to Plaintiff's Motion to Strike Motion for Declaratory Judgement [Document 82]**