UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | | |
|---|---|---|
| THE HONORABLE ORDER OF KENTUCKY COLONELS, INC. | ) ) ) | |
| PLAINTIFF | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 3:20-cv-132-RGJ |
| KENTUCKY COLONELS INTERNATIONAL, et al. | ) ) ) | |
| DEFENDANTS | ) ) | |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S MOTION FOR DECLARATORY JUDGMENT [DE 84]

Defendant David J. Wright incorrectly contends that the Plaintiff, The Honorable Order of Kentucky Colonels, Inc. ("HOKC"), must respond to his ***seventh*** motion to dismiss because it "more than meets the criteria that has been set out by the Sixth Circuit for when a court should consider a motion for declaratory relief."  [Defendant's Response and Objection to Plaintiff's Motion to Strike Motion for Declaratory Judgment Document 82 **[DE 85]** ("Defendant's Response"), PageID #1998].  Wright further argues that the motion is worthy of consideration because it "is the most efficient way to settle this controversy and end the dispute before the Court to dispose of the case." [*Id*. at PageID #1999].  Both of those assertions are patently false.  Wright's latest dismissal motion is both procedurally and substantively defective, and HOKC should not be required to respond to Wright's continued harassment.

## ARGUMENT

### I.    WRIGHT'S MOTION IS PROCEDURALLY IMPROPER.

Wright misinterprets and confuses both the federal declaratory judgment statute and the rules on dispositive motion practice claiming that his motion should be granted because HOKC is a "trademark bully" and that the "facts and statutory law" show that this action should not have been brought "in the first place."  [*Id*. at PageID #1998].  He continues to assert that he is entitled to an uncontested judgment dismissing HOKC's claims because "the motivations of [HOKC] are to distort history, dominate a limited marketing channel, ambiguate itself with a generic and merely descriptive term as its trademark, eliminate potential competition and usurp the rights of others that came before them."  [*Id*.].  Wright's proclamation completely ignores the Court's ruling that HOKC has ***already*** shown a likelihood of success on both its trademark infringement claim and its anticybersquatting claim.  [8/13/20 Order **[DE 58]**, PageID #1224-1227].

If Wright wishes to file an action seeking declaratory relief in accordance with 28 U.S.C. § 2201, that is his prerogative.  However, he must utilize the appropriate procedural mechanism for doing so such that HOKC can appropriately respond, conduct discovery, and proceed with defending that spurious claim in the manner contemplated by the federal rules.  Contrary to Wright's assertions, there is no factual or legal basis for the Court to summarily accept his warped version of reality.  HOKC should not be required to respond to his latest, improper, premature, and misguided attempt to derail this litigation.

### II.    WRIGHT'S MOTION EXCEEDS THE PAGE LIMITATION IN THE LOCAL RULES OF PRACTICE.

As previously stated, HOKC realizes that the Court may be inclined to grant Wright reasonable leeway on procedural matters.  But submitting a motion which exceeds the page limit

by forty-five (45) pages cannot be considered reasonable leeway.[1] *Pro se* status notwithstanding, Wright is responsible for following the same rules that apply to all other litigants.  His motion and memorandum which are more than double the allowable page limit should be stricken.

### III.    WRIGHT'S REQUEST THAT THE COURT TAKE JUDICIAL NOTICE OF CERTAIN FACTS IS IMPROPER.

Wright's motion is based on "facts" that are allegedly reflected in his Statement of Facts Under Oath in Support of Declaratory Judgment **[DE 82-3]**.  Wright expects the Court to accept statements made without personal knowledge, consider legal and factual arguments that are unsupported by the record, and accept his summaries and characterizations of the evidence without challenge.  Obviously, that is not the way things work.  HOKC should not be required to explain the litigation process to Wright.  Moreover, HOKC should not be required to attempt to respond to a motion that is so procedurally and substantively flawed that a meaningful response is almost impossible.[2]  Wright's Motion for Declaratory Judgment **[DE 82]** including his Statement of Facts Under Oath in Support of Declaratory Judgment **[DE 82-3]** should be stricken from the record.

### CONCLUSION

The purpose of Wright's excessive and frivolous motion practice is clear – harassment. HOKC should not be required to respond to one baseless dismissal motion after another.  For the

---

[1] HOKC notes that the Court's Instructions for Filing a General Motion *Pro Se* in the United States District Court for the Western District of Kentucky have not been updated to reflect the 2018 amendments of Joint General Order 2018-02.  While the current Local Rule 7.1(d) does not allow motions and accompanying memoranda to be more than twenty-five (25) pages, the Court's *pro se* instructions were last revised in October 2010 and cite the prior rule, which allowed supporting memoranda up to forty (40) pages without leave of court.  Even under a generous application of the previous rule, the instant sixty-five (65) page motion and memorandum are patently excessive.

[2] Wright's request to the Court for a "recommendation" on how to proceed [**DE 82**, PageID # 1842 and **DE 85**, PageID #2000] is wholly improper.  In fact, the Court's *pro se* handbook clearly admonishes litigants to refrain from such requests.

reasons stated herein, and its original motion, Wright's motion for a declaratory judgment **[DE 82]**

and the supporting memorandum and "statement of facts" should be stricken from the record.

Respectfully submitted,

*/s/ Cornelius E. Coryell II*
Cornelius E. Coryell II
Michelle Browning Coughlin
Julie Laemmle Watts
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, KY  40202
(502) 589-5235
ccoryell@wyattfirm.com
mcoughlin@wyattfirm.com
jwatts@wyattfirm.com

*Counsel for Plaintiff, the Honorable Order of
Kentucky Colonels, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that a true and correct copy of the foregoing has been served upon the following, via electronic mail, on the 12th day of January, 2021:

David J. Wright
david.wright@globcal.net
Edificio Torre 997, Local B
San Juan, Caracas
Distrito Capital, Venezuela 1021

*/s/ Cornelius E. Coryell II*
*Counsel for Plaintiff, the Honorable Order of
Kentucky Colonels, Inc.*

100423966

4