UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | | |
|---|---|---|
| THE HONORABLE ORDER OF KENTUCKY COLONELS, INC. | ) ) ) | |
| PLAINTIFF | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 3:23-CV-00043-RGJ |
| GLOBCAL INTERNATIONAL, et al. | ) ) ) ) | |
| DEFENDANTS | ) | |

## TEMPORARY RESTRAINING ORDER

Plaintiff, The Honorable Order of Kentucky Colonels, Inc. ("HOKC"), has moved for entry of a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b) and 15 U.S.C. § 1116. In determining whether to grant a temporary restraining order, the Court considers the same four (4) factors applicable to a motion for preliminary injunction: (1) the movant's likelihood of success on the merits; (2) whether the movant "would likely be permanently harmed absent the injunction; (3) whether the injunction would cause substantial harm to third parties; and (4) whether the injunction would serve the public interest." *McGirr v. Rehme*, 891 F.3d 603, 610 (6th Cir. 2018) (citing *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017)); *see Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). "[T]hese are factors to be balanced, not prerequisites to be met." *S. Glazer's Distribs.*, 860 F.3d at 849 (citing *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke*, 511 F.3d 535, 542 (6th Cir. 2007)).

The Court having reviewed the Verified Complaint, the motion of HOKC, and the documents submitted therewith, and being otherwise sufficiently advised, the Court hereby finds and concludes as follows:

A. HOKC has presented proof of a strong likelihood of success on the merits of its trademark infringement and cyberpiracy claims. Specifically, HOKC has introduced Defendants' internet publications, social media postings, and solicitations of donations wherein Defendants made use of the KENTUCKY COLONELS trademark as well as proof that Defendants' bad faith intent to profit off use of their domain name <www.kycolonelcy.us>. HOKC has offered evidence of consumer confusion of the origin and/or affiliation of Defendants' services. The Court finds it more likely than not that HOKC will succeed on the merits of its trademark infringement case and Anticybersquatting Consumer Protection Act case at trial.

B. HOKC has presented proof establishing a threat of irreparable harm posed by Defendants' continued infringement upon the trademark of HOKC and cybersquatting activity. HOKC has demonstrated the threat to its interests in its trademark and in its goodwill and commercial relations with the community. Given these threats of irreparable injury, the Court finds that HOKC does not have an adequate remedy at law.

C. Any harm Defendants or their affiliates may suffer as a result of the Temporary Restraining Order is outweighed by HOKC's likelihood of success on the merits, the likelihood of irreparable harm, and the public interest. Restraining Defendants from infringing on HOKC's trademark and cybersquatting until the Court rules on HOKC's motion for preliminary injunction will only harm, if it harms at all, Defendants and their affiliates. The Court must consider harm to third parties, namely the public—who may be confusing Defendants with HOKC and unknowingly donating money to the wrong organization.

D. The Court finds that it is in the interest of the public to issue this temporary restraining order.

E. The foregoing shall constitute the Court's findings of fact and conclusions of law.

**IT IS HEREBY ORDERED**, pending further hearing and determination of this action, as follows:

1. HOKC's Motion for Temporary Restraining Order and Preliminary Injunction is **GRANTED** in part.

2. Pursuant to Rule 65(b), Defendants, and anyone acing on their behalf, including their owners, members, officers, agents, servants, employees, attorneys, and any other persons in active concert or participation with Defendants, are **TEMPORARILY ENJOINED** and **RESTRAINED** from:

    a. using the KENTUCKY COLONELS Mark, or any mark that is confusingly similar to the KENTUCKY COLONELS Mark, including but not limited to KENTUCKY COLONEL ™ or KENTUCKY COLONELCY, on or in connection with the sale of any goods or services, including, but not limited to, the solicitation of charitable donations and the promotion of charitable and philanthropic causes;

    b. using the KENTUCKY COLONELS Mark, or any mark that is confusingly similar to the KENTUCKY COLONELS Mark, including but not limited to KENTUCKY COLONEL ™ or KENTUCKY COLONELCY, on any website, social media page, blog, or in such a way as is likely to cause consumers to be confused, mistaken, or deceived into believing that HOKC has sponsored, sanctioned, approved, licensed, or is in any way affiliated with Defendants or any organization or cause sponsored or supported by Defendants;

    c. using the domain name kycolonelcy.us or any domain name that is confusingly similar to "kycolonels.org" or any domain name that incorporates the KENTUCKY COLONELS Mark, or any mark that is confusingly similar to the KENTUCKY COLONELS Mark, including but not limited to KENTUCKY COLONEL ™ or KENTUCKY COLONELCY; and

    d. using on Facebook, Twitter, LinkedIn, YouTube, Pinterest, Crunchbase, or any other social media platform, the usernames or handles "Kentucky Colonel," "Kentucky Colonel ™," "KyColonel," "Kentucky Colonel Club," or any other username or handle that is confusingly similar to the KENTUCKY COLONELS Mark for the purposes of forming a membership organization, a civil society association or cooperative, or other non-commercial activity such as an event or charitable fundraising endeavor.

3. Pursuant to Federal Rule of Civil Procedure 65(b)(3), this matter is set for a hearing on HOKC's motion for a preliminary injunction on the _____ day of _____, 2023, at _____ a.m./p.m. at the Gene Snyder Courthouse in Louisville, Kentucky.

4. Pursuant to Federal Rule of Civil Procedure 65(c), HOKC shall give security in the amount of $_____, which the Court considers proper based on the current record. The security shall be tendered to the Clerk of the Court no later than the close of business the _____ day of _____, 2023.

This Temporary Restraining Order is effective as of _____ a.m./p.m. the _____ day of _____, 2023 and will expire fourteen (14) days from its entry in accordance with

Federal Rule of Civil Procedure 65(b)(2) unless it is terminated or extended by subsequent order.

        IT IS SO ORDERED.

101090725.1