UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | |
|---|---|
| THE HONORABLE ORDER OF KENTUCKY COLONELS, INC. )<br>)<br>PLAINTIFF )<br>v. )<br>)<br>GLOBCAL INTERNATIONAL, et al. )<br>)<br>)<br>DEFENDANTS ) | CIVIL ACTION NO. 3:23-CV-00043-RGJ |

## ORDER GRANTING PRELIMINARY INJUNCTION

Plaintiff, The Honorable Order of Kentucky Colonels, Inc. ("HOKC"), has moved for entry of a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(b) and 15 U.S.C. § 1116. In determining whether to grant a motion for preliminary injunction, the Court considers four (4) factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction." *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017) (quoting *Bays v. City of Fairborn*, 668 F.3d 814, 818-19 (6th Cir. 2012)). "[T]hese are factors to be balanced, not prerequisites to be met." *Id.* (citing *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke*, 511 F.3d 535, 542 (6th Cir. 2007)).

The Court having reviewed the Verified Complaint, the motion of HOKC, and the documents submitted therewith; having held a hearing on the motion and heard arguments of counsel; and being otherwise sufficiently advised, the Court hereby finds and concludes as follows:

A. HOKC has presented proof of a strong likelihood of success on the merits of its trademark infringement and cyberpiracy claims. Specifically, HOKC has introduced evidence of

its ownership of numerous federal trademark registrations for the KENTUCKY COLONELS Mark in connection with the various goods and services it provides to its members and the public, as well as the charities served through its philanthropic work; that Defendants are using an identical mark to offer what purports to be identical or nearly identical services as HOKC; that Defendants have a bad faith intent to profit off use of their cybersquatting domain name <www.kycolonelcy.us>; and that Defendants are infringing and cybersquatting without authorization, contrary to the express wishes of HOKC, and in violation of this Court's Permanent Injunction. The Court finds it more likely than not that HOKC will succeed on the merits of its trademark infringement case and Anticybersquatting Consumer Protection Act case at trial.

      B.     HOKC has demonstrated actual consumer confusion as well as the likelihood of continued consumer confusion in addition to the threat to its interests in its trademark and in its goodwill and commercial relations with the community, which is presumed to be an irreparable injury. Given these threats of irreparable injury, the Court finds that HOKC does not have an adequate remedy at law.

      C.     Any harm Defendants or their affiliates may suffer as a result of the Preliminary Injunction is outweighed by HOKC's likelihood of success on the merits, the likelihood of irreparable harm, and the public interest. Restraining Defendants from infringing on HOKC's trademark and cybersquatting only harms Defendants and their affiliates. The Court must consider harm to third parties, namely the public—who may be confusing Defendants with HOKC and unknowingly donating money to the wrong organization.

      D.     The Court finds that it is in the interest of the public to issue this preliminary injunction.

E.  The foregoing shall constitute the Court's findings of fact and conclusions of law.

**IT IS HEREBY ORDERED**, pending further hearing and determination of this action, as follows:

1. HOKC's Motion for Preliminary Injunction is **GRANTED**.

2. Pursuant to Rule 65(b), Defendants, and anyone acing on their behalf, including their owners, members, officers, agents, servants, employees, attorneys, and any other persons in active concert or participation with Defendants, are **PRELIMINARILY ENJOINED** and **RESTRAINED** from:

   a. using the KENTUCKY COLONELS Mark, or any mark that is confusingly similar to the KENTUCKY COLONELS Mark, including but not limited to KENTUCKY COLONEL ™ or KENTUCKY COLONELCY, on or in connection with the sale of any goods or services, including, but not limited to, the solicitation of charitable donations and the promotion of charitable and philanthropic causes;

   b. using the KENTUCKY COLONELS Mark, or any mark that is confusingly similar to the KENTUCKY COLONELS Mark, including but not limited to KENTUCKY COLONEL ™ or KENTUCKY COLONELCY, on any website, social media page, blog, or in such a way as is likely to cause consumers to be confused, mistaken, or deceived into believing that HOKC has sponsored, sanctioned, approved, licensed, or is in any way affiliated with Defendants or any organization or cause sponsored or supported by Defendants;

    c. using the domain name kycolonelcy.us or any domain name that is confusingly similar to "kycolonels.org" or any domain name that incorporates the KENTUCKY COLONELS Mark, or any mark that is confusingly similar to the KENTUCKY COLONELS Mark, including but not limited to KENTUCKY COLONEL ™ or KENTUCKY COLONELCY; and

    d. using on Facebook, Twitter, LinkedIn, YouTube, Pinterest, Crunchbase, or any other social media platform, the usernames or handles "Kentucky Colonel," "Kentucky Colonel ™," "KyColonel," "Kentucky Colonel Club," or any other username or handle that is confusingly similar to the KENTUCKY COLONELS Mark for the purposes of forming a membership organization, a civil society association or cooperative, or other non-commercial activity such as an event or charitable fundraising endeavor.

3. The Preliminary Injunction shall remain in place during the pendency of this action until the claims are resolved on the merits.

    IT IS SO ORDERED.

101090780.1