FILED
JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: Mar 21, 2023

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| **THE HONORABLE ORDER OF KENTUCKY COLONELS, INC.** <br> Plaintiff <br><br> vs. <br><br> **COL. DAVID J. WRIGHT, et.al.** <br> Defendant | Civil Action No. 3:23-cv-00043-DJH <br><br> RESPONSE TO PLAINTIFF'S FILINGS DN-10, DN-11, DN-12, DN-13 POST COURT ORDER GRANTING TIME EXTENSION |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S PREMATURE MOTIONS AND REQUESTED CONSENT TO STAY PRE-ANSWER RESPONSE FILINGS

COMES NOW, **Col. David J. Wright**, ("Defendant") in *pro se* pursuant to Federal Rules of Civil Procedure 7, 11 and 57, Title 28 U.S.Code §§ 2201, 2202, Title III of the United States Constitution, First and the 14th Amendment, previously recognized understanding this Honorable Court on February 23, 2021 when similar allegations were **dismissed with prejudice, in-law, without any finding in law, justly and under a court mediated settlement to enter an <u>Agreed Permanent Injunction</u> to evade and prevent this Court from hearing <u>Defendant's Answer and Affirmative Defenses</u> and consider a pending <u>Motion for a Declaratory Judgment</u> to cancel the Plaintiff's registered trademarks in Case 3:20-cv-00132.** Col. David J. Wright, was the only Defendant that appeared and participated in the confidential settlement conference mediated by the Court for **3:20-cv-00132** where the case was dismissed, settled and resolved.

While Plaintiff proceeds to bury the Court and Defendants with paper, **over 1,000 pages in 8 court filings** where the Court, as well as the Defendants must examine every page based in a presumptive and specious perception of the Plaintiff's overreaching generic trademark rights; we cannot lose sight of the fact that this entire case is merely a reply (which should be an appeal) of the prior litigation between the parties *Honorable Order of Kentucky Colonels, Inc. v. Kentucky Colonels International, et.al.* [DE-1,

1

DE-93 and DE-94 Case 3:20-cv-00132-RGJ-RSE] in which this Court issued an injunction that serves justly in *res judicata*, and the **sole issue here is whether Defendant[s'] violated that injunction**. This new case is now debating the Court's judgment of the content and interpretation of a final order with the same litigious controversy much like it did before when the **Defendant's Answer and Affirmative Defenses [DN-62]**, **Motion for Declaratory Judgment [DN-82]** and **Memorandum in Support of Declaratory Judgment [DN-82.1]** were filed with the Court and evaded by the Plaintiff when it requested a "settlement conference" because it could not realize an early discovery, defend itself from cancellation of its trademarks or outright undermine the copyright owned by the Defendant (an author) for the first Kentucky Colonel website published in 1998 (which were negotiated and offered during the settlement conference). It is the position of Col. David J. Wright that neither he, nor the other named Defendants violate the **Agreed Permanent Injunction** in anyway since at least August of 2020 when a similar Temporary Order was implemented, but there is no question that whether there was a breach or not — *is a factual question* that cannot be resolved in the context of Plaintiff's repetitive motions seeking unjustified expedited relief based on materials contained in a Facebook Social Media Groups (established in 2007 and another in 2009) that are both private and unincorporated part of the previous case (offered to the Plaintiff in the previous settlement conference) and some Creative Commons educational and informational website domains that have been online since the last case was resolved, which the Plaintiff is fully aware. The previous case was a **strategic lawsuit against public participation** and worked precisely like it should have, it interfered with the Defendant's First Amendment Right to free-speech, restricted civil liberties and restrained the author from speaking out based on possible consequences and fear of reprisals. Since 2020, Kentucky enacted anti-SLAPP legislation to prevent these types of heavy handed and stifling lawsuits that are sophisticated and proportionally grand without any possible concrete merits to be had except those that cannot be defended based on mere speculative claims constructed into the case. This case perfectly fits the type of lawsuit the Kentucky Anti-SLAPP legislation was developed to prevent. The Defendant is well within his rights as an author to create new intellectual property, rewrite the fiction into fact, create documentaries, write blogs, and to thoroughly disambiguate the idea of a Kentucky Colonel

semantically and truthfully dating back to 1775, nothing the Defendant has done should be construed as trademark infringement against the Plaintiff.

## CASE BACKGROUND

In this instant complaint, Defendant, **Col. David J. Wright**, *pro se*, moved for an extension of time on behalf of himself and Corporate Defendants, Globcal International, ~~Inc.~~ (corrected) and Ecology Crossroads Cooperative Foundation, Inc. to file an answer with stated reasons and has shown cause. [DE 7]. Plaintiff, The Honorable Order of Kentucky Colonels, Inc. ("HOKC"), filed a response. [DE 8]. In its response HOKC has no objection to extending the time for Wright's answer to March 27, 2023, but objects to the extent the extension applies to the corporate Defendants as Wright is not licensed to practice law and, therefore, he may not appear on behalf of the corporate Defendants. [DE 8]. An Order was made as a result of the Defendant and the Plaintiff in Case 3:23-cv-00043-RGJ, a Court Order on 02/16/23, see [DE 9], the Order provides relief to the Defendant so that he can move with his family from Venezuela to Colombia, an activity that was planned since December of 2022 and announced online; both of the Corporate Defendants are managed and operated by the Defendant, Col. David J. Wright of Kentucky.

Col. David J. Wright, the Defendant, who has shown cause was granted the "time extension" and is the only living person which can make decisions on the behalf of the Corporate Defendants, make phone calls, write emails or assimilate new filings; the Plaintiff has taken advantage of the living person's divulged absence based on the stated reasons contained within [DE 7] to take additional actions against the Corporate Defendants, that cannot defend themselves from the Plaintiff or the Court, without it's executive officer or without an attorney. The Plaintiff has taken the Court ordered time extension as an opportunity to ramp up repeating an attack on the Corporate Defendants.

## JUDICIAL NOTICE

The Defendant(s) use(s) and/or recognize(s) the term "KENTUCKY COLONEL" in its most basic, descriptive and generic legal and meaningful sense, *as described in Wikipedia and Americana literature*

(1775-1927) is part of the public domain; the Plaintiff does not recognize this actual history, but the Court must and is obliged to by law to understand the Plaintiff is not in essence a Kentucky Colonel itself, nor represent the true origin or source of the Honorable Title. The United States Congress in 1936 recognized the "Kentucky Colonel" in such a way that this Court and Plaintiff must, but have not recognized; however both must because the United States Congressional Record is a valid source of information that explains what a Kentucky Colonel is, and why the title was so important to the Commonwealth of Kentucky and those who received it, throughout history dating back to "Old Kentucky". The Plaintiff's organization and existence is not stated (or mentioned) by Congressman Edward Wester Creal of Kentucky in the US Congressional Record and the Congressman's testimony was relevant to 100 years previously as judicial evidence that the Plaintiff does not make Kentucky colonels, or have any control over them, the Plaintiff was not even mentioned by the Congressman in 1936. **[See Exhibit 1]**

The term "Kentucky Colonel" was first merged into a term of the public domain on April 20, 1833 on page one of the National Gazette (Philadelphia) about a stage play in London, England to describe the character, Col. Nimrod Wildfire of Kentucky while visiting New York **[See Exhibit 2]**; the series was based on the life adventures of Col. David Crockett of Tennessee since 1830, also known as the "Lion of the West". The Defendant(s) believe(s) that the Plaintiff is unlawfully misrepresenting the Commonwealth's true (accurate) history and is misappropriating the Kentucky Colonel title with a false origin story, as a fictitious militia with commanders without any legitimate military character, or at least as it has professed since 1941, the story professes an 1813 origin in their logo and in news articles that are blatantly false and cheat the "REAL KENTUCKY COLONEL(s)" of "OLD KENTUCKY" of his honor referred to in the stage plays and literature of the 1830's before the Commonwealth actually recognizes the title in 1896 to adopt it as their own trademark from the public domain in the public domain. The Plaintiff is attacking the Defendant because Col. David J. Wright professes a **"completely different origin story based on the semantic reality,"** with thousands of references from the Chronicling America Project at the Library of Congress, not a fictitious origin in 1813 like the Plaintiff has passed off as fact, the Plaintiff has a proven history of its own, but is in no way any type of historian (or even a trustworthy librarian) for the

Commonwealth's Heritage or it's ancestors many of who were Colonels in Kentucky, thus Kentucky Colonels. The Plaintiff will have to prove their origin story about Col. Charles Todd in 1813 or must become subject to answer for 15 U.S. Code § 1125 - False designations of origin, false descriptions, and dilution forbidden, *in title*. The Plaintiff operates a fictitious militia with "generals" that are not real generals, compared to an authorship group led by Col. David Wright dedicated to academic research, demonstrating history and remembering legacies.

Descriptive use of terms in the public domain is not the same as the use of a registered trademark for arbitrary things that are not really "KENTUCKY COLONELS" like shirts, keychains, cigars, candy and bourbon; the Defendant(s) have never used the term for any of the purposes for which it is trademarked by the Plaintiff, the Defendant(s) have always used the term descriptively and fairly. This case is a mere farce to overreach the (negotiated and settled) Permanent Agreed Injunction to garner greater rights than those negotiated by the Defendant with the personal clause for the Defendant(s) [3:20-cv-00132-RGJ-RSE DE-93] that exempts the educational facts, history, informative content and the reality that is semantic in nature from the Plaintiff. The order also affirms and confines the Plaintiff to the use of its registered marks as its fictitious name "KENTUCKY COLONELS" using the ® symbol.

Under U.S. Supreme Court precedent, the fair use defense in trademark law is not precluded by the possibility of confusion. *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 US 111, 125 S. Ct. 542, 160 L. Ed. 2d 440 (2004). However, courts may consider the possibility of confusion in analyzing whether a use is fair or not. *Arrow Fastener Co., Inc. v. Stanley Works*, 59 F.3d 384, 396 (2d Cir. 1995). Intent to show confusion is also relevant; hence, as a general rule the trademark should be used no more than necessary for the legitimate purpose. "Not All Is Fair (Use) in Trademarks and Copyrights". *INTA Bulletin*. 67 (16). Retrieved 12 September 2017. By the same token, use of a word mark is preferred to a logo, and a word mark in the same style of type as surrounding text is preferred to a word mark in its trademarked distinctive type. As a wordmark "KENTUCKY COLONELS" contains an "S" and has a completely different registered meaning than the title "KENTUCKY COLONEL" which does not contain an "S", this is significant in the registration of the Plaintiff's marks, then it must be extremely relevant to

this Court in the context of law. It must also be relevant to the Court to clearly disambiguate the meaning of the terms notwithstanding the Plaintiff or the Defendants, because most of the judges in this Court are Kentucky colonels and none became colonels with any assistance or advice of the Plaintiff.

## CORPORATE DEFENDANTS

The Corporate Defendants, "Ecology Crossroads Cooperative Foundation" and "Globcal International" are one in the same, since they were reinstated as a non-profit under the U.S. Code and Secretary of State of Kentucky in January 2020. Neither organization has ever had more than $2,000 in their combined joint bank accounts and have never reached the 990-N filing threshold of $50,000 in income during a single year since 1999, the Corporate Defendants do not have any liquidable assets or other holdings in the United States; intangible philanthropic assets (forested land) held or managed by the Corporate Defendants for Indigenous tribes is not subject to this lawsuit or not fall within the jurisdiction of the US government. Due to the size and complexity of the case, the Corporate Defendants would need in excess of $30,000 USD to simply retain competent legal counsel; the Corporate Defendants will be required to raise additional monies to litigate the case being presented. Vis-a-vis, all the Defendants are the same single party (a human person that is a Kentucky Colonel and author); the best and only chance that this case can be addressed justly or at all is to omit the Corporate Defendants or allow the *pro se* counsel who is the administrator and executive of the corporate bodies. The Plaintiff is muting the Corporate Defendants by insisting they are represented by counsel led by a human Defendant, a default judgment may be imperative because the Corporate Defendants cannot obtain counsel; however may not be considered to address the merits, or construed as meritworthy nor should they be viewed as an admission of guilt because the Defendants were not permitted to appear in the first place due to a lack of resources.

## DEFENDANT STATES PRECLUSION BARS OF RES JUDICATA

The term *res judicata* is Latin for "a matter decided." In a 2002 ruling, the California Supreme Court in *Mycogen Corporation v. Monsanto Company* stated that the doctrine of *res judicata* "prevents

relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." If a plaintiff successfully litigates a claim, resulting in a judgment in their favor, that plaintiff cannot assert the same claim against the same defendant in a later lawsuit. Similarly, *if the litigation results in a final judgment for the defendant*, (such as in a dismissal of a case) the plaintiff cannot try again in a future lawsuit. The Plaintiff starts the new case claiming that the old case has merits, however the only merit that can be concluded or they cannot overcome or understand is that the previous case was dismissed with prejudice. The Plaintiff's options in this case are limited to the available appellate procedures or mutual arbitration with the Defendant to seek mediation or directly motion the court for an amended Permanent Agreed Injunction in the event it fails to serve the parties.

The doctrine of *res judicata*, also known as "claim preclusion," prevents a party from re-litigating a claim once a court has issued a final judgment on that claim. A closely related issue, "collateral estoppel" or "issue preclusion," prevents someone from re-litigating a particular issue once a court has ruled on it. The term *res judicata* has, at times, been used to refer to both claim preclusion and issue preclusion. It is now more commonly associated with claim preclusion. Since *res judicata* is almost entirely a product of common law, its elements and procedures may vary between state and federal courts, between courts in different states, and even between courts within a single jurisdiction.

*Res judicata*, the preclusion doctrine omits Defendants found in default in August 2020 from Case 3:20-cv-00132 through settlement and dismissal of the previous case, they did not engage in the settlement discussions that led to a court mediated Agreed Permanent Injunction and neither of these Defendants have taken any legal actions since August 2020 when they were found in default of the first case which was dismissed with prejudice, they have not engaged in any legal actions relative to this matter or the previous matter since 2020. The preclusion doctrines apply to many allegations made in this new case not only to the extent of the Corporate Defendants which were previously defaulted upon and excluded as participants; but in a case where genuine controversy exists that dominates the issues of complaint.

Issue preclusion, also called collateral estoppel, means that a valid and final judgment binds the plaintiff and the defendant (and their privies) in subsequent actions on different causes of action between

them as to the same issues actually litigated and essential to the judgment in the first action. The four essential elements to decide if issue preclusion applies are: 1) the former judgment must be valid and final; 2) the same issue is being brought; 3) the issue is essential to the judgment; 4) the issue was actually litigated. The Defendant, Col. David J. Wright is *vis-a-vis* for his organizations, the Corporate Defendants; which were in default when the final order was made with the development of a mutually Agreed Permanent Injunction which the Plaintiff now most apparently in the filing [DN-13] "wants to expand upon" to include the use of the moniker "Colonel" because it has taken on the appetite of an undernourished blue whale (trademark bully).

The Plaintiff is attempting to have a case that has been litigated (in-part), settled through a confidential court supervised mediation, dismissed with prejudice, with a final judgment having been entered on the issues presented in the first case. The Plaintiff is intentionally creating a mountain out of a molehill and further creating an undue burden for indigent civil defendants engaged in exercising their First Amendment civil rights with publishing educational and informational materials by bringing a precluded civil complaint as a more sophisticated case to address new controversies rather than a case that can be decided in law or with justice. The Defendant is engaged in writing a book about Kentucky colonels, and neither this Court or the Plaintiff can stop him, because his rights are protected by the First Amendment of the US Constitution.

### REQUEST TO STAY PLAINTIFF'S FILINGS DN-10, DN-11, DN-12 and DN-13

The *pro se* Defendant, **Col. David J. Wright, is a Kentucky Colonel and a natural person recognized as such by this Court in 3:20-cv-00132 DN-93**; as well as the executive and administrative officer for (additional Corporate Defendants) respectfully requests, with the consent of all parties, that the Court **stay all proceedings in this case against the Corporate Defendants**, other than the filing of an amended complaint by the Plaintiff along with a request to the Court to dismiss the Corporate Defendants in this action, or until further order of the Court or by necessity *if they are required to provide relevance* to this matter. Neither of the Corporate Defendants were required to appear previously or settle this matter in

the previously dismissed case, mediate the previous matter and have not taken any part in the actions on this matter that are not considered to be consistent with law since February 2020. All of the actions described in the complaint can only be performed by a *natural person* that is in fact a Kentucky Colonel otherwise this case would not be a controversy; none of the allegations being made by the Plaintiff can be performed by a corporation.

The Defendant requests that this stay include, but not be limited to, a suspension of all discovery, further motions for leave and of the time deadlines for filing further pleadings and conducting pretrial or scheduling conferences. None of the Defendants can afford to be represented by counsel, the Plaintiff is creating an undue burden for civil indigents that cannot afford legal representation since 2020, the Plaintiff is misconstruing the facts relative to this case and making a mockery of the law. The Defendant, Col. David J. Wright has never objected to a re-hearing of the confidential settlement conference documents, the hearing of its Answer and Affirmative Defenses or Motion for Declaratory Judgment filed in the previous case, objects to which were never litigated or heard by the Court.

The Complaint alleges that the Defendants' use of the original unregistrable title mark [KENTUCKY COLONEL ™] that was merged as a lexeme (term) from London in 1833 to describe Col. Nimrod Wildfire (Col. Davy Crockett) in a play and its use as an exonym by the Defendant as an author to describe colonels like Daniel Boone in 1775 and David Crockett from Tennessee, is generating confusion or is somehow infringing on the trademark [KENTUCKY COLONELS ®] established in 2003 that is owned by the Plaintiff for a number of commercial endeavors and products they endorse with their mark using a third-party. The Defendant, Col. David J. Wright's motives are consistent with an Agreed Permanent Injunction which are are anticompetitive and that all the related charges should be resolved through arbitration and mediation at the expense of the Plaintiff which is attempting to usurp greater trade name rights and have a trademark infringement case retried (*res judicata*) that has already been dismissed with prejudice by this Honorable Court. Most likely this court will find it is the Plaintiff must allow and overlook fair-use of their mark **which implicitly is licensed to every single Kentucky Colonel through their free lifetime membership guaranteed by the Plaintiff to all colonels**, whether colonels support

them, are active or inactive. This Court will not find any room for misgiving or navigating in this case between the Plaintiff, its members, the general public, unqualified colonels, and well-informed colonels. The burden of proof is upon the Plaintiff to demonstrate that a donation made by a Kentucky Colonel was intended to be received by them or is a commercial transaction that can be protected by trademark law or that any such person was confused to such a degree that they believed the Corporate Defendants represented any of the trademark classes registered for commerce by the Plaintiff. A work permit and ID card created by third-parties is not similar or ambiguating their intellectual property which involves volunteer membership that is not professional, but fraternal. Kentucky Colonel is a job title, honorable title, civil title and a title of authority, it is awarded by the Commonwealth of Kentucky, not by the Plaintiff. The Plaintiff is not the source or origin of the title, Kentucky Colonel nor a human being that is a Kentucky Colonel, it is a title that existed before the first US Corporation was founded in New York in 1811 and will continue notwithstanding The Honorable Order of Kentucky Colonels, which did not invent, create or make the title more prestigious but removed the prestige, diluted and made it more generic with over 500,000 commissions issued by Kentucky Governors.

    The Corporate Defendants' role is that of platform provider of a closed secure private members only network that is engaged in providing a Workplace in Facebook and Workspace for their members using Google, the Plaintiff is not one of our members and does not have access to the information presented to the court in this case except through confidential misappropriation or theft of such information. The only author, editor and writer of the Creative Commons Kentucky Colonel publications and profiles existing on Blogger, Google, Facebook, Twitter, Crunchbase, and Instagram is the Defendant, Col. David J. Wright. The Plaintiff's insistence on the inclusion of these additional corporate defendants (which were in default in the first case) in the case ended without merit, cause or relevance in seeking justice; moreover neither of the Corporate Defendants were party to the Agreed Permanent Injunction which impede the only possible Defendant, Col. David J. Wright from being treated fairly or in accordance with law in this new case.

Justice cannot be served in this case against the Corporate Defendants because they cannot afford an attorney, an organization cannot be compelled to submit to a claim which holds no part of its operational activities or intentional actions; speculation and suspicion on the part of the Plaintiff to attack the Defendants engaged in private business means that there are living natural persons that are calling the shots for the Plaintiff in an act of desperation and fraud upon the Court which should be investigated.

This court granted a "time extension" to the primary Defendant (a natural person) to file an initial response based on "various reasons and needs" that make it humanly impossible for him as the authoritative head of the corporate Defendants to withstand new and additional filings prior to March 27th; this primary human Defendant is also the only party with whom the Agreed Permanent Injunction was made (subject in question) as is addressed in clause five of the injunction; based on the the relentless corporate personality, rationale and bad faith effort of the Plaintiff knowing that the human Defendant is unavailable and cannot attend to this matter until he has relocated from one country to another. The Plaintiff is intentionally piling up allegations dishonorably and crying wolf in bad-faith from information that was stolen by the Plaintiff from private community groups on Facebook to create another SLAPP suit (like the previous case), to once again attempt to silence the free-speech of the Defendant (a natural person) and unpublish information compiled from the public domain (1775-1927) in the Creative Commons. Despite the respect the Defendant has shown to this Court, a previous dismissal and win for the Defendant with no findings of any wrongdoing in law, and the fact that no new publications have been made, the only threat remaining for the Plaintiff is for Col. David J. Wright tells the truth and thoroughly documents publicly to tell his story of what is really going on. This Court will not stifle his ability to speak or reveal his research being compiled for a book, instead this Court will assist in uncovering the facts to find justice moving forward as a "special case" despite any damage it may cause to the Plaintiff or the Defendant, or to the Commonwealth of Kentucky so the semantic truth is affirmed as fact.

The only ranking executive officer in the organization (representative of Corporate Defendants) that have a combined total annual charitable income of less than $50,000 per year is the human Defendant, Col. David J. Wright who cannot answer, read or reply to any new filings that are not stayed for at least 45

days post the Initial Response Period to DN-1 (HOKC v Col. David J. Wright) which will be filed by March 27, 2023. The Plaintiff is fully aware of my role as the administrator, executive and creator of the Corporate Defendants; when the Defendant was not available to the Court based on a stated need, the same Defendant was not available to the organizations as it's executive officer, nor is there any other substitute officer that can reply, read or receive the additional filings because they are untimely.

Forcing a corporate response and seeking a TRO is clearly harassment since the Court agreed to give the primary human Defendant, Col. David J. Wright, who is the only executive officer and only administrative director until March 27 to respond to the merits of the complaint based on a clear demonstration of need. The Plaintiff's filings of DN-10, DN-11, DN-12 and DN-13 interrupted the Defendant and the stated reasons for which the "time extension" was granted.

Defendant moves for this Court to understand that the organizations (Corporate Defendants) **do not have funds to hire counsel**, but we can start a crowdfunding campaign for legal expenses, if the court gives us permission to do so? In this case we could raise perhaps $30,000-$50,000 we need to get a lawyer to take on this complex case. Otherwise neither are or should be engaged in this case, however they do employ Kentucky colonels and so does the United States Government as well as do other private businesses in the world, even this Court has Kentucky colonels. Nothing that the Plaintiff has alleged in their now 1,000 page filing is the responsibility of anyone other than the same Defendant, Col. David J. Wright, a human being, a Kentucky Colonel, that can do any of the things alleged in the civil complaint. Nothing other than a human being is even capable of writing the content presented by the Plaintiff to the Court. The Corporate Defendants should be disjoined from this case which can be done based on the Judge's discretion to see that justice is served. Likewise if the Court says this case is "special" like it has in the past, the organizations will gladly appear with court mandated counsel or counsel paid for by the Plaintiff to resolve the question stated before this Court.

Now the controversy between the parties continues because the Court agreed to an inadequate resolution favoring the limits of the Plaintiff's trademarks "Agreed Permanent Injunction" without context of the U.S. Code which has hungered the Plaintiff into a speculative bully, like a corporate animal or

pariah further empowering them as a trademark bully overreaching its rights. The court may as well vacate both cases and forget this ever happened, because the Defendant, Col. David J. Wright has endured enough harassment and being shadowed by the Honorable Order of Kentucky Colonels since their first attempt to interfere with his rights as a publisher in 2001 and the dismissal of the previous case.

  The Defendant, Col. David J. Wright has nothing further to say for now until next week when he will file his first responsive pleading, time limited special filings and answer or file counterclaims against the Plaintiff, its numerous chapters, its agents and a great number of its members for false designation of origin, false description of a Kentucky Colonel, passing-off as a military authority, and dilution of the title's esteem in 2022 since 1957 as a corporation created to benefit from the voluntary goodwill of those who receive the title.

Respectfully submitted in good-faith,

Rio Orinoco, Colombia
Dated: March 20, 2023

*Col. David J. Wright*

Col. David J. Wright
david.wright@globcal.net
+1 (859) 379-8277

## Certificate of Service

I hereby certify that on March 20, 2023, I emailed for filing the foregoing motion with attachments to the Clerk of the Court for the United States District Court of the Western District of Kentucky using the special Pro Se Intake Email per General Orders 20-04 and 20-11 for entry to the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Clerk's Office
601 W. Broadway, Rm 106
Gene Snyder United States Courthouse
Louisville, KY 40202

*Col. David J. Wright*