UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

THE HONORABLE ORDER OF
KENTUCKY COLONELS, INC.,                                             Plaintiff,

v.                                                        Civil Action No. 3:20-cv-132-RGJ

KENTUCKY COLONELS
INTERNATIONAL et al.,                                               Defendants.

\* \* \* \* \*

# ORDER

In light of The Honorable Order of Kentucky Colonels, Inc.'s ("HOKC") filings in *The Honorable Ord. of Kentucky Colonels, Inc. v. Globcal Int'l,*, No. 3:23-CV-43-RGJ (W.D. Ky. 2023) ("*Kentucky Colonels II*"), the Court reopened this case for enforcement of the Permanent Injunction Order entered on February 23, 2021 in this case [DE 93] and directed the Clerk of Court to refile the motions and documents from *Kentucky Colonels II* in this case. *See Kentucky Colonels II*, [DE 19] (order denying temporary restraining order as moot and refiling the motion for temporary restraining order and injunction in *Kentucky Colonels I* as a motion to enforce).

The Court now considers HOKC's Motion for Temporary Restraining Order and Preliminary Injunction [DE 99][1] which the Court treats as a motion to enforce the Permanent Injunction Order [DE 93], HOKC's Request for Entry of Default [DE 98], HOKC's Motion for Leave to Request Documents Prior to Rule 26(f) Conference [DE 100], and Defendant David Wright's ("Wright")'s request for "Consent to Stay Pre-Answer Response Filings" [DE 101] with HOKC's reply [DE 102]. For the reasons below, the Court **ORDERS a CONTEMPT**

---

[1] The Court granted HOKC's request to exceed page limits [*Kentucky Colonels II*, DE 11; DE 19].

1

**HEARING** on HOKC's motion to enforce the Permanent Injunction Order [DE 99]; **GRANTS** HOKC's motion to Request Documents [DE 100]; **DENIES** HOKC's Motion for Entry of Default [DE 98] at this time; and **DENIES** Wright's motion [DE 101].

## I.     BACKGROUND

Much of the background of this case has been previously set forth in this Court's Order granting HOCK's temporary restraining order [DE 32] and is incorporated herein. The Court later granted HOKC an agreed permanent injunction against Global International, Ecology Crossroads Cooperative Foundation, Inc. ("Ecology Crossroads," together the "Corporate Defendants"), Wright (collectively, "Defendants"),[2] and anyone acting on their behalf, from using the KENTUCKY COLONELS and any confusingly similar trademark. [DE 93].

In *Kentucky Colonels II*, HOKC argues that Wright is infringing on its KENTUCKY COLONELS trademark through his operation of a "competing organization" called "Kentucky Colonel<sup>TM</sup>." [*Kentucky Colonels II*, DE 12 at 670-700]. HOKC asked the Court to issue a temporary restraining order enjoining Defendants from this and other confusingly similar marks and activity because they are violating the Court's permanent injunction.[3] [*Id.*; DE 93]. The Court denied HOKC's request for a temporary restraining order and preliminary injunction as moot and directed the Clerk of Court to refile the motions and documents from *Kentucky Colonels II* in this case to enforce the Court's Permanent Injunction Order. *See Kentucky Colonels II*, DE 19 (order denying temporary restraining order).

---

[2] The agreed permanent injunction order also included Kentucky Colonels International, one of Wright's entities that is "defunct." [DE 93 at 2056].

[3] HOKC's Complaint in Kentucky Colonels II is "an action for civil contempt of the Agreed Permanent Injunction entered by this Court." [*Kentucky Colonels II*, DE 1 at 2].

## II. DISCUSSION

### 1. HOKC's Request for Entry of Default against the Corporate Defendants [DE 98] and Wright's Request to Stay Plaintiff's Filings [DE 101].

HOKC moves for entry of default [DE 98] under Federal Rule of Civil Procedure 55(a) ("Rule 55(a)") against the Corporate Defendants. Wright responded pro se on behalf the Corporate Defendants, asking the Court to stay all proceedings against the Corporate Defendants and arguing that "a default judgment may be imperative because the Corporate Defendants cannot obtain counsel" because they have no assets. [DE 101]. HOKC previously obtained an entry of default, but not a default judgment, against the Corporate Defendants in this case. [DE 60].

Corporations cannot appear pro se in federal court and must retain counsel. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–03 (1993) ("a corporation may appear in the federal courts only through licensed counsel."); [DE 46 at 1017]. As the Court held previously in this case, Wright may not respond on behalf of the Corporate Defendants and the Court may not consider Wright's filings on behalf of the Corporate Defendants.

Under Rule 55(a) "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). HOKC has filed an affidavit in support of its contention that the Corporate Defendants have failed to enter an appearance by counsel, plead, or otherwise defend after being properly served in *Kentucky Colonels II*.

The Court understands Wright's assertions regarding lack of funds, however, lack of funds does not permit pro se representation of a corporation. The Court will, however, permit the Corporate Defendants until April 18, 2023, to retain counsel and file appropriate responses.

Failure by the Corporate Defendants to timely retain counsel and file an appropriate response may result in the entry of a default and the awarding of a default judgment against the Corporate Defendants. The Court thus **DENIES without prejudice** HOKC's Request for Entry of Default against the Corporate Defendants [DE 98] and **DENIES** Wright's Request to "Stay Pre-Answer Response Filings" [DE 101] but grants an extension of time for such responsive filings.

> **2. HOKC's Motion For Temporary Restraining Order And Preliminary Injunction [DE 99] Which The Court Treats As A Motion To Enforce The Permanent Injunction Order [DE 93].**

HOKC argues that Defendants are infringing on its KENTUCKY COLONELS trademark through his operation of a "competing organization" called "Kentucky Colonel$^{TM}$" and therefore, violating the Permanent Injunction Order [DE 93]. [DE 99].

A federal court possesses inherent power to enforce its judgments. *See Peacock v. Thomas*, 516 U.S. 349, 356 (1996) ("We have reserved the use of ancillary jurisdiction in subsequent proceedings for the exercise of a federal court's inherent power to enforce its judgments. Without jurisdiction to enforce a judgment entered by a federal court, the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution.") (internal quotation marks and citation omitted). A court's contempt power is "one weapon in its arsenal" that may be deployed to enforce its orders. *Elec. Workers' Pension Tr. Fund of Loc. Union |58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003).

A party seeking a civil contempt order "must prove by clear and convincing evidence that the respondent violated the court's prior order." *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998). "Clear and convincing evidence is a not a light burden and should not be confused with the less stringent, proof by a preponderance of the evidence." *Elec. Workers Pension Tr. Fund of Loc. Union |58*, 340 F.3d at 379. The movant must show that the non-movant "violated a definite

and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 590–91 (6th Cir. 1987) (internal quotation omitted). "The burden of showing that an order is definite and specific is heavy." *Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 800 (6th Cir. 2017). This requirement "guards against arbitrary exercises of the contempt power" and helps ensure that the sanction is "reserved for those who 'fully understand[ ]' the meaning of a court order and yet 'choose[ ] to ignore its mandate.'" *Id.*

"Once the movant establishes his prima facie case, the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is *presently* unable to comply with the court's order." *Electrical Workers Pension Trust Fund of Local Union |58, IBEW*, 340 F.3d at 379 (emphasis in original). The respondent can assert an inability to comply, but the "defendant must show 'categorically and in detail' why he or she is unable to comply with the court's order." *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996). "Willfulness is not an element of civil contempt, so the intent of a party to disobey a court order is irrelevant to the validity of [a] contempt finding." *Id.* (quotation omitted). "[T]he test is not whether defendants made a good faith effort at compliance but whether 'the defendants took all reasonable steps within their power to comply with the court's order.'" *Glover*, 138 F.3d at 243 (citing *Glover v. Johnson*, 934 F.2d 703, 708 (6th Cir. 1991). Good faith is not a defense in a civil contempt action. *Id.* An officer of a corporation responsible for its affairs is "subject to the court's order just as the corporation itself." *Electrical Workers Pension Trust Fund of Local Union |58, IBEW*, 340 F.3d at 382.

When it has been established that a party has violated the court's order, the Court may impose both coercive and compensatory sanctions as a civil remedy. *United States v. United Mine*

*Workers of Am.*, 330 U.S. 258, 303–04 (1947). A compensatory fine is payable to the complainant while a coercive fine is payable to the court. *United States v. Bayshore Assocs., Inc.*, 934 F.2d 1391, 1400 (6th Cir. 1991); *Winner Corp. v. H. A. Caesar & Co.*, 511 F.2d 1010, 1015 (6th Cir. 1975) ("Contempt awards to private complainants are to be compensatory."). A compensatory "fine must of course be based upon evidence of complainant's actual loss, and his right, as a civil litigant, to the compensatory fine is dependent upon the outcome of the basic controversy." *United Mine Workers of America*, 330 U.S. 258; *Penfield Co. of Cal. v. Sec. & Exch. Comm'n*, 330 U.S. 585 (1947) ("When the court imposes a fine as a penalty, it is punishing yesterday's contemptuous conduct."). In contrast, when a fine is coercive, the Court must "consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *Id.* Relevant factors also include "the amount of defendant's financial resources and the consequent seriousness of the burden to that particular defendant." *Id.*

The Court **ORDERS** the parties to appear for an evidentiary contempt hearing to determine whether Defendants' use of "Kentucky Colonels™" and other use as alleged violates the Court's Permanent Injunction Order [DE 93]. The Court requests the parties be prepared argue and present evidence, in the form of witnesses or tangible evidence, regarding the elements and factors of contempt as outlined above. Failure to appear may result in default.

3. **HOKC's Motion for Leave to Request Documents Prior to Rule 26(f) Conference [DE 100].**

HOKC moves the Court under Federal Rule of Civil Procedure 26(d)(1) for leave to request documents from Ecology Crossroads and Wright before the parties' Federal Rule of Civil Procedure Rule 26(f) conference. [DE 100].

Under Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," and the Court has not held a Rule 26(f) scheduling conference. However, a party can partake in early discovery "when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). Because this case has already past the Rule 26(f) Conference, there are no specific prohibitions placed against discovery by Rule 26 in this action at this time and leave is not required under Rule 26.

"The Court has the relevant authority 'as part of its inherent power to enforce its judgments,' and it is clear that 'appropriate discovery should be granted' where 'significant questions regarding noncompliance [with a court order] have been raised.'" *Damus v. Nielsen*, 328 F.R.D. 1, 3–4 (D.D.C. 2018) (quoting *California Dep't of Soc. Servs. v. Leavitt*, 523 F.3d 1025, 1033–34 (9th Cir. 2008)). When reviewing a request for early discovery, courts often consider whether the requesting party has shown "good cause." *ARGI Fin. Grp., LLC v. Hardigg*, No. 3:20CV-00587-RGJ, 2020 WL 6930451, at *1 (W.D. Ky. Sept. 10, 2020) (collecting cases). And a plaintiff can show good cause where the information is necessary for the case to proceed and for plaintiff to prosecute its claim. *See Strike 3 Holdings, LLC v. Doe*, No. 23-CV-10296, 2023 WL 2021681, at *1 (E.D. Mich. Feb. 15, 2023) (finding good cause where the "information sought regarding Defendant's identity is necessary for the case to proceed and for Plaintiff to prosecute its claim.").

HOKC states that it wishes to request documents to determine:

(1) the extent to which Defendants continue to violate the Agreed Permanent Injunction previously entered by the Court through private social media activity; (2) the extent to which the International Registry of Kentucky Colonels described on the Defendants' website is operational; (3) the number of "Kentucky Colonel Badges" and "Kentucky Colonel Nameplates" ordered or sold by Defendants; (4) the number of Kentucky Colonel ID cards sold by Defendants; (5) the quantity of "Kentucky Colonel Apparel sold by Defendants; (6) whether the financial solicitations described in the Verified Complaint have resulted in contributions to

Ecology Crossroads or otherwise generated revenue for Defendants; (7) whether the financial solicitations and other communications referred to in the Verified Complaint have caused or generated confusion among the general public; (8) the intent of the Defendants to cause confusion among consumers; and (9) the injury to HOKC's goodwill caused by the Defendants' use of HOKC's trademark and the actions described in the Verified Complaint

[DE 100 at 3274].

The Court believes HOKC's requests are relevant and sufficiently narrowly tailored to the issues of violating the Court's Permanent Injunction Order, injury, and sanctions. The Court thus finds good cause exists for limited expedited discovery prior to the contempt hearing in this matter. *See Damus*, 328 F.R.D. at 3–4 (granting limited expedited discovery where plaintiffs "raised a sufficient question of noncompliance" with a court order); *Abdi v. McAleenan*, No. 1:17-CV-00721 EAW, 2019 WL 1915306, at *2 (W.D.N.Y. Apr. 30, 2019) (same and collecting cases of same). Therefore, the Court **GRANTS** HOKC's Motion for Expedited Discovery [DE 100]. Requests for discovery shall be provided no later than April 7, 2023. The parties are **ORDERED** to exchange discovery responses by April 18, 2023.

## CONCLUSION

**IT IS ORDERED** as follows:

1. HOKC's Request for Entry of Default against the Corporate Defendants [DE 98] is **DENIED without prejudice**. The Corporate Defendants are permitted until April 18, 2023, to retain counsel and file appropriate responses to the filings in this case;

2. Wright's Request to "Stay Pre-Answer Response Filings" [DE 101] is **DENIED**;

3. HOKC's Motion to Request Documents [DE 100] is **GRANTED,** Requests for discovery shall be provided no later than April 7, 2023, and the parties are **ORDERED** to exchange discovery responses by April 18, 2023;

4. The parties are **ORDERED** to appear for an evidentiary contempt hearing before the Honorable Rebecca Grady Jennings on April 25, 2023 at 11:00 a.m. at the Gene Snyder U.S. Courthouse, Louisville, Kentucky. The parties shall provide a **witness list** to the Court three days in advance of the hearing.

5. The parties are **WARNED** that failure to appear without notice to and permission of the Court may result in default.

> Rebecca Grady Jennings, District Judge
> United States District Court
> March 30, 2023

Cc: Counsel of record
    Defendant, pro se