FILED
JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: _____Apr 05, 2023_____

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| **THE HONORABLE ORDER OF KENTUCKY COLONELS, INC.** ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> **COL. DAVID J. WRIGHT, et.al.** ) <br> Defendant ) <br> ) | Civil Action 3:20-cv-00132-RGJ-RSE <br><br> UNOPPOSED MOTION TO WAIVE PACER ACCESS FEES AND OBTAIN ACCESS TO COURT DOCUMENTS, VIDEOS AND TRANSCRIPTS |

**DEFENDANT'S UNOPPOSED MOTION TO WAIVE PACER ACCESS FEES AND OBTAIN ACCESS TO ALL COURT DOCUMENTS, VIDEOS AND TRANSCRIPTS IN CASE**

COMES NOW, **Col. David J. Wright, ("Defendant")** in *pro se* pursuant to Federal Rules of Civil Procedure 7, 11, 12 and 57, Title 28 U.S.Code §§ 2201, 2202, and Title III of the United States Constitution, previously recognized understanding this Honorable Court on February 23, 2021 when this case was **dismissed with prejudice, in-law with equity, under a court mediated settlement conference with an Agreed Permanent Injunction** and **Agreed Order of Dismissal**.

**JUSTIFIED AND REASONABLE MOTION**

On March 30, 2023 this Court reopened Case 3:20-cv-00132 based on a new highly sophisticated strategic lawsuit against public participation and an attempted federal case construction on theoretical allegations filed by the Plaintiff involving the Defendant 3:23-cv-00043 which has been removed by the Court to this original case. Let the record reflect that other Defendants involved in this case were defaulted upon in August 2020 and will remain in default, the only responsible party for the defense in this case is the Defendant, Col. David J. Wright, a Kentucky Colonel representing himself *pro-se*, and on the behalf of the Commonwealth of Kentucky as a civilian officer commissioned honorably in 1996 by

1

Governor Paul Patton. The Defendant understands that being a Kentucky Colonel is more significant in common-law than a university title or an elected title, because it is a pioneer title.

**DEFENDANT DOES NOT HAVE ACCESS TO ENTIRE CASE**

The Defendant respectfully asks this Honorable Court to enter an Order Exempting Defendant from the Fees Imposed by the PACER Fee Schedule to freely access all the documents filed relative to Case 3:20-cv-00132 due to the Defendant's *in forma pauperis* status and due to technical problems accessing magic-links from the PACER CM/ECF (court filing) system using a PC from outside the United States. The indigent Defendant needs access to 3,360 pages of case information in order to review the information therein at least 14-21 days prior to the HOKC's Motion to Show Cause Hearing scheduled for April 24, 2023.

- 28 USC §1914 | Filing and Miscellaneous Fees | "(b) The clerk [of each district court] shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States."
- JCUS | Fee Exemptions | "Courts may exempt certain persons or classes of persons from payment of the user access fee. Examples of individuals and groups that a court may consider exempting include: indigents…
- PACER | Email on Fee Exemptions | "In forma Pauperis does not provide the PACER Service Center the authority to exempt your PACER account... If you wish to request a PACER exemption, write to the Chief Judge or Clerk of Court for the jurisdiction for which you wish to obtain free PACER access..."

In accordance, Defendant contacted the US District Court Clerk's Office to obtain filings that he does not have access to on March 31, 2023, or has never had access to (which were most often emailed by the Plaintiff as a courtesy) are no longer in the Defendant's possession because the case was dismissed with prejudice; the reply from "Kim with the US District Court at (502) 625-3553" was that

the Defendant can "write to the Chief Judge of the Court" or "file a motion in the case to waive Pacer fees" or "to have copies emailed to him by the Court at his expense of $0.10 per page".

The Defendant will also be requesting the **Complete Confidential Transcript of the Court Ordered Settlement Conference** held on December 29, 2020 including the **confidential settlement position documents provided by the Plaintiff and the Defendant 10 days prior to the conference**, and will further request this Court to stay this proceeding until all these records can be examined carefully by the Defendant and his advisory counsel, if cause is demonstrated in this case by the Plaintiff. The information presented during the confidential settlement conference by the Magistrate all of the Defendant's intellectual property was disclosed and which the Defendant retained that was not prohibited by the Agreed Permanent Injunction.

## CURRENT SITUATION COURT ORDER [DE-105]

Currently the Defendant is living and working in Colombia as a Kentucky Colonel, he is also self-employed and legally disabled since 1992 earning less than $12,000 per year as a volunteer protecting the rights of Indigenous peoples. The Defendant **will only be able to appear** using a **Zoom Video Conference Appearance Link arranged by this Court**. The Defendant can appear before the Court on Apr 24, 2023 using the Zoom Mobile Application on Android. To invite the Defendant to a hearing, use his email david.wright@globcal.net.

The Defendant does not have resources to defend himself in this action or to hire an attorney, so he must represent himself *pro se in forma pauperis*. The Defendant does not have the financial resources to pay PACER Fees, or to travel to the United States District Court in Louisville, Kentucky on April 24, 2023 or anytime this year, he plans to return to Kentucky for the 250th anniversary of the founding of Boonesborough in 2025. It is not likely that the Defendant can get an advance on his copyright publication "Kentucky Colonels: Founders, Forefathers … Kentucky" because the Plaintiff has ruined the ability of the Defendant to raise money for these educational, informational endeavors and research purposes protected by the Agreed Permanent Injunction and has encouraged its own agents and licensees to violate this Defendant's "rights, privileges and responsibilities as a Kentucky Colonel" and his

3

"constitutional civil rights as an American Citizen". This lawsuit should not be allowed to interfere with Defendant's rights, privileges and responsibilities as a Kentucky Colonel (civilian officer for the Commonwealth of Kentucky), as the executive director of a non-profit charitable organization since 1994, or as a Citizen of the United States, but it has cost this Defendant thousands of dollars including a Pandemic Relief Loan from the SBA of the United States. This lawsuit will not interfere with the Defendant's rights as an American Citizen or his international rights as a Kentucky Colonel.

The Plaintiff is intentionally targeting the Defendant's organizations to isolate and deprive them of their credibility. The Plaintiff single handedly is directly responsible for creating a public relations nightmare for the Defendant and has crippled a non-profit organization that was established in 1994 in Kentucky, due to the same allegations that were previously dismissed with prejudice. This Court should abandon the new HOKC claim and force them to Appeal the Agreed Permanent Injunction in the Third Circuit Court of Appeals. Any further action in this case against the Defendant will result in a **Counterclaim and a Proceeding Challenging the Plaintiff's** nine ambiguous trademarks under the applicable statutory laws of the United States. The counterclaim will seek a minimum of 10 million dollars in actual damages, punitive relief and legal costs.

The Defendant needs all these documents and information relevant to this case because on March 30, 2023, Judge Rebecca Grady Jennings ordered the Case (Kentucky Colonels I) 3:20-cv-00132 to be re-opened as a cause of action relative to the Agreed Permanent Injunction.

## SPECIAL CASE

This Court has stated in the past that this is a "special case", the Defendant agrees as well as his advisory counsel who attempted to resolve the case with the Plaintiff's counsel to no avail and zero cooperation. Arbitration and a mediation hearing were also suggested and refused by the Plaintiff during the first week of 3:23-cv-00043 (Kentucky Colonels II) which is now a closed case. This is also a special case in as much as the **Defendant's Answer and Affirmative Defenses [DN-65]** and **Motion for Declaratory Judgement [DN-82]** have never been heard by this Court prior to this case being **dismissed with prejudice** on February 21, 2021.

This is also a Special Case because the Defendant is not under any legal obligation to be subjected to discovery in a case where his **Answer and Affirmative Defenses [DN-65]** have been filed, but have not been entered and heard by a court where all the information being sought in discovery was discussed, reviewed or rejected by Plaintiff is within the context of a confidential court mediated settlement conference that produced an "Equitable Judicial Decision" which further permitted Defendant negotiated legal rights to his "Intellectual Property". **Only this Court may directly depose this Defendant in "this case", the Plaintiff may not**; except through further "agreed" arbitration and mediation or through an appeal of the Agreed Permanent Injunction and the Agreed Dismissal Order DN-92 and DN-93 rendered by this Court. The Plaintiff is not entitled to any of the special considerations it believes it has in this proceeding despite presenting the court with a new sophisticated constructive 1,100 page, 11 pound lawsuit (misconstructed Federal case) that is now way overblown and far too complex for the Defendant or any Kentucky attorney to understand or respond to, which now the Defendant is not obligated in law to Answer under duress and overhanded criticism of his lawful activities. The Plaintiff overreaching its registered uses of their trademarks makes this case a controversy, the Court is not even aware of which privileges the Plaintiff does have or the motives of the Plaintiff ambiguating its own trademarks to mean things other than the uses registered. The Plaintiff does not have the right to bring this action, the Defendant has done nothing to the Plaintiff or engaged in the use of its intellectual property which is inconsistent with law.

## MOTION TO EXEMPT DEFENDANT FROM PACER FEES

Movant holding the following PACER account login name "ColDavidWright" requests an exemption from payment of the Electronic Public Access Fee ("PACER User Fee") which is prescribed by the Judicial Conference of the United States as set forth in 28 U.S.C. § 1930. The Defendant needs access to this 3,360 page case file. In support of this Motion for Exemption From Payment of the PACER User Fee, the movant states as follows:

1. Movant is the administrator and executive director of a non-profit organization qualified for tax-exempt status under § 501(c)(3) of the Internal Revenue Code

2. Movant is an individual researcher associated with an educational creative work
3. Movant is indigent without adequate funds defending this case, and
4. Movant is the subject targeted in this case, where his name appears.

Exemption from payment of the PACER User Fee is necessary in order to avoid unreasonable burdens upon the Defendant to legally defend this case and to promote public access to information about a case in which he is personally involved on the behalf of the Commonwealth of Kentucky as a Kentucky Colonel. As specific grounds for the exemption, the movant states the following: "This case was dismissed, now that it has been reopened with a SLAPP suit annexed to it, this Defendant does not have access to his own case file or the litigation records that have occurred in **3:20-cv-00132 [DE-1 through DE-105]** except in part."

## MOVANT'S STATEMENT

Movant agrees that all information, reports, documents, and other data obtained using a fee exempt PACER account will not be sold for profit or otherwise exchanged for value.

Movant agrees that all information, reports, documents, and other data obtained using a fee-exempt PACER account will be used only in connection with the movant's duties as a *pro se* litigant.

Movant requests exemption also as a representative of his non-profit organization (named in the lawsuit), as a researcher, and an indigent.

Movant agrees that all information, reports, documents, and other data obtained using a fee-exempt PACER account will be used only in connection with the movant's activities which qualify for the exemption and not activities which are unrelated to the exemption.

Movant does not require a separate fee-based PACER account for activities that are not related to this case 3:20-cv-00132 or its defense. The Movant does not require access to documents which are not exemption-related or necessary to defend the case.

Movant acknowledges that exemption from payment of the PACER User Fee will be granted for a maximum term of: 36 months for courts.

Movant acknowledges that the exemption from payment of the PACER User Fee may be revoked at any time at the discretion of the court.

Movant acknowledges that movant may not knowingly permit or cause to permit the PACER User Fee exemption to be used by anyone other than the movant or the movant's agent (*pro bono* legal counsel). Furthermore, movant acknowledges that any legal advisor or agent's use of the exemption shall be only in connection with the exemption-related activities for which the movant was granted the exemption, and that the agent is subject to the movant's restrictions under Section 2(c)-(e) of the "Guidelines for Motion For Exemption From Payment of the PACER User Fee."

## COURT ACTION REQUESTED

By the Court's admission this is a "special case", the fact that this Court considered that it could help the Defendants obtain legal counsel previously if this were a "special case" which it was not at that time. Any case where Defendants (a non-profit charitable organization and a cooperative) that were defaulted upon, a confidential settlement conference takes place, and the case is dismissed with prejudice to be reopened is a special case. If the Court does not assist the Corporate Defendants (a 501(c)(3) organization and a subsidiary cooperative) to retain counsel, then they will remain in default. Declare this case a "special case" so it can be afforded equity and justice on the behalf of 250,000 or more Kentucky colonels. The Plaintiff is well-financed and the Defendant(s) has/have been indigent since this case began. It was dismissed as an Equitable Settlement (Agreed Permanent Injunction) and the Defendant wants the case to remain dismissed.

## THIS MOTION

Based upon the foregoing, the movant requests that the court grant the Motion for Exemption From Payment of the PACER User Fee for a period of three years or until this now 3 year old case is concluded. Also based on the foregoing the Defendant requests the Court's direction and instruction for attending the April 24, 2023 at the Plaintiff's Hearing to Show Cause in this current action.

Respectfully submitted in good-faith,

Rio Orinoco, Colombia
Dated: April 04, 2023

*[signature: Col. David J. Wright]*

Col. David J. Wright
david.wright@globcal.net
+1 (859) 379-8277

**<u>Certificate of Service</u>**

I hereby certify that on or before April 05, 2023, I emailed for filing the foregoing motion with attachments to the Clerk of the Court for the United States District Court of the Western District of Kentucky using the special Pro Se Intake Email per General Orders 20-04 and 20-11 for entry to the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Clerk's Office
601 W. Broadway, Rm 106
Gene Snyder United States Courthouse
Louisville, KY 40202

*Col. David J. Wright*