| | |
|---|---|
| THE HONORABLE ORDER OF ) | |
| KENTUCKY COLONELS, INC. ) | |
| ) | |
| PLAINTIFF ) | |
| v. ) | CIVIL ACTION NO. 3:20-CV-132-RGJ |
| ) | |
| KENTUCKY COLONELS ) | |
| INTERNATIONAL, et al. ) | |
| ) | |
| DEFENDANTS ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS [DE 104]

Plaintiff, The Honorable Order of Kentucky Colonels, Inc. ("HOKC"), by counsel, hereby tenders the following response to the Motion to Dismiss **[DE 104]** of Defendant David J. Wright ("Defendant's Motion").[1] Defendant's Motion must be denied because HOKC's Verified Complaint clearly states viable claims for relief and the Defendant provides no legal or factual authority to justify his blatant violation of the Court's Permanent Injunction and continuing infringement on HOKC's protected KENTUCKY COLONELS Mark.

---

[1] While Defendant's Motion indicates that it was filed by Wright individually, the motion also purports to seek relief on behalf of the corporate Defendants, Ecology Crossroads Cooperative Foundation, Inc. ("Ecology Crossroads") and Globcal International ("Globcal"). *See* Defendant's Motion, pgs. 9-14. As the Court has repeatedly indicated, Wright may not appear on behalf of Ecology Crossroads or Globcal (hereinafter the "Corporate Defendants") because he is not licensed to practice law. The Court has ordered that the Corporate Defendants have until April 18, 2023 to retain counsel and file appropriate responses or risk entry of default and an award of default judgment [3/30/23 Order **[DE 105]**, 3-4]. Defendant's Motion should be denied with respect to the Corporate Defendants because it is not properly before the Court.

# FACTUAL BACKGROUND[2]

To avoid unnecessary repetition, HOKC will not elaborate on all of the record facts that have been established through the Verified Complaint and the other filings in this matter.[3] For purposes of the instant motion, HOKC simply notes that its Verified Complaint demonstrates, *inter alia*, that (1) on February 23, 2021 this Court entered a Permanent Injunction which expressly prohibited Wright's use of HOKC's registered and protected KENTUCKY COLONELS Mark, or any mark that is confusingly similar to the KENTUCKY COLONELS Mark, in connection with the sale of any goods or service including the solicitation of charitable donations and the promotion of charitable and philanthropic causes [**DE 97** at 7]; (2) the Permanent Injunction further prohibited Wright from using the KENTUCKY COLONELS Mark, or any mark that is confusingly similar, on any website, social media page, or blog in such a way that is likely to cause consumers to be confused or deceived into believing that HOKC is affiliated with Wright [*Id.* at 8]; (3) the Permanent Injunction made it clear that Wright could only use the terms "Kentucky Colonel" or "Kentucky colonels" as words "to describe Kentucky colonels, as an honorary title, or for editorial, educational, informative, journalistic, literary or other ***noncommercial purposes*** …" as long as the use is not related to HOKC's trademarks [*Id.*]; (4) since the entry of the Permanent Injunction in February 2021, Wright has engaged in various online activities in clear violation of the Permanent

---

[2] HOKC incorporates herein by reference the factual background, supporting documents, affidavits, and other record proof tendered with its Verified Complaint **[DE 97]** and the Motion for Temporary Restraining Order and Preliminary Injunction **[DE 99]** (converted by the Court to a motion to show cause).

[3] Because Wright's internet and social media postings since entry of the Permanent Injunction indicate that third-parties have sponsored, enabled, or otherwise assisted in those activities, HOKC filed a new action naming "unknown Defendants." The new allegations of misconduct and the potential participation in those activities by "***new parties***" constitutes grounds for permitting HOKC to proceed with the most recently filed Verified Complaint as well as pursue remedies for civil contempt for Wright's breach of the Permanent Injunction.

Injunction [*Id*. at 9]; (5) those activities include, *inter alia*, promoting a "Kentucky Colonels™" organization, establishing various social media groups (such as "Kentucky Colonels Community") [*Id*.], offering "Kentucky Colonel badges" [*Id*.], offering to sell the "trademark KENTUCKY COLONEL website (w/4domains)" [*Id*. at 12], creating a "Kentucky Colonel" page on various crowd funding websites for the purpose of supporting his own organizations [*Id.* at 14], marketing an "International Registry of Kentucky Colonels" [*Id*.]; (6) marketing a "Kentucky Colonel Cooperative" which provides various goods and services in exchange for the payment of "dues" [*Id*.]; (7) the above described activities were intended to generate revenue for Wright, individually, and/or Ecology Crossroads [*Id.* at 17]; and (8) HOKC has experienced actual confusion as a result of these activities and such confusion has been conveyed to HOKC by its members and patrons [*Id.* at 25]. The Verified Complaint includes detailed descriptions of the factual grounds for each one of these claims [*Id.* at 9-25].

## ARGUMENT

## DEFENDANT'S MOTION TO DISMISS FAILS AS A MATTER OF LAW

LR 7.1 requires a motion to state with particularity the grounds for the motion, the relief sought, and the legal arguments necessary to support it. Defendant's Motion utterly fails to satisfy these requirements. Defendant's Motion is based on alleged "facts" that are recited in the document as well as the "Defendant's Motion to Take Judicial Notice of Adjudicated Facts" **[DE 103]** ("Defendant's Judicial Notice Motion"),[4] improperly filed by Wright on March 28, 2023. Wright expects the Court to accept statements made without personal knowledge, consider legal

---

[4] The only aspect of Defendant's Judicial Notice Motion that is noteworthy is Wright's candid admission that his current actions are patterned after an extortionate scheme where he "realized a return of more than $50,000" after cybersquatting on the Arborday.com domain **[DE 103]**, 20]. Wright tells on himself when he states that a similar extortionate payment "may be a good option" for HOKC. [*Id.*].

and factual arguments that are unsupported by the record, and accept his summaries and characterizations of "evidence" without challenge. That is not the way things work.

The purpose of a motion under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of a complaint. *Gibson v. American Bankers Insurance Co.*, 91 F. Supp. 2d 1037, 1040 (E.D. Ky. 2000). Such a motion allows the court "to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). The party moving for dismissal under Rule 12(b)(6) has the burden of showing that no claim has been stated. *Gibson v. American Bankers Ins. Co.*, 91 F. Supp. 2d 1037, 1039 (E.D. Ky. 2000). The court should not grant a motion under Rule 12(b)(6) unless it is convinced beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Moreover, for purposes of Rule 12(b)(6), the court must accept the plaintiff's factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court should construe a plaintiff's allegations liberally, because the rules require only general or "notice pleading" rather than detailed factual pleading. *Johnson v. City of Shelby*, 574 U.S. 10 (2014).

HOKC's Verified Complaint clearly states viable claims for relief. All of those claims involve the actions of Wright, ***and perhaps others***, beginning in May 2022, a year after entry of the Permanent Injunction. The thorough recitation of sworn facts reflected in the Verified Complaint demonstrate that Wright has breached the Permanent Injunction and that he and other Defendants, including new, unknown parties, continue to engage in trademark infringement, trademark dilution, and cyberpiracy.

By contrast, none of the alleged "facts" recited by Wright relate to the actual allegations in the Verified Complaint. Indeed, Wright does not deny that he is using marks that are confusingly similar to HOKC's protected mark to promote a business enterprise, market products (badges, I.D. cards, nameplates, etc.), and solicit charitable contributions in violation of the Permanent Injunction. Instead, he asserts that this is a "controversy" about the accuracy of HOKC's "background story." [Defendant's Motion, 2]. But any disagreement about history is irrelevant. HOKC has federal trademark registrations for the KENTUCKY COLONELS Mark. HOKC has continuously used and carefully protected the KENTUCKY COLONELS Mark in connection with its philanthropic, membership, and social activities for decades. Wright's exhaustive recitation of the history of the title "Kentucky colonel" is simply not relevant.

Contrary to Wright's self-indulgent, nonsensical proclamation, this is a lawsuit. And Wright must follow the Rules of Civil Procedure in defending the claims made against him. His failure to provide even the most basic legal authority or facts necessary to support the Defendant's Motion is fatal to his dismissal request.

## **CONCLUSION**

Just as HOKC predicted, Wright is continuing his practice of engaging in excessive and frivolous motion practice. The purpose of that conduct is clear – harassment. HOKC should not be required to respond to one baseless motion after another. For the reasons stated herein, Defendant's Motion must be denied.

Respectfully submitted,

*/s/ Cornelius E. Coryell II*
Cornelius E. Coryell II
Julie Laemmle Watts
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, KY 40202
(502) 589-5235
ccoryell@wyattfirm.com
jwatts@wyattfirm.com

*Counsel for Plaintiff, the Honorable Order of Kentucky Colonels, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing has been served upon the following, via U.S. Mail and/or electronic mail, on the 5th day of April, 2023:

Globcal International
c/o Maya-Lis A. Wright
302 General Smith Drive
Richmond, KY 40475

Ecology Crossroads Cooperative Foundation, Inc.
c/o Maya-Lis A. Wright
302 General Smith Drive
Richmond, KY 40475

David J. Wright
302 General Smith Drive
Richmond, KY 40475
David.wright@globcal.net

*/s/ Cornelius E. Coryell II*
*Counsel for Plaintiff, the Honorable Order of Kentucky Colonels, Inc.*

101102299.1