UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | | |
|---|---|---|
| THE HONORABLE ORDER OF KENTUCKY COLONELS, INC. | ) ) ) | |
| PLAINTIFF | ) | |
| v. | ) | CIVIL ACTION NO. 3:20-CV-132-RGJ |
| KENTUCKY COLONELS INTERNATIONAL, et al. | ) ) ) ) | |
| DEFENDANTS | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO TAKE JUDICIAL NOTICE OF ADJUDICATIVE FACTS [DE 103]

Plaintiff, The Honorable Order of Kentucky Colonels, Inc. ("HOKC"), by counsel, hereby tenders the following response to Defendant David J. Wright's ("Wright") Motion to Take Judicial Notice of Adjudicative Facts **[DE 103]** (the "Motion"). Neither the Federal Rules of Civil Procedure nor the Joint Local Rules of Civil Practice authorize, or even recognize, the filing of a "Motion to Take Judicial Notice of Adjudicative Facts" prior to the filing of an answer or responsive pleading under Fed.R.Civ.P. 12. Wright's misguided attempt to delay and derail this litigation is procedurally and substantively flawed and should be denied.[1]

---

[1] Because of Wright's *pro se* status, the Court may be inclined to grant him significant leeway on procedural matters. But the Motion is so ridiculously contrived that it cannot be excused through the extension of even extraordinary latitude.

# ARGUMENT[2]

Wright asserts that the purpose of the Motion is to:

> [D]emonstrate that this Court has made a grave error understanding and allowing the Plaintiff to continue to beguile the Court with commercial and corporate rights based on a fictional narrative of folklore-like fantasy roll-playing of a fictitious unlawful militia made up of Kentucky colonels with no duties, obligations or rights except to donate money to without any genuine connection other than their honorary standing therein.

[Motion, 1-2]. But this case is not about competing historical narratives. It is about Wright and the entities he controls attempting to hijack HOKC's registered KENTUCKY COLONELS Mark for personal enrichment, in blatant violation of this Court's February 23, 2021 Permanent Injunction. As fully set forth in the Verified Complaint, Wright is actively promoting a "Kentucky Colonels™" organization, establishing various social media groups (such as "Kentucky Colonels Community"), offering "Kentucky Colonel badges," and marketing a "Kentucky Colonel Cooperative" which provides various goods and services in exchange for the payment of "dues." [*See* Verified Complaint **[DE 97]** at 9-25]. This action is about Wright, and others working with him, violating the Permanent Injunction and continuing to engage in trademark infringement, trademark dilution, and cyberpiracy.

FRE 201 allows a fact to be introduced into evidence if the truth of that fact is so well known, or authoritatively attested, that it cannot reasonably be doubted. But, Wright's self-proclaimed expertise on the history of Kentucky colonels and his criticisms of the "trademark office examiners" that approved HOKC's trademark registrations do not qualify for that distinction. Moreover, Wright's lecture on the law of judicial notice and the application of judicial

---

[2] HOKC incorporates herein by reference the factual background, supporting documents, affidavits, and other record proof tendered with its Verified Complaint **[DE 97]** and the Motion for Temporary Restraining Order and Preliminary Injunction **[DE 99]** (converted by the Court to a motion to show cause)

notice to the history of Kentucky colonels, is not even relevant to the issues in this action. Wright is continuously and extensively using the internet and social media to confuse the public by infringing upon and misappropriating HOKC's valuable KENTUCKY COLONELS Mark. Neither Wright's self-serving historical diatribe nor his disapproval of the trademark registration process are relevant to those claims.

The Court entered an Order on February 16, 2023 stating that that Wright "may have to and including March 27, 2023 to file an answer or responsive pleading" to HOKC's Verified Complaint [**DE 9** in Civil Action No. 3:23-CV-00043-RGJ]. The Motion is not an "answer or responsive pleading." A defending party must state in short and plain terms the party's defenses to each claim asserted and must admit or deny each allegation in a pleading presenting a claim for relief. *Indigo Am., Inc. v. Big Impressions, LLC*, 597 F.3d 1, 5 (1st Cir. 2010). Alternatively, a defendant may file a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure asserting: (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim on which relief may be granted; and (7) failure to join a party under Rule 19. The Motion does not respond to any allegation of the Verified Complaint, present grounds for dismissal under Rule 12(b), or otherwise address the substance of HOKC's claims. Instead, the Motion offers a self-aggrandizing morass of irrelevant gibberish solely for the purpose of evading and delaying these proceedings. A defendant may not respond to claims for relief by presenting answers and/or other responsive pleadings "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed.R.Civ.P. 11(b)(1). That is precisely what the Motion attempts to do. HOKC should not be required to address the vitriolic rhetoric, erroneous legal analysis, and irrelevant factual conclusions recited in the Motion.

The Court must reject Wright's efforts to avoid accountability for blatantly violating the Court's February 23, 2021 Permanent Injunction. For the reasons set forth herein HOKC requests that Wright's Motion to Take Judicial Notice of Adjudicative Facts be denied.

Respectfully submitted,

*/s/ Cornelius E. Coryell II*
Cornelius E. Coryell II
Julie Laemmle Watts
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, KY 40202
(502) 589-5235
ccoryell@wyattfirm.com
jwatts@wyattfirm.com

*Counsel for Plaintiff, the Honorable Order of Kentucky Colonels, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing has been served upon the following, via U.S. Mail and/or electronic mail, on the 6th day of April, 2023:

Globcal International
c/o Maya-Lis A. Wright
302 General Smith Drive
Richmond, KY 40475

David J. Wright
302 General Smith Drive
Richmond, KY 40475
David.wright@globcal.net

Ecology Crossroads Cooperative Foundation, Inc.
c/o Maya-Lis A. Wright
302 General Smith Drive
Richmond, KY 40475

*/s/ Cornelius E. Coryell II*
*Counsel for Plaintiff, the Honorable Order of Kentucky Colonels, Inc.*

101100842.1