UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | |
|---|---|
| THE HONORABLE ORDER OF ) | |
| KENTUCKY COLONELS, INC. ) | |
| ) | |
| PLAINTIFF ) | |
| v. ) | CIVIL ACTION NO. 3:20-CV-132-RGJ |
| ) | |
| KENTUCKY COLONELS ) | |
| INTERNATIONAL, et al. ) | |
| ) | |
| DEFENDANTS ) | |

## PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff, The Honorable Order of Kentucky Colonels, Inc. ("HOKC"), by counsel, hereby moves the Court to sanction the Defendant, David J. Wright ("Wright"), for willful failure to comply with the Court's discovery order entered March 3, 2023 **[DE 105]**. Wright's blatant disregard of the Court's order is inexcusable. When viewed in light of his continuing violation of the Court's February 23, 2021 Permanent Injunction, it is clear that the most severe sanction – default – is appropriate.

## BACKGROUND[1]

This matter is scheduled for a show cause hearing on April 25, 2023. By Order dated March 30, 2023 **[DE 105]**, the Court granted HOKC's motion to expedite discovery, stating that "requests for discovery shall be provided no later than April 7, 2023 and the parties are **ORDERED** to exchange discovery responses by April 18, 2023…." [3/30/23 Order **[DE 105]**, 8]. On April 6, 2023, HOKC served Wright with written discovery, providing him with Word

---

[1] HOKC incorporates herein by reference the factual background, supporting documents, affidavits, and other record proof tendered with its Verified Complaint **[DE 97]** and the Motion for Temporary Restraining Order and Preliminary Injunction **[DE 99]** (converted by the Court to a motion to show cause).

versions of the documents to facilitate his responses and reminding him that responses were due no later than April 18, 2023.[2] To date, Wright has failed to respond to those requests or offer any explanation for his refusal to respond.

**ARGUMENT**

I. **WRIGHT SHOULD BE SANCTIONED FOR HIS WILLFUL FAILURE TO COMPLY WITH THE COURT'S DISCOVERY ORDER.**

Rule 37(b) of the Federal Rules of Civil Procedures provides the Court authority to grant a range of sanctions when a defendant fails to comply with the Court's order. The statute provides that if a party "fails to obey an order to provide or permit discovery, the court where the action is pending may issue further just orders." The range of sanctions available under Rule 37(b)(2)(A)(i)-(vi) includes (a) designating facts subject to the discovery requests to be established for purposes of the action, (b) prohibiting the disobedient party from presenting evidence on certain subjects or supporting certain defenses, (c) striking pleadings, and (d) entering a default judgment.

The Sixth Circuit has stated that discovery sanctions in the form of entry of a default judgment are appropriate "where the party's failure to cooperate with the court's discovery orders is due to willfulness. A willful violation occurs whenever there is a conscious and intentional failure to comply with the court order." *Bass v. Jostens*, 71 F. 3d 237, 241 (6th Cir. 1995). The Sixth Circuit also explained that such terminating discovery sanctions accomplish "the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future." *Id.* at 241.

In reviewing an order by the trial court imposing discovery sanctions where the sanction is dismissal or default, the Sixth Circuit considers the following four factors:

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; the third factor is whether the

---

[2] Counsel's correspondence to Wright and the accompanying discovery requests are attached as Exhibit 1.

> dismissed party was warned that failure to cooperate could lead to dismissal; and the fourth factor is whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.*; *see also Bank One of Cleveland, N.A. v. Abbe*, 916 F. 2d 1067, 1079 (6th Cir. 1990) (citing similar factors).

### A. Wright's Failure to Comply with the Court's Order Is Willful

Throughout the course of these proceedings, and the litigation which concluded with the Court's entry of the Permanent Injunction in February 2021, Wright has repeatedly attempted to delay the proceedings and thwart HOKC's efforts to conduct discovery. Indeed, he filed a Motion to "Stay Pre-Answer Response Filings" in this matter **[DE 101]** in an effort to derail HOKC's ability to identify the associates, consultants, and "sponsors" who are, according to Wright's social media and internet postings, supporting the infringing activity described in HOKC's Verified Complaint. The Court denied that motion. [*See* 3/30/23 Order **[DE 105]**, 8]. Since the Court rejected his delay tactic, Wright decided to ignore the discovery requests, just as he has chosen to ignore the Permanent Injunction. Wright's deliberate non-compliance with the Court's Order should not be countenanced.

### B. HOKC Is Prejudiced by Wright's Misconduct

HOKC's discovery requests were narrowly tailored to confirm that Wright is responsible for the conduct described in the Verified Complaint[3] and determine (1) the extent to which Defendants continue to violate the Permanent Injunction entered by the Court through private social media activities; (2) the extent to which the International Registry of Kentucky Colonels described on the Defendants' websites is operational; (3) the number of "Kentucky Colonel Badges" and "Kentucky Colonel Nameplates" ordered or sold by Defendants; (4) the number of

---

[3] Because Wright has not filed an answer to the Verified Complaint, HOKC served Requests for Admissions pursuant to Fed. R. Civ. P. 36 asking Wright to admit or deny that he was responsible for the individual internet and social media postings described in the Verified Complaint. At a minimum, the Court should order that those requests are deemed admitted in accordance with Fed. R. Civ. P. 36(a)(3) so that the matters that are the subject of the requests do not have to be established at the evidentiary hearing scheduled for April 25, 2023.

Kentucky Colonel ID cards sold by Defendants; (5) the quantity of "Kentucky Colonel Apparel" sold by Defendants; (6) whether the financial solicitations described in the Verified Complaint have resulted in contributions to Ecology Crossroads or otherwise generated revenue for Defendants; (7) whether the financial solicitations and other communications referred to in the Verified Complaint have caused or generated confusion among the general public; (8) the intent of Defendants to cause confusion among consumers; and (9) the injury to HOKC's goodwill caused by Defendants' use of HOKC's trademark and the actions described in the Verified Complaint. Wright's refusal to provide this basic information significantly inhibits HOKC's ability to analyze and address the damage caused by Wright's inexcusable and shameless violation of this Court's Permanent Injunction. Moreover, Wright's refusal to list his "sponsors" inhibits HOKC's ability to identify the "unknown Defendants" described in the Verified Complaint and properly add those individuals as named defendants to this action.

### C. Wright Was Warned of Future More Serious Consequences

The Court admonished the parties on the importance of complying with the Court's orders. [*See* 3/30/23 Order **[DE 105]**, 5 ("when it has been established that a party has violated the court's order, the Court may impose both coercive and compensatory sanctions as a civil remedy...")]. Wright has consciously chosen to ignore the Court's warning regarding the consequences of his refusal to comply with the Court's Order.

### D. Less Drastic Sanctions Would Be Ineffective

Wright has repeatedly demonstrated conscious disregard of the Court's orders. His willful refusal to respond to discovery here repeats that pattern. His past conduct demonstrates that any intermediate sanctions would be futile and would only increase the delay and expense of this litigation. He clearly has no intention of changing his belligerent behavior and complying with his duties as a litigant.

## CONCLUSION

All of the factors to be considered in evaluating the propriety of the most serious sanctions for violation of a Court order warrant imposition of the most serious sanction available in this case: default. HOKC submits that default judgment should be entered against Wright under the circumstances as authorized by Fed. R. Civ. P. 37(b)(2)(A)(vi).

Respectfully submitted,

*/s/ Cornelius E. Coryell II*
Cornelius E. Coryell II
Julie Laemmle Watts
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, KY 40202
(502) 589-5235
ccoryell@wyattfirm.com
jwatts@wyattfirm.com

*Counsel for Plaintiff, the Honorable Order of Kentucky Colonels, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing has been served upon the following, via U.S. Mail and/or electronic mail, on the 21st day of April, 2023:

Globcal International
c/o Maya-Lis A. Wright
302 General Smith Drive
Richmond, KY 40475

Ecology Crossroads Cooperative Foundation, Inc.
c/o Maya-Lis A. Wright
302 General Smith Drive
Richmond, KY 40475

David J. Wright
302 General Smith Drive
Richmond, KY 40475
David.wright@globcal.net

*/s/ Cornelius E. Coryell II*
*Counsel for Plaintiff, the Honorable Order of Kentucky Colonels, Inc.*

101113282.1

5