FILED
JAMES J. VILT JR,
CLERK
7/31/2023
U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| **THE HONORABLE ORDER OF KENTUCKY COLONELS, INC.** )<br>Plaintiff )<br>)<br>vs. )<br>)<br>**COL. DAVID J. WRIGHT, et.al.** )<br>Defendant )<br>) | Civil Action No. 3:20-cv-00132<br><br>**MOTION FOR LEAVE** |

## MOTION FOR LEAVE TO FILE MOTION TO STAY PROCEEDINGS ON MULTIPLE GROUNDS AND CONTINUANCE

The undersigned *pro se* defendant, **Col. David J. Wright**, hereby moves the Court for leave pursuant to Rule 15 of the Federal Rules of Civil Procedure. Defendant respectfully moves the Court for leave to file the attached Motion to Stay the Proceedings **based on new information** and to file a response to **Plaintiff's Proposed Findings of Fact and Conclusions of Law [DN-126]**. Rule 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2), moreover the recent **Memorandum and Order [DE-120]** finalizes with the statement that: "Any replies must be filed with a motion for leave to file."

Defendant moves for leave to amend his *ignored and slighted pending dismissal motions* and *unheard* foreclosed upon Answer and Affirmative Defenses [DN-62] in a dismissed case that contain relevant facts, thereby allowing Plaintiff "time and opportunity" to file an Amended Complaint *as previously requested by the Plaintiff* by combining cases 3:20-cv-00132 and 3:23-cv-00043 which would **best serve justice and promote judicial efficiency at the expense of the parties**, but not the court. Further, there would be no substantial or undue prejudice, bad faith, undue delay, pro se defendants or futility. This would also overcome the burden of the Defendants to find a lawyer willing to take on a 3,600 page case with dozens of ambiguous, equivocating and erroneous allegations based on better information.

The Defendant wishes to file a request for a reasonable time extension and to acquire or obtain legal counsel within a *30, 60 or 90 additional day continuance frame* or during a *stay of the proceedings* in good-faith, or as may be required by the Court in the interest of serving justice and defending the American public, to object and respond to the **Plaintiff's Proposed Findings of Fact and Conclusions of Law [DN-126]** abjectly, which erroneously allege numerous violations on the part of the Defendant to an **Agreed Permanent Injunction [DE-93]** which did not occur, did not cause damages and did not create harm to the Plaintiff except through its own disambiguation with the Defendant and his efforts with the Office of the Kentucky Colonelcy. The Defendant agrees that the Agreed Permanent Injunction should remain in place until a future date when another may supercede it based in equity for all the parties involved in this case including all those who are not aware that they are the unknown defendants.

The Agreed Permanent Injunction has proven to be an inadequate remedy, with lots of loopholes, few guideposts, a broadly overreaching document that does not clearly define any "fair-use", "descriptive use" or "generic use" by other parties (employees, volunteers, members, non-members subject thereto) other than the Plaintiff, being misconstrued by the Plaintiff the Order is based on judicial *ad hoc* misunderstandings about trademark law that are not consistent with United States law regarding the Copyright Act or the Lanham Act, it is not written using the appropriate legal terminology for intellectual property law and is not codified in accordance with US Law. Among other reasons including this incident, making the Agreed Permanent Injunction clear and concise for understanding is a priority in this case.

The Plaintiff's demands are also inconsistent with the type of protection they sought for trademarks which *were not issued without an advisory warning* by the United States Patent and Trademark Office that the trademark was "not protectable" in a descriptive sense, restricting its use to the most specific purposes for which it is being used and none other, it is in the USPTO file, public documents connected to one or more the fictitious legal trademarks and service mark registrations 6939801, 6236898, 5981310, 6292185, 6286056, 4596450, 2812681, 1227024, and 4939909 that deserve judicial notice for the registered trademark KENTUCKY COLONELS® which is not at issue, but most likely it should be in a trademark infringement case, not the violation of an Agreed Permanent Injunction for a case that was dismissed in mutual accord.

Over the past three working days the Defendant has extended the olive branch to the Plaintiff in an effort to rewrite the Agreed Permanent Injunction with an amended version for the benefit of the 250,000 inactive non-members that are colonels, the 30,000 HOKC members, future colonels and governing the Defendant's own interest in the intellectual property that remains from the Confidential Court Mediated Settlement Conference which the Plaintiff rejected as part of the settlement. Many other proposals have also been offered to the Plaintiff, all of which have been rejected including a negotiated agreement. Even the Defendant's advising *ad hoc pro-hac vice* counsel waived the olive branch to try to reach a reasonable conclusion to this case with the Plaintiff, which has never had a case that resembled anything like this.

For all these reasons, and those stated in the attached motion for continuance and stay of the proceedings, Defendant respectfully requests that the Court grant Defendants leave to file the attached Motion to Stay the Proceedings and a Response to Plaintiff's Proposed Findings of Fact and Conclusions of Law [DN-126] for 14 to 30 days or until the Court can decide how to resolve a burdensome case that cannot be adjudicated by a Kentucky colonel (the Defendant and others) or its immediate allies and supporters that hold personal interests with elected officials in the (Plaintiff) such as Kentucky Judges.

For the foregoing reasons, Defendant respectfully requests that the Court grant this motion and provide the relief requested of additional time.

Puerto Carreño, Colombia
Dated: July 31, 2023

Col. David J. Wright,
Kentucky Colonel
david.wright@globcal.net
+1 (859) 379-8277