**FILED**
James J. Vilt Jr,
Clerk
7/31/2023
U.S. District Court
Western District of Kentucky

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| THE HONORABLE ORDER OF KENTUCKY COLONELS, INC. <br> Plaintiff <br><br> vs. <br><br> COL. DAVID J. WRIGHT <br> Defendant | Civil Action No. 3:20-cv-00132 <br><br> MOTION FOR CONTINUANCE AND TIME EXTENSION OR STAY |

## MOTION FOR CONTINUANCE, TIME EXTENSION AND/OR STAY
## "STAY. REQUESTED," "IMMEDIATE RELIEF REQUESTED"

In the case before this Court, Civil Action 3:20-cv-00132, **The Honorable Order of Kentucky Colonels, Inc. *v.* Col. David J. Wright, *et al*.** (Col. David J. Wright is the legal representative of the other two Defendants he created, capacitates and controls under Kentucky and US law), comes the Defendant, in *pro se*, **Col. David J. Wright, [author, creator, a designated owner** of a **KENTUCKY COLONEL™ TITLE (an <u>unregistrable common-law trademark of the Commonwealth of Kentucky</u>); owner of a ©1998 first e-publication of KENTUCKY COLONEL information on the Internet;** and the webmaster of **KENTUCKY COLONELCY, a descriptive website title and a blog that is a semantic Creative Commons educational, historical information resource]** to seek a continuance to trial, acquire counsel, seek the recusal of the judge and file for an <u>extension of time</u> to respond, reply and consider his defense position as a class-action matter on the behalf of the 90% (or a vast majority) of all Kentucky colonels (approximately 250,000) and future members who are not active members, donors or subscribers of the Plaintiff's non-profit organization that are indirectly and unwittingly engaged in this case, and whereas will be affected by its outcome.

The Defendant seeks a timely stay (or continuance with a 30, 60 or 90 day time extension) to reorganize his defense efforts with an attorney based on new enlightening information, introduce new evidence not previously available and because he cannot continue as a *pro se* practitioner. The Defendant has discovered that he is considered a whistleblower because he denounced the Plaintiff's unlawful, corrupt and deceptive activities prior to the filing of this lawsuit in a confidential letter to the Commonwealth's chief executive that was hand delivered to the dispatch of Governor Andy Beshear on January 21, 2020 calling out "Kentucky Colonel" concerns with the HOKC and the previous governor's activities. The Governor's failure to act or take seriously the confidential concerns of 2,000 Kentucky colonels in 2020 is why this case exists and why new fraudulent trademark applications were filed on February 17, 2020 by the Plaintiff. The Defendant now needs an attorney designated by the Court, perhaps the Commonwealth Attorney's advice or at least adequate time to raise funds to acquire private counsel or some amount of time to recruit the *pro-bono* assistance of ProPublica, the ACLU or the Electronic Frontier Foundation (EFF) due to the nature and type of lawsuit now involving Defendant's "civil rights" and "freedom of expression" that this has become, there are *many more issues here* that the Court is not aware of that must be addressed and understood based on the allegation based evidence that the Plaintiff's agent is using to construct a case to **prosecute the Defendant as a scapegoat**. Due to the overloaded and overwhelming case file created by the plaintiff, 3,600+ pages it is likely that an attorney may need from several weeks to a few months before one could develop a tangible legal defense strategy. For the record this case has seven (7) "pending motions" and "pleadings" by the Defendant that were either *ignored or slighted* by the Judge and the Plaintiff or *perhaps overlooked*, nonetheless the Defendant wants to amend these motions with an attorney because they contain important information and relevant facts that additionally qualify this defendant for whistleblower protection and quickly resolve the dispute, including the **Defendant's Answer and Affirmative Defenses [DN-62]** which must now be amended before this case proceeds, based on the fact that these documents we never heard or ruled upon by this Court and has permitted the case to escalate, which has been dismissed with prejudice in 2021 and reopened by the Court in 2023. Moving further without resolving and reviewing this case would be unlawful on the part of the United States Government and this Court, because the alphabet does not skip any letters and this case

already has more than adequate grounds for an appeal, but we are not here to argue about the dismissal with prejudice of the original case; we are arguing as to whether the Defendant in "actual fact" violated an Injunction through one of the loopholes he exploited to non-commercially and cooperatively to employ Kentucky colonels as commissioned officers of the Commonwealth to bolster Kentucky tourism, talk about Kentucky Colonelcy and perform activities online while producing ID cards and badges for them directly with badge and ID card manufacturers. The Plaintiff does not have a trademark for ID cards, badges or for human beings that are actual Kentucky colonels, but they want to fool the Court into believing that they might.

It is also most likely the motions which must be filed during this new chapter, are: a Motion for Whistleblower Protection, a Motion to Break the Seal of the Magistrate's Confidential Settlement Conference, a Motion to Amend or a Repeal the Agreed Permanent Injunction, a Motion to Recuse the Judge, a Motion to Change the Venue, a Motion to Consider Pending Motions, a Motion to Submit Sealed Evidence, a Motion to Take Judicial Notice of Adjudicative Facts, a Motion for Declaratory Judgement, a Motion to Amend and Consider Defendant's (unreplied to and slighted) Answer and Affirmative Defenses, plus a Motion for a Counterclaim that the Defendant wants to file along with the "Unknown Defendants" are all warranting of additional time and/or a temporary or timely *stay of the proceedings* by the Court.

The Defendant wants to make clear that the Agreed Permanent Injunction was produced in the most part (4 of the 5 paragraphs) by Judge Rebecca Grady Jennings as a Temporary Injunction to initially restrict the Defendant's civil rights and protect the Plaintiff prior to the Defendant's initial Answer and Affirmative Defenses [DN-62] and six additional motions containing adjudicative facts, the injunction was not created to serve a permanent purpose, but remains as the summary of the Plaintiff's best efforts to sink the Defendant's Colonelship.

In the case before the Court, Civil Action 3:20-cv-00132 and in accordance with the Code of Federal Civil Procedure the Defendant, Col. David J. Wright (and other unknown defendants) wish to proceed with the filing of a time extension, additional motions, amending pending motions that have not been heard (seven of them), file an actionable counter-claim against the Plaintiff(s), a cross-claim against

the Plaintiffs' trademark licensees including their other associated companies, refile a motion for a declaratory judgment, introduce new additional evidence that was recently discovered, and or appeal the dismissal of this case and the Agreed Permanent Injunction currently in place notwithstanding the Mediator's Proposal which should remain in tact.

## INTRODUCTION AND BACKGROUND

As a 25 year member, supporter and volunteer of the Plaintiff's organization and honorary civilian officer of the Commonwealth the Defendant has made every effort to contain this matter in good-faith, with dignity, honor, respect and in good-taste as not to become a public relations nightmare for the Plaintiff, since he was forewarned by its attorney which stated this case is about "preserving" his client's "reputation and goodwill"; but now after holding back news articles and countless complaints about the Plaintiff since this all began in October 1998 as a website for Kentucky colonels — Defendant seeks a protection order as a Whistleblower welcoming the notion of bringing this matter to trial in the interest of the public with a forthcoming class action counterclaim and a *qui tam* action. Kentucky colonels (grown men and women recognized by a Kentucky Governor) do not need a private charity (corporate entity) combined with another enterprise (commercial entity) acting as their intermediary representative (paid hand holder) to help them be noticed for their deed, make decisions, or guide their natural goodwill as honorary civilian officers; or to control their actions, visions, tongues and thoughts as they dilute the soup of our society with misinformation for part of colonels' money. **Colonels have been making history for the Commonwealth of Kentucky over 200 years with and without money, on their own, with and without a hat, badge, button, t-shirt, belt buckle or even buying a bucket of chicken as "great honorable individuals" with and without the Honorable Order of Kentucky Colonels or other organizations that engage colonels elsewhere. With nothing more than their commission deed and title, the state and most of its counties were founded and organized by Kentucky colonels (in common law) long before the 20th century and the establishment of the Eastern and Western Districts, it was Kentucky colonels that built the first Kentucky District Court before Kentucky became a state. This entire case is ridiculous, the Plaintiff fails to state in its complaint that this**

**matter started in 1998 and 2001, not 2020! This lawsuit is a direct retaliation against the Defendant for writing a confidential letter to the governor about them and writing several Blogger articles that alleged improprieties and discussed the need of a true membership organization.**

The Plaintiff is making ambiguous, fraudulent, false, overt and overreaching contextual legal claims with errors (non-gramatical in-fact) within the body of its Proposed Findings of Fact (to arrogantly mislead the Court) beguiling the general public, state and the federal government, with a simple keystroke (misplaced letter) in the most obvious of places to bring additional harm and cloud of confusion and misconception over the Defendant in the color of law starting on page 1 of Document Number 126. The judge in this case is under the opinion that the "s" is not a big deal, go figure? This "whole case" is about the use of the letter "s" at the end of the Defendant's legal title! The Plaintiff needs to have its trademarks canceled for misuse and generating social disparity.

The Plaintiff has gone way too far, overboard in fact in an effort to penalize, sanction and default on the honor issued to the Defendant by the Governor to prove a violation to an injunction that cannot be sustained with any *prima facie* evidence, the Plaintiff is fabricating facts out of fiction like it has been since 1941 when they invented the mythical 1813 Kentucky Colonel Order that never was from a story that was never told about two chimney houses, just to say something smart — instead of utilizing this most opportune moment to create, develop and renegotiate an amended Agreed Permanent Injunction to better serve its needs as an organization and the needs of the Defendant in its hasty effort to obtain an unjust civil award and judgment 1,000 times greater than it knows the Defendant will ever pay to inflict damage on the Defendant's civil rights and the right to promote himself with the honor of the title as a Kentucky Colonel. The Defendant's informal reply to the Plaintiff's most recent filing is: "The buck stops here, it is time to let the cat out of the bag, polish up my Kentucky Colonel badge, make me a whistleblower". Kentucky Revised Statutes 61.101, et seq.: Reprisal Against Public Employee for Disclosure of Violations of Law Prohibited. The Plaintiff is not allowed to sue the Defendant or interfere with his civil rights for exercising his freedom of expression and speech, retaliation is prohibited. The federal False Claims Act allows whistleblowers who believe their company [organization] has defrauded the government [and/or public] to file what are known as "*qui tam actions*" and this shields them from

retaliation as an employee, [member, officer or volunteer]. There is perhaps little that can be done that is greater or more noble than removing a corrupt or deceptive unnecessary charity (public or private) that is misappropriating heritage and misleading a segment of our society to perpetuate a falsehood as it drags down the respect that is earned through the Honorable Title over the past 2.48 centuries. The HOKC is an organization, it is not a human being and it does not have the ability to possess human qualities.

## NEW INFORMATION

New information has shed light that both the instant complaint 3:23-cv-00043 and the original complaint 3:20-cv-00132 are reprisals and retaliation based counterattacks against the Defendant's public statements and blog publishing activities (in November 2019, January 2020 and October through December 2022) to limit his constitutional and civil rights as a citizen of the United States and a Kentucky Colonel that depends on the title professionally as part of his name; this case, controversy and dispute target the Defendant's right to freedom of expression with a legally prominent title and is also a conspiracy against the civil rights of Americans who have become Kentucky colonels (including Plaintiff's active members). All of the Defendant's publishing activities and contacts directly with state officials including a hand-delivered letter to the Governor's office and the Plaintiff's subsequent actions match a tic for tac timeline of activities, news releases and unsupportable outright lies appearing about the Defendant that should have been recanted upon dismissal, then the present lawsuit aimed at his potentially popular registry which began in 1998 (however the Plaintiff claimed it just started in 2020).

The Defendant is a 25 year member and was an ally of the Plaintiff's organization, in January 2020 he made his annual donation, began to blog articles and reorganize his unincorporated organization started in 1998 (now defunct) in order to reveal facts some of which alleged misappropriation of the state's customs, folklore, history and traditions under Governor Matthew Bevin who secretly and unlawfully conferred and consorted with the Plaintiff after the Plaintiff adopted a US Shield (red, white and blue) representative of the United States flag as its logotype with misleading trademark information in 2016. Governor Bevin also added a new requirement that forced any person who was already a Kentucky

colonel to make a donation to the Plaintiff's private nonprofit charity in order to make or nominate a new colonel.

The Defendant respectfully asks the Court to enter a protective order preventing further retaliation against the Defendant (as a scapegoat) and his closest peers that are indirectly targeted. The Defendant has invited the Plaintiff repeatedly to remedy the Plaintiff's qualms with arbitration, mediation or renegotiation to develop a stronger exhaustive Agreed Permanent Injunction based in the US Code that clearly defines and disambiguates the Plaintiff's (multiple) trademarks with all other descriptive, generic uses defined and the actual fair-use stipulations for the Plaintiff's marks.

The Court may need to instruct the Plaintiff and Defendant to focus on developing a non-binding resolution to make reconciliation amenable to the Parties, because this case **was dismissed with prejudice, there was no *prima facie* evidence of trademark infringement presented and it should have remained dismissed.** The Court may at some time need to analyze, disambiguate and separate each of the Plaintiff's trademarks within the context of the law to fully understand the Lanham Act which in a hearing this year was questioned by the presiding judge in this case that admitted on the bench her unfamiliarity with trademarks and trademark law questioning as to whether the presence or absence of a letter "s" would be relevant, significant or important regarding the Plaintiff's registered trademark(s) or in considering the fair-use doctrine applied to the Plaintiff's marks by the Defendant and unknown defendants.

At various times throughout the current proceeding (since the conversion of the second case) in good faith with experienced legal counselors to no avail the Defendant has offered concessions with an opportunity for the Plaintiff to renegotiate the Agreed Permanent Injunction which governs the activities of both Parties. While the Parties have narrowed the issues in dispute, despite their best efforts they were unable to reach an agreement given the little time with wise counsel without the Defendant sacrificing his civil rights, admitting fault, removing content from the Internet, and abandoning or surrendering his intellectual property that was maintained in a confidential settlement mediation conference held by this Court on December 29, 2020.

The Defendant wants the Court to take notice that he is now seeking protection as a Whistleblower under state and federal statutes and therefore requests the Court to designate an attorney, because this case is now one of public interest, a corporate nonprofit's conspiracy to violate civil rights involving blatant deception and fraud that actively discriminates against thousands of unknown defendants and because the case has become so complex the Defendant can no longer represent himself in court fairly or against a retaliatory ill-willed corporate law firm like the Plaintiff's because he does not understand the gravity, nature and seriousness of the charges being leveled against him and his abilities as a *pro se* defendant are too limited to continue, moreover with his civil rights of other unknown individuals being affected by the decisions in this case. The Defendant has revealed during the course of this case some of the Plaintiff's conspiracy which was illustrated to the Court in the public record presented in various court filings (still pending) and wants to come full-circle by divulging everything he has learned about the Plaintiff's organization, its members that participated in the January 6 Riots, its political allies, the governor, secretary of state and their legal counsel which has unlawfully constructed registered trademarks based on assumption, engaged in self-dealing as a charity and has committed fraud (deceptive activities) upon the US Federal Government, its members and the general public with its false narrative. The Plaintiff is conspiring to change the landscape, misappropriate state history and diminish the Kentucky colonels' official capacity as honorary state officers. Moreover the Judge in this case is known to have intimate, personal and professional connections to Kentucky Colonels that are members of the Plaintiff's organization, and previous judges have recused themselves because they are connected to the Plaintiff, therefore this Court may not be able to further serve as a practical venue for this case because it is too hard to find judges in Kentucky that are not colonels, have lots of friends that are colonels or are connected to the Plaintiff or the Defendant directly in some way.

The aspiration to make freedom of expression an acknowledged right under the First Amendment drove the movement for whistleblower protection in all of its forms. The repetitive filing of SLAPP suits against a Defendant with extremely limited resources and making unsubstantiated allegations resulting in the restriction of civil rights is evidence that this is a special case, moreover the Defendant involves the Office of the Governor as a beneficiary of the Plaintiff's non-commercial and commercial activities. The

Defendant has begun to provide some discovery; made statements to the media, and has entered information in the Court record that marginalizes the Plaintiff's actions; however, this is an unusual and complex case involving lengthy detailed research with several political figures that are complicit knowingly or unknowingly. Additionally, the international element in this case covers multiple jurisdictions nationally and internationally.

A stay of the proceedings is a ruling by a court to stop or suspend a proceeding or trial temporarily or indefinitely. A court may later lift the stay and continue the proceeding. Some stays are automatic, but others are up to judicial discretion. Usually, the pendency of an appeal stays proceedings in the court below it. In *Long v. Robinson, 432 F.2d 977* (4th Circuit, 1970) the court held that a party seeking a stay must show: (1) that he will likely prevail on the merits of the case; (2) that he will suffer irreparable injury if the stay is denied; (3) that the other parties will not be substantially harmed; and (4) that the public interest will be served by granting the stay. Considering all these conditions can be met and an appeal of the Agreed Permanent Injunction rests with this District Court and not the Circuit Court there is no reason that a stay should not be granted as both a form of relief to the parties and as a way to recapitulate this case justice can be served.

## RECUSAL OF THE JUDGE

This case may also be subject to 28 U.S. Code § 455 - "Disqualification of justice, judge, or magistrate judge" (Also see Rule 2.11: Disqualification.) because Judge Rebecca Grady Jennings may be directly connected or linked to the Plaintiff, possesses a financial interest in the Plaintiff's organization, be closely acquainted with members of the Plaintiff's board of trustees, or part of another organization that has received grants from the Plaintiff, may have donated to the Plaintiff, may have purchased goods from the Plaintiff, may have received invitations to social functions hosted by the Plaintiff, could have participated in events hosted by the Plaintiff in Louisville or in association with the Kentucky Derby, and was definitely appointed to become a District Court Judge by a Kentucky Colonel (President Col. Donald Trump) and suggested for the position of US District Court Judge by Senator Col. Mitch McConnell, also a "Kentucky Colonel" both members of the Plaintiff's organization at the time the Judge was appointed

and prior to taking up this case. It is also somewhat likely that Judge Rebecca Grady Jennings and/or her spouse may have been recognized as a Kentucky Colonel, has neighbors that are colonels, attended functions benefitting the Plaintiff's organization since as early as 2003 or has been an honorary member of the Plaintiff's organization as "Rebecca Christine Grady". The Defendant does not move for a dismissal or upset on Rule 2.11, but will use it if the matter must be appealed, because the Defendant strongly believes that the court will dismiss the case, restart the case and/or order arbitration and remediation to preserve the integrity of the Court Mediated Agreement. However the Court should also be aware that the Plaintiff's organization and its benevolent work over the past 90 years may disqualify most members of civil society within the venue of this court; several justices have recused themselves from this case simply because they are in-deed Kentucky colonels, members of the Plaintiff's organization or because it is difficult to be a judge in Kentucky and not be a Kentucky Colonel or not know so many of them. Therefore the Motion to Recuse the Judge in this case is currently in the hand of the discretion of the Chief Judge who can also remove this case from the Kentucky Western District to Washington DC, easily and without additional expense to taxpayers and it can be attended to just as easily electronically.

## ADDITIONAL BACKGROUND

The Plaintiff's actions and complaints have resulted in a civil contempt hearing and irreparable harm to the Defendant in a case that has been dismissed with prejudice with more than a half-dozen unheard *pending motions* (three presently pending dismissal motions in abeyance), the Defendant's timely Initial Answer and Affirmative Defenses [DN-62] *never being considered* by the Court and the Defendant's right to seek the cancellation of the Plaintiff's trademarks embargoed based on the fact that Case 3:20-cv-00132 which was dismissed under a confidential court mediation (involving *quid pro quo* concessions) has been reopened by Honorable Judge Rebecca Grady Jennings compounding the matter with a new case 3:23-cv-00043 that was converted into a *contempt and show cause hearing*, which was nothing less than a biased equivocated performance on the side of the Plaintiff, where the Executive Director of the Honorable Order of Kentucky Colonels **admits on the record she has no knowledge** of the Kentucky Colonelcy officially or knows the specific "rights, privileges and responsibilities" of the

office Kentucky Colonel title holders enjoy, she admitted on the behalf of the Plaintiff as its head officer, that they are not the origin or source of Kentucky colonels, they do not have real generals and cannot make a person into a Kentucky Colonel, deferring to the unwritten common-law knowledge, process and wisdom of the Governor of the Commonweath, the Plaintiff's honorary commander in chief.

## WHISTLEBLOWER PROTECTION

Moreover, because the Defendant is an actual living Kentucky Colonel, was a member of the Plaintiff's organization since 1996 (or may still be a member without his consent), has made donations to the Plaintiff's organization (prior to this case), has volunteered for the Plaintiff's organization, has attended events and functions, has inside working knowledge of Plaintiff's operations, has received numerous complaints and inquiries about the Plaintiff and their operation, has information regarding impropriety about the Plaintiff and personally knows thousands of other members in the Plaintiff's organization — the Defendant wants **to blow the whistle on the Plaintiff and the Governor for wrongdoing**, file a counterclaim and crossclaim against the Plaintiff for personal damages and administrative loss, complicate and engage its commercial agents, enterprises and licensees in order to expose its misdemeanors which have led to the enrichment of the private nonprofit charity for the personal gain of its protagonists which includes elected officials. However, as a Whistleblower the Defendant needs protection under "**42 U.S.C. § 1985 - Conspiracy to interfere with civil rights**" and "**31 U.S. Code § 3729 - False claims**"; the Defendant also now needs an attorney appointed by the court because he cannot afford one at this time and because this case has become outrageously complex begging the question with more than 4,000 pages of filings and more than 10 hours of court transcripts. All the pending and/or unheard motions and pleadings in this case (in abeyance) or not replied to by the Plaintiff must be amended and the negotiation terms of the five hour confidential settlement conference must be unsealed in the interest of the public for renegotiation to develop fair-use guidelines for thousands of unknown Defendants.

## REASONABLE TIME EXTENSION OR STAY

Defendant respectfully submits that good cause exists to extend the time limit of 30 days to file a response to Plaintiff's Proposed Findings of Fact and Conclusions of Law. The Defendant needs to acquire

counsel and humbly pleads with the Court to appoint or designate an attorney to assist the Defendant to present a fair and just defense for his actions representative of others and representative of the Commonwealth of Kentucky as a citizen, resident and honorary officer of the state. Time of 60-90 days, will be adequate to respond categorically to the Proposed Findings of Fact and Conclusions of Law from the Court Ordered Hearing to Show Cause.

## CONCLUSIONS

For these reasons, among others, Defendant requests time to prepare his response, amend dismissal motions, prepare a whistleblower's complaint under oath, consult with an attorney while this case is continued, extended, stayed and/or pending at the discretion of the Court at a future date.

For any or all of the foregoing reasons, Defendant respectfully requests that the Court grant this motion and help him obtain an attorney to defend the public's interest in this case and his own. Sincerely and in good-faith.

Puerto Carreño, Colombia
Dated: July 31, 2023

Col. David J. Wright,
Kentucky Colonel
david.wright@globcal.net
+1 (859) 379-8277

## Certificate of Service

I hereby certify that on July 31, 2023, I emailed for filing the foregoing motion with attachments to the Clerk of the Court for the United States District Court of the Western District of Kentucky using the special Pro Se Intake Email per General Orders 20-04 and 20-11 for entry to the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Clerk's Office
601 W. Broadway, Rm 106
Gene Snyder United States Courthouse
Louisville, KY 40202

*Col. David J. Wright*