UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | | |
|---|---|---|
| THE HONORABLE ORDER OF KENTUCKY COLONELS, INC. | ) ) ) | |
| PLAINTIFF | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 3:20-CV-132-RGJ |
| KENTUCKY COLONELS INTERNATIONAL, et al. | ) ) ) | |
| DEFENDANTS | ) ) | |

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

Plaintiff, The Honorable Order of Kentucky Colonels ("HOKC"), pursuant to the Court's August 9, 2023 Order **[DE 129]**, hereby moves the Court for an award of attorneys' fees and costs incurred in attempting to address violations of the February 23, 2021 Agreed Permanent Injunction Order **[DE 93]** by the Defendants David J. Wright ("Wright"), Ecology Crossroads Cooperative Foundation, Inc. ("Ecology Crossroads"), and Globcal International ("Globcal") (Wright, Ecology Crossroads, and Globcal are hereinafter collectively referred to as "Defendants"). For the reasons set forth herein and supported by the accompanying affidavit, HOKC respectfully requests the Court enter an order awarding HOKC Ninety-Seven Thousand One Hundred Three Dollars ($97,103) and directing that Wright, Ecology Crossroads, and Globcal are jointly and severally responsible for payment of that amount.

**BACKGROUND**

On August 9, 2023, the Court issued its Memorandum Opinion and Order finding that Defendants blatantly violated "the letter and spirit of the Agreed Permanent Injunction Order…" [**DE 129**, 8]. As the Court recognized, HOKC repeatedly attempted to resolve

Defendants' violation of the Agreed Permanent Injunction Order prior to seeking the Court's intervention.  [See **DE 97-10**; **DE 126** at 3690].  Not only did Defendants refuse to curtail their actions, but they also doubled down on their open contempt of the injunction by, among other things, (1) increasing the frequency and vitriol of their social media postings [*see* Exhibit 1 to accompany Affidavit of Cornelius Coryell]; (2) aggressively promoting their initiative to develop a purported vehicle for Kentucky Colonels to "be invested as stakeholders entitled to dividends and owners with equity to a professional role as an Official Kentucky Colonel" [*see* April 25, 2023 Hearing Exhibit 12]; (3) accusing HOKC of vandalizing Wright's home and threatening his family [*see* Coryell Affidavit, Exhibit 2]; and (4) accelerating their efforts to market "ID Cards," badges, an "International Registry of Kentucky Colonels," and "additional internet services" in exchange for a membership fee. [*see* April 25, 2023 Hearing Exhibit 13].  Such conduct resulted in HOKC receiving more than one hundred (100) complaints or inquiries from its members between December 2022 and June 2023.  [May 9, 2023 Hearing Transcript, 57:4-7; Hearing Exhibit 23].

Defendants' infringing activity involved a byzantine network of websites that included the www.kycolonelcy.us website, the Ecology Crossroads website, the Globcal website, the Kentucky Colonel YouTube page, the Kentucky Colonel LinkedIn page, the Kentucky Colonel Pinterest account, and the Kentucky Colonel Crunchbase crowd funding site. [May 9, 2023 Hearing Exhibit 20, Def.'s Resps. to Pl.'s Req. for Admis. Nos. 4-6, 20-21]. In addition, Defendants utilized an extensive social media network involving the creation of unauthorized groups, deceptively identifying themselves as "Kentucky Colonel," "Kentucky Colonel Community," "Kentucky Colonel Club," and "Kentucky Colonel ™ 1775." [*Id.*].  As a result of Defendants' prolific and relentless social media campaign, counsel for HOKC was

required to continuously monitor Defendants' extensive internet and social media presence. Moreover, because Wright regularly modified his webpages and authored social media posts on virtually a daily basis, keeping track of those activities required extraordinary diligence and effort. In short, significant attention and resources were needed to identify the scope of Defendants' conscious and blatant disregard for the Agreed Permanent Injunction Order.

Finally, Defendants' litigation conduct escalated the intensity and difficulty of the efforts to protect HOKC's Mark. Between March 21, 2023 and July 31, 2023, Defendants tendered at least nine (9) filings, consisting of hundreds of pages of documents, most requiring a response from HOKC. The Court ultimately deemed those filings to be "meritless." [**DE 129**, 12]. Wright repeatedly attempted to use his *pro se* status to unnecessarily burden HOKC's counsel by imposing parameters on transmittal of HOKC's court filings [*see* Coryell Affidavit, Exhibit 3] and demanding HOKC's counsel communicate with an out-of-state attorney who refused to appear as counsel of record in the litigation [*see* Coryell Affidavit, Exhibit 4]. Thus, even as a *pro se* litigant, Wright created as many impediments as possible to the efficient resolution of HOKC's claims.

## ARGUMENT

As the party applying for attorneys' fees, HOKC "has the burden of showing [that it is] entitled to such an award by documenting the appropriate time spent on the matter in addition to hourly rates." *Clear Cast Group, Inc. v. Ritrama, Inc.*, Case No. 1:09-cv-00169, 2012 WL 13047288, *1 (N.D. Ohio, July 2, 2012 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (additional citations omitted). "Such a requirement does not require the party to show exactly how each minute was spent, however the general subject matter should be contained in counsel's timesheets." *Id*. The accepted method of calculating attorney's fees is

known as the "Lodestar method." *J&J Sports Prods., Inc. v. Cole's Place, Inc.*, 2011 U.S. Dist. LEXIS 153137, *14 (W.D. Ky. Nov. 28, 2011) (citations omitted).  The Lodestar method requires that the "hours reasonably expended by counsel are multiplied by a reasonable hourly rate commensurate with that fee rate imposed in the local legal community by counsel of similar experience." *Id*. (citations omitted).  A fee determined by using the Lodestar method carries a "strong presumption" that it is a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (internal quotations and citations omitted).

HOKC was forced to incur significant attorneys' fees to identify, address and correct the dozens of actions that violated the Agreed Permanent Injunction Order.  All of those expenses and costs were avoidable.  If Defendants had merely honored HOKC's reasonable request to comply with the terms of the injunction, which **Defendants agreed to** in February 2021, litigation would not have been necessary.  The nature and scope of Defendants' conduct presented a serious threat to the value of HOKC's protected Mark, as well as the goodwill generated by the organization over decades of philanthropic endeavors.  The complexity of the litigation, the extraordinary degree to which Defendants violated the injunction, and the consequential nature of Defendants' contemptuous conduct justify the fees expended by HOKC to protect its rights.

The attached Affidavit of Cornelius E. Coryell explains and describes, among other things, the qualifications of the professionals representing HOKC in this action.  The accompanying billing statements provide detailed descriptions of the tasks performed as well as the amount of time spent on each task.[1]  For the reasons set forth herein, HOKC

---

[1] The billing statements have been lightly redacted to avoid disclosure of communications protected by the attorney-client privilege.  Production of the billing statements does not constitute a waiver of the attorney-client privilege, which HOKC specifically reserves.

respectfully requests the Court enter an order holding Wright, Ecology Crossroads, and Globcal jointly and severally responsible for HOKC's attorneys' fees and costs in the amount of Ninety Seven Thousand One Hundred Three Dollars ($97,103).

## **CONCLUSION**

For the reasons set forth herein and in the accompanying affidavit, HOKC respectfully requests the Court enter an order awarding HOKC's attorneys' fees and costs and directing that Wright, Ecology Crossroads, and Globcal are jointly and severally responsible for payment of that amount.

Respectfully submitted,

*/s/ Cornelius E. Coryell II*
Cornelius E. Coryell II
Julie Laemmle Watts
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, KY  40202
(502) 589-5235
ccoryell@wyattfirm.com
jwatts@wyattfirm.com

*Counsel for Plaintiff, the Honorable Order of Kentucky Colonels, Inc.*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on August 17, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing has been served upon the following, via U.S. Mail and/or electronic mail, on the 17th day of August, 2023:

Globcal International
c/o Maya-Lis A. Wright
302 General Smith Drive
Richmond, KY 40475

Ecology Crossroads Cooperative Foundation, Inc.
c/o Maya-Lis A. Wright
302 General Smith Drive
Richmond, KY 40475

David J. Wright
302 General Smith Drive
Richmond, KY 40475
David.wright@globcal.net

            */s/ Cornelius E. Coryell II*
            *Counsel for Plaintiff, the Honorable Order of*
            *Kentucky Colonels, Inc.*

101230341.2