UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

FILED
James J. Vilt Jr,
Clerk
8/31/2023
U.S. District Court
Western District of Kentucky

| | |
|---|---|
| **THE HONORABLE ORDER OF** ) | Civil Action No. 3:20-cv-00132-RGJ |
| **KENTUCKY COLONELS, INC.** ) | Civil Action No. 3:23-cv-00043-RGJ |
| **Plaintiff** ) | **Memorandum Opinions and Orders** |
| ) | |
| vs. ) | NOTICE OF APPEAL |
| ) | |
| **COL. DAVID WRIGHT, et.al.** ) | |
| **Defendant(s) & Appellant** ) | |

## NOTICE OF APPEAL

Comes now the **Defendant-Appellant, Honorable David Wright, a Kentucky Colonel,** appears today *pro-se* in *forma pauperis* under 28 U.S.C. § 1915 to herein give notification that he APPEALS to the **United States Appellate Court for the Sixth Circuit** the **"Memorandum Opinions and Orders" of the United States District Court for the Western District of Kentucky (the "District Court"), entered on August 9, 2023 and August 16, 2023 by Honorable Judge Rebecca Grady Jennings** in the above-captioned case. This is a case about **The Honorable Order of Kentucky Colonels, Inc.** gaining an unfair judgment using well-paid legal counsel to steer the court to err and make mistakes confounded with a sophisticated allegory of circumstances, events and misconstrued incidents creating a scapegoat to gain a false victory on two cases that were dismissed with prejudice, with a civil judgment exceeding $100,000 of which 93% is for legal fees of the plaintiff's complaints about a 20 year old unincorporated association.

### APPELLANT DECLARATION

"I, David J. Wright, a Kentucky Colonel and Goodwill Ambassador of the Commonwealth of Kentucky, from Berea in Madison County, Kentucky, a *forma pauperis* and *pro se* defendant, am appealing the judgments, opinions, and orders of the US District Court for the Western District of Kentucky in the case of HOKC v. KCI that began in 2020 in favor of the plaintiff and against me and two

other defendants, I make this appearance as an individual who has been a Kentucky Colonel for 25 years and member of the Plaintiff's organization until it initiated the lawsuit in 2020.

I have standing to appeal this judgment because I am aggrieved by the judgment and I have a *bona fide* legal interest and ethical responsibility to myself, the state government and peers in the outcome of the appeal. The US Code sections that allow me to make this appeal are 28 U.S.C. §§ 1291 and 1292. Once again I am a pauper with barely enough income to feed myself and my companion that is a pet dog, therefore I must request the court assist me in finding counsel or designate an attorney to assist me in delineating and disambiguating this civil rights case dressed up as a trademark, service mark and trade name dispute involving two dismissed cases..

I believe that the district court's orders and decisions targeted and violated my constitutionally guaranteed rights that are protected by the Constitution to ensure that citizens can voice their opinions, receive a fair trial, access unbiased media, participate in elections, and practice chosen beliefs; including the rights I enjoy to free speech, free civil association, the right to redress grievances and the freedom of expression. I also believe that the court's decision violated my Fourteenth Amendment right to equal protection under the law and has caused me incomparably great harm and injury with associated disparaging publication inspired by the Plaintiff's board members to defame my character based on the actions taken by the court. While I respectfully adhere to all the laws of the United States and in my good-faith demonstrated to this court, I respectfully contend the Plaintiff has engaged in directly misleading the court to make mistakes in how the case has proceeded in its heavy handed favor which has played out since the beginning with withholding information about its relationship with the defendant(s) over the previous 20 years as its ally, donor, member, volunteer and inferior fellow competitor seeking a Temporary Restraining Order (TRO) as if I were its spouse in a domestic abuse case."

"The Kentucky Colonel ID Card program that I designed and developed for our journalists, project developers, reviewers and researchers that work with our Creative Commons website, write for our book

and social media developments to identify themselves independently of the plaintiff is legal and does not violate any of the plaintiff's trademark rights, there is nothing wrong with that according to clause five of the agreed injunction; but not considered or believed by this court biased with the preliminary injunction."

## CIRCUIT COURT JURISDICTION

The Defendant | Appellant has the right to appeal to a federal court of appeals (also known as a circuit court) from a final order or judgment that awards relief against [him] or denies some of the relief [he] sought (28 U.S.C. §§ 1291 and 1295; *Forney v. Apfel*, 524 U.S. 266, 271 (1998)). An aggrieved party normally also has the right to appeal from certain types of interlocutory (non-final) orders, such as orders granting or denying injunctions (28 U.S.C. § 1292(a)). If an order or judgment is not appealable as of right, the court will direct an aggrieved party to make a petition for permission to appeal (FRAP 5(a); FRCP 23(f); 28 U.S.C. §§ 1292(a), 1292(b) and 1453(c)(1)).

The US Court of Appeals for the Sixth Circuit hears most appeals from federal district courts in Kentucky, Michigan, Ohio, and Tennessee (28 U.S.C. §§ 41, 97, 102, 115, 123, and 1294).

## SUBJECT TO PREVAIL ON APPEAL

**HOKC v. KCI Case [Civil Action No. 3:20-cv-00132-RGJ]** the **Memorandum Opinion and Order (Decision) [DE-129]** on August 09, 2023 in this reopened previously dismissed, prejudiced case following a **"Confidential Court Mediated Settlement Conference"** in the Western Kentucky US District Court and its conjoined and converted case **[Civil Action 3:23-cv-43-RGJ] Memorandum Opinion and Order [DE-22]** shall be reversed upon appeal, the Appellant also challenges in appeal the suitability, sustainability and validity of the **AGREED PERMANENT INJUNCTION** as an *equitable remedy* (that doesn't work for the defendant or the plaintiff in some cases) or as a work of prejudicial civil justice (that does work for the plaintiff) arising from **3:20-cv-132-RGJ [DE-93]** which became effective on February 23, 2021. Once DE-93 became confused with the Preliminary Injunction of August 13, 2020

and it became estranged from the Court Mediator Agreement of December 29, 2020 the court became judicially entranced and overly sympathetic to the credulous, overreaching and vexatious arguments of the plaintiff, placing the non-colonel corporate entity over the personal name title Kentucky Colonel, which it did not originate and does not source. The Plaintiff's insistence upon the terms of the preliminary injunction *prejudiced and confused* the court to mistake it as the Agreed Permanent Injunction in the Memorandum Opinion and Order [DE-129] which has caused major damage to the business interests, funding sources and reputation of the defendants and the 20 year reputation of the appellant.

The Appellant believes that the district court made a number of mistakes of varied degrees, perspectives and proportions starting with the Kentucky venue in February and March 2020, where at least two judges had to recuse themselves from the case because it is common knowledge that around 88% of the judges in Kentucky are colonels themselves, married to a colonel, has a family member that is a colonel, or probably has a next door neighbor or very close friend that is one; most become colonels before they become judges. Or, as in this case was nominated to become a US District Judge by a member of the Plaintiff's organization (Senator Col. Mitch McConnell) and appointed to the bench by another Kentucky Colonel who is another member (Former President Col. Donald Trump) like Judge Jennings was in 2018. Whether the venue or the judge played a role in the decision is a matter the US Court of Appeals will need to probe further; but the court also erred in several other actions that are not consistent with equal justice under the 14th Amendment or customarily acceptable for jurisprudence in cases that have been dismissed with prejudice on the mutually agreed grounds and accepted terms under the cover of a confidential court mediated conference and resulting court mediator's agreement.

The Appellant also believes that a civil rights conspiracy exists brought forward by the Plaintiff, it is an event that began with a confidential letter by the governor of Kentucky when the Appellant denounced impropriety within the Honorable Order of Kentucky Colonels policies and the deferrance being granted them. The Secretary of State and other state officials were notified about the first dismissal.

The only one with the courage to take action was the Secretary of State, Col. Michael G. Adams after confirming and checking the research provided by the Appellant, by changing the website and its content to a more credible history than that which was posted previously in defense to a historical narrative that was proven untrue. Today the Commonwealth of Kentucky does not have a genuine original narrative for the history of the Kentucky Colonel more credible than what was posted on the SOS website in 2021 for almost 60 days starting in February 2021, until it was removed by some shadow people connected to the plaintiff trying to keep it in the can, hoping no one would make any noise or notice.

**APPEAL GROUNDS**

The Appellant appeals the District Court's decision on the following non-exhaustive list of grounds (subject to amendment) prior to a hearing by the Sixth Circuit Court based on analysis and counsel that may or will become involved in this appeal on the behalf of the appellant:

1. The District Court erred in reopening this case under pressure from the plaintiff which had been dismissed with prejudice under mutually agreed equitable terms prior to the parties entering into a confidential court mediated (proposal) settlement agreement (private contract) that automatically bound the parties in settlement after the final orders of the case were entered on February 23, 2021.

2. The District Court erred in taking notice of and its mistaken repeated reliance on the *temporary preliminary injunction* (with prejudicial bias) when referring to the *agreed permanent injunction*, in the show cause hearing, in previous orders, in the plaintiff's motions and finally in Memorandum Opinion and Order [DE-129]. Reliance on the temporary injunction is barred by the terms of the settlement agreement and the fact that the case was dismissed with prejudice, it exists only in *res judicata*. The reopening of the case enables this appeal despite being dismissed in 2021.

3. The District Court erred by not taking greater responsibility for the Court Mediator's work to settle this case considering the venue and the scope of the complaint, by not referring the case for further

mediation and/or arbitration at the expense of the parties to preserve the integrity and sanctity of the Confidential Court Mediated Settlement which has been irrevocably broken by the Plaintiff and the Court in its Memorandum Opinion and Order causing grave damage to the Appellant.

4. The District Court erred in not giving more weight and credence to the Court Mediator's Proposal [Contractual Agreement]; as well the Plaintiff should have sought arbitration, negotiated a resolution or sued the Appellant for breach of the agreement, not file suit.

5. The District Court erred in not assisting the defendant with legal counsel once the case became a special case and one that involves the ideas of civil rights protection and discrimination.

6. The District Court erred in not recognizing the "term" and "title" Kentucky Colonel as one that is part of the public domain, like the United States Trademark Office holds it is; it also erred in questioning the law unsoundly as to if there was any difference as to whether a wordmark or company name had a letter S or not.

7. The District Court erred by convicting the Appellant of alleged or attempted misconduct involving infringement based on inconclusive, unproven, untried and circumstantial evidence with sanctions in a case where in accordance with the Court Mediator's Agreement holds harmless both the Plaintiff and the Defendants (Parties) in a case that was dismissed with prejudice under a Confidential Court Mediator's Proposal, signed by the parties.

8. The District Court erred in enjoining the Appellant from using his social media assets, Internet publishing tools, and name use rights that he has owned and managed between 1998-2020 and all property owned prior to this case, *that was <u>not abandoned</u> as a result of it*, like Facebook groups and pages that were established in 2006, 2009 and 2010 by other Kentucky colonels before the Plaintiff engaged in the social media, assets that were all exempted in the settlement conference.

9. The District Court erred in not considering the Defendant's Answer and Affirmative Defenses as well as other timely motions that should have been heard and considered prior to the settlement conference on December 29, 2020.

10. The District Court erred in its decision not to fully hear and/or consider three dismissal motions that were placed in abeyance at the suggestion and direction of the plaintiff until the defendant requested leave and moved the court for a Stay of the Proceedings based on various procedural red flags that the defendant took notice of and warned the court of in [DN-127] and [DN-128] one week prior to the Memorandum Opinion and Order [DE-129].

11. The Appellant respectfully requests that the Court of Appeals analyze, examine, investigate and/or research the subject matter presented within this Notice of Appeal and forthcoming appellate memorandum brief to reverse and vacate the District Court's opinion and order and/or remand the case for appropriate proceedings such as a summary or declaratory judgment.

**CASE OF MERIT RIPE FOR APPEAL**

The Appellant will argue that the US District Court decision violated his First Amendment rights to free speech, association and freedom of expression. He will show that the court decision violated his Fourteenth Amendment right to equal protection under the law, that he was discriminated against. He will argue that the District Court's decision was based on a discriminatory motive invented by the Plaintiff which was shown deference by the court resulting in judicial bias. He will also show that based on an erroneous interpretation of the law and mistaken reliance on a preliminary injunction in this case, that judicial bias became problematic by August 9, 2023 when Memorandum Opinion and Order [DE-129] was finally entered without a trial based on two dismissed cases where the Appellant was basically found guilty of conspiracy to infringe and violating a preliminary injunction, that was mistaken by the court for an agreed permanent injunction at the insistence of the plaintiff. The Appellant was originally sued by the

Honorable Order of Kentucky Colonels, Inc. (HOKC) on February 20, 2020 for publishing information on Blogger about the Kentucky Colonel Commission, the Honorable Title, individual Kentucky colonels, redressing public policy, suggesting new nomination procedures to the governor, and discussing the office of Kentucky colonelcy online while better organizing an initiative association (a new) the Appellant had been actively engaged in operating since 1998 in Berea, Kentucky, then from the social media in 2006 and 2007 while living abroad. The Plaintiff attacked by filing a lawsuit which made it appear that trademarks applied for just three days previously were done deals, despite having knowledge that the Defendant's trade name had been in use for years. The Appellant filed an Answer and Affirmative Defenses in August 2020, then a Motion for a Declaratory Judgment based on reliable information that the trademark use was misappropriating historical facts and were fraudulently obtained. Neither the Defendant's pleading, affirmative defenses, or motions were ever heard and the parties subsequently entered into a confidential settlement agreement on December 29, 2020, resulting in a satisfactory end of the case without any misgivings. However, the District Court almost two years later reopens the case based on a SLAPP suit which instead of dismissing it, at the suggestion of the Plaintiff converts the new 11 pound case into a hearing to "show cause" which was carried out like a criminal tribunal and fishing expedition over what the defendant did that could be or would be called infringement in a witch hunt for it, convicting the sole defendant of *allegedly infringing based on the biased justice relying mistakenly on the preliminary injunction*, instead of within the mutually accepted guidelines illustrated by the Agreed Permanent Injunction's Clause Five exempting the use of the term for the Defendant for educational, literary and publishing activities, or even considering the fair-use statute, descriptive use or generic use which are also exempted, but not stipulated; the judgment against the Appellant may have been judicially biased considering the mistaken reliance and references to the Preliminary Injunction and its *prima facie* mistaken use in the Memorandum Opinion and Order erroneously labeled therein replacing the Agreed Permanent Injunction.

## MISTAKENLY UNDERSTOOD FROM THE BEGINNING

Although it is and was common-knowledge among colonels that the **Honorable Order of Kentucky Colonels ("HOKC") and Kentucky Colonels International ("KCI") co-existed without conflict for over 15 years** — one operating as a private charity and provider of commercial merchandise, while the other Kentucky Colonels International (and others) existed officially and unofficially like KCI did, as unincorporated local civil membership associations (sub-organizations) that were not directly affiliated with the plaintiff in 2020 and since before they began in the 1930's. These most basic facts have never been admitted by the plaintiff, that others do and have existed, the HOKC did not even have competitors it knew of in a string of fraudulent trademark applications filed 3 days previously and since 2003; their attorneys willfully ignored they had a duty to disclose to the USPTO its competitors or similar name users, likewise in HOKC v KCI, 3:20-cv-00132 [DN-1] they had a duty to admit and disclose their relationship with the Defendants as its allies, donors, members and/or volunteers. If it had been known to the US District Court that the Plaintiff had been in business negotiations to merge idealist developments in 2017 and 2018 and then was considering the idea of the purchase of **KENTUCKY COLONELS INTERNATIONAL** in 2019 and 2020, up until January 14, when it rejected KCI's proposal **[DN-7] Sealed Document** to take it over with 3,500+ members. The court should then have known that Kentucky Colonels International (KCI) had been reverse-torpedoed for its name rights.

Reverse torpedoing is a legal strategy in which a company approaches another company with an offer to buy it or strike up a merger deal, but only with the intention of gaining access to the target company's confidential information such as its business plans or proposed ideas. Once the target has disclosed its confidential information, the first company withdraws its offer to buy and then uses the information to file a trademark application or sue the target company for infringement; as has happened here with three trademark applications being filed three days prior to a SLAPP action.

Some of the legal issues involved in reverse-torpedoing:

1. **Trade secret law:** In the United States, trade secret law protects confidential information that is used in a business and that has economic value. If a company obtains trade secret information through reverse-torpedoing, it may be liable to the target company for misappropriation.
2. **Unfair competition law:** Unfair competition law prohibits businesses from engaging in unfair or deceptive practices. Reverse-torpedoing can be considered an unfair or deceptive practice.
3. **Tort law:** Tort law provides a remedy for people who have been injured by the wrongful acts of others. If a company engages in reverse-torpedoing and causes the target company to lose business or suffer other damages, the target company may be able to sue for tortious interference.

## CONCLUSIONS AND PRAYER

The Appellant, a sole *pro-se defendant* has been overwhelmed now twice with sophisticated $100,000.00 plus Strategic Lawsuits Against Public Participation (SLAPP suits) targeting his civil rights brought by the Plaintiff using a team of a half dozen attorneys, backed by individuals (board members) and entities (corporations, individuals and government officials) associated and connected with the Plaintiff to dissuade criticism, redress of grievances, schisms, rewrite history or permit any peaceful assembly about the state of the Kentucky Colonel (legal title, certificate and standing) and the Kentucky Colonelcy (the honorary civil office) not under their control, which is aimed at targeting the Appellant's civil rights and interfering with the rights, privileges and responsibilities to wit, he and others have been entitled to as a Kentucky Colonel since they became one notwithstanding the Plaintiff.

This Appeal is not only about a double SLAPP suit and double dismissal, it is about the unfair and relentless prosecution of the Appellant by an organization he was a member and part of for over 20 years for voicing his opinions, the opinions of colleagues and sharing ideas; it is about the errors made by the US District Court which began with two judges recusing themselves, presumably for being Kentucky

colonels themselves, which clearly suggests that there are too many Kentucky colonels in the venue. There are a number of additional errors that begin to stand out once the Appeal court comes to understand that in the Kentucky Colonels II Case the court erred in giving deference to the plaintiff and demonstrates judicial bias based on mistaken reliance on the preliminary injunction in the place and space of a mutually developed agreed permanent injunction, agreed dismissal with prejudice order and a contract between the court and the parties holding one and the other harmless and responsible for their own legal fees.

The Appellant shall seek the following in the procedural processes of this appeal:

- Interlocutory relief with a stay of the judgment and the agreed permanent injunction quoted in the order under Federal Rule of Civil Procedure 62 and Title 28 U.S.C. § 1292 as applicable,
- A transcript of the litigation (pauper fee waiver status for KYWD-ECF),
- Additional time to file briefs (because the Appellant is pro-se, the Circuit Court provides 60),
- Introduce slighted evidence in motions from litigation of HOKC v. KCI, et.al.,
- Motion for whistleblower protective order under the Volunteer Protection Act (VPA) of 1997 and the Whistleblower Protection Act (WPA) of 1989, as a 22 year member and donor of the HOKC,
- Motion for court designated or pro-bono counsel, appellant does not have counsel because he cannot afford counsel, not because he does not need or want counsel to represent the case, and
- Permission to file amicus curiae briefs and introduce expert opinions of trademark examiners.

WHEREFORE, the Appellant prays that the US District Court of Western Kentucky will realize its error, vacate the order and dismiss the case with prejudice canceling the disengaged, mistaken and misused Agreed Permanent Injunction or allow this case to be decided by the United States Court of Appeals, wherefore the Appellant shall pray that the Appellate Court:

1. Reverse the judgment of the district court;

2. Remand the case to a district court within its jurisdiction where the 88% of the judges are not Kentucky colonels for further proceedings consistent with distinguishing and disambiguating the activities branding of the Plaintiff and the Defendant be resolved with a declaratory or summary judgment proceeding; and

3. Grant such other and further relief as the Court may deem just, fair and equitable considering the Plaintiff's admissions of the amount of skill (seven attorneys with 150 years of combined experience) it took to finagle the court, plus $97,500 in US currency to pull off this DOUBLE SLAPP Torpedo Attack in its recent Motion for Legal Fees [DN-130] for Kentucky Colonels II.

For any or all of the foregoing reasons, Defendant | Appellant respectfully in good-faith prays that the Sixth Circuit Court grant his petition and/or rights to make this appeal of recent district court rulings, maintain his *pro-se* status from the US District Court (or designate an attorney), maintain his *forma pauperis* status recognized by the US District Court, maintain his fee waiver access to the ECF Case file of over 4,000 pages where Civil Action 3:20-cv-132-RGJ [DE-1] through [DE-130], the Preliminary Injunction and the Agreed Permanent Injunction [DE-93] and its conjoined (concurrent case) Civil Action 3:23-cv-43-RGJ [DE-1] through [DE-23] to remain accessible electronically via the ECF System.

Puerto Carreño, Colombia
Dated: August 30, 2023

*Col. David J. Wright* (signature)

                                          Col. David J. Wright
                                          Kentucky Colonel, Pro-se
                                          302 General Smith Drive
                                          Richmond, Kentucky 40475

                                          david.wright@globcal.net
                                          +1 (859) 379-8277

**Certificate of Service**

I hereby certify that on August 31, 2023, I emailed for filing the foregoing Notice of Appeal with attachments to the Clerk of the Court for the United States District Court of the Western District of Kentucky using the special Pro Se Intake Email per General Orders 20-04 and 20-11 for entry to the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Clerk's Office
601 W. Broadway, Rm 106
Gene Snyder United States Courthouse
Louisville, KY 40202

*Col. David J. Wright*