UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

THE HONORABLE ORDER OF
KENTUCKY COLONELS, INC.,            Plaintiff,

v.            Civil Action No. 3:20-cv-132-RGJ

KENTUCKY COLONELS
INTERNATIONAL et al.,            Defendants

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on The Honorable Order of Kentucky Colonels' ("Plaintiff") unopposed motion for attorneys' fees and costs. [DE 130]. The motion is ripe. Having considered the motion and accompanying documentation, Plaintiff's motion for attorneys' fees and costs [DE 130] is **GRANTED** in part.

### I.      BACKGROUND

The Court previously held Defendants David J. Wright ("Wright"), Ecology Crossroads Cooperative Foundation, and Globcal International (collectively, "Defendants") in contempt of the Agreed Permanent Injunction Order ("Agreed Order") [DE 93], imposed sanctions, and determined Plaintiff is entitled to recover its attorneys' fees. [DE 129]. In accordance with the Court's directive, Plaintiff's counsel moved for attorneys' fees and costs, which was supported by detailed billing records and other documentation. [DE 130; DE 130-1; DE 130-2; DE 130-3; DE 130-4; DE 130-5; DE 130-6; DE 130-7]. Defendants failed to respond to the motion.

1

## II.      STANDARD

### A. Attorneys' Fees

When considering an award of attorney fees, a court must first determine what fee is "reasonable." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A reasonable award is "one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). Courts ordinarily determine a reasonable fee award by using a "lodestar" calculation. The lodestar fee is determined "by multiplying the proven number of hours worked by a court-ascertained reasonable hourly rate." *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "Generally, a 'strong presumption' favors the prevailing lawyer's entitlement to [their] lodestar fee." *Adcock-Ladd*, 227 F.3d at 350 (citations omitted). Accordingly, deviations from the lodestar fee "are proper only in certain 'rare' and 'exceptional' cases" and must be supported by "'specific evidence' on the record." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (quoting *Blum v. Stenson*, 465 U.S. 886, 898–901 (1984)).

In assessing the reasonableness of an hourly rate, a court "should initially assess the 'prevailing market rate in the relevant community,'" which is, "that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Adcock-Ladd*, 227 F.3d at 350 (internal citations omitted). A court may also consider the twelve *Johnson* factors in determining the lodestar fee or adjustments to it:

> (1) the time and labor required by a given case;
> (2) the novelty and difficulty of the questions presented;
> (3) the skill needed to perform the legal service properly;
> (4) the preclusion of employment by the attorney due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;

 (7) time limitations imposed by the client or the circumstances;
 (8) the amount involved and the results obtained;
 (9) the experience, reputation, and ability of the attorneys;
 (10) the "undesirability" of the case;
 (11) the nature and length of the professional relationship with the client; and
 (12) awards in similar cases.

*Reed v. Rhodes*, 179 F.3d 453, 471–72 n. 3 (6th Cir. 1999) (citing *Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). One of the most important *Johnson* factors is the result achieved. *See Hensley*, 461 U.S. at 435–36; *see also Adcock-Ladd*, 227 F.3d at 349.

 It is well established that paralegal fees are recoverable as attorneys' fees. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008) (holding paralegal fees are recoverable at market rates under the Equal Access to Justice Act); *see also Bailey v. United Recovery Sols., Inc.*, No. 3:17-CV-350-DJH-RSE, 2018 WL 6330413 (W.D. Ky. Dec. 4, 2018) (awarding paralegal fees); *Lewis v. Kijakazi*, No. 119CV00183GNSLLK, 2023 WL 395793, at *4 (W.D. Ky. Jan. 25, 2023) (awarding paralegal fees). What is a reasonable paralegal fee is also determined by the market rate. *See Pogue v. Northwestern Mut. Life Ins. Co.*, No. 3:14-CV-598-CRS, 2017 WL 1520432, at *4 (W.D. Ky. Apr. 25, 2017) (determining reasonableness of paralegal fees by looking to market rates). Just as with attorneys' fees, "[a] court should distinguish between legal work and non-legal work performed by paralegals or other support staff." *Renouf v. Aegis Relocation Co. Corp.*, 641 F. Supp. 3d 439 (N.D. Ohio 2022).

 A final consideration in the reasonableness of the lodestar fee is whether the party against whom fees are being sought has the ability to pay. *See Bagi v. City of Parma,* 795 F. App'x 338, 344 (6th Cir. 2019) (remanding for reconsideration when district court did not consider a party's ability to pay in its reasonableness analysis); *Garner v. Cuyahoga Cnty. Juv. Ct.,* 554 F.3d 624, 643 (6th Cir. 2009) (finding abuse of discretion where court did not consider party's ability to pay when determining reasonableness); *Wolfe v. Perry*, 412 F.3d 707, 724 (6th Cir. 2005) (holding

insolvency is not a proper consideration in deciding whether to award attorneys' fees but is a proper factor to consider in deciding the amount of the fees to be awarded). The sanctioned party bears the burden of proving their inability to pay. *Garner*, 554 F.3d at 642–43. Nevertheless, a court must analyze a party's ability to pay in its explanation for a fee award irrespective of where the burden of persuasion lies. *Id*.

### B. Costs

Federal Rule of Civil Procedure 54(d)(1) authorizes a prevailing party to recover costs, other than attorney fees. Recoverable costs are limited to those specified by 28 U.S.C. § 1920. *In re Cardizem CD Antitrust Litig.*, 481 F.3d 355, 359 (6th Cir. 2007) (courts have "discretion to decline requests for costs, not discretion to award costs that § 1920 fails to enumerate") (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). Section 1920 allows recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case"; "[f]ees of the clerk," such as filing fees; and "costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920.

### III. ANALYSIS

#### A. Attorneys' Fees

"'As the party applying for attorney's fees, [Plaintiff] has the burden of showing [that it is] entitled to such an award by documenting the appropriate time spent on the matter in addition to hourly rates.'" *Pogue*, 2017 WL 1520432, at *4 (internal citation omitted). Plaintiff is requesting a total of $97,103.95 in attorneys' fees and costs. [DE 130-1 at 3737]. Defendants failed to respond to Plaintiff's motion and have not disputed Plaintiff's calculation of fees. Nevertheless, the Court undertakes an independent review to ensure Plaintiff's attorneys' fees are reasonable. *See Hensley*, 461 U.S. at 433.

Billing for this case comes exclusively from the Louisville firm of Wyatt, Tarrant & Combs ("WTC"). Plaintiff supplemented their motion with detailed billing statements, an affidavit from a lead partner on the case, biographical and hourly fee information for all case staff, and an independent market fee report prepared by Price Waterhouse Cooper ("Price Report"). The Court uses the Price Report as a benchmark for reasonable market rates. WTC reports that five attorneys billed time on this case, with their fees ranging from $335 per hour to $495 per hour. [DE 130-1 at 3736]. All these hourly rates fall under the market averages in the Price Report for attorneys of similar experience levels. For example, Julie Laemmle Watts, who has seven years of experience, billed at $335 per hour—well below the $455 median in the Price Report. [DE 130-1 at 3733–36; DE 130-6 at 3764]. Even the highest rate of $495 per hour, charged by Cornelius Coryell, is below the Price Report average of $646 for others of similar experience levels. [DE 130-6 at 3764]. The Court finds all the WTC attorney hourly rates reasonable based on market averages.

WTC also reports that two non-lawyers billed hours on the case: Beth Friedman ("Friedman"), a Senior Paralegal, and Stacey Showalter ("Showalter"), a Legal Technology Specialist. [DE 130-1 at 3736]. Friedman billed at a rate of $230 per hour. [DE130-1 at 3736]. While this is a higher rate than other paralegals have been awarded, this court has previously found that Friedman's rates present a special circumstance. *See Pogue*, 2017 WL 1520432, at *4. In *Pogue*, the court held Friedman's $190 rate was reasonable considering "[she] is extraordinarily experienced, having worked as a paralegal for 34 years, some 16 of which have been with Wyatt, Tarrant & Combs". *Id*. Adjusting for inflation, Friedman's current $230 rate is roughly equivalent to her $190 rate in 2017. Accordingly, the Court finds her fee reasonable.

Showalter billed 5.7 hours at an hourly rate of $250 as a Legal Technology Specialist. [DE 130-7 at 3783–3790]. WTC does not provide any independent market data for Legal Technology

5

Specialist rates. While Showalter is not a paralegal, her work is legal in nature, consisting of preparing exhibits and assisting at hearings. Accordingly, the Court adjusts her rate to $75 per hour—at the low end of the paralegal fees awarded in this District. *See Lewis v. Kijakazi,* No. 119CV00183GNSLLK, 2023 WL 395793, at *4 (W.D. Ky. Jan. 25, 2023) ("The Magistrate Judge also appropriately applied a rate of $175 per hour for paralegal and non-attorney work based on a recent decision from a sister court") (citing *Waderlow v. Saul*, No. 19-11871, 2021 WL 1811558, at *4 (E.D. Mich. May 6, 2021) ("[T]he Court will consider $175 the maximum recoverable hourly rate for non-attorney time.")); *Joe Hand Promotions, Inc. v. Young*, No. 5:09-CV-157, 2010 WL 3341449, at *4 (W.D. Ky. Aug. 24, 2010) (holding $75 for paralegal time is a reasonable fee); *Bisig v. Time Warner Cable, Inc.*, No. 3:14-CV-36-DJH, 2018 WL 11474559 (W.D. Ky. Jan. 30, 2018), report and recommendation adopted, No. 3:14-CV-36-DJH-DW, 2018 WL 11474483, at *10 (W.D. Ky. Feb. 15, 2018) (decreasing paralegal's hourly rate from $150 to $75 due to "his relative inexperience and lack of formal paralegal training."); *Basham v. Prudential Ins. Co. of Am.*, No. 3:11-cv-00464, 2014 WL 7076363, at *5 (W.D. Ky. Dec. 15, 2014) (holding that a $110 paralegal hourly rate was reasonable).

The Court reviewed each time entry supplied by WTC and finds them to be reasonable and not duplicative. After reducing Showalter's rate, the lodestar fee comes to $94,254.75.

The *Johnson* factors also support the reasonableness of WTC's fees. *See Reed*, 179 F.3d at 471–72 n. 3. WTC achieved a clear and decisive victory for its client in this case. Defendants were held in contempt, sanctioned, and had fees awarded against them. [DE 129]. The case required substantial time and labor due solely to Defendants' continual contemptuous conduct and myriad demands. [*See* DE 130-2 at 3739–45; DE 130-3 at 3747–49; 130-4 at 3751–54; DE 130-5 at 3757–62]. The Court recognizes that the amount involved in this case is relatively low, as

Defendants were ordered to pay $7,500 in compensatory sanctions. [DE 129]; *See Reed*, 179 F.3d at 471–72 n. 3 (*Johnson* factor eight). Yet all attorneys' fees incurred since the entry of the Agreed Order stem from Defendants' unwillingness to comply with their own negotiated terms. [DE 93; DE 129]. Further, Defendants failed to address the *Johnson* factors and made no other relevant argument for decreasing the lodestar fee.

Finally, the Court must consider Defendants' ability to pay in calculating what is a "reasonable" award. *See Bagi,* 795 F. App'x at 344 (remanding for reconsideration when district court did not consider a party's ability to pay in its reasonableness analysis). Wright moved to appeal *in forma pauperis* [DE 133] in this case, which the Court granted. [DE 137]. In his accompanying affidavit, Wright listed $750 in expected monthly income from his company, Globcal International, and no real property assets. [DE 133 at 3817–18]. He also lists monthly expenses of $720. [*Id*. at 3820]. Given Wright's financial condition, Plaintiff's fee request is not reasonable. An award of ten percent of Plaintiff's fees, $9,425, is sufficient to reflect the seriousness of Wright's contemptuous conduct and promote deterrence.[1]

*B. Costs*

WTC reports an additional $1,851.70 in costs. [DE 130-1 at 3737]. While filing fees and transcript costs are recoverable, WTC's other costs are not. *See* 28 U.S.C. § 1920. First, WTC claims $639.49 in photocopying costs. Section 1920 (4) allows recovery of "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. §

---

[1] Ecology Crossroads Cooperative Foundation and Globcal International ("Corporate Defendants") have remained unrepresented throughout this case. Plaintiff previously obtained an entry of default against the Corporate Defendants. [DE 60]. However, before anything else occurred, Wright agreed to a permanent injunction on behalf of himself and the Corporate Defendants. [DE 93]. Plaintiff never secured a default judgment against the Corporate Defendants. [DE 105]. Because they remain unrepresented and Plaintiff has not secured a default judgment against them, the Court will not assess fees or costs against them at this time.

1920 (4). WTC has failed to state the need for the copies purchased, so the Court will not award them. *See Thompson v. Quorum Health Res., LLC*, No. 1:06-CV-168, 2010 WL 2044542, at *7 (W.D. Ky. May 21, 2010) ("Because Plaintiff has failed to document copy costs separately and state their necessity, the Court cannot award costs for copies at this time."). WTC also reports $154.96 for "Westlaw Computer Research." [DE 130-7 at 3780, 3974]. Computer research fees are not recoverable under § 1920. *See Thompson*, 2010 WL 2044542, at *7 (citing *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (holding computerized legal research fees are "clearly nonrecoverable"). Finally, WTC reports a $5 travel expense for parking during a court hearing. [DE 130-7 at 3790]. "Costs 'for travel and related expenses by attorneys . . . are not listed in 28 U.S.C. § 1920 and therefore may not be reimbursed as costs.'" *Thompson*, 2010 WL 2044542, at *6 (W.D. Ky. May 21, 2010) (quoting *Calderon v. Witvoet*, 112 F.3d 275, 276 (7th Cir.1997)). After subtracting the impermissible charges, Plaintiff's costs amount to $1,052.25.

## IV. CONCLUSION

For the reasons above it is **ORDERED**:

(1) Plaintiff's motion for attorneys' fees [DE 130] is **GRANTED** in part

(2) Defendant David J. Wright is ordered to pay Plaintiff The Honorable Order of Kentucky Colonels, Inc. a portion of its attorneys' fees in the amount of $9,425. Defendant shall pay those attorneys' fees within **ninety (90) days** of the entry of this order.

(3) Defendant David J. Wright is ordered to pay Plaintiff The Honorable Order of Kentucky Colonels, Inc. its costs in the amount of $1,052.25. Defendant shall pay those costs within **ninety (90) days** of the entry of this order.

November 13, 2023

Rebecca Grady Jennings, District Judge
United States District Court

Cc:     Counsel of record
         Defendant, pro se

9