**FILED**
James J. Vilt Jr,
Clerk
11/30/2023
U.S. District Court
Western District of Kentucky

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| THE HONORABLE ORDER OF KENTUCKY COLONELS, INC.<br>Plaintiff<br><br>vs.<br><br>KENTUCKY COLONELS INTERNATIONAL, et.al.<br>Defendant(s) & Appellant | Civil Action No. 3:20-cv-00132-RGJ<br><br>OBJECTION RESPONSE TO PLAINTIFF AND MOTION TO STRIKE |

### MOTION TO STRIKE & OBJECTION RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

COMES NOW, Pro-Se Defendant, **Col. David J. Wright ("Colonel Wright")**, who hereby moves this Court to STRIKE Plaintiff's filing entitled PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT [DN-139] and to hold and maintain MEMORANDUM OPINION AND ORDER [DE-129] and MEMORANDUM OPINION AND ORDER [DE-138] as the final judgment and appealable orders in case 3:20-cv-00132, respectively on August 09, 2023 and on November 13, 2023; the sole individual remaining Defendant in support thereof, states his objections and response as follows:

Plaintiff filed the above-referenced filing [DN-139] on November 16, 2023. The filing is improper and should be denied and stricken for the following reasons:

1. The filing is untimely, the case has already been dismissed, reopened and closed again.
2. The filing raises litigable grounds for delay and consideration that could have been better addressed during the hearing to show cause or as one of the proposed findings in law.
3. The filing reaches back to a part of the case that requires leave from the Sixth Circuit.
4. The filing is dilatory because this case is already under appeal in the Sixth Circuit.
5. The filing is irrelevant in respect to the new final Memorandum Opinion and Order DE-138.
6. The filing is abusive, attempting presumptive reinstatement of defaulted corporate defendants to make them responsible despite not being "legally represented" at any point in time during the entire litigation, to be somehow in part liable for the actions of one *pro-se defendant*.

7. The filing is prejudicial to the defendant, and this filing will compel harm upon the corporate defendants as if they have participated.
8. The filing further discriminates and prejudices the ability of the corporate defendants to raise funds or recover from the tribulations suffered during the continuing Kentucky Colonels controversy.
9. The filing if entertained by the court will demonstrate additional judicial bias and deference to plaintiff's counsel to which is not entitled by wright to such finding.
10. The filing will create burden, confound, complicate and prejudice both parties in the United States Sixth Circuit Court of Appeals in Case Number 23-5795.
11. If a plaintiff's motion like this filing was in the interest of justice and in good-faith instead of trying to "win at whatever cost", it would have encouraged the court to designate a *pro-bono counsel* for the corporate defendants or sought alternative remediation instead of unlawful sanctions or further restriction of defendants' civil rights.

The footnote on page 7 of MEMORANDUM OPINION AND ORDER [DE-138] made by Judge Rebecca Grady Jennings clearly says: "Ecology Crossroads Cooperative Foundation and Globcal International ("Corporate Defendants") have remained unrepresented throughout this case. Plaintiff previously obtained an entry of default against the Corporate Defendants. [DE 60]. However, before anything else occurred, Wright agreed to a permanent injunction on behalf of himself and the Corporate Defendants. [DE 93]. Plaintiff never secured a default judgment against the Corporate Defendants. [DE 105]. Because they remain unrepresented and Plaintiff has not secured a default judgment against them, the Court will not assess fees or costs against them at this time."

## ARGUMENT

The Defendant, Colonel Wright states that a default judgment against the Corporate Defendants will implicate responsibility, cause long-lasting harm, and demonstrate wrongdoing on the part of innocent defendants that cannot be held responsible for the actions or activities of its individual members who are not colonels; moreover justice cannot not be served by obligating the court to find them responsible for damages for the legal services that they provide to their cooperative members and the public. The Corporate Defendants cannot be held liable or responsible in law for providing reliable network

communications services or accommodating any particular human defendant that is a Kentucky Colonel or not one by providing a vehicle to users in hosting a website, developing their character, creating a publishing platform and providing email services, any more than Facebook or Google are responsible for the actions or activities of its users who are members of the Republican National Committee, Citizens United, Former President Donald Trump or the captain of the Greenpeace Rainbow Warrior on the high seas for sinking a Japanese whaling vessel with the crew aboard. This would be the equivalent of holding a car manufacturer or distributorship liable for selling cars to unlicensed buyers and users that have automobile accidents, it is nonsensical.

Globcal International by providing specialized networking services for Kentucky colonels or other public figures through paid and unpaid accounts held on Facebook and with other online platforms is protected from liability for the actions of their users under Section 230 of the Communications Decency Act (CDA); the Corporate Defendants promote and guide best practices in social media communications and networking by providing extended and premium cloud-based services. These services are provided as avenues to free speech and constitutional liberty. This United States Law provides that "no provider or user of an **interactive computer service** shall be treated as the publisher or speaker of any information provided by another information content provider" (47 U.S.C. § 230(c)(1)). This means that the Corporate Defendants cannot be held liable or responsible in any way for the content that their users such as Colonel Wright post on the platform, even if that content is defamatory, harmful, illegal, or misrepresentative to their principles and purpose for hosting such activity. It goes without saying that Ecology Crossroads and its subsidiary Globcal International does provide services to invested members and donors most of whom are not Kentucky colonels; nor should it behoove them to be held responsible for the activities of one or more of the users of the organization's services who are real Kentucky colonels in law.

Under the Western District of Kentucky District Court's Pro-Bono Civil Case Protocol was not implemented for the defaulted defendants. The court [at its own discretion] may appoint counsel for a

defendant who is unable to afford an attorney "if the defendant is unable to obtain adequate representation." and if it does not prejudice the plaintiff case. This rule applies to both criminal and civil cases. In practice however, courts rarely appoint counsel for defendants in civil cases unless the defendant is facing a potential jail sentence. However, there are a few exceptions to this rule. For example, courts may appoint counsel for defendants in civil cases where:

- The defendant(s) is/are facing a complex legal issue that they would be unable to understand or defend themselves against without the assistance of an attorney;
- The defendant(s) are not capable of competent pro-se pauperis representation;
- The defendant(s) hold a position *novo* to the court or viable to the public interest; or
- The defendant(s) face(s) a significant risk of harm or damage if they lose the case.

During the entire litigation the Plaintiff vehemently refuted and rejected all efforts by the Pro-Se Defendant to acquire legal counsel for the Corporate Defendants from the court's pro-bono program which since 2018 states, "[T]he United States District Court for the Western District of Kentucky adopted a Pro Bono Civil Case Protocol which implements a new *pro bono* program designed to address the Court's growing need to provide counsel for indigent litigants in certain civil cases…Pro bono counsel will be asked to represent indigent parties in civil litigation after the Court has preliminarily evaluated the case and made a determination to seek counsel for the unrepresented indigent party." Due to the fact that the Plaintiff rejected the Corporate Defendants' need for this program and because the Court affirmed the Plaintiff's position of denying counsel through the Pro-Bono Program for the Corporate Defendants neither of them ever appeared in court. Additionally the Plaintiff prevented Colonel Wright from representing the Unincorporated Association and the Corporate Defendants in this case, an issue that was raised twice and prevented twice by the Plaintiff. Moreover neither the Plaintiff or the Court on its own, ever entertained a Rejoinder of Accessory Infringers, Reactivation of Dismissed Parties, Reapparition of

Accessory Defendants, or a Re-Engagement of Defaulting Accessory Infringers on motion or order. The defaulted parties were defaulted upon or removed from the case on August 13, 2020; followed by sustained multiple injuries caused by the Plaintiff's counsel in 2020, 2021 and 2023 brought on by the Plaintiff's libelous public relations department based on news releases alleging and alluding to unlawful social misconduct and trademark infringement by Corporate Defendants.

To date this Court has never vacated the default, set aside the default or re-engaged the Corporate Defendants by order; further, the parties have never been reinstated, rejoined nor voluntarily resumed participation based on their legal right to participate in the case and its litigation, in essence because they cannot afford it as an organization that depends on donations and public fundraising. Neither of the Corporate Defendants are "living actors" or "natural persons" capable of doing or saying anything relevant in this case within the scope of their right to publicity as public figures. In fact, the Corporate Defendants disclaimed the unincorporated association "Kentucky Colonels International" on February 28, 2020 as *innocent infringers* as suggested by HOKC Counsel; at which time they withdrew the assumed name "Kentucky Colonels International" because only living persons "human beings" can be members of an unincorporated association or a civil society of Kentucky colonels. This in essence is credited to Governor John Y. Brown Jr. who in 1980 accidentally made a dog named Waldo Wrecker a Kentucky Colonel based on a prank nomination letter made by another Kentucky Colonel; when he understood what he had done he instituted a state common law by decree (for all future governors) in a simple public statement that from that point forward "only a human-being can be commissioned as a Kentucky Colonel."

"A voluntary association, being only a collection of individuals, could not, at common law, sue or be sued by its associated name .. ... *Lewelling v. Woodworkers Underwriters* (1919) 14o Ark. 124, 128, 215 S. W. 258, 259. "There is no principle better settled than that an unincorporated association cannot, in absence of a statute authorizing it, be sued in its society or company name, but all the members must be

made parties, since such bodies have, in the absence of statute, no legal entity distinct from their members." *Baskins v. United Mine Workers* (1921) 15o Ark. 398, 4Ol, 234 S. W. 464, 465

"If a number of individuals associate or come together and cooperate in a common purpose, and take unto themselves an association name *pro hac vice*, what is its significance? If the plaintiff sells goods to the authorized agent of the associates, but extends credit to the association name, he is deemed by the courts to have given credit to "the individuals, whom, upon inquiry, should be found to stand behind it." See *Charles v. Valdosta Foundry & Mach. Co.* (908) 4 Ga. App. 733, 62 S. E. 493; *Bremen Fdry. Works v. McLendon* (1917) Ig Ga. App. 65o, 9I S. E. 1O49; 29 Cyc. 270, cf. 15 Enc. P1. & Pr. 92g. Also see *Stange v. Price* (1921) 191 Ky. 734, 231 S. W. 532.

## CONCLUSION

Defendant(s) will be prejudiced by the filing of the Plaintiff's Motion for Default Judgment, ruling in favor of the Plaintiff will complicate the sanctioned defendant's Appellate Case responsible for defending cross-appellants that will be unable to defend their position adequately or fairly as an organization of members that provides services if the filing is not stricken.

WHEREFORE, Defendant prays that this Court:

A. Strike Plaintiff's filing entitled PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT [DN-139].

B. Affirm the MEMORANDUM OPINION AND ORDER [DE-129] and MEMORANDUM OPINION AND ORDER [DE-138] as final appealable orders based on the "Cause of Action" filed as DE-1 Verified Complaint by the Plaintiff on January 25, 2023.

C. Advise the parties of their rights and obligations under the AGREED PERMANENT INJUNCTION [DE-93] through February 2031, MEMORANDUM OPINION AND ORDER [DE-129] and MEMORANDUM OPINION AND ORDER [DE-138] with respect to Fed. R. Civ.

P. Rule 60 to seek Relief from a Judgment or Order for up to two years or at least until the Sixth Circuit Appeal is decided or need to be enjoined.

D. Advise the parties of their rights under the Federal Rules of Civil Procedure particularly Rule 4 governing appeals and Rule 60 to seek further relief from a judgment or order.

E. Grant Defendant such other and further relief as the Court deems just and equitable.

For any or all of the reasons aforestated, the Defendant | Appellant respectfully in good-faith prays that the Court will Strike the Plaintiff's Motion for a Default Judgment against the Corporate Defendants and affirm them as having been in default since August 13, 2020, they should not be held responsible financially for the actions or activities of their officers or users of the "cooperative services" they provide to members under Title 47 U.S.C. § 230(c)(1), there has not been any evidence presented now in two dismissed cases that directly connect them to this case except as facilitators of living actors and public figures that use the services that the organization provides

.

Puerto Carreño, Colombia
Dated: November 30, 2023

*[signature: Col. David J. Wright]*

Col. David J. Wright
Kentucky Colonel, Pro-se
302 General Smith Drive
Richmond, Kentucky 40475

david.wright@globcal.net
+1 (859) 379-8277