FILED
JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: Dec 13, 2023

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **THE HONORABLE ORDER OF KENTUCKY COLONELS, INC.**<br>  Plaintiff<br><br>vs.<br><br>**KENTUCKY COLONELS INTERNATIONAL, et.al.**<br>  Defendant(s) & Appellant | Civil Action No. 3:20-cv-00132-RGJ<br><br>Memorandum Opinion and Order<br><br>SUPPLEMENTAL NOTICE OF APPEAL — RELIEF REQUESTED |

## SUPPLEMENTAL NOTICE OF APPEAL

Comes now the **Defendant-Appellant, Col. David J. Wright, a Kentucky Colonel,** appears today *pro-se* in *forma pauperis* under 28 U.S.C. § 1915 to herein inform and give notification to the U.S. District Court that he APPEALS to the **United States Appellate Court for the Sixth Circuit** the **"Memorandum Opinions and Orders"** of the United States District **Court for the Western District of Kentucky (the "District Court"), entered on March 09, 2020 [DE-25] and [DE-28], on March 23, 2020 [DE-32], August 13, 2020 [DE-58], then in 2023 on August 9, August 16, (already under appeal) and most recently Memorandum Opinion and Order on November 13, 2023 [DE-138] by Honorable Judge Rebecca Grady Jennings** in the above-captioned case. The Defendant makes this Notice under the Federal Rules of Civil Procedure, FRCP 4(a)(1) – Time for Filing a Notice of Appeal.

Please take notice that the Defendant/Appellant hereby supplements his previously filed Notice of Appeal in this case with the following overlapping and supplemental grounds for appeal on the 30th day following the most recent order to prevent foreclosure of his right to appeal:

1. The District Court erred in its **Memorandum Opinion and Order on November 13, 2023 [DE-138] and Memorandum Opinion and Order of November 13, 2023, [DE-129]** by sanctioning the principal defendant and unlawfully imposing penalties based on contempt for a mistaken preliminary injunction prohibited by law under sections of the Lanham Act, the Copyright Act and the First Amendment of the United States Constitution interfering with the Defendant's civil rights.

2. The District Court's actions, conclusions and decisions are not supported by factual evidence, codified in law or are contrary to law based on suggestions by the Plaintiff. The District Court has shown abject deference to the Plaintiff and has shown judicial bias by continuing to constrain and limit the Defendant's civil rights in its discretion. The District Court did not duly consider or hear Defendant's motions (DE 103; DE 104; DE 113; DE 116; DE 127; DE 128) in an equitable or timely manner, even when presented prior to and for a hearing, or with any equity based on the Defendant's active pleadings, affirmative defenses, and motion for declaratory judgment filed in the case leading to confidential settlement based on actions filed with this Court between August 13, 2020 and December 29, 2020.

3. The District Court dangerously reopened a case dismissed with prejudice without thoroughly reviewing the pleadings, unheard motions, evidence and the confidential court mediated settlement proposal, or considering its relevance as a legally binding subsequent agreement that governed the **Agreed Permanent Injunction [DE-93]** and **Agreed Order of Dismissal [DE-94]**.

4. The District Court erred in mistaking the flawed deferential **Preliminary Injunction [DE-58]** for the **Agreed Permanent Injunction [DE-93]** in the **Memorandum Opinion and Order [DE-129]** demonstrating a clear inequitable bias for the Plaintiff, against the Defendant based on the Lock-In Effect is appealable (See Kevin J. Lynch, *The Lock-in Effect of Preliminary Injunctions*, 66 Fla. L. Rev. 779, 2015) without adequate, due or required consideration for the **Court Mediator's Agreement and the intermediate Court Settlement Conference or Documents 60-90 [DE-60 through DE-90]**.

5. The District Court erred in not closely examining the evidence, the court record, taking on an issue without considering the Defendant's exercise of his civil rights, his rights to freely associate with others, their right to assemble, his rights to address grievances and interfered with the right to publicity under terms *withstanding and notwithstanding* the Agreed Permanent Injunction with any equity. The District Court erred in not giving more weight to the **Defendant's Affirmative Defenses [DE-62]** and **Motion for Declaratory Judgment [DE-82]** which provided all the solutions for justice to prevail and drove this case to a settlement agreement.

6. The District Court erred in prejudicing and suspending Defendant's rights as a Kentucky Colonel and Kentuckian which are outside of the scope of the specifically prohibited activities of the Agreed Permanent Injunction combined with the Court Mediated Agreement which the Court has in essence voided within the proceeding.

    a. **Inalienable rights:** This term refers to fundamental rights that are inherent to all individuals and cannot be taken away by the government.

b. **Absolute rights:** This term is sometimes used to describe rights that are not subject to any exceptions, but it is important to note that even fundamental rights have some limitations.

c. **Core rights:** This term refers to the most essential rights that are necessary for a free and democratic society.

d. **Unenumerated rights:** These rights that are not explicitly mentioned in the Constitution but are implied by the concept of individual liberty.

7. The District Court's decision(s) have caused the Appellant and other Kentucky colonels irreparable harm based on presumptions and narrative spin developed by the Plaintiff in the public sector and among other members and non-members with libelous and bad-faith intent to demonstrate wrongdoing on the part of the Defendant.

8. The District Court's recent affirmation of the presumptive overreaching and specious allegations made by the Plaintiff in January 2023 have damaged, interfered and ruined the Defendant's ability to communicate, educate and inform other Kentucky colonels about the Kentucky Colonel Commission and the Origin of the Kentucky Colonel in accordance with the law; legally raise funds or engage commercially or non-commercially with his copyright Kentucky Colonels (not governed by the Injunction); protect or use his common-law unregistered trademark "Kentucky Colonels™" established in 1998 for the purposes of an educational and historical association facilitated by ecommerce (not governed by the Injunction), as a website title and Internet search keywords, and for the

purposes the unregistered trademark was unintentionally authored by and used by the Defendant in commerce for three years before the Plaintiff appeared online.

9. The District Court failed to recognize the Defendant as a "living Kentucky Colonel" with rights, privileges, and responsibilities notwithstanding the Trademark Act, Copyright Act or Civil Rights Act; and consider the Defendant's standing as a 20 year donor, member and volunteer of the Plaintiff's organization and failed to apply the most obvious defenses known to the court such as the Whistleblower Act, the Volunteer Protection Act and the Civil Rights Act.

10. The Defendant requests the District Court take note that the Plaintiff has managed to unethically omit and fraudulently conceal evidence, facts and information within its scope of knowledge that should or would have prevented this case 3:20-cv-00132 from being entertained or filed including the donorship, membership and volunteer standing of all of the members of Kentucky Colonels International since 1998. Failure to disclose these relevant conditions of the Defendants as Members of the Plaintiff may constitute an inadvertent fraud on the court.

11. Within his legal rights as an individual Kentucky Colonel recognized by this Court, a former donor, member and volunteer of the Plaintiff's organization; the Defendant herein notifies the Court that he formally rescinds and revokes his consent which was granted under amenable and honorable circumstances, conditions and terms with the Magistrate Court, which now in light of the failure of the superior presiding District Court to recognize these unenumerated and unprohibited rights under stipulation five of the Agreed

Permanent Injunction in combination with the Prominent Court Mediator's Settlement Agreement. The violation of the disclosed honorable terms of a confidential court mediated settlement agreement are grounds for an appeal.

## MOTION TO SUPPLEMENT, AMEND AND PROCEED

The District Court is aware that this matter is already under appeal in the Sixth Circuit Court of Appeals as Case Number 23-5795 at the discretion of Civil Division Case Manager, Mr. Ford: "it is important to not allow the Supplementary Notice of Appeal of the "new final order" to accidently or automatically generate a new case number." Further the Case Manager suggested that the Appellant file the appropriate motions in the Sixth Circuit to amend and supplement the appeal as one single case. Under the Federal Rules of Appellate Procedure, the Amended Appeal Notice filed promptly within 7-10 days, will cause the Initial Appellate Brief due date to be automatically extended 30 to 45 or perhaps up-to 60 days by default, the Appellant will have at least 30 days and the Appellee will be given its ordinary time to file a Reply Brief.

The Defendant, therefore wishes that the District Court and the Plaintiff, understand that it is the Defendant's intention to appeal this case from the very beginning in a *de novo review*, because at times the Court was too preoccupied showing deference to the well-respected law firm to question or test the validity of the Plaintiff's claims to being famous, inherently distinctive and incontestable trademarks that were three days old, examine the evidence submitted by the Plaintiff with [DE-1] of Defendant's First Amendment activities classified as disparagement or try to understand the facts that the Plaintiff had omitted or fraudulently concealed in its new unrelated trademark application claims only three days prior to filing and/or Plaintiff's 'duty to investigate

its claims against its members before filing a lawsuit over a 20 year old dispute. The Plaintiff was responsible ethically for gathering evidence, disambiguating itself, identifying potential witnesses, and understanding the legal basis for their claims; instead they demonstrated their need for protection as a vulnerable charity instead of a business engaged with its trademarks. Courts may view a plaintiff's failure to adequately investigate a case prior to filing suit as a sign of weakness or lack of merit in their case, especially one without *prima facie* evidence.

Wherefore, the Defendant now Appellant, Colonel Wright, respectfully moves this Court with this **Supplemental Notice of Appeal** to take notice of this filing revision and grant him the following equitable relief as an affected, damaged, defamed, disabled, harmed and otherwise now dysfunctional (restricted) party in the "Closed Case" HOKC v KCI, et.al. 3:20-cv-00132:

1. Combine **Notice of Appeal [DE-132]** with this new updated **Supplemental Notice of Appeal** in the Sixth Circuit Court of Appeals Case Number 23-5795. If it pleases the Court, to automatically combine any future orders or the pending entry of default against other corporate defendants by obtaining leave from the Sixth Circuit so as not further delay or impede the Appeal process.

2. Stay the **District Court's Memorandum Opinion and Order of November 13, 2023 [DE-138]** pending the appeal; further as a forma pauperis appellant, understand that there is no possibility of the Defendant paying off the amount demanded in the Memorandum Opinion and Order any faster or in less time than the $3,000.00 the Federal Government Debt loaned to him during the COVID Pandemic to defend this case, the Small Business Association gave him 30 years to repay the sum at a rate of $13 per month.

3. Grant any other relief that this Court deems fair, just and equitable including automatic interlocutory relief or other discretionary relief which he may be entitled to in law as *a donor, member, or volunteer* of the Plaintiff's organization, as a *whistleblower*, as a *pro-se forma pauperis appellant* and as a *legally recognized Kentucky Colonel* (just like Colonel Sanders of KFC was) based on the scope of the Appeal and the claims it will approach.

For any or all of the foregoing reasons, Defendant | Appellant respectfully in good-faith prays that the District Court will take notice of the supplemental appeal and provide equitable relief by suspending the most recent order with a stay on the demand of penalty for contempt pending appeal. The Defendant shall also pray that the Sixth Circuit Court grant his forthcoming petition for affirmative relief to amend and supplement his appeal in light of recent District Court rulings, maintain his *pro-se* status from the US District Court (and/or designate an attorney), maintain his *forma pauperis* status recognized by the US District Court, maintain his fee waiver access to the ECF Case file of over 4,000 pages where Civil Action 3:20-cv-132-RGJ [DE-1] through [DE-138] reside, the Preliminary Injunction mistaken for the Agreed Permanent Injunction [DE-93] and its conjoined (concurrent case) Civil Action 3:23-cv-43-RGJ [DE-1] through [DE-23] to remain accessible electronically via the ECF System.

Puerto Carreño, Colombia
Dated: December 13, 2023

*Col. David J. Wright*

Col. David J. Wright
302 General Smith Drive
Richmond, Kentucky 40475

david.wright@globcal.net
+1 (859) 379-8277

## Certificate of Service

I hereby certify that on December 13, 2023, I emailed for filing the foregoing Notice of Appeal with attachments to the Clerk of the Court for the United States District Court of the Western District of Kentucky using the special Pro Se Intake Email per General Orders 20-04 and 20-11 for entry to the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system once the document is filed and assigned a document number by the Clerk of the Court.

Clerk's Office
601 W. Broadway, Rm 106
Gene Snyder United States Courthouse
Louisville, KY 40202

*Col. David J. Wright*