UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | |
|---|---|
| THE HONORABLE ORDER OF KENTUCKY COLONELS, INC. )<br>)<br>PLAINTIFF )<br>)<br>v. )<br>)<br>KENTUCKY COLONELS INTERNATIONAL, )<br>et al. )<br>)<br>DEFENDANTS ) | CIVIL ACTION NO. 3:20-CV-132-RGJ |

### PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT [DE 139]

Plaintiff, The Honorable Order of Kentucky Colonels, Inc. ("HOKC"), hereby tenders the following reply in support of its motion for entry of default judgment against the Defendants Ecology Crossroads Cooperative Foundation, Inc. and Globcal International (hereinafter the "Corporate Defendants").[1] For the reasons set forth herein and in its original motion, the Court should enter default judgment against the Corporate Defendants in the amount of Ten Thousand Four Hundred Seventy-seven Dollars Twenty Five Cents ($10,477.25), reflecting the total amount of attorneys' fees and costs awarded HOKC.

---

[1] Defendant David J. Wright ("Wright") improperly filed a Motion to Strike and Objection Response to Plaintiff's Motion for Entry of Default Judgment on November 30, 2023 ("Wright's Objection and Response") [DE 140]. The Court has repeatedly advised Wright that he may not appear on behalf of the Corporate Defendants because he is not licensed to practice law. Consequently, HOKC moved to strike Wright's Objection and Response [DE 141]. The instant Reply addresses only Wright's assertion that this Court lacks jurisdiction to entertain the motion for entry of default judgment because the Court's Contempt Order [DE 129] has been appealed to the Sixth Circuit Court of Appeals. If the Court denies HOKC's motion to strike Wright's Objection and Response, HOKC reserves the right to respond to the other assertions made therein.

**ARGUMENT**

**THIS COURT HAS JURISDICTION TO ENTER DEFAULT JUDGMENT AGAINST THE CORPORATE DEFENDANTS FOR THE ATTORNEYS' FEE AWARD**

An entry of default judgment against the Corporate Defendants was entered on August 13, 2020 [DE 60]. By Order dated August 9, 2023 (the "Contempt Order") [DE 129], the Court held Wright *and* the Corporate Defendants in contempt of the Agreed Permanent Injunction Order entered by the Court on February 23, 2021 [DE 93]. Wright filed his Notice of Appeal of the Contempt Order on August 31, 2023 [DE 132]. By Order dated November 13, 2023 (the "Attorneys Fee Order") [DE 138], the Court awarded HOKC Nine Thousand Four Hundred Twenty five Dollars ($9,425.00) in attorneys' fees and One Thousand Fifty Two Dollars Twenty Five Cents ($1,052.25) in costs incurred in pursuing the Contempt Order. HOKC tendered the instant motion for entry of default judgment against the Corporate Defendants on November 16, 2023, prior to any attempt by Wright to file a notice of appeal as to the Attorneys Fee Order.

Wright's Objection and Response argues, among other things, that the instant motion for default "is dilatory because the case is already under appeal in the Sixth Circuit." [Wright's Objection and Response [DE 140], 1]. That assertion is incorrect. Generally, "a decision awarding attorney's fees is not part of the merits for purposes of determining if the lower court issued a 'final decision.'" *Genesys, Inc. v. Greene*, 437 F.3d 482, 487-88 (6th Cir. 2005). In *Genesys*, the owner of intellectual property brought a contempt motion against a competitor for violating an agreed permanent injunction which prohibited the competitor's infringement on the owner's patents. The court found that the competitor violated the injunction and was, therefore, in contempt and awarded compensatory damages for the violation. *Id*. at 485. Several months later, the court entered an order granting the patent

owner's motion for attorney's fees and costs. The court held that the attorney's fee award was subject to a separate thirty (30) day appeal period ruling that, when the recoverability or amount of attorney's fees for litigation remains to be determined after a decision on the merits, those legal issues are collateral to and separate from the decision on the merits. *Id*. *See also Budinich v. Becton Dickinson & Company*, 486 U.S. 196, 199 (1988). Thus, even after Wright's appeal of the Contempt Order, the Court maintained jurisdiction over HOKC's motion for attorney's fees.

HOKC timely sought to effectuate the entry of default against the Corporate Defendants by moving for default judgment under Fed. R. Civ. P. 55(b) three (3) days after entry of the Attorneys Fee Order. HOKC's motion requested entry of default judgment **only** as to the amounts awarded in the Attorneys Fee Order; not the compensatory damages awarded by the Contempt Order. The instant motion establishes the entry of default by the clerk, the failure of the Corporate Defendants to appear, and requests a "sum certain" of damages being asserted. HOKC has proven all of the elements needed to establish its right to entry of default judgment against the Corporate Defendants, and the Court should grant that motion entering default judgment against the Corporate Defendants in the amount of Ten Thousand Four Hundred Seventy-seven Dollars Twenty Five Cents ($10,477.25).

## **CONCLUSION**

This Court clearly was not deprived of jurisdiction over the attorneys fee issue when Wright filed his notice of appeal on August 31, 2023. Moreover, this Court still had jurisdiction over the Attorneys Fee Order when HOKC tendered the instant motion for default judgment against the Corporate Defendants on November 16, 2023 since Wright had not filed a notice of appeal as to the Attorneys Fee Order at that time. Wright's assertion that

the instant motion is untimely or that this Court lacks jurisdiction as a result of the filing of his notice of appeal of the Contempt Order is legally and factually incorrect.

> Respectfully submitted,
>
> */s/ Cornelius E. Coryell II*
> Cornelius E. Coryell II
> Julie Laemmle Watts
> WYATT, TARRANT & COMBS, LLP
> 400 West Market Street, Suite 2000
> Louisville, KY  40202
> (502) 589-5235
> ccoryell@wyattfirm.com
> jwatts@wyattfirm.com
>
> *Counsel for Plaintiff, the Honorable Order of Kentucky Colonels, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing has been served upon the following, via U.S. Mail and/or electronic mail, on the 14th day of December, 2023:

Globcal International
c/o Maya-Lis A. Wright
302 General Smith Drive
Richmond, KY 40475

David J. Wright
302 General Smith Drive
Richmond, KY 40475
David.wright@globcal.net

Ecology Crossroads Cooperative Foundation, Inc.
c/o Maya-Lis A. Wright
302 General Smith Drive
Richmond, KY 40475

> */s/ Cornelius E. Coryell II*
> *Counsel for Plaintiff, the Honorable Order of Kentucky Colonels, Inc.*

101432061.1