UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

THE HONORABLE ORDER OF
KENTUCKY COLONELS, INC.,                                              Plaintiff

v.                                                          Civil Action No. 3:20-cv-132-RGJ

KENTUCKY COLONELS
INTERNATIONAL et al.,                                                Defendants

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

This case comes before the Court on four motions. The Honorable Order of Kentucky Colonels ("Plaintiff") moves for default judgment against Defendants Ecology Crossroads Cooperative Foundation, Inc. and Globcal International ("Corporate Defendants"). [DE 139]. Corporate Defendants respond and move to strike the motion for default judgment. [DE 140]. Plaintiff moves to strike Corporate Defendants' response. [DE 141]. *Pro se* Defendant David J. Wright ("Wright")[1] also moves for leave to appeal *in forma pauperis* and to stay enforcement of the Court's judgments pending appeal. [DE 145]. Briefing is complete and the motions are ripe. [DE 143; DE 146]. Having considered the motions and accompanying documentation, Plaintiff's motion for default judgment [DE 139] is **GRANTED**, Plaintiff's motion to strike [DE 141] is **GRANTED**, Corporate Defendants' response [DE 140] is **STRICKEN**, Wright's motion for leave to appeal *in forma pauperis* and for a stay pending appeal [DE 145] is **GRANTED in part and DENIED in part**.

---

[1] Wright and Corporate Defendants are collectively referred to as "Defendants."

1

## I. BACKGROUND

Plaintiff's original case ("*Kentucky Colonels I"*) alleged that Defendants were infringing on Plaintiff's KENTUCKY COLONELS trademark. The Court granted and later extended a TRO against Defendants. [DE 14; DE 23; DE 32]. The Court also ruled that Wright could not represent Corporate Defendants because he is not an attorney. [*Id*. at 808]. Instead, Corporate Defendants were ordered to obtain counsel and respond, which they failed to do. [*Id*. at 822; DE 46]. Accordingly, Plaintiff obtained an entry of default against Corporate Defendants on August 13, 2020. [DE 60]. Then, before Plaintiff moved for default judgment, the parties participated in a settlement conference, which resulted in the Agreed Permanent Injunction ("Agreed Order").[2] The Court entered the Agreed Order and dismissed the case. [DE 93; DE 94].

Approximately two years passed. The case was reopened in March 2023 when Plaintiff moved to enforce the Agreed Order in *The Honorable Ord. of Kentucky Colonels, Inc. v. Globcal Int'l*, No. 3:23-CV-43-RGJ (W.D. Ky. 2023) ("*Kentucky Colonels II*"). [DE 99]. Plaintiff also sought default judgment against Corporate Defendants, citing the previous entry of default. [DE 105 at 3364]. The Court denied the motion without prejudice and again permitted Corporate Defendants additional time to retain counsel, which they failed to do. [*Id*.]. After an evidentiary hearing on April 25, 2023, Defendants were held in contempt of the Agreed Order, enjoined from using the KENTUCKY COLONELS trademark, and ordered to pay $7,500 in compensatory sanctions. [DE 129]. Wright was also individually ordered to pay a portion of Plaintiff's attorneys' fees and costs. [DE 138].[3]

---

[2] Wright signed the Agreed Order on behalf of himself and as the agent for Corporate Defendants. [DE 121, Contempt Hr'g Tr., at 3518].

[3] The Court did not assess fees or costs against Corporate Defendants in its previous order because Plaintiff had not yet secured a default judgment. [DE 138 at 3844].

2

Plaintiff now moves for default judgment against Corporate Defendants and for attorneys' fees and costs to be assessed against them. [DE 139]. Despite Corporate Defendants remaining unrepresented, Wright has attempted to respond on their behalf in the form of a motion to strike. [DE 140]. Citing Corporate Defendants' unrepresented status, Plaintiff moves to strike the response. [DE 141].

Meanwhile, Wright has appealed the Court's contempt order [DE 129] and assessment of attorneys' fees and costs against him. [DE 138]. He moves to stay the judgments pending appeal and seeks leave to file his appeal *in forma pauperis*. [DE 145]. Plaintiff opposes Wright's motion to stay the judgments. [DE 146].

## II. DISCUSSION

### A. Motions to Strike

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike under Rule 12(f) are addressed within the sound discretion of the Court, although they are generally disfavored." *Hashemian v. Louisville Reg'l Airport Auth.*, No. 3:09-CV-951, 2013 U.S. Dist. LEXIS 59962, 2013 WL 1788473, at *5 (W.D. Ky. Apr. 26, 2013) (citing *Ameriwood Indus. Intern. Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1083 (W.D. Mich. 1997) (internal citations omitted)).

Corporations cannot appear *pro se* in federal court and must retain counsel. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–03 (1993) ("a corporation may appear in the federal courts only through licensed counsel."); [DE 46 at 1017]. The Court has repeatedly held in both *Kentucky Colonels I* and *Kentucky Colonels II* that Wright may not respond on behalf of Corporate Defendants and his filings on their behalf will not be

considered. [DE 32 at 808; DE 105 at 3363]. *See also Escue v. Bradley Power & Air, LLC*, No. 214CV02372JTFTMP, 2014 WL 12607110 (W.D. Tenn. Nov. 10, 2014) (striking a pleading offered by a *pro se* defendant on behalf of a corporate defendant). Therefore, Plaintiff's motion to strike [DE141] is **GRANTED**, and Defendants' response and motion to strike [DE 140] is **STRICKEN**.

B.  Plaintiff's Motion for Default Judgment

Under Rule 55(a) "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Default was entered in *Kentucky Colonels I* against Corporate Defendants on August 13, 2020. [DE 60]. When Plaintiff later sought enforcement of the Agreed Order in *Kentucky Colonels II*, it moved for default judgment against Corporate Defendants, citing the entry of default in *Kentucky Colonels I*. The Court denied the motion without prejudice to allow Corporate Defendants another opportunity to obtain counsel. [DE 105]. Corporate Defendants have since failed to enter an appearance by counsel, plead, or otherwise defend after being properly served in *Kentucky Colonels II*. Thus, Plaintiff's motion for default judgment is **GRANTED** and Plaintiff is entitled to recover $10,477.25 in attorneys' fees from Corporate Defendants, jointly and severally.[4]

C.  Wright's Motion to Appeal *In Forma Pauperis*

Plaintiff does not object to Wright's motion to appeal *in forma pauperis*. [DE 146 at 3900, n.1].[5] The Court granted Wright's previous motion to appeal *in forma pauperis*. [DE 137]. His

---

[4] This is the same amount as was previously assessed against Wright. It represents ten percent of Plaintiff's attorneys' fees, $9,425, plus costs, $1,052.25. [DE 138 at 3844-45].

[5] However, Plaintiff notes that Wright's affidavit may have failed to disclose one of his entity's property development ventures on the Orinco River in Colombia. [DE 146 at 3900, DE 146-1, Puerto Carreno Tourism Council Webpage, at 3910].

renewed motion sets forth substantially similar facts. [*See* DE 133; DE 145]. On review, the Court finds Wright makes the financial showing required to waive the appellate filing fee under Fed. R. App. P. 24. As required by Rule 24, Wright attached an affidavit that shows the detail prescribed by Form 4 of the Appendix of Forms. The affidavit states the claims and issues Wright intends to present on appeal. It also shows that Wright's monthly income just covers his monthly expenses. [DE 145 at 3885–87]. Payment of the appellate filing fee would cause undue hardship. [*Id*. at 3883]. Accordingly, Wright's application to proceed without prepayment of fees [DE 145] is **GRANTED**.

   D. Wright's Motion to Stay Judgments Pending Appeal

   Federal Rule of Civil Procedure 62(d) grants district courts power to stay an injunction pending appeal: "While an appeal is pending from an interlocutory order or final judgment that grants . . .an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." *See also* Fed. R. App. P. 8(a)(1)(C) ("A party must ordinarily move first in the district court for . . .an order suspending [or] modifying . . . an injunction while an appeal is pending."). Rule 62(d) also entitles a party who files a satisfactory supersedeas bond to a stay of a money judgment." *Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). While a bond is not the only way to obtain a stay, "the party requesting the stay must at least make a showing that it has adequate resources to satisfy the bond." *Taylor v. Teco Transp., Inc.*, No. 5:04 CV 33 R, 2007 WL 1232203, at *1 (W.D. Ky. Apr. 23, 2007) (internal quotations and citations omitted).

   The Court is mindful that "[a] stay pending appeal is a matter of judicial discretion, 'not a matter of right.'" *Memphis A. Philip Randolph Institute v. Hargett*, 977 F.3d 566, 568 (6th Cir. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 433 (2009)). In determining whether to issue a stay

under Rule 62(d), courts consider: "(1) the likelihood that the party seeking the stay will prevail on the merits; (2) the likelihood that the moving party will be irreparably harmed; (3) the prospect that others will be harmed by the stay; and (4) the public interest in the stay." *Crookston v. Johnson*, 841 F.3d 396, 398 (6th Cir. 2016) (citing *Coal. to Def. Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006)). These four factors are not prerequisites to a stay; they are "interrelated considerations that must be balanced together." *Hargett*, 977 F.3d at 568 (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Grepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).

Wright moves to stay execution of all judgments against Defendants pending appeal without the posting of a security or bond. [DE 145 at 3890]. His motion does not address the above-listed factors or show that he has adequate resources to satisfy a bond. This alone is sufficient grounds to deny his request. *See Teco Transp.*, 2007 WL 1232203, at *1 (denying defendant's request for a stay when they failed to establish adequate resources to post a bond); *WCP/Fern Exposition Servs., LLC v. Hall*, No. 3:08CV-522-S, 2012 WL 12996006 (W.D. Ky. June 20, 2012) (denying a stay pending appeal because the party failed to offer a bond). Regardless, the Court finds that the factors, balanced together, weigh against granting a stay.

First, Wright has failed to establish a likelihood of success on the merits. He repeatedly references newly available evidence but fails to identify what that evidence is. [DE 145 at 3890–92]. He also asserts various procedural arguments that the Court previously considered and rejected. [*Id*. at 3892–93]. This is often the determinative factor. *Thompson v. Dewine*, 959 F.3d 804, 807 (6th Cir. 2020).

The second factor also weighs heavily in favor of denying the stay. Any claim that Wright will be irreparably harmed by enforcement of the Agreed Order—an outcome he negotiated and consented to—is unconvincing. Third, Wright's argument that the sanctions and fees are

6

financially burdensome weigh in favor of denying the stay, not granting it. Wright's precarious financial position makes it less likely that Plaintiff will be able to collect on the judgments should they prevail on appeal, particularly in the absence of any bond. Finally, Plaintiff raises concerning evidence of Wright's continuing violation of the Court's orders. [*See* DE 146 at 3902; DE 146-2, Jan. 2024 Cease and Desist Letter, at 3913–20]. It is in the public interest to promote respect for the Court's judgments. Thus, the factors and equities in this case weigh against granting a stay.

### III. CONCLUSION

For the reasons above it is **ORDERED**:

(1) Plaintiff's motion for default judgment [DE 139] is **GRANTED**, with judgment to follow this Order.

(2) Plaintiff's motion to strike Defendants' response [DE 141] is **GRANTED**, and Corporate Defendants' response [DE 140] is **STRICKEN**.

(3) Wright's motion [DE 145] is **GRANTED** as to the application to proceed without prepayment of fees and **DENIED** as to a stay of judgments pending appeal.

April 22, 2024

Rebecca Grady Jennings, District Judge
United States District Court

Cc: Counsel of record
    Defendant, pro se