FILED
JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: May 21, 2024

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **THE HONORABLE ORDER OF KENTUCKY COLONELS, INC.**<br>    Plaintiff<br><br>vs.<br><br>**KENTUCKY COLONELS INTERNATIONAL, et al.**<br>    Defendant(s) & Appellant | Civil Action No. 3:20-cv-00132-RGJ<br><br>NOTICE OF APPEAL |

## NOTICE OF APPEAL

Comes now the **Defendant-Appellant, Col. David J. Wright, a Kentucky Colonel,** appears today *pro-se* in *forma pauperis* under 28 U.S.C. § 1915 to herein inform and give notification to the U.S. District Court that as the **Executive Officer and Founder** of the Corporate Defendant entities: **Ecology Crossroads Cooperative Foundation, Inc.** and one of its subsidiary cooperatives, **Globcal International** shall APPEAL to the **United States Appellate Court for the Sixth Circuit** a **TEMPORARY RESTRAINING ORDER [DE-14]** by the **Honorable Judge David J. Hale on February 25, 2020** who recused himself from the case on March 09, 2020 because he is a member of the Plaintiff's organization; further Colonel Wright shall appeal **"Memorandum Opinions and Orders"** of the United States District Court for the Western District of Kentucky (the "District Court"), entered on March 09, 2020 [DE-25] and [DE-28], on March 23, 2020 [DE-32], August 13, 2020 [DE-58], then now in 2024 in [DE-149], and the Default Judgment [DE-150] entered on April 22, 2024, by Honorable Judge Rebecca Grady Jennings, as well as other orders cited in two previous notices of appeal now before the US Circuit Court.

Judge Jennings erroneously negated and usurped the equitable standing and mutuality guaranteed to the Defendant(s) (including unknown defendants) through a confidential settlement conference held by

Magistrate Judge Regina S. Edwards which resulted in a mediator's proposal/agreement, an agreed dismissal of the case with prejudice, and an agreed permanent injunction that was applied to the parties under duress. It is clear that the court insisted that the corporate defendants were required to have counsel for any and all appearances, so therefore were not present in any of the litigation, the settlement conference, or subsequent hearings, although now this court wants to hold them in contempt erroneously.

Judge Jennings's decision to order two defaults against the same corporate defendants, once in 2020 excluding them from all litigation and the subsequent settlement conference where they did not appear or participate and again in 2024 after the case was reopened for a contempt hearing in which they did not participate, raises serious ethical questions regarding the procedural legality of the court's actions. It is uncertain whether the defendants'' initial default was or could be set aside, whether they participated in the settlement conference without counsel, or if they were appropriately notified, required, or given the opportunity to participate in the subsequent proceedings before passing judgment. Additionally, it is unclear whether their presumptive alleged inclusion in the settlement was lawful, given the fact that they did not appear with counsel in any court proceeding at all during any phase of the proceedings, or that the court ever formally set aside the initial default, the court record never indicates that they made any appearance.

**Denial of Due Process:** The repeated untimely second default deprived the Corporate Defendants already under default since August 13, 2020 of a fair opportunity to defend themselves in the contempt hearing and the adjudication process because the court did not appoint them legal counsel, but could have.

**Settlement Agreement:** The second default violates the terms and spirit of the settlement agreement, which should have resolved all outstanding issues. The court has mistaken and misunderstood the neutral role of the corporate defendants as inactive facilitators of a single human defendant who happens to be their executive officer; which are less responsible than Facebook and Google based on the hubris Plaintiff's mere allegations and blind deference granted by the court. The evidence submitted to the court by the plaintiff was misrepresented and taken unlawfully out of context from within a private forum

operated by Facebook for human beings, creating an illusion for the court's entertainment, and its invertible misconception of the facts alleged by the Plaintiff.

## TAKING NOTICE OF APPEAL

The Defendant makes this Notice under the Federal Rules of Civil Procedure, FRCP 4(a)(1) – Time for Filing a Notice of Appeal, which **does not explicitly prohibit an Executive Officer from filing a <u>Notice of Appeal</u> or the <u>associated motions</u>** required to get the appeal before the Circuit Court. The defendant further understands that he cannot prosecute or litigate the case himself on behalf of the "Corporate Defendants," which have been unjustly accused of their alleged collaboration and involvement in this case because he is not an attorney. This Notice of Appeal is to prevent an additional miscarriage of justice and further damage to the Corporate Defendants' reputations and to correct the erroneous, misguided, prejudicial judgments made at the court's discretion with blind deference shown for the Plaintiff since the beginning of this case.

Defendant believes that the Plaintiff has intentionally and unlawfully cast a wide net and *shall prove* with undoubtedly probative evidence accurately that Plaintiff has engaged practically and methodically in deceptive, fraudulent, retaliatory, and solipsist overreach to gain blind deference from the Court in its earliest stages using tactical legal maneuvers such as a Strategic Lawsuit Against Public Participation against all the Defendants' constitutionally protected rights under the First Amendment and the filing of three fraudulent trademark applications with the United States Patent and Trademark Office ("USPTO") on February 17, 2020, three days before filing this lawsuit. The Defendant as Appellant shall prove that Plaintiff misappropriated his unregistrable common-law trademark "KENTUCKY COLONELS" in 2003 after creating an apprehensive atmosphere, intimidating Defendant in 2001 with threats of prosecuting him for trademark infringement to remove his website, which was online from 1998 until 2001 which he was forced to abandon by a Kentucky State Senator. Defendant, in his Appeal, will show that Plaintiff has been engaged in a long-standing relationship with Defendant as a donor, member, and volunteer from 1996 until 2020, a fact which was fraudulently concealed from this Court by Plaintiff

from the onset of the case. The Defendant-Appellant will present 26 verifiable arguments in the United States Circuit Court of Appeals. The Defendant will show that the Plaintiff has engaged in self-dealing under Internal Revenue Code 4941 with a board member from the law firm that brought this case and has sought reimbursement of legal expenses which it is not entitled to in law or based on judicial discretion. The Defendant will show that the Plaintiff's Board of Trustees has engaged in a concerted effort and civil rights conspiracy against his First Amendment rights to chill, temper, quiet, and impede his activities in the United States and internationally with the public domain. The Defendant will hold the Plaintiff responsible for damages and injury as a result of its retaliatory attack against his constitutionally protected right to seek redress against them through the Governor of Kentucky, his rights to free speech and publication, his right to lawful assembly, and fraud upon the court and against the people of the United States.

The District Court is aware and shall take notice that the Defendant-Appellant is actively engaged in cases **Honorable Order of KY Colonels, Inc. v. KY Colonels Intl (6th Cir. 2023) Docket Number 23-5795** and **Honorable Order of KY Colonels, Inc. v. KY Colonels Intl (6th Cir. 2023), Docket Number 23-6108.** Contrary to what the District Court has been misled to believe by the Plaintiff, these appeals and this case are not solely about the final judgments; instead, this notice addresses the procedural errors, failure to provide constitutional protection and standing to the Defendants, and prejudgment of the Defendants that began on February 25, 2020, before the court ever heard from any defendant. Further the Court never set aside the default against the defendants so they never appeared before the court with counsel which was required by the court, therefore they cannot be held culpable for a second default judgment against them as defendants after being defaulted upon on August 13, 2020.

The court must also be aware that the actions of the Plaintiff in the public arena through its board members and social media accounts to further damage the reputation of the Defendant-Appellant, have destroyed the fundraising abilities of the Corporate Defendants since 2020 with less than $25,000 in total revenue over 4 years since this case began making it impossible to operate or comply with the Plaintiff's

outrageous demands like its request on April 25, 2024 to depose the primary Appellant and the Corporate Defendants now in May of 2024.

For any or all of the preceding reasons, Defendant-Appellant respectfully, in good faith, prays that the District Court will take notice of the appeal and provide equitable relief by suspending the most recent orders with a stay on the demand of penalty for contempt pending appeal against the primary Defendant prior to dealing further with the Corporate Defendants. The Defendant shall also pray that the Sixth Circuit Court grants his forthcoming petition for affirmative relief to amend and supplement his appeal in light of recent District Court rulings, maintain his *pro-se* status from the US District Court (and designate an attorney), maintain his *forma pauperis* status recognized by the US District Court, maintain his fee waiver access to the ECF Case file of over 4,000 pages where Civil Action 3:20-cv-132-RGJ [DE-1] through [DE-150] reside, the Preliminary Injunction mistaken for the Agreed Permanent Injunction [DE-93] and its conjoined (concurrent case) Civil Action 3:23-cv-43-RGJ [DE-1] through [DE-23] to remain accessible electronically via the Pacer CM/ECF system.

Puerto Carreño, Colombia
Dated: May 21, 2024

Col. David J. Wright
302 General Smith Drive
Richmond, Kentucky 40475

david.wright@globcal.net
+1 (859) 379-8277

## Certificate of Service

I hereby certify that on May 21, 2024, I emailed for filing the preceding Notice of Appeal with attachments to the Clerk of the Court for the United States District Court of the Western District of Kentucky using the special Pro Se Intake Email per General Orders 20-04 and 20-11 for entry to the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that the CM/ECF system will accomplish service once the document is filed and the Clerk of the Court assigns a document number.

Clerk's Office
601 W. Broadway, Rm 106
Gene Snyder United States Courthouse
Louisville, KY 40202

*Col. David J. Wright*