UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

FILED
JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: May 21, 2024

| | |
|---|---|
| THE HONORABLE ORDER OF KENTUCKY COLONELS, INC.<br>    Plaintiff<br><br>vs.<br><br>KENTUCKY COLONELS INTERNATIONAL, et al.<br>    Defendant(s) & Appellant | Civil Action No. 3:20-cv-00132-RGJ<br><br>FEE WAIVER |

## MOTION TO WAIVE FILING FEES FOR NOTICE OF APPEAL

Corporate Defendants, Ecology Crossroads Cooperative Foundation, Inc. and its subsidiary Globcal International, by and through their undersigned Executive Officer, respectfully move this Court for an order waiving the filing fees associated with their Notice of Appeal pursuant to 28 U.S.C. § 1915(a)(1) and Federal Rule of Appellate Procedure 24(a)(2). In support of this motion, the Corporate Defendants' representative states as follows:

1. Defendants are corporate entities (which are one in the same) that have been defaulted in this action due to their inability to secure legal representation or appear in court due to a lack of funding or acquire pro-bono counsel from another source.

2. Defendants' financial situation is dire. Their single corporate bank account contains less than $300 USD in total, and they lack the resources to pay the filing fees for this Notice of Appeal.

3. Defendants believe they were unfairly targeted and "trapped" by the Plaintiff's overly broad litigation strategy which cast a wide net. They assert that they have meritorious defenses and arguments to present on appeal similar to the Appellant and unique as a corporation.

4. The United States Court of Appeals for the Sixth Circuit is already considering a related appeal in this matter **Honorable Order of KY Colonels, Inc. v. KY Colonels Intl (6th Cir. Docket Number 23-5795)** and **Honorable Order of KY Colonels, Inc. v. KY Colonels Intl (6th Cir. Docket Number 23-6108)** and the Circuit Court has been made aware of Defendants' plight. The Primary Defendant-Appellant has requested appointment of counsel and a special master to assist in resolving these appeals which are soon to be considered by a Judicial Panel upon hearing the Appellant's Brief which has been placed in abeyance specifically due to the Plaintiff-Appellee's hubris challenges and Motion to Dismiss the Appeal.

5. **Under 28 U.S.C. § 1915(a)(1)**, a court may authorize the commencement of a suit or appeal without prepayment of fees by a person who submits an affidavit that includes a statement of all assets demonstrating that the person is unable to pay such fees. Although typically applied to individuals, courts have discretion to extend this provision to corporate entities in exceptional circumstances where the corporation demonstrates genuine financial hardship.

6. **Federal Rule of Appellate Procedure 24(a)(2)** allows a court of appeals to waive the filing fee **if a party** demonstrates an inability to pay. The court has the discretion to determine whether the party's financial situation warrants a waiver.

7. **Case Law:** While not directly on point, there are cases where courts have recognized the possibility of waiving fees for corporate entities under specific circumstances. In re Continental Airlines Corp., 125 F.3d 120 (3d Cir. 1997), the court acknowledged that a corporation could be granted forma pauperis status if it demonstrates it was financially unable to pay the court's fees.

The Corporate Defendants respectfully request that this Court exercise its discretion under 28 U.S.C. § 1915(a)(1) and Federal Rule of Appellate Procedure 24(a)(2) to waive the filing fees for their Notice of Appeal. This request is based on the following compelling factors:

- **Dire Financial Hardship:** The Corporate Defendants are facing a dire financial situation, with less than $250 remaining in their corporate bank account. This severe lack of funds renders them completely unable to afford the filing fees associated with their appeal.
- **Unfair Targeting:** The Corporate Defendants assert that the Plaintiff's litigation strategy, which appears to be overly broad and aimed at ensnaring them in this legal dispute, has unfairly targeted them. This targeting has exacerbated their financial difficulties and hindered their ability to access legal representation.
- **Meritorious Defenses:** Despite their financial constraints, the Corporate Defendants firmly believe they have meritorious defenses and arguments to present on appeal. Denying them the opportunity to appeal due to an inability to pay would be a grave injustice and a violation of their due process rights.
- **Sixth Circuit's Recognition:** The United States Court of Appeals for the Sixth Circuit is already considering a related appeal in this matter. In that appeal, the Pro-Se Defendant-Appellant has requested the appointment of counsel and a special master, highlighting the complexity of the issues involved and the need for legal assistance. The Sixth Circuit's willingness to consider these requests demonstrates the court's recognition of the unique circumstances of this case and the importance of ensuring that the Corporate Defendants may have a fair opportunity there to present their arguments.
- **Access to Justice:** Waiving the filing fees in this instance is essential to uphold the principles of due process and equal access to justice. The Corporate Defendants should not be denied the right to appeal simply because they lack the financial means to do so. By granting this motion, the Court can ensure that the Corporate Defendants' voices are heard and that their rights are protected.

While the Sixth Circuit has not explicitly addressed fee waivers for corporate appellants in a published opinion, its Local Rules and internal operating procedures provide some guidance.

- **Sixth Circuit Local Rule 24(a):** This rule mirrors Federal Rule of Appellate Procedure 24(a), allowing the court to waive the filing fee "in extraordinary circumstances." While not specific to corporations, this rule's broad language leaves room for interpretation and argument.

- **Internal Operating Procedure (IOP) 10(b):** This procedure outlines how in forma pauperis applications are handled. Although primarily focused on individuals, it doesn't explicitly exclude corporations.

- **Relevant Case Law:** While not from the Sixth Circuit, the Third Circuit's decision In re Continental Airlines Corp. (125 F.3d 120 (3d Cir. 1997)) supports the argument that corporations can be granted in forma pauperis status under exceptional circumstances. This case can be cited as persuasive authority in the Sixth Circuit.

Therefore, based on the dire financial hardship faced by the Corporate Defendants, the unfair targeting they have endured, the meritorious nature of their defenses, the Sixth Circuit's recognition of the unique circumstances of this case, and the fundamental principles of due process and access to justice, the Corporate Defendants respectfully request that this Court waive the filing fees associated with their Notice of Appeal.

Puerto Carreño, Colombia
Dated: May 21, 2024

Col. David J. Wright
302 General Smith Drive
Richmond, Kentucky 40475

david.wright@globcal.net
+1 (859) 379-8277