UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | | |
|---|---|---|
| THE HONORABLE ORDER OF KENTUCKY COLONELS, INC. | ) ) ) | |
| PLAINTIFF | ) ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 3:20CV-132-RGJ |
| KENTUCKY COLONELS INTERNATIONAL, et al. | ) ) ) ) ) | |
| DEFENDANTS | ) | |

### PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS

Plaintiff, The Honorable Order of Kentucky Colonels, Inc. ("HOKC"), by counsel, hereby moves the Court for an order compelling the Defendant, David J. Wright ("Wright"), to appear for an asset discovery deposition. Wright has failed to appear for a duly noticed deposition on two separate occasions. Therefore, the Court should compel his appearance and enter sanctions awarding HOKC its attorney's fees related to the preparation and filing of the instant motion.

### BACKGROUND

On February 20, 2020, HOKC filed its Verified Complaint alleging, among other things, that Wright and his affiliates misappropriated HOKC's federally registered trademark, KENTUCKY COLONELS, and engaged in conduct constituting trade name infringement, unfair competition, false designation of origin, and cyberpiracy. (Verified Complaint [DE 1]). During the course of the litigation, the Court entered a Temporary Restraining Order [DE 14] and a Preliminary Injunction [DE 58] finding, on multiple occasions, that HOKC had established (1) a

likelihood of success on the merits of its claim; (2) that it would suffer irreparable harm in the absence of an injunction; (3) that any potential harm to Wright if an injunction was granted was outweighed by the potential harm to HOKC; and (4) that the public interest was best served by enjoining Wright's activities. (*See e.g.*, 8/13/20 Order [DE 58], PageID #1221-1229). On February 23, 2021, the Court entered an Agreed Permanent Injunction prohibiting Wright and his affiliates from "using the KENTUCKY COLONELS Mark, or any mark that is confusingly similar to the KENTUCKY COLONELS Mark" in connection with the sale of goods or services, the solicitation of charitable donations, or the formation of any membership organization or charitable fundraising endeavor. (Agreed Permanent Injunction [DE 93], PageID #2057). Wright **knowingly agreed** to the restrictions in the Agreed Permanent Injunction to resolve the claims made against him in HOKC's Verified Complaint.

Wright began violating the Agreed Permanent Injunction in May 2022.  After conducting an extensive evidentiary hearing, the Court found Wright in contempt of the Agreed Permanent Injunction. (8/9/23 Memorandum Opinion and Order [DE 129], PageID #3714).  The Court ordered that Wright and his affiliates were "required to abide by the Agreed Permanent Injunction Order that remains in place and are ***ORDERED TO CEASE USE OF THE KENTUCKY COLONELS TRADEMARK***." *Id.* at PageID #3726 (emphasis added).  In addition, Wright was ordered to pay $7,500 in compensatory sanctions for failure to abide by the Agreed Permanent Injunction. *Id.*

By Order dated November 13, 2023, the Court awarded HOKC attorneys' fees and costs incurred in prosecuting the motion for contempt.  The Court found that the fee requested by HOKC ($94,254.75) was reasonable inasmuch as the case required substantial time and labor "due solely to Defendants' continual contemptuous conduct and myriad demands." (11/13/23 Order [DE 138],

PageID #3843). The Court noted that "all attorneys' fees incurred since the entry of the [Agreed Permanent Injunction] stem from Defendants' unwillingness to comply with their own negotiated terms." (*Id*. at PageID #3844). Nevertheless, the Court awarded only 10% of HOKC's fees because of "Wright's financial condition." *Id*. The Court believed that the fee award would still be "sufficient to reflect the seriousness of Wright's contemptuous conduct and **promote deterrence**." *Id*. (emphasis added). The fees and costs awarded by the Court totaled $10,477.25. (*Id.* at Page ID# 3845). Thus, the compensatory damages, attorneys' fees, and costs awarded by the Court total $17,977.25. Wright has not paid any portion of that damage award.

Wright asked the Court to stay enforcement of the judgments entered against him solely on the grounds that he lacks the financial wherewithal to post a bond. The Court had already taken Wright's alleged pauper status into consideration, dramatically reducing the amount of attorneys' fees awarded to HOKC based on Wright's "financial condition." (*See* 11/13/23 Memorandum Opinion and Order [DE 138], PageID #3844). The Court denied the motion to stay by Order dated April 22, 2024 [DE 149].

On April 25, 2024, HOKC served Wright with a notice of video deposition, scheduling his asset discovery deposition for May 29, 2024 at 10:00 a.m. The notice further directed Wright to produce various documents relating to his current financial condition.[1] Wright failed to appear for his deposition or produce the requested documents. [Affidavit of Cornelius Coryell, ¶ 4]. Thereafter, counsel for HOKC communicated with Wright advising him of his obligation to appear for deposition despite the pending appeal.[2] Counsel also served Wright with an amended notice

---

[1] A copy of the deposition notice is attached as Exhibit 1 to the accompanying Affidavit of Counsel.
[2] A copy of counsel's correspondence with Wright is attached as Exhibit 3 to the accompanying Affidavit of Counsel.

rescheduling his deposition for June 11, 2024 at 10:00 a.m.[3] Wright failed to appear for that deposition or produce the documents requested in that notice. [Affidavit of Cornelius Coryell, ¶ 6].[4]

## ARGUMENT

### I. THE COURT SHOULD COMPEL WRIGHT TO APPEAR FOR AN ASSET DISCOVERY DEPOSITION.

Rule 69 of the Federal Rules of Civil Procedure explicitly allows the use of the procedures set forth in the federal discovery rules in aid of enforcement of a judgment.

> In aid of the judgment or execution, the judgment creditor or a successor in interest who interest appears of record may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located.

Fed. R. Civ. P. 69(a)(2). A judgment creditor is permitted to conduct a broad inquiry and to uncover any hidden or concealed assets of the judgment debtor. *Caisson Corp. v. County W. Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974). Discovery in aid of execution on judgment may be conducted in the manner provided in the Federal Rules of Civil Procedure or in the manner provided by the rules of practice in the state in which the district court sits. *FDIC v. LeGrind*, 43 F.3d 163, 171 (5th Cir. 1995).

Here, the asset discovery deposition of Wright was noticed in accordance with Fed. R. Civ. P. 30(a)(1). HOKC's document request was served in the deposition notice pursuant to Fed. R. Civ. P. 30(b)(2). Leave of court was not required. Wright failed to appear twice. Consequently, the Court should compel his appearance.

---

[3] A copy of the Amended Notice to Take Deposition is attached as Exhibit 2 to the accompanying Affidavit of Counsel.

[4] On June 11, 2024 at approximately 8:00 a.m., counsel for HOKC received an EFC notice from the United States Court of Appeals for the Sixth Circuit providing notice of Wright's filing of a Motion for Stay of Judgments Pending Appeal.

4

**II.     THE COURT SHOULD AWARD HOKC THE ATTORNEYS' FEES RELATED TO THE PREPARATION OF THE FILING OF THE INSTANT MOTION.**

Rule 37 of the Federal Rules of Civil Procedure authorizes the Court to impose a wide range of sanctions for a party's failure to appear at a properly noticed deposition. Those sanctions include requiring the party failing to act to pay the reasonable expenses, including attorney's fees, caused by the failure to appear. *See* Fed. R. Civ. P. 37(d)(3). A party may not escape sanctions simply by notifying the attorney who noticed the deposition that they will not appear. Such a notification does not excuse a party's failure to appear and will not serve as a substitute for a motion for a protective order. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 947 (9th Cir. 1993).

As reflected in the correspondence attached to the accompany Affidavit, counsel for HOKC made numerous efforts to explain Wright's obligation to appear for a deposition notwithstanding the pending appeal. As he has done throughout this litigation, Wright ignored the Court's rejection of his motion to stay enforcement of the judgments as well as counsel's admonition that the pending appeal does not relieve him from his obligation to appear for a properly noticed judgment enforcement deposition. Wright's continuing contempt for the rules should be sanctioned.

### FRCP 37 CERTIFICATION

Pursuant to Fed. R. Civ. P. 37, counsel for HOKC states that he has, in good faith, attempted to confer with the Defendant David J. Wright regarding the asset discovery deposition that is the subject of Defendant's motion to compel and the parties were unable to resolve their differences. Specifically, counsel's efforts are reflected in the correspondence attached as Exhibit 3 to the accompanying Affidavit. Therefore, the requirements of FRCP 37 have been met and the Motion to Compel and for Sanctions is properly filed.

        Respectfully submitted,

        */s/ Cornelius E. Coryell II*
        Cornelius E. Coryell II
        Julie Laemmle Watts
        WYATT, TARRANT & COMBS, LLP
        400 West Market Street, Suite 2000
        Louisville, KY  40202
        (502) 589-5235
        ccoryell@wyattfirm.com
        jwatts@wyattfirm.com

        *Counsel for Plaintiff, the Honorable Order of Kentucky Colonels, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that a true and correct copy of the foregoing has been served upon the following, via electronic mail, on the 11th day of June, 2024:

David J. Wright
david.wright@globcal.net
Edificio Torre 997, Local B
San Juan, Caracas
Distrito Capital, Venezuela 1021

        */s/ Cornelius E. Coryell II*
        *Counsel for Plaintiff, the Honorable Order of Kentucky Colonels, Inc.*

101604226.1