UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

THE HONORABLE ORDER OF
KENTUCKY COLONELS, INC.,                                          Plaintiff

v.                                                                Civil Action No. 3:20-cv-132-RGJ

KENTUCKY COLONELS
INTERNATIONAL et al.,                                             Defendants

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

This case comes before the Court on Plaintiff The Honorable Order of Kentucky Colonels' ("Plaintiff") motion to compel *pro se* Defendant David J. Wright ("Wright") to appear for an asset discovery deposition. [DE 157]. Wright failed to respond, and the motion is ripe. For the reasons below, Plaintiff's motion to compel is **GRANTED**.

## BACKGROUND

Plaintiff's original case ("*Kentucky Colonels I*") alleged that Wright, along with Ecology Crossroads Cooperative Foundation, Inc. and Globcal International ("Corporate Defendants") (collectively with Wright, "Defendants") were infringing on Plaintiff's KENTUCKY COLONELS trademark. The Court granted and later extended a TRO against Defendants. [DE 14; DE 23; DE 32]. The parties participated in a settlement conference, which resulted in the Agreed Permanent Injunction ("Agreed Order").[1]  The Court entered the Agreed Order and dismissed the case. [DE 93; DE 94].

---

[1] Wright signed the Agreed Order on behalf of himself and as the agent for Corporate Defendants. [DE 121, Contempt Hr'g Tr., at 3518].

1

Approximately two years passed. The case was reopened in March 2023 when Plaintiff moved to enforce the Agreed Order in *The Honorable Ord. of Kentucky Colonels, Inc. v. Globcal Int'l*, No. 3:23-CV-43-RGJ (W.D. Ky. 2023) ("*Kentucky Colonels II*"). [DE 99]. After an evidentiary hearing on April 25, 2023, Defendants were held in contempt of the Agreed Order, enjoined from using the KENTUCKY COLONELS trademark, and ordered to pay $7,500 in compensatory sanctions. [DE 129]. Wright was also ordered to pay a portion of Plaintiff's attorneys' fees and costs in the amount of $10,477.25. [DE 138].[2]

Wright appealed the Court's contempt order [DE 129] and assessment of attorneys' fees and costs against him. [DE 138]. The Court denied his motion to stay the judgments pending appeal. [DE 149 at 3942–44]. Plaintiff now seeks to compel Wright to submit to a post-judgment asset discovery deposition.

## STANDARD

Rule 69 allows a judgment creditor the opportunity to "obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). If a party fails to respond to an appropriate discovery request, the Court may issue an order compelling response. Rule 37 provides for courts to compel discovery and issue sanctions for parties that fail to properly appear for a deposition as long as "[the] motion for sanctions for failing to answer or respond [includes] a certification that movant has in good faith . . .attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B). Rule 37 also requires a

---

[2] The Court did not assess fees or costs against Corporate Defendants in its previous order because Plaintiff had not yet secured a default judgment. [DE 138 at 3844].

motion to compel discovery include a "certification that the movant has in good faith conferred or at least attempted to confer" to resolve the dispute. Fed. R. Civ. P. 37(a)(1).

## ANALYSIS

It is undisputed that Plaintiff served Wright with its post-judgment discovery requests on April 25, 2024, and again on May 29, 2024. [DE 157-2; DE 157-3]. It is also undisputed that Wright failed to appear for the noticed depositions. [DE 157-4 at 3981–4001]. In his emails with Plaintiff's counsel, Wright did not object to any specific discovery request. [*Id.*]. Instead, he flatly refused to participate in any scheduled deposition. [DE 157-4 at 3981 "I will not be appearing by Zoom today or anytime soon unless our matter is resolved in The Sixth Circuit Court of Appeals in your favor"].

Plaintiff's request for information regarding the existence and whereabouts of Wright's assets are permissible under Rule 69(a)(2). Plaintiff's motion also complies with Rule 37(d)(1)(B). [DE 157-1].

Wright, as the party resisting discovery, failed to object by "show[ing] that the material sought either falls beyond the scope of relevance, or is so marginally relevant that the potential harms of production outweigh the presumption in favor of broad disclosure." *Bentley v. Highlands Hosp. Corp.*, No. 7:15-cv-97, 2016 WL 762686, at *1 (E.D. Ky. Feb. 23, 2016). Instead, Wright asserts that he should not have to submit to a deposition while his appeal is pending because the judgments sought to be enforced could become moot. [DE 157-4 at 3995–4001]. He also claims that the Court "lacks jurisdiction" while his appeal is pending. [*Id.* at 3996].

The Court agrees with the general premise that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case. *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003) (quoting *Cochran v. Birkel*, 651 F.2d 1219, 1221

3

(6th Cir. 1981), cert. denied, 454 U.S. 1152 (1982)). However, a notice of appeal "does not divest a district court of jurisdiction over matters collateral to the main cause of action." *United States v. Gallion*, 534 F. App'x 303, 309 (6th Cir. 2013) (punctuation modified). "[D]ivestment of jurisdiction as to non-collateral matters has no bearing on a court's power to enforce its judgment." *Lyngaas v. Curaden AG*, 2021 WL 6049428, at *2 (E.D. Mich. Dec. 21, 2021). "[E]ven after an appeal is taken, a district court retains the power to enforce, but not expand on its orders so long as the judgment has not been stayed or superseded. *Jaynes v. Austin*, 20 F. App'x 421, 425 (6th Cir. 2001) (citing *NLRB v. Cincinnati Bronze, Inc.,* 829 F.2d 585, 588 (6th Cir. 1987)). As mentioned above, the Court previously denied Wright's motion to stay the judgments pending appeal.[3] As a result, this Court retains jurisdiction to enforce its judgment even after the notice of appeal was filed.

The "power to enforce a judgment is unquestionably broad." *Lyngaas*, 2021 WL 6049428, at *2. As examples, courts may order garnishments, conduct hearings to pursue enforcement, convene debtor examinations, and hold individuals in contempt for failing to comply with post-judgment subpoenas. *Braun Builders, Inc. v. Kancherlapalli*, 2011 WL 652799, at *4 (E.D. Mich. Feb. 14, 2011) (ordering defendant's participation in debtor's exam after denying motion to stay enforcement of the judgment pending appeal); *see also, United States v. Onyeri*, 996 F.3d 274, 282 (5th Cir. 2021) (dismissing challenge to district court's order permitting garnishment entered after

---

[3] In deciding whether to stay the judgments pending Wright's appeal, the Court considered "(1) the likelihood that the party seeking the stay will prevail on the merits; (2) the likelihood that the moving party will be irreparably harmed; (3) the prospect that others will be harmed by the stay; and (4) the public interest in the stay." *Crookston v. Johnson*, 841 F.3d 396, 398 (6th Cir. 2016) (citing *Coal. to Def. Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006)). Wright failed to establish that any of these factors weighed in his favor. Most notably, Wright did not show a likelihood of success in his appeal. He repeatedly referenced newly available evidence without identifying what the evidence was and asserted various procedural arguments that the Court had previously considered and rejected. *See Thompson v. Dewine*, 959 F.3d 804, 807 (6th Cir. 2020) (holding likelihood of success is often the determinative factor when considering whether to stay judgments pending appeal).

filing of notice of appeal); *Blue Cross & Blue Shield Ass'n v. Am. Express Co.,* 467 F.3d 634, 638 (7th Cir. 2006); *NLRB*, 829 F.2d at 588. It unquestionably includes jurisdiction to compel discovery pursuant to Rule 37 as requested by Plaintiff under Fed. R. Civ. P. 69(a)(2).

In the absence of a stay, Plaintiff is entitled to discovery "in aid of the judgment." Fed. R. Civ. P. 69(a)(2). The Court retains jurisdiction over such collateral matters during the pendency of an appeal. *See Fieldturf, Inc. v. S.W. Recreational Indus., Inc.*, 212 F.R.D. 341, 343 (E.D. Ky. 2003) (holding a notice of appeal does not divest a district court of jurisdiction to entertain motions regarding collateral matters such as fees, costs, and sanctions). Thus, Plaintiff's motion to compel is **GRANTED**.

A party who prevails on such a motion to compel must be awarded the reasonable expenses incurred in bringing the motion unless the movant failed to attempt to obtain the discovery without Court intervention, the opposing party's failure to respond was substantially justified, or other circumstances make the award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A). As none of the exceptions apply here, Plaintiff's motion for attorney's fees is **GRANTED**.

## CONCLUSION

For the reasons set forth herein it is **ORDERED**:

1) Plaintiff's motion to compel discovery is **GRANTED**;

2) Wright shall submit to a post-judgment asset discovery deposition within 30 days of the date of this Order;

3) Within 10 days of the date of this Order Wright shall provide Plaintiff's counsel with two dates within the timeframe set out in this Order on which he would be available to be deposed;

4) Wright shall respond to Plaintiff's requests for production of documents on or before the date of deposition;

5) Plaintiff's motion for attorney's fees is **GRANTED**. Plaintiff shall submit a bill of fees and costs for reasonable fees and expenses incurred in making the motion to compel discovery within 30 days of the date of this Order.

July 31, 2024

Rebecca Grady Jennings, District Judge
United States District Court

Copies to:   Defendant, pro se
Sixth Circuit Court of Appeals, Case No. 24-5511