UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

THE HONORABLE ORDER OF
KENTUCKY COLONELS, INC.,                                              Plaintiff,

v.                                                         Civil Action No. 3:20-cv-132-RGJ

KENTUCKY COLONELS
INTERNATIONAL et al.,                                                Defendants

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court on The Honorable Order of Kentucky Colonels' ("Plaintiff") unopposed motion for attorneys' fees. [DE 159]. The motion is ripe. Having considered the motion and accompanying documentation, Plaintiff's motion for attorneys' fees [DE 159] is **GRANTED**.

## I.   BACKGROUND

The Court previously granted Plaintiff's motion to compel Defendant David J. Wright's ("Defendant") post-judgment asset discovery and determined Plaintiff is entitled to recover the attorneys' fees incurred in filing the motion. [DE 158]. In accordance with the Court's directive, Plaintiff filed its bill of fees. [DE 159]. Defendant failed to respond to either the motion to compel or the bill of fees.

## II.   STANDARD

The basis for awarding reasonable attorneys' fees and expenses is found in Rule 37(a)(5)(A), which provides, in pertinent part: "If the motion [to compel] is granted – or if the disclosure or requested discovery is provided after the motion was filed—the court *must*, after giving an opportunity to be heard, require the party . . .whose conduct necessitated the

1

motion . . .to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." (emphasis supplied). Because none of the exceptions apply in this case, the only remaining issue is the reasonableness of the fees sought.

A reasonable fee award is "one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). Courts ordinarily determine a reasonable fee award by using a "lodestar" calculation. The lodestar fee is determined "by multiplying the proven number of hours worked by a court-ascertained reasonable hourly rate." *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "Generally, a 'strong presumption' favors the prevailing lawyer's entitlement to [their] lodestar fee." *Adcock-Ladd*, 227 F.3d at 350 (citations omitted). Accordingly, deviations from the lodestar fee "are proper only in certain 'rare' and 'exceptional' cases" and must be supported by 'specific evidence' on the record." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (quoting *Blum v. Stenson*, 465 U.S. 886, 898–901 (1984)).

In assessing the reasonableness of an hourly rate, a court "should initially assess the 'prevailing market rate in the relevant community,'" which is, "that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Adcock-Ladd*, 227 F.3d at 350 (internal citations omitted). A court may also consider the twelve *Johnson* factors in determining the lodestar fee or adjustments to it:

(1) the time and labor required by a given case;
(2) the novelty and difficulty of the questions presented;
(3) the skill needed to perform the legal service properly;
(4) the preclusion of employment by the attorney due to acceptance of the case;
(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) time limitations imposed by the client or the circumstances;
(8) the amount involved and the results obtained;

(9) the experience, reputation, and ability of the attorneys;
(10) the "undesirability" of the case;
(11) the nature and length of the professional relationship with the client; and
(12) awards in similar cases.

*Reed v. Rhodes*, 179 F.3d 453, 471–72 n. 3 (6th Cir. 1999) (citing *Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). One of the most important *Johnson* factors is the result achieved. *See Hensley v. Eckerhart*, 461 U.S. 424, 435–36 (1983); *see also Adcock-Ladd*, 227 F.3d at 349.

A final consideration in the reasonableness of the lodestar fee is whether the party against whom fees are being sought has the ability to pay. *See Bagi v. City of Parma,* 795 F. App'x 338, 344 (6th Cir. 2019) (remanding for reconsideration when district court did not consider a party's ability to pay in its reasonableness analysis); *Garner v. Cuyahoga Cnty. Juv. Ct.,* 554 F.3d 624, 643 (6th Cir. 2009) (finding abuse of discretion where court did not consider party's ability to pay when determining reasonableness); *Wolfe v. Perry*, 412 F.3d 707, 724 (6th Cir. 2005) (holding insolvency is not a proper consideration in deciding whether to award attorneys' fees but is a proper factor to consider in deciding the amount of the fees to be awarded). The sanctioned party bears the burden of proving their inability to pay. *Garner*, 554 F.3d at 642–43. Nevertheless, a court must analyze a party's ability to pay in its explanation for a fee award irrespective of where the burden of persuasion lies. *Id*.

### III. ANALYSIS

"'As the party applying for attorney's fees, [Plaintiff] has the burden of showing [that it is] entitled to such an award by documenting the appropriate time spent on the matter in addition to hourly rates.'" *Pogue*, 2017 WL 1520432, at *4 (internal citation omitted). Plaintiff is requesting a total of $3,068 in attorneys' fees. [DE 159 at 4011]. Defendant failed to respond to Plaintiff's motion and has not disputed Plaintiff's calculation of fees. That said, the Court undertakes an

3

independent review to ensure Plaintiff's attorneys' fees are reasonable. *See Hensley*, 461 U.S. at 433.

Billing for this case comes exclusively from Cornelius E. Coryell ("Coryell"), a partner at the Louisville firm of Wyatt, Tarrant & Combs ("WTC"). Coryell provided billing statements and an affidavit in support of the motion. Additionally, Coryell references an independent market fee report ("Price Report"), which the Court relied on in its previous order for attorney's fees in this case. [*See* DE 130-6]. The Court uses the Price Report as a benchmark for reasonable market rates. Coryell's rate of $520 is below the Price Report average of between $537 and $646 for others of similar experience levels. [DE 130-6 at 3764; DE 159-1 at 4013–14]. The Court finds Coryell's hourly rate reasonable based on market averages.

The *Johnson* factors also support the reasonableness of Coryell's fees. *See Reed*, 179 F.3d at 471–72 n. 3. Plaintiff achieved a straightforward and decisive victory on their motion to compel. As evidenced in the record, the motion and related communications required substantial time and labor due solely to Defendants' recalcitrance and misstatements of the law. [*See, e.g., DE* 159-2 at 4019 "I will not be appearing by Zoom today or anytime soon unless our matter is resolved in The Sixth Circuit Court of Appeals in your favor, which most likely means never"; DE 159-2 at 4029 "All matters are under the jurisdiction of the US Circuit Court. Nothing that you file with the US District Court has any relevance."].

Finally, the Court must consider Defendants' ability to pay in calculating what is a "reasonable" award. *See Bagi,* 795 F. App'x at 344 (remanding for reconsideration when district court did not consider a party's ability to pay in its reasonableness analysis). Defendant did not object to the bill of fees. However, he previously moved to appeal *in forma pauperis* [DE 133] in this case, which the Court granted. [DE 137]. In his accompanying affidavit, Defendant listed

$750 in expected monthly income from his company, Globcal International, and no real property assets. [DE 133 at 3817–18]. He also lists monthly expenses of $720. [*Id*. at 3820]. The Court previously awarded Plaintiffs $9,425 in fees, adjusted for Defendant's financial condition. [DE 138]. Considering Plaintiff's motion to compel was necessary only because of Defendant's evasiveness, Plaintiff's fee request of $3,068 is reasonable. [DE 159-2]. It is also necessary to reflect the seriousness of Defendant's conduct and promote deterrence.

## IV.   CONCLUSION

For the reasons above it is **ORDERED**:

(1) Plaintiff's motion for attorneys' fees [DE 159] is **GRANTED**.

(2) Defendant David J. Wright is ordered to pay Plaintiff, The Honorable Order of Kentucky Colonels, Inc. its attorneys' fees in the amount of $3,068. Defendant shall pay the attorneys' fees within **ninety (90) days** of the entry of this order.

August 28, 2024

Rebecca Grady Jennings, District Judge
United States District Court

Cc:   Counsel of record
      Defendant, pro se