UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

FILED
JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: Feb 26, 2025

| | |
|---|---|
| **COL. DAVID J. WRIGHT**<br>**Defendant**<br><br>vs.<br><br>**THE HONORABLE ORDER OF KENTUCKY COLONELS, INC.**<br>**Plaintiff** | Civil Action No. 3:20-cv-00132-RGJ<br><br>**DEFENDANT'S NOTICE OF INTENT TO SEEK RULE 11 SANCTIONS AGAINST PLAINTIFF'S COUNSEL** |

## DEFENDANT'S NOTICE OF INTENT TO SEEK RULE 11 SANCTIONS AGAINST PLAINTIFF'S COUNSEL

### INTRODUCTION

Defendant, **Col. David J. Wright**, appearing **pro se** and **in forma pauperis** pursuant to 28 U.S.C. § 1915, hereby submits this **Notice of Intent to Seek Rule 11 Sanctions** against Plaintiff's counsel, **Cornelius E. Coryell II and Wyatt, Tarrant & Combs, LLP**.

Plaintiff's counsel has knowingly violated **Federal Rule of Civil Procedure 11(b)** by filing **frivolous, misleading, and legally baseless claims**, engaging in **bad faith litigation**, and committing **fraud upon the Court and the USPTO**. This litigation is an improper attempt to establish a **fraudulent trademark monopoly** over the term **"Kentucky Colonels"** through misrepresentations and abuse of process. Plaintiff's improper use of the legal system constitutes a **Strategic Lawsuit Against Public Participation (SLAPP)** designed to suppress **Defendant's First Amendment rights**, infringe upon lawful fair-use activities, and eliminate competition through fraudulent trademark claims.

This litigation is not only **legally unsound** but also **unconstitutional**, as it **weaponizes fraudulently obtained trademarks** to unlawfully silence Defendant's speech and prevent lawful public discourse. Such actions amount to **an unconstitutional prior restraint**, in direct violation of the First Amendment.

Pursuant to **Rule 11(c)(2)**, Defendant provides this **21-day safe harbor notice** before filing a formal motion for sanctions. Additionally, Defendant invokes this Court's **inherent authority** under *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), and **28 U.S.C. § 1927**, as Plaintiff's counsel has unreasonably and vexatiously multiplied proceedings.

The U.S. Supreme Court has held that fraud upon the court occurs when an attorney engages in "a deliberate scheme to directly interfere with the judicial system's ability to impartially adjudicate matters." (*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)). The Sixth Circuit has recognized that litigation misconduct and unethical advocacy may warrant relief when it results in an unfair judgment that undermines due process (*Demjanjuk v. Petrovsky*, 10 F.3d 338 (6th Cir. 1993)).

## NOTICE OF RULE 11 VIOLATIONS

Plaintiff's counsel has engaged in the following **sanctionable misconduct**:

### 1. Fraudulent Trademark Applications & Material Misrepresentations

- On **February 17, 2020**, Plaintiff **filed three trademark applications** just three days before filing this lawsuit, falsely asserting exclusive rights over "Kentucky Colonels."
- Plaintiff knowingly concealed **numerous concurrent users** in its trademark applications since 2003 and in 2020 in violation of **USPTO regulations (37 C.F.R. § 2.38)**.
- Plaintiff's misrepresentations **regarding the exclusivity of 'Kentucky Colonels'** trademarks are particularly egregious given that Plaintiff previously lost a similar case in *Honorable Order of Kentucky Colonels v. Building Champions, LLC*, 345 F. Supp. 2d 716 (W.D. Ky. 2004), where this very Court found that Plaintiff's claimed trademark rights were not exclusive.
- Knowingly submitting **false claims** and knowingly omitting competitors to the USPTO constitutes **fraud**, per *In re Bose Corp.*, 580 F.3d 1240 (Fed. Cir. 2009).
- The TTAB has held that **fraud in a trademark application** renders the mark **void *ab initio***, per *Medinol Ltd. v. Neuro Vasx, Inc.*, 67 U.S.P.Q.2d 1205 (T.T.A.B. 2003).

## 2. Vexatious & Retaliatory SLAPP Litigation

- Plaintiff's lawsuit was **retaliation** for:
    - Defendant's **legitimate merger proposal** that was submitted on **January 13, 2020**, at Plaintiff's request.
    - Defendant's **First Amendment-protected speech**, publishing, which criticized Plaintiff's mismanagement and membership program.
    - Defendant's communication to the Governor of Kentucky.
- The lawsuit improperly sought **overbroad injunctive relief**, using **false claims** to secure a **Temporary Restraining Order (TRO) and Preliminary Injunction (DE 58) that was unconstitutional** .

## 3. Knowingly Misleading the Court to Obtain an Overbroad Injunction

- Plaintiff failed to disclose **contrary legal precedent** from its own **prior litigation** in this very Court.
- The **Preliminary Injunction (DE 58)** was obtained through **omitted material facts** and **false representations** regarding Defendant's use of "Kentucky Colonels."
- As a result, Defendant's organization was **shut down prohibiting the use of his association's identity maintained for over a decade**, and he suffered **irreparable harm** to his reputation.

## 4. Unethical Conduct & Collusion

- Plaintiff's counsel **colluded** with members of the HOKC Board of Directors to fabricate a **false historical narrative** supporting its trademark claims.
- **Key individuals involved in this collusion include**:
    - **Theodore T. Myre Jr.** (Wyatt Partner & HOKC Board Member)
    - **Nick Ising** (Media Consultant & HOKC Board Member)
    - **Lynn Ashton** (Former Member of Defendant's Facebook Group & HOKC Board Member)
    - **Gary Boschert** (HOKC Board Member)
    - **Sherry Crose** (HOKC Executive Director)

**5. Plaintiff's Violation of the Agreed Permanent Injunction (DE 93)**

- After the **2022 Permanent Injunction (DE 93)**, Plaintiff began using Defendant's **Chapter Development Program**, taken from **Defendant's rejected Merger Proposal**.
- Plaintiff's **direct violation** of the **permanent injunction** constitutes **legal bad faith and unclean hands**.

## DEMAND FOR CORRECTIVE ACTION – SAFE HARBOR PERIOD

Pursuant to **Rule 11(c)(2)**, Plaintiff's counsel has **21 days** from the date of service of this Notice to:

- **Withdraw all fraudulent trademark claims** and correct false filings.
- **Dismiss all trademark claims with prejudice**.
- **Engage in good-faith settlement discussions** to resolve outstanding disputes.

Failure to comply will result in Defendant filing a **formal Motion for Rule 11 Sanctions**, seeking:

- **Monetary sanctions** against Plaintiff's counsel.
- **Referral to the Kentucky Bar Association** and **USPTO's Office of Enrollment and Discipline** for professional misconduct.
- **Reimbursement** of Defendant's legal fees, costs, and damages.
- **Sanctions under 28 U.S.C. § 1927** for vexatiously multiplying proceedings.

## TRADEMARK CANCELLATION & CONSTITUTIONAL VIOLATIONS

The **First Amendment** prohibits **prior restraints on speech**, particularly where a party uses **fraudulently obtained trademarks** to silence critics and competitors. Plaintiff's trademarks were:

- **Fraudulently obtained** through misrepresentation to the USPTO.

- **Used to suppress public discourse**, restricting Defendant's right to **engage in nonprofit activities** and **express opinions** on the history and traditions of Kentucky Colonels.

Defendant **reserves the right to petition for cancellation of Plaintiff's trademarks** under **15 U.S.C. § 1119**, which grants this Court the authority to declare **fraudulent trademarks void and unenforceable**. Given Plaintiff's fraudulent representations to the USPTO, Defendant reserves the right to request further investigation into whether these actions constitute a violation of federal law, including potential fraud upon a government agency.

## RELIEF SOUGHT

Defendant formally reserves the right to seek the following relief:

1. **Immediate withdrawal** of all fraudulent claims, including Plaintiff's trademark infringement assertions in Verified Complaints filed on February 20,2020 and January 25, 2023.
2. **Sanctions** against Plaintiff's counsel, **including monetary penalties** and **attorney discipline**.
3. **Referral of Plaintiff's fraudulent conduct** to the USPTO for **re-examination of its trademarks**.
4. **Damages incurred for irreparable harm against Defendant's intellectual property,. goodwill and reputation among peers.**
5. **Leave to file a separate Motion to Dismiss Plaintiff's trademark claims** due to fraud.

## NOTICE OF DESIGNATED NEGOTIATOR & NON-COMMUNICATION

Effective immediately:

- **Defendant will not engage in any direct communication with Plaintiff's attorneys**.
- **Terrence Collingsworth, Esq.**, an experienced **International Rights Counsel** in Washington, D.C., is designated as **Defendant's sole authorized representative** for settlement discussions.
- Plaintiff's counsel **must** direct all settlement offers to **Mr. Collingsworth**, with an email **carbon copy to Defendant**.

- Any further **litigation abuse** or **misrepresentation** will be documented and **used as additional evidence** of **bad-faith conduct**.

---

## NOTICE OF PUBLIC TRANSPARENCY MEASURES

Defendant reserves the right to **publicly defend** his **First Amendment rights** and expose this **abuse of the legal system** through all **lawful means**, including:

- **Judicial filings**
- **Publications**
- **Public transparency initiatives**

---

## CONCLUSION

Plaintiff's **entire case** was built on **fraud, bad faith, and judicial manipulation**. Counsel for Plaintiff, **Cornelius E. Coryell II and Wyatt, Tarrant & Combs, LLP**, deliberately misled this Court and the USPTO to fabricate a **nonexistent trademark monopoly** over "Kentucky Colonels."

This **formal notice** serves as a **final warning** before Defendant seeks **court-imposed sanctions**. Plaintiff has **21 days** to comply.

Puerto Carreño, Colombia
Dated: February 26, 2025

*Col. David J. Wright*

                          Col. David J. Wright
                          302 General Smith Drive
                          Richmond, Kentucky 40475

                          david.wright@globcal.net
                          +1 (859) 379-8277

**Certificate of Service**

I hereby certify that on **February 26, 2025**, I submitted the **Notice of Intent to Seek Rule 11 Sanctions** through the Court's **Electronic Document Submission System (EDSS)** for transmission to the **Clerk of the Court for the United States District Court for the Western District of Kentucky**, in accordance with **General Order No. 25-02**.

Upon acceptance by the Clerk, the filing will be entered into the **CM/ECF system**, which will provide electronic notice to all registered CM/ECF users associated with this case. **Service will be accomplished upon docketing and assignment of a document number by the Clerk of Court.**

**Dated:** February 26, 2025

Clerk's Office
601 W. Broadway, Rm 106
Gene Snyder United States Courthouse
Louisville, KY 40202

*Col. David J. Wright*