UNITED STATES DISTRICT COURT
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**FILED**
James J.Vilt Jr,
Clerk
3/17/2025
U.S. District Court
Western District of Kentucky

|  |  |  |
|---|---|---|
| THE HONORABLE ORDER OF KENTUCKY COLONELS, INC. | ) ) ) | Civil Action No. 3:20-cv-00132-RGJ |
| Plaintiff | ) ) |  |
| vs. | ) ) | MOTION FOR RECUSAL OF JUDGE REBECCA GRADY |
| KENTUCKY COLONELS INTERNATIONAL, et. al. | ) ) ) | JENNINGS UNDER 28 U.S.C. §§ 455(a) AND 144 |
| Defendants | ) |  |

# DEFENDANT'S MOTION FOR RECUSAL OF JUDGE REBECCA GRADY JENNINGS UNDER 28 U.S.C. §§ 455(a) AND 144

## TO THE HONORABLE COURT:

I, **Defendant, Col. David J. Wright**, appearing *pro se* and *in forma pauperis*, moves for the immediate recusal of Judge Rebecca Grady Jennings pursuant to 28 U.S.C. §§ 455(a) and 144. Judge Jennings' rulings in this case resemble and exhibit an unmistakable pattern of bias, procedural irregularities, and deference to **Plaintiff, The Honorable Order of Kentucky Colonels, Inc. ("HOKC")**, at the direct expense of Defendant's fundamental rights. This Court's integrity requires immediate reassignment to an impartial judge, as Judge Jennings has failed to exercise judicial discretion, disregarded binding precedent, and relied upon omissions and fraudulent evidence presented by Plaintiff. The cumulative effect of these actions raises serious constitutional concerns, including violations of due process, First Amendment protections, and fundamental fairness.

**As required by law, Chief Judge Greg N. Stivers must review this motion**, which is supported by the record, including but not limited to the following docket entries:

1. **[DE-1]** – Plaintiff's Verified Complaint, a SLAPP suit which falsely alleged exclusive trademark rights with fraudulent exhibits and concealment of known facts, not recognized by the court.

2. **[DE-7]** – Plaintiff's Motion for Preliminary Injunction, misrepresenting its trademark status.

3. **[DE-58]** – Judge Jennings' Order imposing an unconstitutional Preliminary Injunction with an unlawful prior restraint on Defendant's speech while expanding the Plaintiff's trademark rights.

4. **[DE-93]** – Agreed Permanent Injunction, which Judge Jennings later misinterpreted and mistakened in **[DE-129]** failing to include the Defendant's Agreed Stipulation § 5.

5. **[DE-97]** – Plaintiff's 2nd SLAPP suit, improperly converted into a postclosure contempt proceeding by reopening a case dismissed with prejudice.

6. **[DE-99]** – Plaintiff's Motion to Enforce the Permanent [Agreed] Injunction, further expanding its fraudulent trademark claims beyond scope of the Lanham Act.

7. **[DE-129]** – Judge Jennings' procedurally incorrect Memorandum Opinion and Order, issued despite a pending recusal motion and failure to stay the proceedings.

8. **[DE-138]** – Subsequent ruling continuing the improper enforcement of the injunction.

9. **[DE-149]** – Postclosure ruling on the dismissed vase made after jurisdiction had already transferred to the Sixth Circuit.

This **Motion is also supported by Defendant's Declaration,** *see* **Exhibit A [Declaration of Defendant]** and other referenced exhibits including a previously **Sealed Document by the Plaintiff [DE-6],** *see* **Exhibit B [Defendant's Merger Proposal]** establishing that recusal is necessary to adjudicate this **civil rights controversy** *see* **Exhibit C [SLAPP Suit Targets]** mis-framed as a trademark dispute. There is substantial evidence in the record that Judge Jennings has **"personal bias or prejudice against me",** satisfying the standard of section 144, and that Judge Jennings' **"impartiality might reasonably be questioned"** in making further rulings in this case since inheriting the case that was **prejudged** *ex-parte* **by Judge David J. Hale** following his rulings on **Plaintiff's Motion for a Preliminary Injunction [DE-7]** to impose a **Temporary Restraining Order [DE-12 & DE-14]** and subsequently hold a **Preliminary Injunction Hearing on March 04, 2020** concluding with **taking the matter under advisement [DE-22]**, followed by **his own voluntary recusal [DE-25] after becoming aware that the Defendant is a Kentucky Colonel and a member, donor, and volunteer of the**

Plaintiff's organization for over two decades well-known to his peers in his Motion to Dismiss **[DE-23 & DE-24].** This Motion to Recuse Judge Rebecca Grady Jennings satisfies the standard of section 455(a).

A crucial element of this case is the *sealed document* submitted by Plaintiff—now unsealed by Defendant as **Defendant's Merger Proposal Exhibit B**—which reveals Plaintiff's deliberate misrepresentation of Defendant's lawful business proposal requested by the Plaintiff made in good-faith as an "extortion attempt" and "shakedown." This document, which Judge Jennings failed to examine carefully and scrutinize, clearly establishes that Plaintiff was well aware of Defendant's activities long before litigation began and actively sought negotiations before fabricating claims of trademark infringement in a controversial retaliation against the Defendant and his allies. The fact that Judge Jennings accepted Plaintiff's mischaracterization of this evidence without independent review demonstrates an abdication of judicial duty and a willingness to rubber-stamp Plaintiff's false narrative. Worse still, Judge Jennings, inherited the case without reassessing these misrepresented allegations, adopting them as facts and merits for success without judicial scrutiny, thereby perpetuating Plaintiff's deception and stripping Defendant of a fair tribunal.

Additionally, **Exhibit C**, comprising Defendant's whistleblowing, letters to state officials, and advocacy writings from his blog, further exposes the retaliatory nature of this lawsuit. Plaintiff falsely presented these publicly available articles as "evidence" of trademark infringement, when in reality, they constitute protected speech under the First Amendment by objective observers. These writings—critical of Plaintiff's leadership and financial dealings—were deliberately mischaracterized to justify a SLAPP (Strategic Lawsuit Against Public Participation) action designed to silence Defendant's dissent. Judge Jennings, instead of identifying this abuse of process, actively facilitated Plaintiff's attempt to weaponize the courts against lawful criticism, violating well-established anti-SLAPP principles and constitutional protections.

Further, the Defendant has filed **Notice of Intent to Seek Rule 11 Sanctions** on February 26, 2025 against Plaintiff's counsel, **Cornelius E. Coryell II and Wyatt, Tarrant & Combs, LLP**. for making three fraudulent trademark applications just three days prior to filing the lawsuit on February 20, 2020 which Judge Jennings **has recognized erroneously as "incontestable and famous" without scrutiny based on Plaintiff's unsupported claim of *confusion***. It is **highly unlikely Judge Jennings can treat this case fairly or impartially due to procedural errors** and **deference granted to the Plaintiff in the DE-58 Order.** *Marsh v. Chambers*, 463 U.S. 783 (1983) – The Supreme Court emphasized that historical practices and traditions must be considered when evaluating legal disputes, particularly those involving local or historical context, (e.g. the Kentucky Colonel or Tennessee Colonel titles). It is a firmly established precedent in *United States v. Giles*, 300 U.S. 41 (1937) – Government-created titles cannot be privately owned by a corporation or entity. In *Kellogg Co. v. National Biscuit Co.,* 305 U.S. 111 (1938) a commonly used term can be monopolized by a single party.

The Chief Judge of the Western District of Kentucky must take immediate notice of these grave procedural errors to correct the missteps of justice in this Court. Judge Jennings' continued involvement in this case, despite clear evidence of her partiality, erodes public confidence in judicial fairness and the United States Judiciary. The Defendant's **Exhibit A** (Declaration) further documents the extensive pattern of judicial bias, including Judge Jennings' failure to rule on dispositive motions before issuing adverse rulings, her refusal to stay proceedings post-appeal, and her selective enforcement of settlement terms—all of which favor Plaintiff at every turn. The record is unequivocal: no reasonable observer could conclude that Judge Jennings is capable of impartiality in this case. Her recusal is not merely appropriate—it is mandatory with the recent Notice to Seek Rule 11 Sanctions against the Plaintiff's counsel filed on February 26, 2025 with new motions coming to the Court as early as March 19, 2025 and the Defendant's Appeal currently before the Sixth Circuit 23-5795 and 23-6108 citing judicial bias, favoritism, and fraud by the Plaintiff, Judge Jennings cannot remain on this case.

Judge Jennings failed to recognize that it is a well-known legal principle that **nonprofits and voluntary associations often lack standing to sue their own members for activities related to internal governance** unless specific contractual obligations or fiduciary duties exist. Cases like *NAACP v. Alabama*, 357 U.S. 449 (1958), recognizes the **rights of association members against coercive legal actions** by the parent organization. However, in this case it may be the Plaintiff's failure to disclose to the court that the Defendant was a member and donor, not an unknown outsider like they portrayed him to be, may be the greater issue to this miscarriage of justice. Nonetheless, it was disclosed to Judge Jennings in **[DE-24]** which she ruled on and denied in **[DE-58]** that has this case before the Court.

# I. LEGAL STANDARD

## A) 28 U.S.C. § 144 – Bias or Prejudice of a Judge

Under **28 U.S.C. § 144**, a judge must recuse herself when a party files **a timely affidavit [or declaration] stating facts demonstrating that the judge has a personal bias or prejudice** against the party or in favor of an opposing party. Once such a motion is filed, the judge **must cease further participation in the case**, and the motion **must be reviewed by another judge**.

The Supreme Court has held that judicial bias exists where there is "**a deep-seated favoritism or antagonism that would make fair judgment impossible.**" *Liteky v. United States*, 510 U.S. 540, 555 (1994). Although recusal generally requires an extrajudicial source of bias, courts recognize an exception when fraud on the court leads to continued reliance on false evidence. In *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238 (1944), the Supreme Court held that judicial rulings obtained through deception fundamentally undermine judicial integrity and warrant intervention. Similarly, in *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.,* 324 U.S. 806 (1945), the Court reaffirmed that fraud in intellectual property disputes—particularly when concealed or facilitated by judicial oversight—necessitates corrective action. In this case, Plaintiff submitted fraudulent

trademark applications three days before filing suit, yet Judge Jennings adopted those claims uncritically in her injunction ruling. Given the well-documented evidence of Plaintiff's misrepresentations, continued judicial deference to these claims suggests a failure to reassess fraudulent submissions, warranting immediate recusal.

If a judge's **impartiality might reasonably be questioned, recusal is required**. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009). *Andrade v. Chojnacki*, 338 F.3d 448 (5th Cir. 2003), elaborates on when a judge's rulings can indicate bias. ***In re Murchison*, 349 U.S. 133 (1955)**, the focus is on judicial impartiality in cases without external financial influence.

## B) 28 U.S.C. § 455 – Disqualification of a Judge

Under **28 U.S.C. § 455(a) and (b)(1)**, a judge **must disqualify herself** when her **impartiality might reasonably be questioned** or when she has **demonstrated personal bias or prejudice concerning a party**. Unlike § 144, no affidavit is required under § 455, and disqualification **is mandatory** when a judge's actions create even the appearance of bias.

It is well settled that **even the appearance of bias requires disqualification.** *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988) ("The standard for recusal is not actual bias, but whether an objective observer would question the judge's impartiality.").

Here, Judge Jennings has demonstrated **repeated favoritism toward Plaintiff, failure to assess critical evidence, disregard of dispositive motions, and improper postclosure rulings**—each of which meets the statutory threshold for disqualification.

**Judicial recusal is warranted when:**

1. A judge **fails to apply binding precedent**, demonstrating favoritism [or deference] (*Liteky v. United States*, 510 U.S. 540, 555 (1994)). *Andrade v. Chojnacki,* 338 F.3d 448 (5th Cir. 2003), which elaborates on when a judge's rulings can indicate bias.

2. A judge **deprives a party of due process**, ruling without proper procedural safeguards (*Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009))*.

3. A judge issues an **unconstitutional prior restraint on speech**, exceeding proper injunctive authority (*Nebraska Press Ass'n v. Stuart*, 427 U.S. 539 (1976)).

Judge Jennings' conduct in **Order [DE 58] on August 13, 2020** mandating a **Preliminary Injunction** that placed an unlawful prior restraint on the Defendant's speech demonstrates **each of these issues, making her continued involvement legally indefensible.**

## II. FACTUAL BASIS AND ARGUMENT

## A) Procedural Errors that Demonstrate Bias, Favoritism, and Undue Deference to Plaintiff

### Summary of Procedural Flaws Leading to this Motion

Judge Rebecca Grady Jennings categorically denied Defendant's rights to due process, fairness, and equity by consistently placing all of Defendant's dispositive motions delaying them or most recently in the 2023 contempt proceeding in abeyance—at the mere request of Plaintiff—while simultaneously fast-tracking Plaintiff's requests for relief including a hearing on charges of contempt that was conducted like a fishing expedition favoring the Plaintiff, even refusing to hear an Emergency Motion by the Defendant presented on the very same day the hearing began. This deliberate and systemic suppression of Defendant's ability to present his case demonstrates an unmistakable bias and show of deference favoring the Plaintiff. A casual intelligent observer would conclude that she accepted Plaintiff's arguments at face value, *hook, line, and sinker*, without affording Defendant the fundamental protections guaranteed under federal procedural law taking advantage of his pro-se status.

A defining moment in this pattern of judicial bias was Judge Jennings' **August 13, 2020 Order ([DE-58])**, which granted Plaintiff's **Preliminary Injunction** without waiting for Defendant's **Answer and Affirmative Defenses**. This order was issued in clear violation of **Federal Rule of Civil Procedure 12(a)(4)(A)**, which mandates that a defendant file an answer within 14 days after the denial of a motion to dismiss. However, rather than enforcing this procedural safeguard, Judge Jennings denied Defendant's dispositive motions **([DE-24], [DE-37], [DE-42], [DE-47], [DE-52])** without substantive analysis, effectively depriving Defendant of a meaningful defense.

Further compounding this due process violation, Judge Jennings issued **Memorandum Opinion and Order [DE-129] on August 9, 2023**, granting Plaintiff's **Motion to Enforce the [Agreed] Permanent Injunction** while completely ignoring Defendant's **Motion to Stay Proceedings and Recusal Request ([DE-127], [DE-128]),** *both motions filed timely* **on July 31, 2023**. This blatant disregard for Defendant's due process rights contravenes established Sixth Circuit precedent, including *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990), which mandates that **recusal motions must be ruled upon before substantive decisions are made**.

Further, a judge's failure to reassess prior rulings in light of fraud can itself indicate a deprivation of due process. In *Gonzalez v. United States***,** 553 U.S. 242, 253 (2008), the Supreme Court reaffirmed that procedural fairness demands a meaningful opportunity to be heard. If a court refuses to revisit determinations that relied on misrepresentations, as seen in *Hazel-Atlas Glass Co.*, such refusal constitutes a procedural failure requiring recusal.

## Judicial Hubris and Overreach in Procedural Management

A critical concern in this case is **judicial hubris**, which occurs when a judge exceeds her role by assuming powers or discretion beyond what is legally warranted. The Supreme Court has cautioned against judges acting as advocates rather than neutral arbiters. See *Caperton v. A.T. Massey Coal Co.*,

556 U.S. 868 (2009) (emphasizing that judicial decisions must avoid even the appearance of bias or overreach).

Judge Jennings has displayed **judicial overreach** by:

1. **Ignoring established precedent** (*Honorable Order of Kentucky Colonels v. Building Champions*, 345 F. Supp. 2d 716 (W.D. Ky. 2004)) and instead expanding Plaintiff's trademark rights beyond their legal scope.

2. **Issuing substantive rulings while recusal motions were pending**, contravening due process protections in *United States v. Sammons*, 918 F.2d 592 (6th Cir. 1990).

3. **Ruling on matters outside of her jurisdiction post-appeal**, violating *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982), which holds that jurisdiction shifts to the appellate court upon filing a notice of appeal.

The persistence of these actions, despite ample opportunity for correction, reflects an unchecked judicial overreach that has undermined the impartiality of this tribunal. Courts have repeatedly warned that when judicial overreach leads to **systematic deprivation of procedural fairness**, recusal is not only warranted but mandatory. See *Liteky v. United States*, 510 U.S. 540, 555 (1994) (noting that judicial bias is evident when rulings demonstrate a "deep-seated favoritism or antagonism that would make fair judgment impossible").

## Statement of Related Facts

**Issuance of Substantive Rulings While Dispositive Motions Were Pending**

- Defendant filed multiple **dispositive motions**, including:
  - **Motion to Dismiss [DE-24]** (March 4, 2020)
  - **Motion to Amend Motion to Dismiss [DE-42]** (May 26, 2020)
  - **Amended Motion to Dismiss [DE-47]** (June 3, 2020)
  - **Motion for Summary Judgment [DE-52]** (June 21, 2020)

- Judge Jennings categorically **denied** or **ignored** these motions keeping them in a holding pattern waiting for corporate defendants that would never appear explained in **Defendant's Motion to Drop Defendants [DE-51]** on June 17, 2020 while granting Plaintiff extensions on its **TRO [DE-14]** and eventual overbroad protection for its three 'brand new' trademarks it had applied for just three days prior to the case with a **Preliminary Injunction [DE-58]** that further expanded the Plaintiff's Trademarks and placed a prior restraint on the Defendant's speech, publishing, and lawful assembly while defaulting on the corporate defendants.

**Denial of Defendant's Right to File an Answer**

- **Fed. R. Civ. P. 12(a)(4)(A)** requires a defendant to file an Answer within 14 days after denial of a motion to dismiss or exhaustion of the right to present a dispositive defense.

- Judge Jennings never ordered Defendant to file an Answer or Affirmative Defenses after defaulting on the corporate defendants on August 13, 2020, but proceeded to issue **preliminary relief** for Plaintiff based on an uncontested record and sent the case on for pretrial management and discovery under Magistrate Judge Regina S. Edwards.

- Defendant filed his Answer and Affirmative Defenses **([DE-62])** on August 25, 2020, but the Court refused to acknowledge them or correct their error.

**Issuance of a Preliminary Injunction Without Proper Consideration**

- **Order [DE-58] (August 13, 2020)** granted Plaintiff's injunction request without fully addressing Defendant's pending dispositive motions overlooking even his first filing on March 04, 2020 which caused Judge David Hale to recuse himself from the case.

- The Court ignored key factual disputes and relied on **Exhibit C**, which Plaintiff misleadingly presented as evidence of trademark infringement rather than **protected First Amendment speech, his right to identity, and lawful assembly with other Kentucky Colonels**. The Court even ignored the fact that he was a member of the Plaintiff's organization for 23-years.

**Issuance of Rulings While Recusal Motion Was Pending**

- In the contempt proceeding adjudicated by Judge Jennings, Defendant filed **Motion for Continuance, Time Extension and/or Stay [DE-128]** *see* **(***Exhibit D***) and Motion for Leave to**

to Stay Proceedings [DE-127] *see* (*Exhibit E*) **timely on July 31, 2023**, explicitly citing potential judicial bias and requesting her recusal from the case for placing all of his timely motions in abeyance without hearing them.

- Despite this, Judge Jennings doubled-down on Col. Wright, she issued **Memorandum Opinion and Order [DE-129]** on August 9, 2023, without addressing or considering the recusal request. She said, "Wright's various motions (DE 103; DE 104; DE 113; DE 116; DE 127; DE 128) are DENIED."

**Selective Motion Management to Favor Plaintiff**

- Plaintiff's **Motion to Hold Pending Motions in Abeyance ([DE-118])** was granted immediately the next day as if Judge Jennings was expecting it, while Defendant's Emergency Motion incorporated in his Response to the **Court's Order [DE-105]** presented to Judge Jennings on April 24, 2023 prior to commencing Plaintiff's requested Contempt Hearing was slighted and never considered, and Defendant's *special timely* **Anti-SLAPP Motion ([DE-116])** was ignored.

- Plaintiff's **requests for enforcement of injunctions** were prioritized, while Defendant's **motions for declaratory relief and dismissal** were denied without hearing.

# Legal Argument & Citations

**Violation of Rule 12 and Due Process Deprivation**

- **Fed. R. Civ. P. 12(a)(4)(A)** mandates that a defendant file an Answer within 14 days after a motion to dismiss is denied. The Court **never enforced this requirement** before issuing substantive rulings against Defendant.

- The Supreme Court has held that **procedural fairness requires litigants to have a meaningful opportunity to be heard** (*Gonzalez v. United States*, 553 U.S. 242, 253 (2008)). By **issuing an expansive injunction based on Plaintiff's deceptively pled claim to incontestability and famous marks that were not yet registered while Defendant's Answer was outstanding, Judge Jennings violated due process**.

**Improper Issuance of Substantive Rulings While Recusal Motions Were Pending**

- The Sixth Circuit is clear that a judge **must rule on recusal motions before making substantive decisions** (*United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990)).

- A judge must rule on a recusal motion before making substantive decisions, as failure to do so constitutes a due process violation. See *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). By issuing **[DE-129]** while a pending recusal motion **[DE-128]** remained unresolved, Judge Jennings deprived Defendant of a fair and impartial tribunal. Such a failure is not merely an abuse of discretion but a fundamental violation of procedural due process.

- Judge Jennings' **failure to address the Defendant's recusal request in [DE-128] before issuing [DE-129] is a textbook violation** of this requirement.

**Selective Enforcement of Procedural Rules in Favor of Plaintiff**

- Plaintiff's **motions were granted immediately**, while Defendant's **dispositive motions were summarily denied, detained in a procedural holding pattern or left unaddressed**.

- This selective motion management **creates an unmistakable appearance of bias** in violation of **28 U.S.C. § 455(a)** (*Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988)).

**Summary of Procedural Bias & Remedy Requested**

Judge Jennings' conduct in this case demonstrates **a clear and undeniable pattern of bias** that violates **constitutional due process** and **federal procedural rules**. The following actions exemplify her **favoritism toward a Plaintiff that has defrauded this Court**:

- **Granting Plaintiff's Preliminary Injunction ([DE-58])** without waiting for Defendant's Answer, violating **Rule 12 of the Federal Rules of Civil Procedure**.

- **Denying Defendant's Dispositive Motions ([DE-24], [DE-37], [DE-42], [DE-47], [DE-52])** without substantive review and examination.

- **Issuing Substantive Orders including Sanctions ([DE-129])** while Defendant's **Recusal Motion ([DE-128])** was pending.

- **Placing Defendant's Emergency Motion for Expedited Consideration in his RESPONSE to 105 Order ([DE-113]) on April 24, 2023 and his Anti-SLAPP Motion ([DE-116]) on April 25, 2023 in abeyance at the mere request of the Plaintiff**, violated Kentucky's **UPEPA statute** on expedited hearings and show judicial discrimination and prejudice toward the Defendant.

- **Ignoring Defendant's Motion for Judicial Notice ([DE-103]) demonstrating the invalidity of the Plaintiff's trademarks, a matter of historical revisionism that is unfounded in bias**.

These violations are **not** mere errors of discretion—they demonstrate **a systemic bias in favor of Plaintiff**. Under **28 U.S.C. §§ 144 and 455(a)**, recusal is **mandatory**, and this case must be reassigned to an impartial judge to restore integrity to the proceedings

## B) Binding Precedent Ignored to Favor Plaintiff's Unlawful Trademark Expansion

## Statement of Related Facts

**Failure to Apply *Honorable Order of Kentucky Colonels v. Building Champions* (2004)**

- In *Honorable Order of Kentucky Colonels v. Building Champions*, 345 F. Supp. 2d 716 (W.D. Ky. 2004), the Western District of Kentucky ruled that Plaintiff's "Kentucky Colonels" mark **was weak and lacked distinctiveness**. (*See Exhibit F.*)

- Chief Judge Heyburn's ruling in *Building Champions* found that the term **"Kentucky Colonels"** as used by the **Honorable Order of Kentucky Colonels (HOKC)** was **not arbitrary or fanciful** but rather either **descriptive with secondary meaning or suggestive** when applied to HOKC's commercial products and services. The court explicitly rejected any claim that **HOKC had exclusive control over the phrase**.

- This precedent restricted Plaintiff's ability to claim exclusivity over the phrase "Kentucky Colonel" and "Kentucky Colonels" as distinctive or original unto itself.

- Judge Jennings **completely disregarded *HOKC vs. Building Champions'* binding precedent** and instead ruled in Plaintiff's favor without ever acknowledging the controlling case law. She

considered the HOKC Marks, applied for in bad-faith just three days prior to bringing the lawsuit as "incontestable and famous" despite never applying any standard tests for confusion or fame, relying solely on the Plaintiff's claims.

**Unlawful Expansion of Trademark Rights Beyond the Scope of the Lanham Act**

- Plaintiff falsely claimed "Kentucky Colonel" was an inherently distinctive and famous mark in its 2023 filing and Judge Jennings believed that it resembled the "Kentucky Colonels" Mark.

- Judge Jennings adopted Plaintiff's assertion without conducting a proper eight-part *likelihood-of-confusion* analysis or considering that a famous mark must be a household name that has reached the majority of the US public. The Kentucky Colonels Mark is not KFC, Kentucky Fried Chicken, or Colonel Sanders.

- This ruling improperly broadened Plaintiff's trademark rights and ignored all of the Defendant's fair use defenses and his rights, privileges and responsibilities as a Kentucky Colonel imposing a prior restraint against one of the organization's members commissioned independently of them.

## Legal Argument & Citations

**Binding Precedent Requires Reassessment of Trademark Claims**

- Federal courts must follow their own district's precedent. *Johnston v. Borders*, 36 F.4th 692 (6th Cir. 2022). Judge Jennings had a duty to understand the precedent of the *HOKC v. Building Champions* not overrule it, based on the claims of the Plaintiff's return to Court.

- *Building Champions* held that "Kentucky Colonels" was descriptive and not exclusive to Plaintiff. Judge Jennings' failure to acknowledge this precedent is an abuse of discretion.

- By disregarding *Building Champions*, Judge Jennings exceeded her authority and acted in direct contradiction to *Caperton v. Massey*, 556 U.S. 868 (2009), which prohibits rulings that appear biased due to disregard of binding precedent.

- Trademarks cannot be expanded beyond their legal scope, particularly when the claimed mark is descriptive or generic. In *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23 (2001), the Supreme Court held that trademark protection is limited and does not extend to functional or

generic features. Similarly, in *Kellogg Co. v. National Biscuit Co.*, 305 U.S. 111 (1938), the Court ruled that commonly used terms cannot be monopolized through trademark claims. Plaintiff's assertion of exclusivity over 'Kentucky Colonels' contradicts these principles, yet Judge Jennings improperly expanded trademark rights beyond statutory limits. Such overreach further justifies reassignment of this case.

**Bias in Favor of Plaintiff Claims**

- Failure to consider controlling precedent is evidence of judicial bias under *Liteky v. United States*, 510 U.S. 540, 555 (1994).

- When a judge disregards binding law to favor one party, recusal is mandatory under 28 U.S.C. § 455(a).

## C) Constitutional Violations: First Amendment & Due Process

## Statement of Related Facts

### Issuance of an Unconstitutional Prior Restraint on Speech

- In **[DE-58]**, Judge Jennings granted Plaintiff's Preliminary Injunction, preventing Defendant from using **"Kentucky Colonels"** in editorial, educational, and historical discussions on the Internet and as part of his unincorporated association's identity **Kentucky Colonels International** which he had been using with Plaintiff's consent and knowledge for at least a decade on Facebook and two decades ago as Kentucky Colonels when he established the first website for the class of people that have been recognized by one of Kentucky's Governors.

- This restriction was a classic *prior restraint*, violating *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539 (1976), which prohibits judicial censorship of speech. Injunctions must be narrowly tailored to prevent actual harm without infringing upon protected speech. See *Madsen v. Women's Health Center*, 512 U.S. 753 (1994). Moreover, in *Organization for a Better Austin v. Keefe*, 402 U.S. 415 (1971), the Supreme Court ruled that an injunction prohibiting public speech about a private party was unconstitutional because it functioned as an unlawful prior restraint. The same principle applies here—Judge Jennings' order effectively censors Defendant's lawful speech under the guise of trademark enforcement, making the injunction unconstitutional.

- Injunctions must be tailored, *Madsen v. Women's Health Center*, 512 U.S. 753 (1994), discusses tailoring injunctions in First Amendment cases. For **trademark injunctions**, courts require them to be **narrowly tailored** to prevent infringement while avoiding undue restrictions.

- The **functionality doctrine**—trademark law does not allow monopolization of functional or generic terms. If **"Kentucky Colonels"** is **descriptive** or **generic** as was determined by this Court in its 2004 precedent with Chief Judge Heyburn, an overbroad injunction cannot affect the rights of descriptive, generic and/or nominative fair use of these words. *Qualitex Co. v. Jacobson Products Co.*, 514 U.S. 159 (1995)

### Failure to Rule on Defendant's Anti-SLAPP Motion ([DE-116])

- Defendant filed a motion under Kentucky's Anti-SLAPP statute (Ky. Rev. Stat. § 454.465) to dismiss Plaintiff's lawsuit as a Strategic Lawsuit Against Public Participation (SLAPP).

- Judge Jennings refused to rule on or consider this motion, suppressing Defendant's free speech rights and right to assemble peacefully while allowing Plaintiff's retaliatory litigation.

# Legal Argument & Citations

### First Amendment Violations

- The Supreme Court has ruled that injunctions limiting speech must be *narrowly tailored*. *Carroll v. President & Comm'rs of Princess Anne*, 393 U.S. 175 (1968).

- Judge Jennings' injunction was overly broad and unconstitutional under *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964). It was not tailored to protect a commercial trademark. A preliminary injunction meant to protect a trademark that imposes an unlawful restraint on speech and lawful assembly is void *ab initio*. *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989) holds "Trademark rights cannot be used to **suppress non-commercial expressive uses** unless the use is explicitly misleading."

- A preliminary injunction that unlawfully restricts speech or lawful assembly is **void ab initio**—meaning it was never valid. Courts have consistently held that judicial orders restricting

protected expression must be narrowly tailored and serve a legitimate purpose. See *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539 (1976) (prior restraints on speech presumed unconstitutional); *Shuttlesworth v. Birmingham*, 394 U.S. 147 (1969) (injunctions restricting fundamental rights without safeguards are void from inception). Here, Judge Jennings' preliminary injunction imposed unconstitutional restrictions on Defendant's right to expression and assembly. Because an unlawful injunction is legally null from the outset, it must be immediately vacated

- A preliminary injunction that extends beyond the lawful scope of trademark protection and imposes an unconstitutional restraint on speech and lawful assembly is **void ab initio**. Courts have consistently held that judicial orders restricting protected expression must be narrowly tailored and serve a legitimate purpose. See *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539 (1976) (prior restraints on speech are presumed unconstitutional); *Shuttlesworth v. Birmingham*, 394 U.S. 147 (1969) (injunctions restricting fundamental rights without safeguards are void from inception). Furthermore, in *Madsen v. Women's Health Center*, 512 U.S. 753 (1994), the Supreme Court emphasized that injunctions must not extend beyond their necessary function. Here, Judge Jennings' preliminary injunction **not only granted improper trademark protection but unlawfully suppressed speech and association**, violating fundamental First Amendment principles. As a result, the injunction should be declared **void ab initio** and immediately vacated."

**Denial of Due Process**

- The *Gonzalez* standard requires courts to provide meaningful opportunities to be heard before imposing restrictions. *Gonzalez v. United States*, 553 U.S. 242, 253 (2008).

- Judge Jennings' refusal to rule on Defendant's Answer and dispositive motions before imposing restrictions on him violated this due process principle and demonstrates bias.

# D) Fraud & Misrepresentation: Judicial Enablement of Plaintiff's False, Fraudulent, and Bad-Faith Trademark Claims

## Statement of Related Facts

**Reliance on Fraudulent Trademark Applications**

- Plaintiff applied for three trademarks (Serial Nos. 88800020, 88800035, 88800038) on February 17, 2020, three days before filing suit, averring in its trademark applications for "Kentucky Colonels" that there were no concurrent users despite several existing in Kentucky at the time, others in the United States including but not limited to the Defendants and the Eastern Kentucky Colonels sports teams, et.al.

- Plaintiff falsely claimed these marks were "incontestable" despite lacking the required five years of use under 15 U.S.C. § 1065. They claimed that their marks were famous despite having a limited commercial target market of a particular class of people, i.e. Kentucky colonels.

- Judge Jennings uncritically accepted Plaintiff's misrepresentations and claims without scrutiny.

**Mischaracterization of Sealed Evidence ([DE-6])**

- Plaintiff submitted a sealed document misrepresenting Defendant's merger proposal to the Plaintiff as an "extortion attempt" and "shakedown" when in fact it was a requested business negotiation between the parties being conducted in good-faith.

- Judge Jennings ignored Defendant's rebuttal evidence, accepting Plaintiff's mischaracterization of the document without scrutiny or examination. *See Defendant's* **Exhibit B - Defendant's Merger Proposal**. (exhibits good-faith business negotiations by the parties)

# Legal Argument & Citations

## Fraud on the Court

- When a judge enables fraudulent misrepresentations, it constitutes *fraud on the court*, requiring reversal under *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944).

- Fraud on the court is among the most serious violations of judicial integrity, requiring extraordinary relief. In *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), the Supreme Court vacated a judgment based on fraudulent misrepresentations. Likewise, in *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806 (1945), the Court ruled that intellectual property claims obtained through fraud cannot be enforced, as

they undermine the integrity of judicial proceedings. Judge Jennings' failure to reassess Plaintiff's fraudulent trademark applications—despite clear evidence of misrepresentation—creates an unacceptable risk that this Court has been misled, further warranting her recusal.

- Because judicial rulings obtained through deception fundamentally undermine judicial integrity, they must be vacated. In this case, Judge Jennings' failure to reassess Plaintiff's fraudulent trademark applications—despite clear evidence of misrepresentation—renders her injunctions and substantive rulings legally void. Courts have consistently held that when fraud is proven, the affected judgments cannot stand. See *Hazel-Atlas Glass Co.*, 322 U.S. at 250 (judgment obtained by fraud 'must be undone'); *Precision Instrument*, 324 U.S. at 814 (fraud in IP cases 'taints the judicial process and compels vacatur').

**Judicial Bias in Accepting Plaintiff's Misrepresentations**

- Courts must independently assess claims before granting relief. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340 (6th Cir. 2001).

- Judge Jennings' failure to scrutinize Plaintiff's false claims prior to issuing **[DE-58]** and again in **[DE-97]** through **[DE-129]** violates her judicial duty to the Western District of Kentucky.

# E) Jurisdictional Overreach: Issuing Rulings Post-Appeal

## Statement of Related Facts

### Continued Rulings After Notices of Appeal ([DE-132], [DE-142])

- Defendant filed appeals to the Sixth Circuit in August [DE-132] and December 2023 [DE-142]. *See* Sixth Circuit case numbers 23-5795 and 23-6108.

- Despite the Circuit Court appeal and the legal transfer of jurisdiction, Judge Jennings continued issuing substantive rulings **([DE-149])** on April 22, 2024.

## Legal Argument & Citations

### Jurisdiction Transfers to Appellate Court Immediately Upon Filing an Appeal

- *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), holds that filing a notice of appeal *divests* a district court of jurisdiction. In *United States v. Holloway*, 740 F.2d 1373 (6th Cir. 1984) "*issuing rulings post-appeal is ultra vires.*"

- **This failure to divest jurisdiction constitutes an ultra vires act—an action taken without legal authority—and further demonstrates Judge Jennings' disregard for due process and proper judicial procedure.** See *United States v. Holloway*, **740 F.2d 1373, 1382 (6th Cir. 1984)** (*holding that once an appeal is pending, the district court "lacks jurisdiction to modify its judgment or proceed further except in aid of the appeal"*).

- **The district court's role is to defer to the appellate court on issues directly involved in the appeal, not to continue issuing substantive rulings that could interfere with or contradict pending appellate review.** See *Lewis v. Alexander*, **987 F.2d 392, 394 (6th Cir. 1993)** (*"Once an appeal is filed, the district court loses jurisdiction except to take action in aid of the appeal."*).

- Judge Jennings' post-appeal rulings were *ultra vires* and void.

## F) Selective Enforcement: Favoring Plaintiff in Motion Management

## Statement of Related Facts

### Placing Defendant's Motions in Abeyance While Fast-Tracking Plaintiff's Case

- Judge Jennings allowed Plaintiff's second SLAPP suit **([DE-97])** enforcement motion **([DE-99])** to proceed while indefinitely delaying or not hearing Defendant's dispositive motions with equity or procedural fairness **([DE-103], [DE-104], [DE-113], [DE-116], [DE-127], [DE-128])**.

## Legal Argument & Citations

### Selective Motion Management Demonstrates Bias

- Courts must ensure equal access to procedural rights. *Caperton v. Massey*, 556 U.S. 868 (2009).

- Judge Jennings' approach of delaying the consideration of Defendant's timely procedurally correct motions did not ripen them, rather it spoiled them and created a procedural advantage for Plaintiff, requiring recusal under 28 U.S.C. § 455(a).

## G) Cumulative Effect of Bias: Appearance of Partiality Requires Recusal

## Statement of Related Facts Inter Alia

### Consistent Pattern of Favoring Plaintiff

- Judge Jennings' repeated rulings aligned with Plaintiff's interests while disregarding Defendant's Constitutional Rights, civil rights, and due process rights protected in law.

- Judge Jennings ignored important facts presented by the Defendant repeatedly to show favoritism and give deference to a politically connected law firm and Plaintiff with total disregard for the state's history, customs, and traditions of a government issued title that did not originate with the Plaintiff.

## Legal Argument & Citations

### Appearance of Bias Justifies Recusal

- A judge must recuse if impartiality "might reasonably be questioned." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).

- The cumulative impact of Judge Jennings' rulings establishes the unmistakable appearance of partiality towards changing the state's history with the Plaintiff's trademark while disregarding the purpose for which the *honorable title* of Kentucky Colonel was adopted by the state.

# III. CONCLUSION

The procedural missteps and blatant favoritism displayed by Judge Rebecca Grady Jennings in this case are not isolated instances of judicial error but rather part of a systemic pattern of bias that has irreparably compromised Defendant's right to a fair tribunal. By categorically denying Defendant's dispositive motions, ignoring factual matter presented to her, improperly placing motions in abeyance or disregarding them at Plaintiff's mere request, and granting substantive relief without affording Defendant due process, Judge Jennings has demonstrated an unmistakable deference to Plaintiff. Her actions—particularly the issuance of **[DE-58]** without waiting for **Defendant's Answer [DE-62]** and

**[DE-129]** while **[DE-128] (Recusal Motion)** was pending—directly contravene established federal procedural rules and binding Sixth Circuit precedent. No reasonable observer could conclude that these errors were made impartially; rather, they exhibit a clear pattern of one-sided judicial management that overwhelmingly favors Plaintiff at every procedural turn.

The gravity of these procedural violations is further amplified by Judge Jennings' refusal to consider crucial evidence that would have fundamentally altered the course of these proceedings. **Exhibit B**, which was improperly sealed, waiving its confidentiality between the parties, and mischaracterized by Plaintiff, directly refutes the core allegations underlying this case, yet Judge Jennings failed to conduct even a cursory review before ruling in Plaintiff's favor. Likewise, **Exhibit C**, which Plaintiff falsely presented as evidence of trademark infringement, was actually a collection of Defendant's constitutionally protected speech, subject to anti-SLAPP protections. By ignoring both Defendant's **Anti-SLAPP Motion ([DE-116])** and denying his **Judicial Notice Motion ([DE-103])**, the Court has allowed Plaintiff to weaponize litigation as a means of retaliation, suppressing Defendant's civil rights in direct violation of Kentucky's **Uniform Public Expression Protection Act (UPEPA)** and longstanding First Amendment jurisprudence. *California Motor Transport Co. v. Trucking Unlimited***, 404 U.S. 508 (1972)**, held that litigation used to suppress speech may violate First Amendment protections.

Judge Jennings' continued involvement in this case has created an insurmountable appearance of bias that fundamentally undermines the integrity of these proceedings. Her refusal to rule on recusal motions before issuing substantive orders, her preferential treatment of Plaintiff's filings, and her systematic suppression of Defendant's legal defenses all require immediate corrective action. Under **28 U.S.C. §§ 144 and 455(a)**, recusal is not merely an option—it is a necessity. To preserve confidence in the judiciary and restore fairness to this litigation, this case must be reassigned to an impartial judge who is willing to afford both parties the due process rights guaranteed under the United States Constitution.

# IV. REQUEST FOR RELIEF

For the foregoing reasons, Defendant **respectfully requests that Chief Judge Greg N. Stivers**:

1. Immediately reassign this case to another judge pursuant to 28 U.S.C. §§ 144 and 455.

2. Stay all other post-judgement orders pending reassignment to prevent further irreparable harm against the Defendant by the Plaintiff's Counsel.

3. Rule, Order, Stay, and/or Vacate the **Preliminary Injunction Order [DE-58]** and **Agreed Permanent Injunction [DE-93]** as unconstitutional prior restraints on Defendant's speech and right to peaceful assembly of the class of people, Kentucky colonels.

4. Order the [re]consideration of **Defendant's Answer and Affirmative Defenses [DE-62]** and filed motions that were placed in abeyance, not considered, slighted, disregarded or denied without an impartial review or given due process by this Court.

5. Grant the Defendant any other type of relief that is appropriate and necessary.

Failure to reassign this case will continue to irreparably harm Defendant's constitutional rights, his reputation as a public figure, prolong judicial bias, and undermine public trust in the Western District of Kentucky. This motion is submitted **without a request for a hearing**, as Judge Jennings **may not rule on a motion challenging her own impartiality in this matter.**

Respectfully submitted,

/s/ Col. David J. Wright

302 General Smith Drive
Richmond, Kentucky 40475

Dated: March 17, 2025
Puerto Carreño, Colombia

+1 (859) 379-8277

david.wright@globcal.net

## Certificate of Service

I, David J. Wright, hereby certify that on **March 17, 2025**, I submitted this **Motion For Recusal Of Judge Rebecca Grady Jennings** through the Court's **Electronic Document Submission System (EDSS)** for transmission to the **Clerk of the Court for the United States District Court for the Western District of Kentucky**, in accordance with **General Order No. 25-02**.

Upon acceptance by the Clerk, the filing will be entered into the **CM/ECF system**, which will provide electronic notice to all registered CM/ECF users associated with this case. **Service will be accomplished upon docketing and assignment of a document number by the Clerk of Court.**

**Dated:** March 17, 2025

Clerk's Office
601 W. Broadway, Rm 106
Gene Snyder United States Courthouse
Louisville, KY 40202