UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **THE HONORABLE ORDER OF KENTUCKY COLONELS, INC.**<br>    Plaintiff<br><br>vs.<br><br>**KENTUCKY COLONELS INTERNATIONAL, et. al.**<br>    Defendants | Civil Action No. 3:20-cv-00132-RGJ<br><br>**COURT EXHIBIT A**<br><br>**DECLARATION OF DEFENDANT COL. DAVID J. WRIGHT** |

## DECLARATION OF COL. DAVID J. WRIGHT IN SUPPORT OF MOTION TO RECUSE JUDGE REBECCA GRADY JENNINGS

I, Col. David J. Wright, a Kentucky Colonel commissioned in 1996 by the Governor of Kentucky, hereby make this declaration and state as follows pursuant to 28 U.S.C. § 1746:

## I. INTRODUCTION

1. **I am a legal resident of Berea, Kentucky**, with two adult children in Kentucky, and while I currently reside and work in **Puerto Carreño on the Orinoco River in Colombia**, I am proceeding *pro se* in this case *in absentia*.

2. I was a **member, donor, and volunteer of the Honorable Order of Kentucky Colonels (HOKC)** in good-standing from at least 1996 until 2020 when this lawsuit was filed by the Plaintiff. The last donation I made to the Plaintiff was in January of 2020.

3. I am the creator, developer, editor and webmaster of the first **"Kentucky Colonels" ecommerce membership** website in 1998 using the **Internet domain name colonel.org** (*archived at archive.org*). The website was **captured in its entirety by the Wayback Machine** beginning in 1998 due to its high traffic volume. My first contact with **HOKC legal counsel, Wyatt. Tarrant & Combs was in 2001** when I was served by Certified Mail with an unlawful and unethical C&D Demand Letter, I had subsequent communication and discussions with Col. Glen Bastin.

4. In 2007-2009 I was involved in the creation and establishment of two Facebook Groups focused on uniting and networking Kentucky Colonels as a 'class of people' in the social media, **I administered them continuously since their establishment until January 11, 2025**, when the HOKC reported the groups and myself were infringing on their trademark "Kentucky Colonels".

5. I am the **Defendant** in the above-captioned matter. I submit this **Declaration in support of my Motion to Recuse Judge Rebecca Grady Jennings**, filed pursuant to **28 U.S.C. §§ 144 and 455**.

6. I make this Declaration based on my **personal knowledge**, my own **review of court records**, and my **experience in these proceedings as a pro-se litigant in the captioned matter**.

7. **On February 26, 2025,** I filed **Notice of Intent to Seek Rule 11 Sanctions Against Plaintiff's Counsel for Fraud on the Court**, Fraudulent Trademark Applications, *inter alia*, made in bad-faith with the intent to deceive this Court.

## II. JUDGE DAVID J. HALE'S RECUSAL & FAILURE OF JUDGE REBECCA GRADY JENNINGS TO REASSESS THE CASE

8. **Judge David J. Hale initially presided over this case, imposed an Ex-Parte Temporary Restraining Order (TRO) on February 25, 2020 and held the Preliminary Injunction Hearing on March 04, 2020.**

9. **Judge Hale reviewed my filings, including DE-23 (Reply) and DE-24 (Motion to Dismiss), which contained my sworn affidavit [DE-24.1] which arrived at the Western District Court by Certified Mail on the day of the Hearing.**

10. **Following this review, Judge Hale recused himself with a Text Order [DE-25].**

11. **Judge Rebecca Grady Jennings then inherited the case, but she failed to reassess the motions and arguments that led to Judge Hale's recusal.**

12. **As a result, Judge Jennings ruled on key issues without conducting an independent and impartial review of the evidence and case file violating my due process rights.**

13. **Judge Jennings failed to scrutinize the Plaintiff's claims, deferring to them as factual.**

## III. JUDGE REBECCA GRADY JENNINGS' FAILURE TO PROPERLY ADJUDICATE DISPOSITIVE MOTIONS (DE-58)

14. **I timely filed multiple dispositive motions, all of which Judge Jennings denied in [DE-58] without substantive analysis.**

15. The following motions were denied arbitrarily:

    - **Motions to Dismiss (DE-24, DE-37, DE-47)** – Denied without properly addressing core legal arguments.
    - **Motion to Drop Corporate Defendants (DE-51)** – Ignored despite the defaulting of corporate defendants.
    - **Motion for Leave to File Supplement to Amended Motion to Dismiss (DE-52)** – Procedurally proper but summarily denied.

16. **My Answer and Affirmative Defenses [DE-62] were filed timely on August 25, 2020 in compliance with the Federal Rules of Civil Procedure following the <u>DE-58 Order</u>, yet never considered by Judge Jennings following her imposition of a Preliminary Injunction and premature referral for case management in Text Order [DE-59].**

17. **By denying these motions and pleadings outright, Judge Jennings allowed Plaintiff's fraudulent claims to proceed without addressing their merit or scrutiny.**

## IV. JUDGE REBECCA GRADY JENNINGS RELIED ON FRAUDULENT & MISREPRESENTED EVIDENCE

18. **Plaintiff's Sealed Document [DE-6] Exhibit Merger Proposal & Exhibits from [DE-1 & DE-7] Were Mischaracterized and Ignored:**

    - Plaintiff submitted **a sealed document "merger proposal" I authored, falsely characterizing it as a "shakedown" in the Verified Complaint.**
    - **In reality, this was a good-faith business negotiation initiated by Plaintiff on December 31, 2019, and previously dating back to November 2017, regarding Plaintiff's interest in acquiring the Kentucky Colonels Registry concept, which I originally developed in 1998. This demonstrates acquiescence and mutual consensus between the parties, further proving that no trademark infringement occurred.**
    - **Judge Jennings ignored this sealed document entirely, despite its exculpatory value in the case, as well as scrutinize impartially exhibits presented by the Plaintiff**

- **Judge Jennings failed to review or recognize that my actions leading up to this case were within my Constitutional Rights to speech, publishing, and redress of grievances to the government.**

19. **Plaintiff's Trademark Applications Were Filed Just Three Days Before Litigation:**

    - Plaintiff falsely claimed its marks were **famous and incontestable** when, in fact, they were **mere applications, filed three days before suit.**
    - **Judge Jennings failed to scrutinize this obvious bad-faith litigation tactic.**

## V. JUDGE REBECCA GRADY JENNINGS' FAILURE TO CONSIDER BINDING PRECEDENT

20. **Judge Jennings ignored the controlling precedent from** *Honorable Order of Kentucky Colonels v. Building Champions, LLC*, **345 F. Supp. 2d 716 (W.D. Ky. 2004).**

21. **This precedent directly contradicts Plaintiff's claims, yet Judge Jennings failed to acknowledge or apply it.**

## VI. JUDGE REBECCA GRADY JENNINGS MADE BIASED, DEFERRENT, AND IMPROPER POSTCLOSURE RULINGS (DE-129)

22. **Judge Jennings reopened a closed case without reassessing the legal and factual basis for the injunction or reviewing my Answer and Affirmative Defenses [DE-62] and other Motions filed after [DE-58] leading to a Confidential Court Mediated Settlement Conference before Magistrate Judge Regina Edwards.**

23. **Judge Jennings placed all my motions in abeyance including a Motion to Take Judicial Notice, an Emergency Motion and Anti-SLAPP Motion granting Plaintiff's requested relief.**

24. **This violates FRCP 60(b) by enforcing an injunction that had never been properly validated.**

## VII. JUDGE REBECCA GRADY JENNINGS' VIOLATION OF FIRST AMENDMENT RIGHTS

25. **Judge Jennings upheld a prior restraint on my speech based on her imposition of a Preliminary Injunction [DE-58] without the required constitutional scrutiny.**

26. My published blog posts, presented as evidence in [DE-1] and [DE-7], are protected speech under the First Amendment.

27. Judge Jennings delayed considering and denied my Anti-SLAPP Motion [DE-116] without justification, preventing me from asserting my First Amendment defenses.

## VIII. CONCLUSION

28. For the reasons stated above, I respectfully request that Chief Judge Greg N. Stivers grant my Motion to Recuse Judge Rebecca Grady Jennings.

29. This request is necessary to preserve the integrity of the judicial process of the Western District Court of Kentucky and to ensure that my case is heard by an impartial and unbiased judge.

I declare and certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 17th day of March, 2024.

*[signature: Col. David J. Wright]*

Col. David J. Wright, Pro Se

Puerto Carreño, Colombia