# EXHIBIT - HOKC Articles of Incorporation (1957)

## Articles of Incorporation of "The Honorable Order of Kentucky Colonels, Inc." (1957)

**Source**: *Commonwealth of Kentucky, Office of the Secretary of State.* Filed and recorded in 1957.

**Summary of Exhibit:**

This exhibit presents the **official Articles of Incorporation** for *The Honorable Order of Kentucky Colonels, Inc.* (HOKC), formally establishing the Plaintiff as a **legal entity for the first time** in 1957. Prior to this, the organization functioned as an **unincorporated social association** dating back to 1933.

These incorporation documents reveal key legal and structural facts about the Plaintiff's formation and purpose when the Commonwealth changed the Kentucky Colonel commission from an honorary rank to a civilian title in 1956 including:

1. **Date of Incorporation**: The organization was officially incorporated in Kentucky on May 10, **1957**, contradicting any claim of a continuous business operation since 1813, 1931, 1932, 1937, or 1951 as stated in some of its trademark applications and communications with members.

2. **Legal Status Change**: Prior to incorporation, the entity existed only as a private, unregistered association from 1933 thru 1957, not a structured nonprofit corporation, eleemosynary organization, trademark owner, or commercial business.

3. **Stated Purpose**: The Articles outline the **specific mission and objectives** of the newly incorporated entity, which differ significantly from the Plaintiff's later representations to the USPTO, its members, and the courts.

4. **Signers & Organizers**: The incorporation was carried out under the direction of **J. Fred Miles**, a key figure in the Plaintiff's organization from the late 1930s through its transition into a formal nonprofit entity in 1957.

**Relevance to Judicial Notice:**

The **1957 Articles of Incorporation** are critical to this case because they provide **indisputable legal evidence** that:

- *The Honorable Order of Kentucky Colonels* did not exist as a corporate or legal entity within Kentucky prior to or before 1957.
- The Plaintiff's **claims of continuous existence since 1813 are false and misleading** in the context of trademark applications and court filings.
- The **organization's legal structure, purpose, and operational model significantly evolved** over time, undermining any claim of historical exclusivity.

Because these are **official government records filed with the Secretary of State**, they are **self-authenticating evidence** under **Federal Rule of Evidence 902(1)** and qualify for **judicial notice** under **Federal Rule of Evidence 201(b)(2)** as they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

**This exhibit serves as definitive proof that the Plaintiff's modern nonprofit corporation is a separate and distinct entity from earlier unincorporated associations and has no legitimate claim to a continuous history dating back to the early 19th century at all or to any of the other dates except as an unincorporated** *ad hoc* **social club surrounding the idea of promoting the Kentucky Derby for the Governor while having a good-time.**

23673

# Commonwealth of Kentucky
## Department of State



### Office of Secretary of State

THELMA L. STOVALL, SECRETARY
#### DOMESTIC CORPORATION DEPARTMENT
#### NON-STOCK CORPORATION

I, THELMA L. STOVALL, Secretary of the State of Kentucky, hereby certify that Articles of Incorporation of the

THE HONORABLE ORDER OF KENTUCKY COLONELS, INC.      LOUISVILLE, KENTUCKY

has this day been filed in my office.

It appearing from said Articles of Incorporation that the said Corporation has no capital stock, and no private pecuniary profit is to be derived therefrom, the said Corporation is not required by law to pay a tax on organization; and it furthur appearing that the aforesaid Corporation has complied with all the requirements of the law, this certificate is issued as evidence of the fact that the said Corporation is now authorized and empowered to do business in this State under its charter, subject to the restrictions imposed by the statutes of Kentucky.



Given under my hand as Secretary of State, this 10th day of June 1957

By _Thelma L. Stovall_
Secretary of State

Chief Clerk, Corporation Department



ARTICLES OF INCORPORATION

OF

THE HONORABLE ORDER OF KENTUCKY COLONELS, INC.

5- 6616
Rec 4 -

KNOW ALL MEN BY THESE PRESENTS:

That we, the undersigned, hereby associate ourselves together for the purpose of forming a charitable and educational corporation under the provisions of KRS 273.010 to 273.160, inclusive, whose Articles of Incorporation are as follows:

I

The name of the corporation shall be "THE HONORABLE ORDER OF KENTUCKY COLONELS, INC." and its principal office or place of business shall be/in Old State Fairgrounds, Box 18, Station H, Louisville, Jefferson County, Kentucky. The name and address of the person upon whom process may be served is Eli H. Brown, III, whose address is 420 South Fifth Street, Louisville, Kentucky.

II

The objects and purposes of this corporation shall be for the advancement of education and culture and for the establishment, maintenance and continuance of charitable enterprises, such as the founding of scholarships in institutions of learning, gifts to charitable, endowed institutions, equipping of playgrounds and recreation rooms, and any and all other charitable purposes that the Board of Trustees of this corporation shall determine from year to year to be worthy of aid and assistance and in need of financial support; to collect and preserve historical documents and other books, papers and objects pertaining to the Commonwealth of Kentucky or any institution or subdivision thereof and therein.

## III

The corporation shall have power to accept, receive, hold and dispose of real and personal property of every kind and description which may be given to it, or in any way by it acquired, and shall have full and complete powers over the management, control and disposition thereof. It shall have the right to manage any property that it may acquire.

## IV

The corporation shall have no capital stock, and no member of the Board of Trustees shall derive any private, pecuniary profit from it.

## V

The corporation shall have a perpetual existence unless sooner terminated in accordance with law by action of its Board of Trustees and the corporation shall have the power to enter into contracts and to employ such persons that may be necessary to further and carry out its purposes.

## VI

The affairs of the corporation shall be conducted by a Board of Trustees consisting of not less than three (3) nor more than twenty-one (21) persons. The presiding and chief executive officer of the corporation shall be called the NATIONAL COMMANDING GENERAL OF THE HONORABLE ORDER OF KENTUCKY COLONELS, INC., and the holder of this office shall be appointed by the Governor of the Commonwealth of Kentucky for a term of four (4) years or until his successor is appointed and qualified.

The Governor of the Commonwealth of Kentucky may appoint for a term of four (4) years and until a successor is appointed and quali-

The Governor of the Commonwealth of Kentucky may appoint for a term of four (4) years and until a successor is appointed and qualified, a Secretary and Keeper of the Great Seal of The Honorable Order of Kentucky Colonels, Inc.

A majority of those qualified and acting as Trustees shall constitute a quorum. A vacancy on the Board of Trustees caused by death, resignation or otherwise, shall be filled by the Board. A member of the Board may be removed, with or without cause, by the affirmative vote of two-thirds of the then qualified and acting members of the Board.

The incorporators of this corporation shall constitute and be the first Board of Trustees, with full power to elect other persons to the Board up to the maximum number.

The Board of Trustees shall meet annually and at such other times as it may deem proper. At its first meeting, and annually thereafter, the Board may elect a Vice-Chairman, one or more Assistant Secretaries, a Treasurer and one or more Assistant Treasurers, each of whose duties may be defined and regulated by By-Laws adopted by the Board at its first meeting. Said By-Laws thereafter may be amended from time to time at the pleasure of the Board. Any two offices may be held by one person.

## VII

The corporation shall not contract any indebtedness in excess of Fifty Thousand ($50,000.00) Dollars.

## VIII

Private property of the officers and members of the Board of Trustees shall not be subject to the debts of the corporation.

## IX

The name and address of each incorporator is as follows:

| | |
|---|---|
| General J. Fred Miles | Louisville, Kentucky |
| Mrs. J. Fred Miles | Louisville, Kentucky |
| Melvin Goldman | Los Angeles, California |
| Robert F. Miles | Louisville, Kentucky |
| Clifford Bettinger | Louisville, Kentucky |
| Walter Gibbs | Louisville, Kentucky |
| Eli H. Brown, III | Louisville, Kentucky |

WHEREFORE, Witness our signatures this 10th day of May, 1957.

_____
General J. Fred Miles

_____
Mrs. J. Fred Miles

_____
Melvin Goldman

_____
Robert F. Miles

_____
Clifford Bettinger

_____
Walter Gibbs

_____
Eli H. Brown, III

_____

_____

State and County aforesaid certify that the foregoing instrument of writing was produced before me in said County and State by GENERAL J. FRED MILES, MRS. J. FRED MILES, MELVIN GOLDMAN, ROBERT F. MILES, CLIFFORD BETTINGER, WALTER GIBBS and ELI H. BROWN, III, and acknowledged by them to be their act and deed.

    WITNESS my hand and seal this 10th day of May, 1957.

    My commission expires  1/2/60

                                    _____
                                      Notary Public
                                      Jefferson County
                                            Kentucky.

**ORIGINAL COPY FILED AND RECORDED**

**JUN 1 0 1957**

Thelma L. Stovall
SECRETARY OF STATE OF KENTUCKY
FRANKFORT, KENTUCKY
BY: _____
CHIEF CORP. CLERK