UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | | |
|---|---|---|
| THE HONORABLE ORDER OF<br>KENTUCKY COLONELS, INC. | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:20CV-132-RGJ |
| | ) | |
| KENTUCKY COLONELS | ) | |
| INTERNATIONAL, et al. | ) | |
| | ) | |
| | ) | |
| DEFENDANTS | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR RECUSAL [DE 170]

In a shocking and despicable attack on the Court's integrity, Defendant David J. Wright

("Wright") demands disqualification of Judge Rebecca Grady Jennings baselessly asserting that

her rulings demonstrate "a clear and undeniable pattern of bias that violates constitutional due

process and federal procedural rules." [Defendant's Motion for Recusal [DE 170] (the "Motion"),

12 (PageID #4112)].[1]  Hurling insults and spewing invective, Wright denigrates various rulings

made by the Court between March 4, 2020 and August 9, 2023, and accuses the Court of ignoring

established precedent, unconstitutionally restraining free speech and enabling false and fraudulent

---

[1] The Motion was filed the day before Wright's deadline for filing his appellate brief in the Sixth
Circuit Court of Appeals.  The timing is not coincidental.  The first argument in Wright's brief is
"The District Court Violated Due Process by Failing to Rule on Defendant's Recusal Motion
Before Issuing Substantive Orders."  Wright's brief inaccurately represents that a recusal motion
was made on July 31, 2024 even though recusal was *never* requested.  Throughout this litigation,
Wright has repeatedly demonstrated a willingness to mischaracterize the record and embellish
"facts" in an effort to mislead the Court.  Those tendencies are on full display in the instant Motion.

claims by the Plaintiff, The Honorable Order of Kentucky Colonels ("HOKC").[2]  Such claims are completely ridiculous, especially since they are primarily directed at the February 23, 2021 Permanent Injunction Order [DE 93] – an **agreed order** to which Wright consented in order to settle HOKC's claims against him.[3]

Wright utterly fails to provide the "compelling evidence" required to prove "actual bias or prejudice," the high standard needed for disqualification.  *See Brokaw v. Mercer County*, 235 F.3d 1000, 1025 (7th Cir. 2000) (concluding that a reasonable person would not be convinced of bias based solely on judicial rulings which did not demonstrate evidence of "personal animosity or malice.").  Indeed, the Motion is clearly based on nothing more than Wright's dissatisfaction with the Court's prior adverse rulings.  [*See* Motion, 6-13 (PageID #4106-4113)].  As a matter of law, rulings with which a party disagrees, even multiple rulings, are **not** sufficient grounds to justify recusal or disqualification.  *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) ("[t]he alleged bias and prejudice to be disqualifying must stem from an extra judicial source … other

---

[2] The Motion argues that the Court incorrectly ruled on an array of frivolous motions filed by Wright throughout this litigation and requests assignment of a new judge to reconsider those motions, presumably under Fed.R.Civ.P. 60(b). But relief under Fed.R.Civ.P. 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).  Moreover, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *McGee v. Continental Mills, Inc.*, No. 5:09-CV-00155-TBR, 2010 WL 2557750 *2  (W.D. Ky., June 18, 2010), quoting *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).  It is decidedly not the purpose of Rule 60(b) to allow "a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).  Finally, a Rule 60(b) motion based on mistake, newly discovered evidence, or fraud must be made no more than a year after entry of the judgment or order.  Fed.R.Civ.P. 60(c)(1).  Wright's complaints about the Court's orders are both substantively defective and untimely.

[3] The vast majority of the ruling that Wright identifies as improper occurred **prior to** the February 23, 2021 Permanent Injunction Order [Motion, 2 – 10 (PageID #4102-4110)].  The absurdity of those claims is readily apparent since Wright agreed to that order.

than what the judge learned from his participation in the case."); *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) ("a judge's rulings in the same or a related case may not serve as the basis for a recusal motion."). It is well settled that the allegation of bias must show that the bias is ***personal*** as distinguished from judicial in nature. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) ("a judge's ruling in the same or a related case are not sufficient basis for recusal."). The Motion makes no such showing.

The Motion's vitriolic rhetoric, erroneous legal analysis, and contrived factual conclusions merit no response, and HOKC should not be required to address Wright's frivolous disqualification demand. For these reasons, HOKC respectfully requests the Court deny the Motion. Alternatively, HOKC requests the Court provide direction on the extent to which it is necessary to respond to the baseless accusations leveled at Judge Jennings, provide leave for further briefing on the issues by HOKC, and establish a briefing schedule for HOKC to provide a more substantive response if the Court deems it necessary.

> Respectfully submitted,
>
> */s/ Cornelius E. Coryell II*
> Cornelius E. Coryell II
> Julie Laemmle Watts
> WYATT, TARRANT & COMBS, LLP
> 400 West Market Street, Suite 2000
> Louisville, KY 40202
> (502) 589-5235
> ccoryell@wyattfirm.com
> jwatts@wyattfirm.com
>
> *Counsel for Plaintiff, the Honorable Order of Kentucky Colonels, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing has been served upon the following, via electronic mail, on the 21st day of March, 2025:

David J. Wright
david.wright@globcal.net
Edificio Torre 997, Local B
San Juan, Caracas
Distrito Capital, Venezuela 1021

/s/ Cornelius E. Coryell II
*Counsel for Plaintiff, the Honorable Order of Kentucky Colonels, Inc.*

101890393.1

4