UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | | |
|---|---|---|
| THE HONORABLE ORDER OF KENTUCKY COLONELS, INC. | ) ) ) | |
| PLAINTIFF | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 3:20CV-132-RGJ |
| KENTUCKY COLONELS INTERNATIONAL, et al. | ) ) ) ) | |
| DEFENDANTS | ) | |

**PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT'S MOTION FOR JUDICIAL NOTICE FRE 201(b) [DE 171] AND MOTION TO STRIKE SAME**

Desperately attempting to confuse and clutter the record,[1] Defendant David J. Wright ("Wright") employs a familiar ruse that has already been rejected by the Court – moving for "judicial recognition" of matters that he characterizes as "facts." The Court disallowed Wright's prior use of this tactic, denying Wright's Motion to Take Judicial Notice of Adjudicative Facts [DE 103]. Specifically, the Court found:

> The information Wright asks the Court to take judicial notice of is not indisputable fact. The information is not readily determined from sources whose accuracy cannot reasonably be questioned. The information is thus inappropriate for the Court to take judicial notice of. Furthermore, the purported 'facts' are irrelevant to the Court's resolution of the matters before it. As a result, this motion is also denied.

---

[1] Wright filed the instant motion and the accompanying two hundred and forty (240) pages the day before the deadline for filing his appellate brief in the Sixth Circuit Court of Appeals. The timing is not coincidental. Wright improperly references the instant motion and the accompanying exhibits in his Sixth Circuit brief.

[8/9/23 Memorandum Opinion and Order [DE 129], PageID #3724-3725]. The motion has not improved with age. Moreover, Wright's candid admission that the motion is merely intended to facilitate further harassment of HOKC, blatantly violates the Federal Rules of Civil Procedure. For these reasons, the motion should be denied and stricken from the Court record.

## ARGUMENT[2]

### I. THERE IS NO LEGAL OR FACTUAL BASIS FOR GRANTING THE MOTION.

Wright candidly acknowledges that the Motion is intended to provide grounds for the Court to reconsider its prior rulings.

> Defendant specifically requests that this Court take judicial notice of Plaintiff's material misrepresentations, omissions of known facts, use of a distorted historical narrative, elimination of known competitors, and fraudulent concealment in its trademark applications and litigation filings before this Court through its counsel. These deliberate and misleading bad-faith misrepresentations – which are beyond reasonable dispute – have directly influenced prior rulings in this case since the beginning. These falsehoods, which can be conclusively established through public records, historical evidence, and Plaintiff's own filings, have resulted in rulings contrary to both law and fact.

[Defendant's Motion for Judicial Notice FRE 201(b) [DE 171] ("Motion"), 1-2 (PageID #4212-4213)]. Wright further states that judicial notice of the alleged "facts" will "serve as the foundation for … a Rule 60(b) motion to vacate prior rulings and judgments." [*Id.*]. The time for any such motion, however, is long passed. A Rule 60(b) motion based on mistake, newly discovered evidence, inadvertence, surprise, or "fraud … misrepresentation, or misconduct by an opposing party" must be made no more than one (1) year after entry of the judgment or order. Fed.R.Civ.P. 60(c)(1); *see e.g.*, *In re Branson Mall, Inc.*, 970 F.2d 456, 462 (8th Cir. 1992) (regardless of

---

[2] HOKC incorporates herein by reference the factual background, supporting documents, affidavits, and other record proof tendered with its Verified Complaint [DE 97]; the Motion for Temporary Restraining Order and Preliminary Injunction [DE 99] (converted by the Court to a motion to show cause); Plaintiff's Proposed Findings of Fact and Conclusions of Law [DE 126]; and the 8/9/23 Memorandum Opinion and Order [DE 120].

whether motion for relief were brought under clauses (1), (2), or (3), "[u]nder Rule 60(b), the party must move for relief from the judgment on any of these grounds within one year after the judgment was entered. No motion has been made, and more than one year has passed."). A pending appeal does not toll the running of the one-year period. *Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1088-89 (10th Cir. 2005). The judgment and order which Wright apparently intends to attack was entered on August 9, 2023 [DE 129]. Any complaint about that order which Wright intends to support through "judicially noticed facts" would be untimely.

In addition, any Rule 60(b) motion which Wright intends to offer would be futile. Relief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). Moreover, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *McGee v. Continental Mills, Inc.*, No. 5:09-CV-00155-TBR, 2010 WL 2557750 (W.D. Ky., June 18, 2010). It is decidedly not the purpose of Rule 60(b) to allow "a defeated litigant a second chance to convince the court to rule on his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). Any intended attack on the Court's August 9, 2023 order is both substantively and procedurally futile and, therefore, the Motion should be denied.

## II. THE COURT PROPERLY REJECTED WRIGHT'S PREVIOUS REQUEST TO TAKE JUDICIAL NOTICE OF THE "FACTS" WHICH ARE THE SUBJECT OF THE MOTION.

Wright acknowledges that an identical motion has already been denied by the Court. [Motion, 1 (PageID #4212)]. However, he completely mischaracterizes the reason for that rejection stating that it was denied because the "filing was procedurally deficient …." [*Id.*]. **That is simply not true**. Wright's prior judicial notice motion was rejected because the Court correctly

found that "the information Wright asks the Court to take judicial notice of is not indisputable fact." [8/9/23 Memorandum Opinion and Order [DE 129], PageID #3724]. Moreover, the Court expressly held that the information did not qualify for judicial notice because it "is not readily determined from sources whose accuracy cannot reasonably be questioned." [*Id.* at PageID #3724-3725]. Most importantly, the Court specifically stated that "the purported 'facts' are irrelevant to the Court's resolution of the matters before it." [*Id.* at PageID #3725].

The "facts" which are the subject of the Motion suffer from the same fatal flaw that doomed the motion he filed nineteen months ago. Wright's self-proclaimed expertise on the history of Kentucky Colonels and his criticisms of the United States Patent and Trademark Office are not from sources that cannot be reasonably questioned and do not constitute indisputable fact. Moreover, as the Court recognized, this case is not about competing historical narratives. It is about Wright and the entities he controls attempting to hijack HOKC's registered KENTUCKY COLONELS Mark for personal enrichment, in blatant violation of this Court's February 23, 2021 Permanent Injunction. An injunction to which ***Wright himself agreed***. Wright's lecture on the law of judicial notice and the application of judicial notice to the history of Kentucky Colonels is not relevant to the issues in this action. The Motion should be denied.

### III.    THE MOTION SHOULD BE STRICKEN FROM THE COURT RECORD.

Like its progeny, the Motion offers nothing more than a self-aggrandizing morass of irrelevant gibberish solely for the purpose of harassing HOKC, inconveniencing both HOKC and the Court, and needlessly increasing the cost of litigation. A party may not present a pleading, written motion, or other paper to the court "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase cost of litigation." Fed.R.Civ.P. 11(b)(1). The Motion was clearly filed for an improper purpose – creating a false and inaccurate record Wright could refer to in his Sixth Circuit brief. In addition, by Wright's own admission, the Motion was filed

for purposes of harassment. He candidly acknowledges that he intends to use the Motion as the "foundation for additional motions…" obviously intending to continue his campaign of vexatious litigation against HOKC [Motion, 2 (PageID #4213)]. HOKC should not be required to address the erroneous legal analysis and irrelevant factual conclusions recited in the Motion and accompanying exhibits if and when it is necessary to respond to future spurious filings by Wright. For these reasons, the Motion should be stricken from the Court's record.

## CONCLUSION

For the reasons set forth herein, the Motion should be denied and should be stricken from the Court's record.

Respectfully submitted,

*/s/ Cornelius E. Coryell II*
Cornelius E. Coryell II
Julie Laemmle Watts
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, KY 40202
(502) 589-5235
ccoryell@wyattfirm.com
jwatts@wyattfirm.com

*Counsel for Plaintiff, the Honorable Order of Kentucky Colonels, Inc.*

## CERTIFICATE OF SERVICE

   I hereby certify that on March 21, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that a true and correct copy of the foregoing has been served upon the following, via electronic mail, on the 21st day of March, 2025:

David J. Wright
[david.wright@globcal.net](mailto:david.wright@globcal.net)
Edificio Torre 997, Local B
San Juan, Caracas
Distrito Capital, Venezuela 1021

              */s/ Cornelius E. Coryell II*
              *Counsel for Plaintiff, the Honorable Order of*
              *Kentucky Colonels, Inc.*

101891097.1