UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF KENTUCKY

LOUISVILLE DIVISION

*The Honorable Order of Kentucky Colonels, Inc.*,

     Plaintiff,

v.

*Col. David J. Wright*,

     Defendant.

**Civil Action No. 3:20-cv-00132**

---

**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR RULE 11 SANCTIONS**

The Court, having reviewed Defendant's Motion for Rule 11 Sanctions, the supporting exhibits, the record in this case, and applicable legal authority, hereby finds as follows:

1. Plaintiff's counsel submitted pleadings and declarations that misrepresented material facts and omitted controlling legal authority;

2. Trademark applications cited as the basis for injunctive relief were filed in bad-faith under penalty of perjury with materially false first-use claims, in conflict with prior sworn statements;

3.  Defendant submitted a confidential merger proposal in January 2020 that was later adopted by Plaintiff, in part, under color of injunctive authority and without attribution;

Based on these findings and the authority granted under Rule 11(c), 15 U.S.C. § 1120, and the inherent powers of the Court, IT IS HEREBY ORDERED:

1.  **Monetary sanctions** are imposed on Plaintiff's counsel, Cornelius E. Coryell II and Wyatt, Tarrant & Combs, LLP, pursuant to Fed. R. Civ. P. 11(c)(4), in an amount to be determined after further submissions;

2.  Plaintiff's litigation counsel is **referred to the Kentucky Bar Association** for investigation into violations of the Kentucky Rules of Professional Conduct;

3.  Plaintiff's trademark counsel is **referred to the USPTO Office of Enrollment and Discipline** for violations of 37 C.F.R. § 11.18(b) and 15 U.S.C. § 1120;

4.  All pleadings and orders obtained based on the February 2020 trademark filings, including the Preliminary Injunction [DE-58] and Agreed Permanent Injunction [DE-93], are **stricken and vacated**;

5.  Defendant is granted **leave to file a motion under 15 U.S.C. § 1119** to seek cancellation of Plaintiff's fraudulently procured trademarks;

6.  The parties are **referred to mediation** before a neutral third-party mediator, under conditions ensuring equal access and fairness, to address the loss of Defendant's nonprofit model and irreparable harm;

7.  An **independent audit is ordered** to investigate financial transactions between Plaintiff and Wyatt, Tarrant & Combs, LLP, including potential board-level conflicts of interest;

8.  Plaintiff and its Board of Directors are **referred to the IRS and other nonprofit oversight organizations**, including BBB Wise Giving Alliance, ProPublica Nonprofit Explorer, and the Kentucky Nonprofit Network;

9.  The Court finds that Defendant's **merger proposal (Exhibit C)** was a good-faith nonprofit initiative submitted under confidentiality, and that Plaintiff's subsequent adoption of its core elements without attribution constitutes misuse of privileged communication;

10. The Court further finds that Defendant's registry activities and use of the term "Kentucky Colonels" were **non-commercial and protected under the First Amendment**;

11. Such **additional relief as may be necessary** to preserve the integrity of these proceedings shall be granted upon further application.


IT IS SO ORDERED.


Dated: _____


_____

United States District Judge