UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | |
|---|---|
| THE HONORABLE ORDER OF KENTUCKY COLONELS, INC. | ) ) |
| | ) |
| PLAINTIFF | ) |
| | ) |
| v. | )    CIVIL ACTION NO. 3:20-CV-132-RGJ |
| | ) |
| KENTUCKY COLONELS INTERNATIONAL, et al. | ) ) |
| | ) |
| | ) |
| DEFENDANTS | ) |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RETURN OF BOND [DE 177]

Two of the three cases cited in Defendant's Objection to Plaintiff's Motion for Return of Bond [DE 178] ("Wright's Objection") simply do not exist.[1]  The only case cited in Wright's Objection that actually exists, *Blue Cross & Blue Shield Mut. of Ohio v. Blue Cross & Blue Shield Ass'n*, 110 F.3d 318, 334 (6th Cir. 1997), does ***not*** involve, or in any way analyze, a motion for return of a bond.  Therefore, that case has no application to the instant motion.

The bond at issue was posted by HOKC on February 27, 2020 to secure the Temporary Restraining Order entered by the Court [DE 19] (the "TRO").  That TRO is no longer in effect,

---

[1] As shown in the Response to Defendant's Motion for Rule 11 Sanctions [DE 179], the recent filings of Defendant David J. Wright ("Wright") demonstrate a troublesome practice of misrepresenting legal authority or conjuring case law out of thin air.  While *pro se* litigants are typically afforded great latitude in their filings, this pattern suggests that the inaccurate citations are either intentional or hallucinations due to Wright's use of shockingly unreliable artificial intelligence.  Regardless, great caution should be exercised in analyzing and applying any case authority cited by Wright.

and Wright was not found to have been wrongfully enjoined.[2]  Therefore, there is no reason that security for the TRO remain on deposit with the Court.

For the reasons set forth herein, HOKC's motion should be granted and the $1,000 deposited with the Court as bond should be returned to HOKC.

Respectfully submitted,

*/s/ Cornelius E. Coryell II*
Cornelius E. Coryell II
Julie Laemmle Watts
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, KY  40202
(502) 589-5235
ccoryell@wyattfirm.com
jwatts@wyattfirm.com

*Counsel for Plaintiff, the Honorable Order of Kentucky Colonels, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that a true and correct copy of the foregoing has been served upon the following, via electronic mail, on the 14th day of April, 2025:

David J. Wright
david.wright@globcal.net
Edificio Torre 997, Local B
San Juan, Caracas
Distrito Capital, Venezuela 1021

*/s/ Cornelius E. Coryell II*
*Counsel for Plaintiff, the Honorable Order of Kentucky Colonels, Inc.*

101914484.1

---

[2] In February 2021, Wright negotiated the terms of a Mediator's Proposal and an Agreed Permanent Injunction as part of the settlement of HOKC's claims against him.  That Agreed Permanent Injunction [DE 93] now controls, and no surety was required for that order.