UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

FILED
JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: _____Apr 14, 2025_____

| | |
|---|---|
| **THE HONORABLE ORDER OF KENTUCKY COLONELS, INC.**<br>  Plaintiff<br><br>vs.<br><br>**COL. DAVID J. WRIGHT**<br>  Defendant | Civil Action No. 3:20-cv-00132-RGJ<br><br>**AMENDED OBJECTION TO MOTION FOR RETURN OF BOND** |

# DEFENDANT'S AMENDED OBJECTION TO PLAINTIFF'S MOTION FOR RETURN OF BOND [DE-177]

**TO THE HONORABLE COURT:**

**Defendant, Col. David J. Wright, appearing pro se, respectfully files this Amended Objection to Plaintiff's Motion for Return of Bond [DE 177].** This amended filing corrects citation errors made in **[DE-178]** and sets forth a more complete and accurate legal basis for opposing the return of bond. In particular, this filing addresses serious and unresolved post-judgment issues, including allegations of **ultra vires judicial actions, fraud upon the Court, the issuance of trademarks** *ab initio*, and application of the **collateral bar exception rule** as it relates to constitutional violations embedded in the underlying injunctions.

## I. Introduction

This Court is respectfully advised that Defendant's original objection [DE-178] included references to two case citations which, upon further investigation, were not valid. As a **pro se litigant** without access to commercial legal research tools or local docket databases, Defendant had limited ability to verify unpublished or non-precedential decisions.

This amendment is submitted in **good faith** to correct that record and to renew the objection based on proper authorities and constitutional concerns.

## II. Injunctions Were Procured Through Fraud Upon the Court, Trademark Misrepresentation, and Violated Constitutional Rights

1. While Plaintiff contends that the bond should be returned because the Temporary Restraining Order ("TRO") is no longer in effect and was later replaced by an Agreed Permanent Injunction, Defendant asserts that the TRO [DE 14], the Preliminary Injunction [DE 58], and the Agreed Permanent Injunction [DE 93] were each obtained through **fraud upon the Court**, misrepresentation of legal and factual matters, and **unlawful reliance on unregistered, unexamined trademark applications**, that were neither famous or incontestable.

2. At the time these injunctions were entered, Defendant was proceeding pro se and lacked the legal training necessary to **recognize that the injunctions imposed unconstitutional restrictions on his rights**. Defendant did not knowingly, voluntarily, or intelligently waive any constitutional protections. Moreover, **constitutional rights—including those guaranteed under the First Amendment (speech and association), Due Process, and Equal Protection—are not subject to waiver by inadvertence or judicial agreement**, particularly where the underlying orders are alleged to have been procured through fraud or misrepresentation. See *United States v. Mezzanatto*, 513 U.S. 196, 201 (1995) (waiver of constitutional rights must be knowing and voluntary); *Walker v. City of Birmingham*, 388 U.S. 307 (1967) (collateral bar rule permits challenge to unconstitutional injunctions); *Ashwander v. Tennessee Valley Auth.*, 297 U.S. 288, 314 (1936) (constitutional questions must be scrutinized with the highest standard of care).

3. Plaintiff's Reply [DE-180] asserts that Defendant "conjured case law" or relied on "shockingly unreliable artificial intelligence" in support of his prior filing [DE-178]. That accusation is wholly misplaced. Plaintiff's Reply resorts to ad hominem assertions regarding Defendant's citation efforts, wrongly attributing citation errors to imagined use of artificial intelligence.

Defendant reiterates that any prior citation mistakes were promptly corrected in this amended filing, in good faith, without intent to mislead. As already disclosed in this Amended Objection, Defendant voluntarily corrected the record to remove two invalid citations and has ensured that all legal authorities cited herein—including Supreme Court and Sixth Circuit precedent—are authentic, verifiable, and properly applied. This correction was made in good faith and reflects Defendant's ongoing effort to comply with Rule 11 and the standards of professional candor, despite being a pro se litigant without access to proprietary research tools. Any further attempt to discredit Defendant's filings based on good-faith correction should be viewed as an effort to distract from the unresolved substantive issues.

4. The Plaintiff's claim that its marks were "incontestable" and "famous" was misleading. Plaintiff had only **applied** for the trademarks **three days before filing suit**, and no registration had been issued at the time of the TRO or Preliminary Injunction. Despite this, the Court was led to treat these mere applications as legally enforceable marks based on the Plaintiff's sophisticated and strategic presentation to the Court. As a result, the injunctions rested on a foundation that misrepresented the Plaintiff's legal standing under the **Lanham Act**, 15 U.S.C. § 1051 et seq., particularly §§ 1057(b), 1065, and 1115(b), which govern presumptions of validity, incontestability, and enforceability.

5. Defendant has notified the Court of his intent to pursue cancellation of Plaintiff's trademarks under **15 U.S.C. § 1119**, which authorizes this Court to cancel a registration in the context of litigation, and to assert cancellation grounds under **15 U.S.C. § 1064**, based on fraudulent procurement and false assertions of incontestability and fame. See *Universal Tube & Rollform Equip. Corp. v. YouTube, Inc.*, 504 F. Supp. 2d 260, 269 (N.D. Ohio 2007) ("Under § 1119, this Court has the authority to cancel a federally registered trademark if such relief is sought as part of an action involving the mark.").

6. In *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996), the Sixth Circuit affirmed that **fraud on the court is an extraordinary circumstance** that justifies

equitable relief, even from agreed judgments. Such claims are not constrained by ordinary filing deadlines and may be raised **at any time**. See Fed. R. Civ. P. 60(d)(3); *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); *United States v. Beggerly*, 524 U.S. 38, 47 (1998).[1]

7. Defendant has **filed post-judgment motions** raising these issues, including:

    - Motion for Rule 11 Sanctions [DE 176],

    - Motion to Recuse [DE 170],

    - Motion for Judicial Notice [DE 171],

    - Notice of Intent for Rule 11 Sanctions [DE 169].

## III. The Matter is on Appeal to the Sixth Circuit

8. The legality and constitutionality of the injunctions are **currently under review by the U.S. Court of Appeals for the Sixth Circuit**. The retention of the bond during appeal is a prudent and equitable measure.

9. Contrary to Plaintiff's assertion that bond return is procedural and automatic, courts in this and other Circuits have recognized their discretion under Rule 65(c) to withhold return of security until substantive post-judgment motions—especially those alleging fraud, Rule 60(b) relief, or constitutional violations—are resolved. See *C.A. Muer Corp. v. Big River Fish Co.*, 16 F.3d 1228, 1234 (6th Cir. 1994) ("A district court may withhold return of a bond where it is necessary to secure the rights of the enjoined party pending final resolution of the dispute.")

10. Plaintiff's Reply [DE 180] argues that *Blue Cross & Blue Shield Mut. of Ohio v. Blue Cross & Blue Shield Ass'n,* 110 F.3d 318, 334 (6th Cir. 1997) is inapplicable because it did not concern bond return. However, the Sixth Circuit's analysis in that case does reaffirm that **Rule 65(c)**

---

[1] Unlike ordinary Rule 60(b)(3) motions, a claim of fraud upon the court under Rule 60(d)(3) is not time-barred. See *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

**bonds are intended as security for wrongful injunction**, and courts retain discretion over their disposition when the legitimacy of the underlying injunction is contested. The case remains instructive on the broader purpose of bond retention when injunctive relief is challenged under Rule 60(b) or Rule 11.

11. The Sixth Circuit has stated that constitutional violations tied to injunctions—even if initially agreed upon—must be reviewed with strict scrutiny. See *Northeast Ohio Coalition for the Homeless v. Husted*, 696 F.3d 580, 601 (6th Cir. 2012).

12. Rule 65(c) of the Federal Rules of Civil Procedure supports holding a bond until all claims related to wrongful injunction are fully resolved.

## IV. Equity Favors Continued Retention of Bond

13. Plaintiff will suffer no prejudice from temporary retention of the $1,000 bond, while premature return may irreparably prejudice Defendant's ability to seek monetary recovery under Rules 59(e), 60(b), or 11(c).

14. This is not a situation where the bond is obsolete or unnecessary; it remains a valid form of security tied to unresolved and ongoing litigation issues.

15. This objection does not ask the Court to adjudicate the merits of Defendant's constitutional and fraud-based claims at this stage. It only seeks the equitable retention of the bond pending resolution of those issues through post-judgment motions and appellate review.

Equity strongly favors preserving the status quo by maintaining the bond until all questions of legal validity and judicial fairness have been adjudicated.

## V. Conclusion

**WHEREFORE**, Defendant respectfully requests that this Court:

- **DENY** Plaintiff's Motion for Return of Bond [DE 177], or
- **ALTERNATIVELY**, **DEFER** ruling until all post-judgment motions and the Sixth Circuit appeal are resolved.

**WHEREFORE**, Defendant respectfully requests that the Court **DENY** Plaintiff's Motion for Return of Bond [DE-177], or in the alternative, **DEFER** ruling until final disposition of the pending post-judgment motions and issues involving potential fraud on the Court.

Respectfully submitted,

Col. David J. Wright
302 General Smith Drive
Richmond, Kentucky 40475

david.wright@globcal.net
Tel: (859) 379-8277

Dated: April 14, 2025
Puerto Carreño, Colombia

## Certificate of Service

I, Col. David J. Wright, hereby certify that on April 14, 2025, I submitted this **Amended Objection to Plaintiff's Motion for Return of Bond [DE-177]** to the Clerk of Court via the Court's Electronic Document Submission System (EDSS), in accordance with General Order No. 25-02.

Upon docketing by the Clerk, notice will be served through the CM/ECF system to the following counsel of record:

Cornelius E. Coryell II
Julie Laemmle Watts
WYATT, TARRANT & COMBS, LLP
ccoryell@wyattfirm.com
jwatts@wyattfirm.com

**Dated:** April 14, 2025

Clerk's Office
601 W. Broadway, Rm 106
Gene Snyder United States Courthouse
Louisville, KY 40202

*/s/ Col. David J. Wright*