UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

THE HONORABLE ORDER OF
KENTUCKY COLONELS, INC.,                                           Plaintiff,

v.                                                    Civil Action No. 3:20-cv-132-RGJ

KENTUCKY COLONELS
INTERNATIONAL et al.,                                             Defendants

* * * * *

**MEMORANDUM OPINION AND ORDER**

Defendant David J. Wright ("Wright"), pro se, moves "for the immediate recusal of Judge

Rebecca Grady Jennings pursuant to 28 U.S.C. §§ 455(a) and 144." [DE 170].  The Honorable

Order of Kentucky Colonels, Inc. ("HOKC" or "Plaintiff")) responded [DE 172]. The motion is

ripe.  Having considered the motion and accompanying documentation, Plaintiff's motion for

recusal [DE 170] is **DENIED.**

## I.    BACKGROUND

Plaintiff's original case ("Kentucky Colonels I") alleged that Wright, along with Ecology

Crossroads Cooperative Foundation, Inc. and Globcal International ("Corporate Defendants")

(collectively with Wright, "Defendants") were infringing on Plaintiff's KENTUCKY COLONELS

trademark. The Court granted and later extended a TRO against Defendants. [DE 14; DE 23; DE

32]. The parties participated in a settlement conference, which resulted in the Agreed Permanent

Injunction ("Agreed Order"). The Court entered the Agreed Order and dismissed the case. [DE 93;

DE 94]. Wright signed the Agreed Order on behalf of himself and as the agent for Corporate

Defendants. [DE 121, Contempt Hr'g Tr., at 3518].

Approximately two years passed. The case was reopened in March 2023 when Plaintiff moved to enforce the Agreed Order in *The Honorable Ord. of Kentucky Colonels, Inc. v. Globcal Int'l,* No. 3:23-CV-43-RGJ (W.D. Ky. 2023) ("Kentucky Colonels II"). [DE 99]. After an evidentiary hearing on April 25, 2023, Defendants were held in contempt of the Agreed Order, enjoined from using the KENTUCKY COLONELS trademark, and ordered to pay $7,500 in compensatory sanctions. [DE 129]. Wright was also ordered to pay a portion of Plaintiff's attorneys' fees and costs in the amount of $10,477.25. [DE 138]. The Court did not assess fees or costs against Corporate Defendants in its previous order because Plaintiff had not yet secured a default judgment. [DE 138 at 3844]. Wright appealed the Court's contempt order [DE 129] and assessment of attorneys' fees and costs against him. [DE 138]. The Court denied his motion to stay the judgments pending appeal, [DE 149 at 3942–44], and granted the default judgment as to the Corporate Defendants [DE 150]. Plaintiff then filed a motion to compel and for sanctions [DE 157], which the Court granted [DE 158] and required Wright to submit to a post-judgment asset discovery deposition. This Court then granted attorney fees [DE 162].

Wright has now made several additional filings: (1) Notice of Intent to Seek Rule 11 Sanctions [DE 169]; (2) motion for recusal of the undersigned [DE 170]; (3) motion for judicial notice pursuant to FRE 201(b) [DE 171]; (4) motion for Rule 11 sanctions against Plaintiff's counsel [DE 176]. Plaintiff also moves separately for return of bond. [DE 177]. Because the motion to recuse presumably impacts all other motions, the court addresses this motion first.

## II.    ANALYSIS

Wright moves for recusal asserting that

2

> Judge Jennings' rulings in this case resemble and exhibit an unmistakable pattern of bias, procedural irregularities, and deference to Plaintiff, [ ] at the direct expense of Defendant's fundamental rights. This Court's integrity requires immediate reassignment to an impartial judge, as Judge Jennings has failed to exercise judicial discretion, disregarded binding precedent, and relied upon omissions and fraudulent evidence presented by Plaintiff.

[DE 170 at 4101]. Wright also asserts that

> There is substantial evidence in the record that Judge Jennings has "personal bias or prejudice against me", satisfying the standard of section 144, and that Judge Jennings' "impartiality might reasonably be questioned" in making further rulings in this case since inheriting the case that was prejudged ex-parte by Judge David J. Hale following his rulings on Plaintiff's Motion for a Preliminary Injunction [DE-7] to impose a Temporary Restraining Order [DE-12 & DE-14] and subsequently hold a Preliminary Injunction Hearing on March 04, 2020 concluding with taking the matter under advisement [DE-22], followed by his own voluntary recusal [DE-25] after becoming aware that the Defendant is a Kentucky Colonel and a member, donor, and volunteer of the Plaintiff's organization for over two decades well-known to his peers in his Motion to Dismiss [DE-23 & DE-24].

[DE 170 at 4102-03 (emphasis removed)]. Wright supports his motion with his own declaration [DE 170-1] as well as other documents allegedly asserting new information regarding Plaintiff's deliberate misrepresentations. [*Id.* at 4103].

Wright seeks recusal under 28 U.S.C. §§ 144 and 455(a). Title 28 U.S.C. § 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." Although § 144 on its face appears to require automatic disqualification once a motion and affidavit are filed, it is proper for the challenged judge to rule on the motion for recusal to determine whether it is legally sufficient. *Marshall v. Yates*, No. 306-CV-611-S, 2007 WL 471166, at * 1 (W.D. Ky. Feb. 7, 2007); s*ee also United States v. Beasley*, No. 103-CR-106, 2006 WL 3511146, at *2 (E.D. Tenn. Dec. 4, 2006). Courts interpreting this recusal statute have consistently held that an affidavit of bias filed under

§ 144 must allege facts that would indicate to a reasonable person that the named judge has a personal bias against the moving party. *General Aviation, Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990). "The requisite showing of prejudice in this context may not be made by pointing to allegedly erroneous or atypical judicial rulings." *United States v. Anderson*, 84 F. App'x 513, 516 (6th Cir. Dec. 4, 2003) (citing *Traficant v. C.I.R.*, 884 F.2d 258, 267 (6th Cir. 1989)).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The Sixth Circuit has held that "[a] district judge is required to recuse himself 'only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989) (quoting *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983)). "This standard is objective and is not based 'on the subjective view of a party.'" *Id.* (quoting *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988)); s*ee also Harris v. United States*, No. 20-5782, 2021 WL 3027830 (6th Cir. May 14, 2021). This inquiry is "made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000).

Generally, recusal under either statute is not required because a party is dissatisfied with a court's ruling. "The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *Vintilla v. Safeco Ins. Co.*, No. 1:05CV666, 2005 WL 1657056 (N.D. Ohio 2005); *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003). Essentially, "[t]he alleged facts . . . must relate to 'extrajudicial conduct rather than . . . judicial conduct.'" *Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671,

4

681 (6th Cir. 2007) (quoting *Story,* 716 F.2d at 1091); *see also Massey v. Specialized Loan Servicing, LLC*, No. 1:23-CV-00020-GNS, 2023 WL 6096953, at \*4 (W.D. Ky. Sept. 18, 2023). Courts have consistently recognized "that a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994); *Philip Morris USA, Inc. v. U.S. Food & Drug Admin.*, 156 F. Supp. 3d 36, 40 (D.D.C. 2016) (in finding that he was not disqualified, the judge noted that "a decision to recuse would encourage inappropriate judge-shopping by future litigants").

As discussed above, it is proper for the challenged judge to rule on a motion for recusal brought under either 28 U.S.C. §§ 144 or 455. *Marshall*, 2007 WL 471116, at \*1. Wright's justification for seeking recusal arises from his dissatisfaction with this Court's rulings in this case. Wright has not shown a proper basis for recusal under either statute. Wright fails to allege any facts that would lead an objectively reasonable person to believe that the undersigned harbors any bias against Wright that is personal or stems from an extrajudicial source sufficient to warrant the undersigned's recusal. *See Liteky v. U.S.*, 510 U.S. 540, 545–546 (1994); *Beasley*, 2006 WL 3511146, at \*4. While Wright appears to allege that the case was "prejudged ex-parte by Judge David J. Hale" presumably based on his rulings prior to his recusal, he provides no evidence or assertion of any improper ex-parte communications. The rulings of Judge Hale before recusal do not evidence any bias on the part of the undersigned. Wright's declaration and motion is based entirely on the undersigned's judicial rulings. As noted above, judicial rulings do not constitute a valid basis for recusal. *Liteky*, 510 U.S. at 555. Thus, the Court finds that the allegations do not support recusal.

5

### III.    CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Wright's motion for recusal [DN 170] is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

April 15, 2025

cc:    Plaintiff, *pro se*
       Counsel of Record