UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

THE HONORABLE ORDER OF
KENTUCKY COLONELS, INC.,                                                                Plaintiff

v.                                                                Civil Action No. 3:20-cv-132-RGJ

KENTUCKY COLONELS
INTERNATIONAL et al.,                                                             Defendants

\* \* \* \* \*

**ORDER**

Plaintiff The Honorable Order of Kentucky Colonels, Inc. ("Plaintiff") moved for the return of the $1,000 bond posted as required by this Court's initial temporary restraining order. [DE 177, *see also* DE 14]. Pro se Defendant David J. Wright ("Wright") also filed a motion for judicial notice under Fed. R. Evid. 201(b) and motion for Fed. R. Civ. P. 11 sanctions. [DE 171, DE 176]. For the reasons below, Plaintiff's motion for return of bond [DE 177] is **GRANTED**. The Court lacks jurisdiction over Wright's motion for judicial notice and motion for sanctions and, as a result, they are **DENIED.** [DE 171, DE 176].

As an initial matter, the Court required Plaintiff to post a $1,000 bond when it granted a temporary restraining order, which Plaintiff posted into the Court's registry. [DE 14, DE 20]. The Court extended a TRO against Defendants. [DE 23; DE 32]. A preliminary injunction was later granted keeping the $1,000 bond in place. [DE 58 at 1236]. The parties participated in a settlement conference, which resulted in the Agreed Permanent Injunction ("Agreed Order"). The Court entered the Agreed Order and dismissed the case. [DE 93; DE 94]. No bond was required by the parties' Agreed Order. Thus, the bond is no longer required and should be returned.

1

As to Wright's motion for judicial notice, the Court has already substantively denied the same request from Wright. [DE 129 at 3724-25]. But more importantly, Wright's notices of appeal [DE 132, DE 142] divested this Court to jurisdiction to consider Wright's motion as "[i]t is well settled that filing a notice of appeal with the district court clerk deprives the district court of jurisdiction to act in matters involving the merits of the appeal." *United States v. Holloway*, 740 F.2d 1373 (6th Cir. 1984) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982)). Because Wright's motion for judicial notice attempts to affect the merits of his appeal, this Court may not consider it. Similarly, Wright's motion for sanctions, while appearing frivolous and intended to harass, seeks similar relief to the relief sought in his appeal; thus, the Court does not have jurisdiction to decide it. As Wright is aware, this case is on appeal and the Court will not consider any motions from the parties that attempt to affect the merits on appeal.

## CONCLUSION

For the reasons set forth it is **ORDERED**:

1) Plaintiff's motion for return of bond [DE 177] is **GRANTED**.

2) Defendant Wright's motion for judicial notice [DE 171] and motion for sanctions [DE 176] are **DENIED**.

April 15, 2025

Rebecca Grady Jennings, District Judge
United States District Court

Copies to:   Defendant David Wright, pro se
             Counsel of Record