FILED

JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: _____ Jun 02, 2025 _____

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

|  |  |  |
|---|---|---|
| **THE HONORABLE ORDER OF** | ) | **Civil Action No. 3:20-cv-00132-RGJ** |
| **KENTUCKY COLONELS, INC.** | ) | |
| **Plaintiff** | ) | |
| | ) | **NOTICE OF VOID ORDERS** |
| **vs.** | ) | |
| | ) | **Filed Pursuant to FRCP 9(b)** |
| **COL. DAVID J. WRIGHT** | ) | **and FRCP 60(b)(3)** |
| **Defendant** | ) | |
| | ) | |

# NOTICE OF VOID ORDERS

**TO THE HONORABLE DISTRICT COURT:**

COMES NOW Defendant, Col. David J. Wright, a Kentucky Colonel, appearing *pro se* and in *forma pauperis*, and respectfully provides **formal notice** that the following orders and proceedings in this case are **void *ab initio* pursuant to Fed. R. Civ. P. 9(b) and 60(b)(3)**, having been entered without proper jurisdiction, based upon fraudulent trademarks, baseless retaliatory litigation, and included the fraudulent concealment of exculpatory facts in **Plaintiff's Verified Complaint [DE-1]** and **Motion for Preliminary Injunction [DE-7]** in violation of his constitutional protections:

- **Temporary Restraining Order [DE 14] Judge David J. Hale**

- **Preliminary Injunction [DE 58] Judge Rebecca Grady Jennings**

- **Court Mediator's Proposal / Agreement – Magistrate Regina S. Edwards**

- **Agreed Permanent Injunction [DE 93] Judge Rebecca Grady Jennings**

- **Settlement Conference [DE 77, 87 and related docket] Magistrate Regina S. Edwards**

- **Memorandum Opinion and Order [DE 129] Judge Rebecca Grady Jennings**

# I. Grounds for Declaring Orders Void Ab Initio

## 1. Fraud on the Court and Trademark Misrepresentation

The Plaintiff initiated this action on the basis of three trademark applications filed just three days earlier, but presented them in its Verified Complaint [DE-1] and Motion for Preliminary Injunction [DE-7] as if they were already registered, incontestable, and famous. These representations were materially false and made ambiguous before the court. With those trademarks, the Plaintiff manufactured the basis for the lawsuit and prevented the Defendant from operating his association. At the time of filing, the trademarks were neither registered nor enforceable under the Lanham Act, whereas other similar marks were for products. The Plaintiff further omitted key facts, including Defendant's 23-year history as a contributing member of the Plaintiff's organization, prior communications between the parties, and public use of the "Kentucky Colonel" identity for decades as the creator of the first "Kentucky Colonels" website in 1998.

These omissions and falsehoods constitute **fraud on the court**—a structural violation that taints the judicial process. Under **Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)** and **Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co., 324 U.S. 806 (1945)**, any order premised on material fraud is void and subject to vacatur at any stage of the proceedings.

### Summary of Fraud on the Court, Trademark Fraud, Misrepresentation

- Plaintiff filed this lawsuit three days after applying for three trademarks it falsely asserted as registered "incontestable and famous" in its Complaint and TRO/PI motions.

- These claims were **fraudulent and concealed material facts**, including prior contact, negotiations, trademark limitations, and the Defendant's membership in the Plaintiff organization. The trademark applications were fraudulent; the HOKC claim to a 1931 document as **[DE-1 Exhibit 1]** is fraudulent without legal succession.

- Such deceit constitutes **fraud on the court**, voiding any order premised on it. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co.*, 324 U.S. 806 (1945).

## 2. Unconstitutional Prior Restraint on Speech

The Temporary Restraining Order, Preliminary Injunction, and Agreed Permanent Injunction each imposed a prior restraint on the Defendant's ability to use the phrase "Kentucky Colonels" and related expressive identifiers. These orders prohibit non-commercial, civic, and historical references that fall well within the scope of constitutionally protected speech.

Such restraints are invalid under **Matal v. Tam, 582 U.S. 218 (2017)**, which held that trademarks may not be used to suppress expressive speech, and under **Nebraska Press Ass'n v. Stuart, 427 U.S. 539 (1976)**, which forbids the use of court orders to impose prior restraints without strict constitutional scrutiny.

**Summary of Unconstitutional Prior Restraint on Civil Rights**

- The **TRO**, **Preliminary Injunction**, and **Agreed Permanent Injunction** operate as unconstitutional **prior restraints** on protected speech.

- These restraints bar expressive use of "Kentucky Colonel" and even the unofficial unregulated TM symbol in non-commercial speech.

- *Matal v. Tam*, 582 U.S. 218 (2017); *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539 (1976).

## 3. Lack of Subject Matter Jurisdiction

The Court lacked jurisdiction under the Lanham Act to issue injunctive relief over a public domain term. The Plaintiff's asserted trademark rights were not registered at the time of the TRO or Preliminary Injunction. The Defendant has not claimed or filed any trademarks and was engaged in civic or descriptive use. Courts may not expand the scope of statutory rights to confer exclusive

ownership over a public title such as "Kentucky Colonel," which has historic roots recognized as early as 1775, acknowledged by the Commonwealth of Kentucky 1875, and Congress in 1936.

This District has already held in **Building Champions, Inc. v. The Honorable Order of Kentucky Colonels, 345 F. Supp. 2d 716 (W.D. Ky. 2004)** that the term "Kentucky Colonels" lacks secondary meaning sufficient for trademark enforcement and is widely used in a descriptive or honorary capacity.

**Summary on Lack of Subject Matter Jurisdiction, Not Yet a Trademark**

- The Court lacked **Lanham Act jurisdiction** because the Plaintiff's trademark rights were:
    - Not a registered trademark at the time of TRO/PI hearing,
    - Based on fraudulent applications,
    - Defendant made no trademark applications or claims,
    - Extended beyond what the law permits (e.g., claiming ownership dominance of an ideal based on a historical identity defined by the state).
- A federal court cannot expand statutory rights through equitable orders beyond its **subject-matter jurisdiction**, rendering such orders void. *United States v. Cotton*, 535 U.S. 625 (2002).

## 4. Structural Due Process and Judicial Impartiality Concerns

Key orders in this case were entered while motions for recusal alleging potential judicial bias were pending. In particular, the Court failed to rule on the recusal motion before issuing substantive rulings, including the Memorandum Opinion and Order [DE-129], which re-enforced the same unconstitutional restraints previously issued in the superseded Preliminary Injunction [DE-58].

This failure violates procedural due process and undermines the legitimacy of the orders issued. As held in **Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)** and **In re Murchison, 349 U.S.**

**133 (1955)**, the appearance or risk of judicial bias during critical phases of litigation is itself sufficient to invalidate proceedings under constitutional principles.

**Summary of Due Process Concerns**

- The Court repeatedly deferred to Plaintiff's requests, proposed orders, ignored dispositive motions, and failed to stay proceedings despite a pending recusal motion.

- Failure to rule on a recusal motion before issuing key orders is **per se reversible error** and strips the proceedings of due process. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009); *In re Murchison*, 349 U.S. 133 (1955).

## II. Specific Orders Declared Void

The following docket entries are identified as **void ab initio** based on the material misrepresentations, constitutional violations, and jurisdictional defects outlined above:

- **[DE 14] Temporary Restraining Order**
  Entered *ex-parte* on representations that Plaintiff owned "incontestable" and "famous" trademarks, when no registrations existed at the time. Issued without proper factual basis or analysis of fair use or expressive protections.

- **[DE 58] Preliminary Injunction**
  Relied on materially false premises from Plaintiff's motion and complaint. Imposed sweeping prohibitions on speech, domain names, and identity markers without analysis of statutory limitations under 15 U.S.C. §§ 1115(b)(4) or 1125(c)(3). The order exceeded Lanham Act authority and functioned as a prior restraint on protected speech.

- **[DE 77] Settlement Conference and Related Proceedings**
  Proceeded during an active premature case management and discovery, and under the false premise that Plaintiff's injunction posture was valid and binding. Plaintiff's mediated proposal and actions were not consistent with federal jurisdiction or due process principles.

- **[DE 93] Agreed Permanent Injunction**
  Incorporated language from the flawed Preliminary Injunction, lacked independent findings,

and was premised on the same unconstitutional and jurisdictionally defective framework. Defendant's prior stipulations were withdrawn in later filings, and the agreement was later contested in new proceedings [DE-97, DE-99].

- **[DE 129] Memorandum Opinion and Order**
  Reasserted language from [DE 58], despite intervening notice of appeal and constitutional challenges. Reopened the case without addressing pending recusal and due process concerns. Relied on enforcement of an injunction that was void for lack of subject matter jurisdiction and constitutional authority. Mistook the Preliminary Injunction for the Agreed Permanent Injunction notwithstanding the Court Mediator's Agreement.

Each of these orders is inseparably linked to the original fraud on the court and unsupported trademark claims. Because the underlying foundation was defective from the outset, the resulting orders lack legal effect and must be recognized as void as a matter of law.

## III. Legal Position and Judicial Duty to Acknowledge Voidness

Federal courts possess **inherent authority** and a continuing obligation to recognize when an order is void ab initio. Under **Rule 60(b)(4)** of the Federal Rules of Civil Procedure, a judgment is void if the rendering court lacked subject matter jurisdiction, acted in a manner inconsistent with due process, or issued rulings based on fraud that undermined the integrity of the proceedings.

As the Supreme Court held in **Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 246 (1944)**: "Tampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public."

Likewise, a federal court may not exercise authority in excess of its statutory jurisdiction under the Lanham Act, nor may it issue injunctions that violate First Amendment principles. As reaffirmed in **United States v. Cotton, 535 U.S. 625, 630 (2002)**, "[s]ubject-matter jurisdiction can never be forfeited or waived," and when it is lacking, the court's orders are "**nullities**."

Defendant respectfully informs this Court that this matter is currently pending before the **United States Court of Appeals for the Sixth Circuit**, Case Nos. **23-5795** and **23-6108**, where the validity of the underlying injunctions and related orders is under appellate review. No affirmative relief is sought through this filing. However, the legal status of the above-cited orders—as void ab initio—requires acknowledgment in the interest of constitutional compliance and judicial integrity.

## Reservation of Rights

Nothing in this Notice to the Court shall be construed as a waiver of any rights, defenses, objections, or remedies available to the Defendant at law or in equity. Defendant expressly reserves all rights before this Court and any reviewing court, including the right to seek further judicial relief or appellate review as appropriate.

## Declaration Under Penalty of Perjury

Pursuant to 28 U.S.C. § 1746, I, Col. David J. Wright, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, and that this Notice is submitted in good faith to advise the Court of adjudicative facts and legal status relevant to the integrity of the record and administration of justice.

Respectfully submitted,

Col. David J. Wright
302 General Smith Drive
Richmond, Kentucky 40475

david.wright@globcal.net
Tel: (859) 379-8277

Dated: June 02, 2025
Puerto Carreño, Colombia

## Certificate of Service

I, **David J. Wright**, hereby certify that on **June 02, 2025**, I submitted this **Notice of Void Orders** through the Court's **Electronic Document Submission System (EDSS)** for transmission to the Clerk of Court for the **United States District Court for the Western District of Kentucky**, in accordance with **General Order No. 25-02**.

Upon acceptance by the Clerk, the filing will be entered into the Court's **CM/ECF system**, which will provide **electronic notice to all registered CM/ECF participants** associated with this case. Service will be deemed complete upon docketing and assignment of a document number by the Clerk.

**Dated:** June 02, 2025

Clerk's Office
601 W. Broadway, Rm 106
Gene Snyder United States Courthouse
Louisville, KY 40202