FILED
JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: _____Aug 11, 2025_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

|  |  |
|---|---|
| THE HONORABLE ORDER OF KENTUCKY COLONELS, INC.<br>    Plaintiff<br><br>vs.<br><br>COL. DAVID J. WRIGHT<br>    Defendant | Civil Action No. 3:20-cv-00132-RGJ<br><br>MOTION FOR INDICATIVE RULING UNDER FRCP 62.1 |

# DEFENDANT'S RULE 62.1 MOTION FOR AN INDICATIVE RULING THAT THE COURT WOULD GRANT RELIEF UNDER RULE 60(d)(3) AND/OR RULE 60(b)(3)

---

COMES NOW Defendant, Col. David J. Wright, a Kentucky Colonel, appearing *pro se* and *in forma pauperis*, and respectfully moves under *Fed. R. Civ. P.* 62.1(a)(3) for an indicative ruling that, if the United States Court of Appeals for the Sixth Circuit remands under *Fed. R. App. P.* 12.1, this Court **would grant** (or that the motion **raises a substantial issue** as to granting) relief under *Fed. R. Civ. P.* 60(d)(3) (fraud on the court) and, in the alternative, *Rule* 60(b)(3) (fraud, misrepresentation, or misconduct). The relief sought is vacatur and dissolution of orders obtained or maintained on a tainted predicate—including **[DE 14]**, **[DE 58]**, **[DE 93]**, and **[DE 129]**—together with such further proceedings as are appropriate, including relief under *15 U.S.C. §§ 1119 and 1120* on remand.

Wright files contemporaneously a **"Supplement Regarding Recusal, Jurisdictional Divestiture, and Assignment in Support of Rule 62.1 Motion for Indicative Ruling"** (the "Supplement") and tenders a succinct **proposed** *Rule* 60(d)(3)/(b)(3) motion as Exhibit 1 to this request.

## Background and Procedural Posture

1. On February 25, 2020, the Court entered a **Temporary Restraining Order [DE 14]**; on August 13, 2020, a **Preliminary Injunction [DE 58]**; on February 23, 2021, an **Agreed Permanent Injunction [DE 93]**; and on August 9, 2023, a **Memorandum Opinion and Order** enforcing the injunction, imposing sanctions, and awarding relief **[DE 129]**.

2. Wright noticed appeals from the enforcement rulings now pending in the Sixth Circuit [DE 132] and [DE 142]. By operation of **Griggs v. Provident Consumer Discount,** the appeal divests this Court of authority to alter the substance of matters on review. See *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

3. Wright has filed **[DE 170]** (recusal), denied at **[DE 182]**, and additional motions—including **[DE 171]** and **[DE 176]**—denied at **[DE 183]**. Defendant subsequently filed a Notice of Void Orders pursuant to Fed. R. Civ. P. 9(b) and 60(b)(3) [DE 184] on June 02, 2025.

4. Wright now seeks an indicative ruling to enable a limited remand so the Court can adjudicate a targeted *Rule* 60(d)(3)/(b)(3) motion directed to fraud on the court and related misconduct.

## Legal Standards

When an appeal is pending and the district court lacks authority to grant the requested relief, the Court may state that it **would grant** the motion or that the motion **raises a substantial issue**. *Fed. R. Civ. P.* 62.1(a)(3); *Fed. R. App. P.* 12.1.

Relief under *Rule* 60(d)(3) is reserved for "the most egregious misconduct," i.e., an unconscionable scheme by an officer of the court, directed to the judicial machinery, involving intentional falsehood or concealment when under a duty to disclose, that actually deceives the court. *Workman v. Bell*, 227 F.3d 331, 336 (6th Cir. 2000) (citing *Demjanjuk v. Petrovsky*, 10 F.3d 338, 352–54 (6th Cir. 1993)).

Relief under *Rule* 60(b)(3) requires clear and convincing evidence that the adverse party's fraud, misrepresentation, or misconduct prevented the movant from fully and fairly presenting his case. *Info–Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454–58 (6th Cir. 2008).

**Text of Rule 62.1 / FRAP 12.1.** When a timely motion seeks relief the Court lacks authority to grant because an appeal is pending, the Court may **(1) defer**, **(2) deny**,[1] or **(3)** state that it **would grant** the motion **or** that the motion **raises a substantial issue**. *Fed. R. Civ. P.* 62.1(a)(3); *Fed. R. App. P.* 12.1. If the Court issues such a statement, the Court of Appeals may remand for that limited purpose while retaining jurisdiction.

**Divestiture principle standard.** While the appeal is pending, the Court cannot alter the substance of the order(s) on review absent remand. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

**Fraud standards.** "Fraud on the court" exists where an officer of the court, by intentional falsehood or reckless disregard and material concealment under a duty to disclose, deceives the tribunal and corrupts the judicial process. *Workman v. Bell*, 227 F.3d 331, 336 (6th Cir. 2000) (quoting *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993)). Rule 60(b)(3) requires clear and convincing proof that fraud or misconduct prevented a full and fair presentation. *Info–Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454–58 (6th Cir. 2008).

# Argument

## A. The Proposed Rule 60(d)(3) Motion Satisfies the Sixth Circuit's Elements for Fraud on the Court

**(1) Conduct by officers of the court.** Plaintiff's counsel, through the initial pleadings and injunction submissions, presented three newly-filed trademark applications **to establish likelihood-of-success**

---

[1] Should the Court decline to enter an indicative ruling under *Fed. R. Civ. P.* 62.1(a)(3), Defendant notes that the Court of Appeals retains discretionary authority to remand "as may be just under the circumstances." *See* 28 U.S.C. § 2106. This motion is presented in the first instance to preserve the orderly procedure contemplated by *Rule* 62.1 and *FRAP* 12.1.

**by overstating protectable rights**, as if they reflected long-standing, "incontestable,"[2] or "famous" trademark rights, while omitting material facts bearing on likelihood-of-success, equities, and scope.

**(2) Directed to the judicial machinery.** The challenged statements and omissions were made to procure **[DE 14]** and **[DE 58]**, later incorporated into **[DE 93]**, and then enforced in **[DE 129]**.

**(3) Intentionally false or in reckless disregard.** The submissions **conflated applications with registrations** and **suggested incontestability and fame** where none could exist, failed to confront **controlling adverse authority** on expressive/nominative use and mark weakness (*Taubman Co. v. Webfeats*, 319 F.3d 770, 777–80 (6th Cir. 2003) (noncommercial gripe sites and expressive domain names protected; injunction narrowed)), and omitted pre-suit communications bearing on acquiescence and good faith—conduct that, if proven, fits the *Workman/Demjanjuk* factors. See also this Court's analysis of the weakness/descriptiveness of 'Kentucky Colonels' in *Honorable Order of Kentucky Colonels v. Building Champions, LLC*, 345 F. Supp. 2d 716, 720–22 (W.D. Ky. 2004). See also *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 119–24 (2004) (classic fair use does not require absence of confusion; burden framework).

The TRO/PI posture heightened counsel's duty of candor; ex parte and emergency restraints are "drastic" and disfavored, and Rule 65(b) demands strict compliance. *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650–51 (6th Cir. 1993); *Fed. R. Civ. P.* 65(b).

**(4) Positive averment or concealment under a duty to disclose.** Emergency injunctive practice and counsel's duty of candor required fair presentation of adverse, material facts and law.

**(5) Actual deception of the tribunal.** The orders relied on the tainted predicate, yielding restraints that exceeded the *Lanham Act* and burdened protected nominative/expressive fair use.

---

[2] *Incontestability* requires **five consecutive years** of **post-registration** use and a proper § 15 declaration; applications filed on February 17, 2020 could not have been "incontestable" at the time of the TRO/PI filings. *15 U.S.C.* § 1065.

Kentucky's Rule of Professional Conduct **SCR 3.130(3.3)(a)(1)–(2)** prohibits false statements of law or fact and requires disclosure of **directly adverse controlling authority** not disclosed by opposing counsel.

This record, if credited on remand, meets *Workman/Demjanjuk* case law precedent and warrants vacatur under *Rule* 60(d)(3).

## B. Alternatively, the Proposed Rule 60(b)(3) Motion Presents Clear and Convincing Misconduct that Prevented a Full and Fair Presentation of Dispositive Evidence and Facts

The compressed TRO/PI schedule and the predicate misstatements/omissions impaired Wright's ability to present defenses grounded in descriptiveness/genericness, fair use, and First Amendment considerations, thereby satisfying *Info–Hold*.

## C. An Indicative Ruling is the Proper Mechanism; the Court Should Also Stay Enforcement Briefly and Recommend Reassignment on Rule 60

Because **[DE 129]** is on appeal, the Court cannot now alter it; but under *Rule* 62.1 the Court may indicate it **would grant** the proposed *Rule* 60 relief or that the motion **raises a substantial issue**, enabling a *FRAP* 12.1 remand. To preserve both courts' spheres, Wright also requests a short administrative stay of enforcement activity tied to **[DE 129]** pending the Sixth Circuit's decision on limited remand. Finally, consistent with *28 U.S.C. § 455(a)*'s appearance-of-justice principle (without revisiting **[DE 182]**), the Court may recommend intra-district reassignment of any Rule 60 proceedings on remand.

## D. Generic Class Terms and Trade-Name Coexistence Confirm Narrow Tailoring and Further Support an Indicative Ruling

Phrases that **name a class of people** ordinarily remain in the **public domain** and cannot be appropriated as exclusive source identifiers; courts therefore often permit **coexistence** with

**disclaimer-based** remedies to prevent passing off. In *Blinded Veterans Association v. Blinded American Veterans Foundation*, then-Judge Ginsburg held that "**blinded veterans**" is **generic** and not protectable as a trademark, while remanding for possible **passing off** relief—thus allowing both organizations to exist under clearly distinguished names and presentations. 872 F.2d 1035, 1036–37 (D.C. Cir. 1989). This "generic class-term" framework maps onto "**Kentucky Colonels**," a governmental commission and class description, not the proprietary name of a single private charity; it underscores the need for **narrow** injunctions focused on **confusing use as a mark**, not on truthful class references or nominative/explanatory speech.[3]

HOKC's practice of emphasizing **"KENTUCKY COLONELS"** standing alone, while under-identifying itself as **The Honorable Order of Kentucky Colonels**, risks **reverse confusion**—where the junior, more prominent user overwhelms the senior or other users, sowing confusion about **source and sponsorship**.[4] The Sixth Circuit recognizes reverse confusion and applies the **Frisch** factors to evaluate it. *Progressive Distribution Servs., Inc. v. UPS*, 856 F.3d 416, 429–31 (6th Cir. 2017) (noting reverse-confusion doctrine and rejecting any blanket rule that a house mark resolves it). These dynamics further justify an **indicative ruling** and, on remand, **tailored relief** that compels accurate **self-identification** and **clear disclaimers**, rather than suppressing generic/class terminology.

## E. Anticipated Objections and Why an Indicative Ruling Is Warranted

**"No substantial issue."** Rule 62.1 does not require the Court to decide the merits now; it permits a statement that the motion **"raises a substantial issue."** Here, targeted factual disputes—whether counsel's injunction papers **misrepresented** the legal status of **2/17/2020 applications**, whether

---

[3] The Supreme Court recognizes that **some possibility of confusion is compatible with fair use**; the Lanham Act plaintiff retains the confusion burden, as reaffirmed in *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 118–22 (2004).

[4] **State assumed-name compliance:** To the extent the Court considers **state-law naming compliance** among equitable factors, Kentucky requires filing a **certificate of assumed name** for use of a name other than the entity's "real name." *See* **KRS 365.015**. While not dispositive of Lanham Act rights, such compliance (or lack thereof) can inform **injunctive tailoring** toward accurate **self-identification**.

**incontestability** was implied, and whether **adverse authority** and **pre-suit contacts** were **omitted**—are precisely the kind that warrant a short evidentiary hearing on limited remand. *FRCP* 62.1(a)(3); *FRAP* 12.1.

**"Appellate divestiture bars action."** The request is **not** to alter **[DE 129]** now; it is to enter an **indicative ruling**, the procedure expressly contemplated by Rules **62.1/12.1**, with this Court acting only upon remand. *Griggs*, 459 U.S. at 58; *FRCP* 62.1; *FRAP* 12.1.

**"No clear and convincing fraud."** At minimum, the record supports the *Workman/Demjanjuk* elements (officer-driven, directed to the judicial machinery, intentional/reckless, material concealment under a duty, actual deception). That is more than sufficient to state that the motion **raises a substantial issue**, and the Court may so indicate without prejudging the ultimate Rule 60 disposition. *Workman*, 227 F.3d at 336; *Demjanjuk*, 10 F.3d at 348; *Info–Hold*, 538 F.3d at 454–58.

## Relief Requested

Wright respectfully requests that the Court enter an indicative ruling under *Rule* 62.1(a)(3) stating that, upon limited remand, the Court **would grant** (or that the *motion* **raises a substantial issue** as to granting) relief under *Rule* 60(d)(3), and in the alternative *Rule* 60(b)(3), directed to **[DE 14]**, **[DE 58]**, **[DE 93]**, and **[DE 129]**; that the Court briefly stay enforcement activity tied to **[DE 129]** pending the Sixth Circuit's disposition of a forthcoming *FRAP* 12.1 motion; and that the Court recommend reassignment of Rule 60 proceedings to preserve the appearance of justice.

**A. Vacate [DE 14]**, **[DE 58]**, the affected portions of **[DE 93]**, and **[DE 129]**, together with any fee or contempt awards predicated thereon, and **hold in abeyance** any money judgment enforcement pending remand proceedings. See *Fed. R. Civ. P.* 62. (To the extent Plaintiff seeks **profits or damages** for unmarked goods, *15 U.S.C.* § 1111 limits such monetary recovery absent proper notice, but § 1111 does **not** expand injunctions.)

**B. In the alternative**, and to avoid **reverse confusion** and ambiguity, any ongoing restraint should require Plaintiff, when identifying itself in fundraising, publicity, and goods/services commerce, to use its **full corporate name** ("The Honorable Order of Kentucky Colonels") **prominently** and to include a **neutral disclaimer** of governmental affiliation and of exclusivity in the **class term** "Kentucky Colonels," while **not** prohibiting truthful **nominative** or **descriptive** references by others. See *Taubman Co. v. Webfeats*, 319 F.3d 770, 777–80 (6th Cir. 2003) (protecting expressive or nominative uses and narrowing injunctions); *Blinded Veterans*, 872 F.2d at 1036–37 (generic class term coexistence with passing-off safeguards).

This Motion Under Rule 62.1 for an Indicative Ruling that the Court Would Grant (or that the motion **raises a substantial issue** as to granting) Under Rule 60(d)(3) and/or Rule 60(b)(3) is submitted in good faith recognizing this Court in the fair and impartial administration of justice.

Respectfully submitted,

Col. David J. Wright
302 General Smith Drive
Richmond, Kentucky 40475

david.wright@globcal.net                    Dated: August 11, 2025
Tel: (859) 379-8277                         Puerto Carreño, Colombia

## Certificate of Service

I, **David J. Wright**, hereby certify that on **August 11, 2025**, I submitted this **Motion** through the Court's **Electronic Document Submission System (EDSS)** for transmission to the Clerk of Court for the **United States District Court for the Western District of Kentucky**, in accordance with **General Order No. 25-02**.

Upon acceptance by the Clerk, the filing will be entered into the Court's **CM/ECF system**, which will provide **electronic notice to all registered CM/ECF participants** associated with this case. Service will be deemed complete upon docketing and assignment of a document number by the Clerk.

**Dated:** August 11, 2025

Clerk's Office
601 W. Broadway, Rm 106
Gene Snyder United States Courthouse
Louisville, KY 40202

*Col. David J. Wright* (signature)