# EXHIBIT 1

---

**The Honorable Order of Kentucky Colonels, Inc.,** Plaintiff,

v.

**Col. David J. Wright, et al.,** Defendant.

Civil Action No. 3:20-cv-00132-RGJ

## DEFENDANT'S PRELIMINARY DRAFT MOTION UNDER RULE 60(d)(3) AND, IN THE ALTERNATIVE, RULE 60(b)(3)

*(Addressing Fraud on the Court; Trademark Fraud/Misrepresentation/Misconduct)*

Defendant Col. David J. Wright ("Wright"), *pro se*, moves for relief from the Court's orders entered in this action—including **[DE 14]**, **[DE 58]**, **[DE 93]**, and **[DE 129]**—pursuant to *Fed. R. Civ. P.* 60(d)(3) and, in the alternative, *Rule* 60(b)(3). The record demonstrates that Plaintiff's counsel, acting as officers of the Court, procured and maintained these orders by material misrepresentations and concealment that deceived the judicial process and prevented a full and fair presentation.

**Pervasive pattern.** The misconduct alleged is **not episodic**; it is a **pattern** spanning the **Verified Complaint** and **TRO/PI papers**, through enforcement, that repeatedly **overstated rights** (applications cast as registrations/incontestable marks) and **withheld material counter-facts and law**. Such a pattern—if proven—satisfies *Workman*'s "officer-driven" and "directed to the judicial machinery" elements.

**Grounds**

1. **Fraud on the Court (*Rule* 60(d)(3); *Workman v. Bell*, 227 F.3d 331, 336 (6th Cir. 2000); *Demjanjuk v. Petrovsky*, 10 F.3d 338, 352–54 (6th Cir. 1993)).**

    - **Officer-driven deception directed to the judicial machinery.** In the **[Verified Complaint, DE 1]** and **[PI papers, DE 7 and DE 13]**, counsel portrayed three trademark **applications** filed February 17, 2020 as if they reflected established, "registered," "incontestable," or "famous" rights; simultaneously omitting adverse, material facts and law. Assertions of "incontestability" were legally impossible at the time because **§ 1065** requires five consecutive years of post-registration use and a proper § 15 declaration.

    - Plaintiff's **house-mark** use compounded ambiguity by repeatedly presenting **"KENTUCKY COLONELS" without** clear, prominent self-identification as **The Honorable Order of Kentucky Colonels**, heightening **reverse-confusion** risk and misleading the Court as to the **scope** and **strength** of any rights. *Progressive Distribution*, 856 F.3d at 429–31.

    - **Material concealments.** Omitted pre-suit contacts/knowledge (including 2001 and later communications, merger/confidentiality dealings, and known concurrent uses) and controlling adverse authority on the descriptive/public character of "Kentucky Colonels," *see Honorable Order of Kentucky Colonels, Inc. v. Building Champions, LLC*, 345 F. Supp. 2d 716 (W.D. Ky. 2004). Failure to disclose **directly adverse controlling authority** also implicates the duty of candor. *Ky. SCR* **3.130(3.3)(a)(2)**.

- **Resulting deception and overreach.** The Court relied on this tainted predicate to enter **[DE 14]** and **[DE 58]**, which were later incorporated/enforced through **[DE 93]** and **[DE 129]**, yielding restraints that exceed the *Lanham Act* and burden protected nominative/expressive use.

2. **Fraud/Misrepresentation/Misconduct (*Rule* 60(b)(3); clear-and-convincing standard;** *Info–Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454–58 (6th Cir. 2008)).

- The misstatements and omissions identified above—combined with the compressed TRO/PI schedule—**prevented Wright from fully and fairly presenting** defenses (descriptiveness/genericness, 15 U.S.C. § 1115(b)(4) fair use, 15 U.S.C. § 1125(c)(3) expressive/noncommercial protections, and First Amendment considerations).

## Relief Requested

Wright shall respectfully request that the Court (upon limited remand) enter an order that:

A. **Vacates** the **[Temporary Restraining Order, DE 14]**, **[Preliminary Injunction, DE 58]**, the affected portions of the **[Agreed Permanent Injunction, DE 93]**, and the **[Memorandum Opinion and Order, DE 129]**, together with any financial sanctions predicated thereon including **[DE 138]**; (recognizing that while **fraudulently obtained registrations** are cancellable under § 1064(3), a **fraudulent § 15 declaration** bears on **incontestability** and sanctions, not on cancellation of the underlying registration; *Great Concepts, LLC v. Chutter, Inc.*, 84 F.4th 1014, 1019–23 (Fed. Cir. 2023); *In re Bose Corp.*, 580 F.3d 1240, 1243–45 (Fed. Cir. 2009)).

B. **Dissolves** or **modifies** injunctive restraints to conform to the *Lanham Act* (limited to confusing commercial use of "Kentucky Colonels as a mark," and reverse confusion, with explicit protection for statutory fair-use, truthful nominative/descriptive, and noncommercial expressive uses) with **express carve-outs** for nominative/descriptive fair use and **noncommercial/expressive speech**

consistent with *Taubman*, 319 F.3d at 777–80 (noncommercial gripe sites and expressive domain names protected; injunction narrowed), and *15 U.S.C.* § 1125(c)(3).

The order should also require **prominent corporate self-identification** and a **neutral disclaimer** to mitigate any **passing off** or **reverse-confusion** effects involving its trademarks while preserving legitimate uses of the **generic/class** term "Kentucky Colonels." *Blinded Veterans*, 872 F.2d at 1036–37; *Taubman*, 319 F.3d at 777–80.;

C. Sets a **brief evidentiary hearing** and authorizes targeted discovery on counsel knowledge and omissions, USPTO prosecution statements, and the injunction record;

D. **Schedules further proceedings** as appropriate under *15 U.S.C.* §§ 1119 and 1120 concerning any registrations/applications shown to have been procured or maintained by fraud causing damages or injury to the Defendant; and

E. **Reassigns** Rule 60 proceedings on remand in the interest of the appearance of justice protecting the Kentucky Colonel class and the Defendant under *28 U.S.C.* § 455(a) (without revisiting or relitigating prior rulings).

Respectfully submitted, Col. David J. Wright

## Preliminary Filing Notice and Reservation of Rights

This submission is tendered **solely** as a preliminary draft **Exhibit** in support of Defendant's *Fed. R. Civ. P.* 62.1 request for an indicative ruling and the companion *Fed. R. App. P.* 12.1 motion for limited remand. It is **not** the operative motion under *Rule* 60(d)(3) or *Rule* 60(b)(3), and it is not presented for adjudication while the appeal is pending. Nothing herein shall be construed as consent to merits determination during appellate divestiture, except as permitted by *Rule* 62.1.

If the Sixth Circuit grants a limited remand, Defendant will promptly file a **full** motion under *Rule* 60(d)(3), and in the alternative *Rule* 60(b)(3), accompanied by a memorandum of law, a sworn declaration pursuant to 28 U.S.C. § 1746, and an evidentiary appendix with pinpoint citations to **[DE 1]**, **[DE 7]**, **[DE 13]**, **[DE 14]**, **[DE 58]**, **[DE 93]**, **[DE 129]**, **[DE 170]**, **[DE 171]**, **[DE 176]**, and related docket materials. Additional and independent grounds—**including but not limited to** overbreadth under the *Lanham Act*, statutory fair-use[5] protections (15 U.S.C. § 1115(b)(4), § 1125(c)(3)), First Amendment constraints (*e.g. speech, assembly, publication*), relief and rectification under 15 U.S.C. §§ 1111, 1119, 1120, and any appropriate sanctions or reassignment remedies—**are preserved** and will be presented in full on remand.

Defendant expressly **reserves all rights, claims, defenses, objections, and remedies**, whether legal or equitable, including challenges to the validity, scope, and enforceability of **[DE 14]**, **[DE 58]**, **[DE 93]**, and **[DE 129]**; objections based on lack of jurisdiction during appeal; and all arguments sounding in fraud, misrepresentation, concealment, and violation of duties of candor. No omission or brevity in this preliminary draft shall be deemed a waiver.

---

[5] See *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 612–13 (6th Cir. 2009) (classic fair use; use 'as a mark' vs. descriptive reference).