FILED
JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: Aug 11, 2025

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| THE HONORABLE ORDER OF KENTUCKY COLONELS, INC.<br>   Plaintiff<br><br>vs.<br><br>COL. DAVID J. WRIGHT<br>   Defendant | Civil Action No. 3:20-cv-00132-RGJ<br><br>**SUPPLEMENT SUPPORTING MOTION FOR INDICATIVE RULING UNDER FRCP 62.1** |

# SUPPLEMENT REGARDING RECUSAL, JURISDICTIONAL DIVESTITURE, AND ASSIGNMENT IN SUPPORT OF DEFENDANT'S RULE 62.1 MOTION FOR INDICATIVE RULING

---

Defendant Col. David J. Wright ("Wright"), *pro se*, respectfully submits this Supplement in further support of his Rule 62.1 motion seeking an indicative ruling that, upon limited remand under *Fed. R. App. P.* 12.1, the Court **would grant** (or that the motion **raises a substantial issue** as to granting) relief under *Fed. R. Civ. P.* 60(d)(3), and in the alternative *Rule* 60(b)(3).

## Background

1. Wright moved to recuse the presiding judge under **28 U.S.C. §§ 144, 455** (**[DE 170]**). The Court denied recusal (**[DE 182]**).

2. The Court's **Memorandum Opinion and Order** enforcing the injunction (**[DE 129]**) and mandating sanctions (**[DE 138]**) are now on appeal.

3. Wright also filed **[DE 171]** and **[DE 176]**, which the Court denied (**[DE 183]**).

4. While the appeal is pending, Wright seeks an **indicative ruling** under *Fed. R. Civ. P.* 62.1 to permit a limited remand for adjudication of his proposed *Rule* 60 motion addressing fraud on the court and related misconduct.

## Standards

- **Divestiture on appeal.** A notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

- **Indicative rulings.** When a timely motion is made that the district court lacks authority to grant because of a pending appeal, the court may state that it **would grant** the motion or that it **raises a substantial issue**. *Fed. R. Civ. P.* 62.1(a)(3); *Fed. R. App. P.* 12.1.

- **Recusal.** Sections **144** and **455(a)** safeguard both actual impartiality and the appearance of justice. *Liteky v. United States*, 510 U.S. 540 (1994), makes clear that judicial rulings alone ordinarily do not establish bias; however, § 455(a) turns on whether a reasonable observer would question impartiality.

## Argument

## I. The Court Retains Authority to Issue an Indicative Ruling Notwithstanding the Appeal and Prior Recusal Denial

Because **[DE 129]** is before the Sixth Circuit, the Court may not alter or expand that order's substance. *Griggs*, 459 U.S. at 58. But *Rule* 62.1 expressly empowers the Court to state whether it **would grant** Wright's proposed *Rule* 60(d)(3)/(b)(3) relief—or whether the motion **raises a**

**substantial issue**—thus enabling a targeted *FRAP* 12.1 remand. That path respects divestiture while allowing the tribunal most familiar with the record to address the fraud-on-the-court showing.

This motion seeks only the **indicative** determinations expressly authorized by *Rule* 62.1; no alteration of **[DE 129]** is requested unless and until the Sixth Circuit orders a limited remand under *FRAP* 12.1. If the Court declines to issue an indicative ruling, Defendant will respectfully request a limited remand from the Sixth Circuit under **28 U.S.C. § 2106**—in addition to *FRAP* 12.1—so that the district court may adjudicate the proposed *Rule* 60 motion.

## II. The Recusal Record is Preserved; To Maintain the Appearance of Justice, the Court May Recommend Reassignment for Any Rule 60 Proceedings on Remand

Wright does not re-argue **[DE 170]** here; the denial at **[DE 182]** is preserved for appellate review. Consistent with **28 U.S.C. § 455(a)**'s focus on appearance, the Court may—without conceding any actual bias or preferential deference—note that, if a limited remand issues, **Rule 60** proceedings be handled by a different district judge to preserve public confidence. This request is remedial and forward-looking; it does not seek to revisit **[DE 182]**. Any reassignment on limited remand may be directed by the **Chief Judge** under *28 U.S.C.* § 137 and **does not revisit** the denial at **[DE 182]**.

## III. Sequencing and Jurisdictional Guardrails Warrant a Short Administrative Stay Pending the Sixth Circuit's Decision on Limited Remand

Because **[DE 129]** is on appeal and Wright will promptly file a *FRAP* 12.1 motion, a brief stay of further enforcement activity preserves both courts' spheres and avoids inconsistent action while the Sixth Circuit decides whether to remand. See *Griggs*, 459 U.S. at 58.

## Requested Relief

Wright respectfully asks the Court to:

1. Enter an indicative ruling under *Fed. R. Civ. P.* 62.1(a)(3) stating that, upon limited remand, the Court **would grant** (or that the motion **raises a substantial issue** as to granting) relief under *Rule* 60(d)(3), and in the alternative *Rule* 60(b)(3), directed to vacating **[DE 14]**, **[DE 58]**, **[DE 93]**, and **[DE 129]**;

2. Note, in the interest of preserving the appearance of justice under **28 U.S.C. § 455(a)**, that any *Rule* 60 proceedings on limited remand be reassigned to a different district judge; and

3. Enter a short administrative stay of enforcement activity tied to **[DE 129]** and **[DE 138]** pending the Sixth Circuit's disposition of the forthcoming *FRAP* 12.1 motion.

Respectfully submitted,

Col. David J. Wright
302 General Smith Drive
Richmond, Kentucky 40475

david.wright@globcal.net                              Dated: August 11, 2025
Tel: (859) 379-8277                                   Puerto Carreño, Colombia

## Certificate of Service

I, **David J. Wright**, hereby certify that on **August 11, 2025**, I submitted this **Supplement** through the Court's **Electronic Document Submission System (EDSS)** for transmission to the Clerk of Court for the **United States District Court for the Western District of Kentucky**, in accordance with **General Order No. 25-02**.

Upon acceptance by the Clerk, the filing will be entered into the Court's **CM/ECF system**, which will provide **electronic notice to all registered CM/ECF participants** associated with this case. Service will be deemed complete upon docketing and assignment of a document number by the Clerk.

**Dated:** August 11, 2025

Clerk's Office
601 W. Broadway, Rm 106
Gene Snyder United States Courthouse
Louisville, KY 40202

*Col. David J. Wright*