UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | |
|---|---|
| THE HONORABLE ORDER OF KENTUCKY COLONELS, INC. | ) ) ) |
| PLAINTIFF | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 3:20CV-132-RGJ-RSE |
| KENTUCKY COLONELS INTERNATIONAL, et al. | ) ) ) ) |
| DEFENDANTS | ) |

**RESPONSE AND OBJECTION TO DEFENDANT'S MOTION
FOR INDICATIVE RULING UNDER FED. R. CIV. P. 62. 1 [DE 185]**

Continuing his vexatious campaign of harassment, Defendant, David J. Wright ("Wright"), demands the Court issue an advisory opinion which is contrary to the Court's prior rulings, abrogates the settlement which he negotiated, and vacates the Agreed Permanent Injunction to which he consented.  *See* Motion for Indicative Ruling Under Fed. R. Civ. P. 62.1 [DE 185] ("Wright's Motion")  Wright's Motion is both procedurally and substantively defective and does not raise a substantial issue regarding Wright's right to relief – the minimum standard required by Rule 62.1.  Wright's proposed request for relief under Rule 60(d)(3) merely attempts to relitigate issues that have already been resolved by the Court, and any request for relief under Rule 60(b)(3) is time barred.  Plaintiff, The Honorable Order of Kentucky Colonels ("HOKC"), respectfully requests Wright's Motion be denied.[1]

---

[1] Because the instant motion is clearly intended to unnecessarily increase HOKC's litigation costs, HOKC's response addresses only the procedural defects in the motion.  HOKC expressly reserves

## BACKGROUND[2]

On February 23, 2021, this Court entered an Agreed Permanent Injunction prohibiting Wright and his affiliates from using the KENTUCKY COLONELS Mark, or any mark that is confusingly similar, in connection with the sale of goods or services, the solicitation of charitable donations, or the formation of any membership organization or charitable fundraising endeavor. [*See* 2/23/21 Agreed Permanent Injunction [DE 93]].  The Agreed Permanent Injunction was **negotiated by Wright** after more than a year of litigation, following a lengthy Court mediated settlement process.  [*See* Mediator's Proposal [DE 97]].  Prior to negotiating that settlement, Wright zealously defended the claims made by HOKC, tendering at least six (6) dismissal motions.[3]  Each of the dismissal motions offered the same essential arguments that HOKC is not entitled to protect its KENTUCKY COLONELS Mark because (1) Wright developed a website for Kentucky Colonels in 1998 and a Facebook page for Kentucky Colonels in 2016 thereby establishing a "right of prior use" [Defendant's Motion to Dismiss [DE 37], PageID #835]; (2) the term "Kentucky Colonel" is a "generic term" which "freely exists in the public domain" [Supplemental Amended Motion to Dismiss and/or Motion for Summary Judgment, Ex. 2 [DE 52-2], PageID # 1078]; (3) HOKC's trademark application was fraudulent because it failed to disclose

---

its right to respond to the substance of the motion and requests leave to file a substantive response if the Court deems necessary.

[2] HOKC adopts and incorporates herein by reference the factual background provided in its Response to Motion for Rule 11 Sanctions filed April 14, 2025 [DE 179] (the "Rule 11 Response").

[3] Wright's various dismissal motions were styled Motion for Declaratory Judgment [DE 82], PageID #1819; Motion for Judgment on the Pleadings [DE 65], PageID #1292; Motion for Leave to File Supplement to Amended Motion to Dismiss [DE 52], PageID #1067; Motion to Drop Defendants [DE 51], PageID #1061; Defendants' Amended Motion to Dismiss [DE 47], PageID #1021; Defendants' Motion to Dismiss [DE 37], PageID #834; and Defendants' Motion to Dismiss or Continue with Time Extension [DE 24], PageID #734.

the existence of Wright's prior use [Defendant's Amended Motion to Dismiss [DE 47], PageID #1024]; and (4) any restriction on his use of "Kentucky Colonel" "stifles and violates [his] rights of free speech, freedom to assemble, freedom of the press, and right to redress grievances to the government under the First Amendment of the U.S. Constitution" [[DE 47], PageID #1021]. Wright repeatedly asserted that the "Kentucky Colonel" term "was already very popular, well recognized, legendary, rooted in culture, and carried significant goodwill long before the state began using it as a civilian award, or [HOKC's] particular use." [Supplement to Amended Motion to Dismiss [DE 52-2], PageID #1077]. Wright further argued that the KENTUCKY COLONELS Mark is not subject to trademark protection because HOKC was "conducting a land grab, hijacking history, and [its motivation] is inconsistent with Federal and International Law." [*Id.* at PageID #1080]. ***All of the arguments made in Wright's dismissal motions were rejected by the Court*** [8/13/20 Order [DE 58], PageID # 1229-33].

Like most of Wright's filings, the instant motion is based on alleged "factual" assertions that have no support in the record. His arguments are primarily based on statements made in the Motion for Judicial Notice FRE 201(b) filed on March 17, 2025 [DE 171] (the "Judicial Notice Motion").[4] The Court denied the Judicial Notice Motion five months ago. [4/15/25 Order [DE 183]].[5] Nevertheless, Wright now offers the same self-serving characterization of "facts" that the

---

[4] The arguments offered in the instant motion are also identical to the positions articulated in Wright's Motion for Rule 11 Sanctions Against Plaintiff's Counsel filed on March 24, 2025 [DE 176]. While the Court declined to rule on that motion because of the pending appeal, it noted that the motion appeared "frivolous and intended to harass." [4/13/25 Order [DE 183], PageID #4656]. That being the case, Wright's assertion that the Court will find that the instant motion raises a "substantial issue" is utterly unjustified.

[5] While the Court's denial of the Judicial Notice Motion was based on lack of jurisdiction, the Court properly rejected Wright's request to take "judicial notice" of the same "facts" which were the subject of the Judicial Notice Motion in 2023. [*See* 8/9/23 Memorandum Opinion and Order [DE 129], PageID #3724]. Just like it was in 2023, the information in the Judicial Notice Motion

Court has twice refused to recognize. The actual facts of record provide a detailed depiction of Wright's brazen trademark infringement, document his blatant contempt for the Court's orders, and conclusively support HOKC's original trademark infringement claims and subsequent contempt claims in their entirety. Since the background facts have been extensively briefed, properly documented, and introduced into evidence by HOKC, Counsel will not repeat the record proof here.[6]

## ARGUMENT

### I.    THE COURT MUST DENY WRIGHT'S REQUEST FOR AN INDICATIVE RULING.

Fed. R. Civ. P. 62.1 provides a legal mechanism that allows a district court to express its views on a motion for relief when it lacks the authority to grant that relief due to a pending appeal. Rule 62.1 is intended to promote "judicial efficiency" – typically where newly discovered evidence warrants vacatur of a judgment already on appeal, rendering the appeal unnecessary. *See Amarin Pharms. Ire. Ltd. v. FDA*, 139 F. Supp.3d 437, 447 (D.D.C. 2015). Indicative rulings under Rule 62.1 "are incredibly rare." *C.Q. v. River Springs Charter Sch.*, Case No. 18-cv-1017 SJO, 2018 WL 7461689, at *2 (C.D. Cal. Nov. 27, 2018). The rule is not intended to allow a litigant to advance the same arguments already rejected by a district court. But that is precisely what Wright attempts to do. Wright's Motion demands the Court reverse multiple rulings concerning the

---

is not subject to judicial notice because it does not come from reliable sources, is completely unauthenticated, disputed, and subject to reasonable doubt.

[6] HOKC incorporates herein by reference the factual background, supporting documents, affidavits, and other record proof tendered with HOKC's Verified Complaint [DE 1]; the Motion for Temporary Restraining Order and Preliminary Injunction [DE 7]; the 3/23/20 Order [DE 32]; the Motion for Preliminary Injunction [DE 30]; the 8/13/20 Order [DE 58]; the Motion to Enforce Permanent Injunction Order [DE 99]; Plaintiff's Proposed Findings of Fact and Conclusions of Law [DE 126]; and the Court's 8/9/23 Memorandum Opinion and Order [DE 120].

substance of his defenses, vacate the Agreed Permanent Injunction which he negotiated, and reverse the order holding him in contempt of that order. On procedural grounds alone, Wright's frivolous request utterly fails to identify grounds for a motion that the Court would grant or present a motion that raises a substantial issue as required by Rule 62.1. Accordingly, the instant motion must be denied.

> ### A.    Wright's Proposed Motion for Relief Under Fed. R. Civ. P. 60(d)(3) is Nothing More than an Attempt to Relitigate Claims that He Has Already Lost.

First, Wright demands relief under Rule 60(d)(3) asserting that the Court should find that HOKC and its counsel practiced a fraud upon the Court. [Wright's Motion, PageID #4668]. Even the libelously inaccurate recitation of factors reflected in Wright's Motion do not satisfy the extraordinary high standard required to invoke that rule.[7]

Fraud on the court refers to "the most egregious conduct involving a corruption of the judicial process itself." *11 Charles Alan Wright, et al.*, Federal Practice and Procedure, Section 2870 (West 2011). Treatises speak of such flagrant abuses as bribing a judge, employing counsel to exert improper influence on the court, and jury tampering. *Id*. at Section 2870; Moore's Federal

---

[7] Wright has repeatedly claimed that HOKC misrepresented the status of its trademark applications through the knowing omission of material facts about its trademark rights, asserting that registrations were in fact mere applications filed only three days before HOKC filed its Verified Complaint. **That is patently false**. HOKC's Verified Complaint specifically acknowledged it had trademark registrations **and** pending applications. [Verified Complaint [DE 1], PageID #6]. HOKC even attached a chart reflecting registrations and pending applications along with copies of the supporting documentation, ***including the applications themselves***. [*See id*. at Exhibit 2 [DE 1-2], PageID #26-59]. Moreover, HOKC included allegations of both federal trademark infringement and common law trademark infringement so as to cover both its registrations and applications. [*See Id*. [DE 1], PageID #1]. HOKC thoroughly addressed Wright's false accusations regarding counsel's representations in the Rule 11 Response. [*See* Response to Defendant's Motion for Rule 11 Sanctions [DE 179], at PageID #4624]. That response is adopted and fully incorporated herein by reference.

Practice, Section 60.21[4][a]. Although not expressly limited to such criminal acts, courts recognize the extraordinary nature of the remedy and caution against expansive use of the doctrine.

> Fraud upon the court should … embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct.

*Demjanjuk v. Petrovsky*, 10 F.3d 338, 352-53 (6th Cir. 1993). Accordingly, a party seeking to show fraud on the court must present ***clear and convincing evidence*** of the following elements: "(1) [conduct] on the part of an officer of the court; that (2) is directed to the judicial machinery itself; (3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; (4) is a positive averment or concealment when one is under a duty to disclose; and (5) deceives the court." *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010); (quoting *Carter v. Anderson*, 585 F.3d 1007, 1011-11 (6th Cir. 2009). In practice, "this means that even fairly despicable conduct will not qualify as fraud on the court." Moore's Federal Practice, Section 60.21[4][c].

More importantly, a party cannot use Rule 60(d)(3) as a vehicle to relitigate issues. *Gottlieb v. Securities and Exchange Commission*, 724 Fed. Appx. 925, 926 (11th Cir. 2018); *Travelers Indemnity Co. v. Gore*, 761 F.2d 1549, 1552 (11th Cir. 1985). "Courts have consistently held that a party is precluded by *res judicata* from re-litigation in the independent equitable action issues that were open to litigation in the former action where he had a fair opportunity to make his claim or defense in that action." *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 79 (6th Cir. 1970), *cert. denied*, 399 U.S. 926 (1970). Instead, "for fraud to lay a foundation for an independent action, it must be such that it was not in issue in the former action nor could it have been put in issue by the reasonable diligence of the opposing party." *Travelers*, 761 F.2d at 1552.

Here, Wright vigorously and aggressively litigated HOKC's trademark infringement and other claims. The factors which he now identifies as supporting his assertion of "fraud on the

court" were repeatedly presented to this Court during the course of the litigation. The Court repeatedly concluded that Wright's attacks on HOKC's trademarks and the applications therefore were without merit. Because the instant motion is nothing more than an attempt to relitigate issues that have already been decided, it is utterly without merit.

But even if Wright's proposed Rule 60(d)(3) motion did not relitigate old issues, it fails for an independent reason – Wright cannot establish anything resembling an "unconscionable plan or scheme" by clear and convincing evidence. While Wright claims that he has new evidence of fraud on the court, this evidence either duplicates existing evidence or could have been previously submitted to the Court. Most importantly, despite the existence of the same factors Wright now identifies as fraudulent, Wright negotiated and entered into a settlement of all claims, culminating in the Court's entry of the Agreed Permanent Injunction. Wright's attempted invocation of Rule 60(d)(3) should be rejected.

### B.      Wright's Threatened Rule 60(b)(3) Motion Would Be Untimely.

Rule 62.1(a) expressly requires a "timely motion … for relief …." All Rule 60(b) motions must be brought within a "reasonable" time. Fed. R. Civ. P. 60(c)(1). But a Rule 60(b)(3) motion must be made "no more than one year after the entry of the judgment or order or date of the proceeding." *Id*. In other words, when relief from a judgment is sought in account of an alleged fraud, there is outside limit on the motion of one year.

The instant motion requests the Court enter an indicative ruling stating that the Court would grant "relief under Rule 60(d)(3), and alternatively Rule 60(b)(3), directed to [DE 14], [DE 58], [DE 93], and [DE 129]; that the Court briefly stay enforcement activity tied to [DE 129] pending the Sixth Circuit's disposition of a forthcoming FRAP 12.1 motion; and that the Court recommend reassignment of Rule 60 proceedings to preserve the appearance of justice." [Defendant's Rule 62.1 Motion for Indicative Ruling Under FRCP 62. 1 [DE 185], 7]. None of those orders were

entered within a year of filing of the instant motion. In fact, the last of the orders was entered August 9, 2023 – more than two (2) years ago. Any Rule 60(b)(3) motion directed at those orders is clearly untimely.

## CONCLUSION

For the reasons set forth herein, HOKC respectfully requests the Court deny Wright's Motion for a Indicative Ruling Pursuant to Fed. R. Civ. P. 62.1.

Respectfully submitted,

*/s/ Cornelius E. Coryell II*
Cornelius E. Coryell II
Julie Laemmle Watts
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, KY 40202
(502) 589-5235
ccoryell@wyattfirm.com
jwatts@wyattfirm.com

*Counsel for Plaintiff, the Honorable Order of
Kentucky Colonels, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing has been served upon the following, via electronic mail, on the 25th day of August, 2025:

David J. Wright
david.wright@globcal.net
Edificio Torre 997, Local B
San Juan, Caracas
Distrito Capital, Venezuela 1021

*/s/ Cornelius E. Coryell II*
*Counsel for Plaintiff, the Honorable Order of
Kentucky Colonels, Inc.*

102085622.1