UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | |
|---|---|
| THE HONORABLE ORDER OF ) | |
| KENTUCKY COLONELS, INC. ) | |
| ) | |
| PLAINTIFF ) | |
| v. ) | CIVIL ACTION NO. 3:20-CV-132-RGJ-RSE |
| ) | |
| KENTUCKY COLONELS ) | |
| INTERNATIONAL, et al. ) | |
| ) | |
| DEFENDANTS ) | |

**PLAINTIFF'S MOTION FOR AN ORDER REQUIRING PRE-APPROVAL
OF FURTHER FILINGS BY DEFENDANT DAVID J. WRIGHT**

Even during the pendency of an appeal, Defendant, David J. Wright ("Wright"), has continued to abuse the *pro se* and *in forma pauperis* status granted by this Court to tender unauthorized filings solely for the purpose of harassing and needlessly increasing the cost of litigation for Plaintiff, The Honorable Order of Kentucky Colonels, Inc. ("HOKC"). Wright has inundated the appellate court with more than forty (40) unauthorized filings and has tendered at least six (6) frivolous filings in this Court since his last notice of appeal. For these reasons, HOKC requests the Court direct Wright to immediately cease filing additional notices and motions without pre-approval from the Court.

**ARGUMENT**

Federal courts have consistently held that a party cannot "multipl[y] the proceedings in any case unreasonably and vexatiously." *Waeschle v. Dragovic*, 687 F.3d 292, 296 (6th Cir. 2012) (*per curiam*) (quoting 28 U.S.C. §1927); *Kempter v. Michigan Bell Tel. Co.*, 534 F. App'x 487, 493 (6th Cir. 2013). Furthermore, the Sixth Circuit has recognized that a district court can restrain prospective filings when there is a "pattern of repetitive, frivolous, or vexatious cases within that

category." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) (citing *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1524 (9th Cir. 1983) ("[t]he general pattern of litigation in a particular case may be vexatious enough to warrant an injunction in anticipation of future attempts to relitigate old claims.")). Where such a pattern exists a district court need only impose "a conventional prefiling review requirement." *Feathers*, 141 F.3d at 269. The traditional tests applicable to preliminary injunction motions need not be applied since the district court's prefiling review affects the district court's inherent power and does not deny a litigant access to courts of law. *See In re Martin-Trigona*, 737 F.2d 1254, 1262 (2nd Cir. 1984). A prefiling review requirement is a judicially imposed remedy whereby a plaintiff must obtain leave of the district court to assure that the claims are not frivolous or harassing. *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). Often, a litigant is merely attempting to collaterally attack prior unsuccessful suits. *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).

      Wright is a textbook example of a vexatious litigant who is merely attaching prior rulings. He has bombarded both this Court and the Sixth Circuit with one frivolous filing after another, tendering thousands of documents to "supplement the record" and reargue grievances.[1] In this Court alone, Wright has tendered post-appeal filings (1) moving for recusal of Judge Rebecca Grady Jennings [DE 170]; (2) moving for "judicial notice" of facts (including hundreds of pages of irrelevant exhibits) [DE 171]; (3) moving for Rule 11 sanctions against Plaintiff's counsel [DE 176]; (4) providing "notice" of prior orders of this Court which he claims are "void" [DE 184]; and (5) moving for an indicative ruling under Rule 62.1 [DE 185]. Wright's most recent missive, his Motion for an Indicative Ruling Under Rule 62.1 [DE 185], is premised on the same

---

[1] Wright's unauthorized filings in the Sixth Circuit are cataloged in HOKC's Omnibus Motion to Strike, a copy of which is attached hereto as Exhibit 1.


2

mischaracterization of the record and the law offered to support his Motion for Rule 11 Sanctions Against HOKC's Counsel [DE 176] even though this Court described the basis for the Rule 11 motion as "frivolous and intended to harass."[2] His repeated rants serve no legitimate purpose.

Prefiling approval can be particularly appropriate in matters involving *pro se* litigants. For example, in *Qiu v. Scott County Board of Education*, No. 23-58422, 2024 WL 4257198 (6th Cir. April 8, 2024), the Sixth Court affirmed the district court's requirement that a *pro se* plaintiff receive leave of court before filing additional motions or pleadings in light of the *pro se* plaintiff's "unrestrained attacks on defense counsel's integrity and professionalism" and the fact that the *pro se* plaintiff "consistently failed to cite with particularity the legal foundation for her motions." *Id*. at *2.

Wright's frivolous filings suffer from the same affliction. They are primarily intended to insult HOKC, counsel for HOKC, and the Court. The filings consistently fail to provide proper legal grounds for the relief requested and typically repeat claims and arguments reflected in previous filings. HOKC should not be forced to incur the cost and inconvenience of responding to every unhinged thought that occurs to Wright and ultimately results in a frivolous filing. For the reasons stated herein, the Court should prohibit Wright from any future filings that are not preapproved by this Court.

## **CONCLUSION**

Wright's systematic abuse of the system and blatant harassment has gone unchecked long enough. The Court must put a stop to his vexatious and frivolous filings. For these reasons the Court should enter an order requiring Wright to secure preapproval of all future filings.

---

[2] While the Court found that it lacked jurisdiction on the Rule 11 Motion, it stated that "Wright's motion for sanctions, while appearing frivolous and intended to harass, seeks similar relief to the relief sought in this appeal; thus, the Court does not have jurisdiction to decide it." [4/15/25 Order [DE 183], PageID #4656].

3

Respectfully submitted,

*/s/ Cornelius E. Coryell II*
Cornelius E. Coryell II
Julie Laemmle Watts
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, KY  40202
(502) 589-5235
ccoryell@wyattfirm.com
jwatts@wyattfirm.com

*Counsel for Plaintiff, the Honorable Order of Kentucky Colonels, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that a true and correct copy of the foregoing has been served upon the following, via electronic mail, on the 25th day of August, 2025:

David J. Wright
david.wright@globcal.net
Edificio Torre 997, Local B
San Juan, Caracas
Distrito Capital, Venezuela 1021

*/s/ Cornelius E. Coryell II*
*Counsel for Plaintiff, the Honorable Order of Kentucky Colonels, Inc.*

102079657.1