# EXHIBIT 1

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
CASE NO. 23-5795 and 23-6108

HONORABLE ORDER OF KENTUCKY COLONELS, INC.

    Plaintiff-Appellee

v.

KENTUCKY COLONELS INTERNATIONAL; GLOBCAL INTERNATIONAL; ECOLOGY CROSSROADS COOPERATIVE FOUNDATION, INC.; UNKNOWN DEFENDANTS

    Defendants

DAVID J. WRIGHT

    Defendant-Appellant

## APPELLEE'S OMNIBUS MOTION TO STRIKE

Appellant/Defendant, David J. Wright ("Wright"), continues to tender unauthorized filings which are completely unrelated to the matters on appeal. Those filings are offered solely to harass, delay, and needlessly increase the cost of litigation for the Appellee, The Honorable Order of Kentucky Colonels, Inc. ("HOKC"). Specifically, Wright has recently inundated the Court and HOKC with the following tidal wave of inappropriate filings, tendered after the matter was fully briefed:

| | |
|---|---|
| Doc. 44 | Appellant's Motion to Take Judicial Notice of Adjudicative Facts and Correct the Record Pursuant to FRE 201(d) and FRAP 10(e)(2)(B) |
| Doc. 45 | Appellant's Declaration of Historical Fact |
| Doc. 46 | Appendix A – Sources and Origins |
| Doc. 47 | Appendix B – Descriptive Quotation and Passages |
| Doc. 48 | Appendix C – Images of Kentucky Colonel |
| Doc. 49 | Appendix D – Things Referred to as Kentucky Colonels |
| Doc. 50 | Appendix E – Exhibits Exposition |
| Doc. 51 | Appellant's Notice Regarding Primary and Supplemental Exhibit Filing and Evidentiary Materials for Judicial Notice |
| Doc. 52 | Appellant's Memorandum of Law in Support of Appellant's Motion for Judicial Notice and Correction of the Record |
| Doc. 54 | Appellant's Motion Amendment of Exhibits Expanding Judicial Notice and Response to Appellee's Motion to Limit Filings |
| Doc. 56 | Appellant's Exhibit consisting of Colonel Nimrod Wildfire 1833 |
| Doc. 57 | Appellant's Exhibit consisting of Public Notice to Subject Members |
| Doc. 58 | Appellant's Exhibit consisting of Fraudulent Succession of 1931 First Use |
| Doc. 59 | Appellant's Exhibit consisting of Historical Markers at Boonesborough |
| Doc. 60 | Appellant's Exhibit consisting of Honorable Order of the Blue Goose Photo |
| Doc. 61 | Appellant's Exhibit consisting of Kentucky Colonel – New Vintage 1969 |
| Doc. 62 | Appellant's Exhibit consisting of Governor W. O. Bradley 1897 Photo |
| Doc. 63 | Appellant's Exhibit consisting of Adlai E. Stevenson, Something of Men I Have Known |

| | |
|---|---|
| Doc. 64 | Appellant's Exhibit consisting of Internet, Libraries, and Newspapers |
| Doc. 65 | Appellant's Exhibit consisting of Ambiguous Influence of the Honorable Order of Kentucky Colonels |
| Doc. 66 | Appellant's Exhibit consisting of Kentucky Colonels Handbook |
| Doc. 67 | Appellant's Exhibit consisting of U.S. Congress 1936 Recognition |
| Doc. 68 | Appellant's Exhibit consisting of Notable and Prominent Kentucky Colonels |
| Doc. 69 | Appellant's Exhibit consisting of Kentucky Progress Commission |
| Doc. 70 | Appellant's Exhibit consisting of HOKC Disambiguation |
| Doc. 71 | Appellant's Exhibit consisting of Legal Analysis of HOKC Trademarks |
| Doc. 72 | Appellant's Exhibit consisting of Kentucky Colonels Newspaper Clippings |
| Doc. 73 | Appellant's Exhibit consisting of The Kentucky Colonel, A Study of Semantics |
| Doc. 74 | Appellant's Exhibit consisting of Myth of the Kentucky Colonel 1813 Origin |
| Doc. 75 | Appellant's Exhibit consisting of Kentucky Epitaphs, Landmarks, and Markers |
| Doc. 76 | Appellant's Exhibit consisting of Supplemental Judicial Commentary, exhibit 1 |
| Doc. 77 | Appellant's Exhibit consisting of Supplemental Judicial Commentary, exhibit 2 |
| Doc. 78 | Appellant's Motion Amendment of Exhibits Expanding Judicial Notice and Response to Appellee's Motion to Limit Filing |
| Doc. 79 | Appellant's Motion Amendment of Exhibits Expanding Judicial Notice and Response to Appellee's Motion to Limit Filing |

| | |
|---|---|
| Doc. 80 | Appellant's Memorandum of Law Identifying Void Orders Resulting from Fraud on the Court and Trademark Fraud |
| Doc. 81 | Appellant's Memorandum of Law in Support of the Right to Use "Kentucky Colonel(s)" as a Descriptive Trade Name and/or Organizational Identity |
| Doc. 82 | Appellant's Memorandum of Law Supporting Judicial Notice of a Historical, Legal, Social, and Cultural Class Recognition of Persons Known as "Kentucky Colonels" |

By his own admission, Wright seeks to relitigate the underlying action which was resolved by entry of an Agreed Permanent Injunction which *he* negotiated more than four (4) years ago [DE 93]. No appeal was taken from the entry of that order or the underlying litigation. The *only* issues on appeal are whether the District Court erred when it found Wright in contempt of that order and whether it was proper for the District Court to sanction Wright for his contempt. Wright's attempt to re-argue the merits of HOKC's underlying infringement claim, filing thousands of pages of documents with the appellate court must be rejected.

The materials described above (hereinafter "the Unauthorized Filings") were filed outside of the briefing schedule entered by the Court and in violation of multiple provisions of the Federal Rules of Appellate Procedure, including FRAP 27(a)(1) ("An application for … relief is made by motion…"); FRAP 27(a)(2)(C)(i) ("[a] separate brief supporting … a motion must not be filed"); and FRAP 27(d)(2)(B) ("a … typewritten motion or

4

response must not exceed 20 pages."). Moreover, the Unauthorized Filings have no relevance to the issues on appeal as none of the matters described therein relate to the District Court's contempt order or the order awarding HOKC attorneys' fees. Under such circumstances, a document can, and should, be stricken by an appellate court. *United States v. Zayed*, 225 F.3d 660 at *2 (6th Cir. 2000); *Brown & Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953). Striking a filing is particularly appropriate where the filing contains "numerous immaterial, impertinent, or scandalous statements designed to improperly illicit sympathy, to curry favor, or to cast aspersions on [another litigant]." *Evarage v. Ford Motor Co.*, No. Civ. 04-549-KKC, 2005 WL 1176095, at *3 (E.D. Ky. May 12, 2005), *report and recommendation adopted*, No. Civ. A. 04-CV-549 KKC, 2005 WL 2365267 (E.D. Ky. Sept. 14, 2005). The Unauthorized Filings have no purpose other than to cast aspersions on HOKC, HOKC's counsel, and the District Court. Consequently, they should be stricken from this Court's record.

## **CONCLUSION**

For the reasons set forth herein, the Unauthorized Filings should be stricken from the record.

Respectfully submitted,

*/s/ Cornelius E. Coryell II*
Cornelius E. Coryell II
Julie Laemmle Watts
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, Kentucky 40202
(502) 589-5235
ccoryell@wyattfirm.com
jwatts@wyattfirm.com

*Counsel for Plaintiff/Appellee, The Honorable Order of Kentucky Colonels, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon the following, by U.S. mail and/or electronic mail, on this the 19th day of June, 2025:

David J. Wright
302 General Smith Drive
Richmond, KY 40475
david.wright@globcal.net

*/s/ Cornelius E. Coryell II*

*Counsel for Plaintiff/Appellee The Honorable Order of Kentucky Colonels, Inc.*

102004590.1